# EXHIBIT 13

CFN 20240274765
OR BK 35197 PG 838
RECORDED 8/8/2024 1:00 PM
Palm Beach County, Florida
Joseph Abruzzo, Clerk
Pgs: 838 - 838; (1pgs)

## AFFIDAVIT OF JUDGMENT CREDITORS' CURRENT ADDRESS
### Pursuant to Fla Stat. § 55.10

BEFORE ME, the undersigned authority, on this day personally appeared David A. Blansky, who, being duly sworn, upon his oath deposed and stated as follows:

1.     My name is David A. Blansky. I am over the age of 18 years.

2.     I am counsel for Judgment Creditors Ruby Freeman and Wandrea' Moss.

3.     In the case of *Ruby Freeman et al. v. Rudolph W. Giuliani,* Case No. 1:21-cv-3354, in the United States District Court for the District of Columbia, a Judgment was entered in favor of Plaintiffs Ruby Freeman and Wandrea' Moss and against Defendant Rudolph W. Giuliani, on December 18, 2023 as follows: $145,969,000.00 in damages (plus post-judgment interest at 5.01% per annum); attorney's fees in the amount of $89,172.50 (plus post-judgment interest at 5.33% per annum from July 25, 2023); attorney's fees in the amount of $43,684.00 (plus post-judgment interest at 5.42% per annum from September 20, 2023); and attorney's fees in the amount of $104,256.50 (plus post-judgment interest at 5.46% per annum from October 6, 2023). The Judgment was registered in the United States District Court for the Southern District of Florida on August 5, 2024 with Case No. 1:24-mc-22979. A certified copy of the Judgment, so registered, is recorded with this Affidavit.

4.     Ruby Freeman's current address is 4325 1st Ave., Unit 2372, Tucker, GA 30084.

5.     Wandrea' Moss's current address is 1075 Peachtree Street, Suite 6, #570007, Atlanta, GA 30357.

**FURTHER AFFIANT SAYETH NAUGHT**

David A. Blansky
Florida Bar No. 1033002

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

Sworn to and subscribed before me by means of [x] physical presence or [ ] online notarization, this 8th day of August, 2024, by David A. Blansky.

ROSA BASNUEVA
MY COMMISSION # HH 495429
EXPIRES: February 21, 2028

Signature of Notary Public

Rosa Basnueva
Print, type, or stamp commissioned name of Notary Public

__X__ Personally Known   OR _____ Produced Identification
Type of Identification Produced _____

AO 451  (Rev. 01/09; DC 4/10)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| RUBY FREEMAN, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action  No.  21-cv-03354 (BAH) |
| RUDOLPH W. GIULIANI | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*    12/18/2023    .
I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before
this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date:    08/05/2024

ANGELA D. CAESAR, CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

NOT A CERTIFIED COPY

Palm Beach County, Florida Joseph Abruzzo, Clerk

Certified to be a true and
correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By_____ Deputy Clerk
Date

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*, | |
| Plaintiffs, | Civil Action No. 21-3354 (BAH) |
| v. | Judge Beryl A. Howell |
| RUDOLPH W. GIULIANI, | |
| Defendant. | |

NOT A CERTIFIED COPY

### FINAL JUDGMENT

Upon consideration of the Joint Stipulation Regarding Entry of Final Judgment, ECF No. 138, agreed to jointly by the parties, the entry of default judgment on liability against defendant Rudolph W. Giuliani on plaintiffs' well-pleaded claims for defamation, intentional infliction of emotional distress, and civil conspiracy to commit those torts, as a sanction for defendant's sanctionable "willful shirking of his discovery obligations in anticipation of and during this litigation," *Freeman v. Giuliani*, No. 21-cv-3354 (BAH), 2023 WL 5600316, at *2 (D.D.C. Aug. 30, 2023), pursuant to FEDERAL RULES OF CIVIL PROCEDURE 37(e)(2)(C) and 37(b)(2)(A)(vi); *see also* Default Judgment Order, ECF No. 93, and the jury verdict on the amount of damages owed to plaintiffs by defendant, *see* ECF No. 135, it is hereby **ORDERED, ADJUDGED, and DECLARED** as follows:

1. Plaintiffs Ruby Freeman and Wandrea' Moss shall recover from the defendant Rudolph W. Giuliani damages in the amount of $145,969,000.00, plus post-judgment interest at the rate of 5.01 % per annum, along with costs.

2. Plaintiffs Ruby Freeman and Wandrea' Moss shall recover from the defendant Rudolph W. Giuliani attorney's fees as follows:

1

a. in the amount of $89,172.50, pursuant to this Court's Order dated August 30, 2023, ECF No. 93, plus post-judgment interest accruing from July 25, 2023, at the rate of 5.33% per annum;

b. in the amount of $43,684, pursuant to this Court's Order dated August 30, 2023, ECF No. 93, plus post-judgment interest accruing from September 20, 2023, at the rate of 5.42% per annum; and

c. in the amount of $104,256.50, pursuant to the Court's September 22, 2023 Minute Order, plus post-judgment interest accruing from October 6, 2023, at the rate of 5.46% per annum.

3. It is hereby DECLARED pursuant to 28 U.S.C. § 2201(a), as between plaintiffs and defendant, as follows:

a. It is hereby DECLARED (1) that the Actionable Statements set forth in the Amended Complaint, ECF No. 22, are false; (2) that those statements are defamatory and defamatory *per se*; (3) that those statements were of and concerning plaintiffs; (4) that defendant made those statements with actual malice; (5) that defendant published those statements to third parties without privilege; and (6) that those statements caused plaintiffs harm;

b. It is further DECLARED (1) that defendant Giuliani engaged in extreme and outrageous conduct which (2) intentionally and maliciously (3) caused the plaintiffs to suffer severe emotional distress;

c. It is further DECLARED (1) that defendant Giuliani entered into an agreement on or before December 3, 2020, with Donald J. Trump, Christina Bobb, Herring Networks, Inc., d/b/a OAN, Robert Herring, Charles

2

CFN 20240274766
OR BK 35197 PG 842

Case 1:24-mc-22979-KMM   Document 1   Entered on FLSD Docket 08/05/2024   Page 4 of 17

Case 1:21-cv-03354-BAH   Document 142   Filed 12/18/23   Page 3 of 3

Herring, Chanel Rion, and members of the Trump 2020 Presidential Campaign, including members of the Trump Legal team headed by Giuliani, who caused statements to be published about plaintiffs or participated in such publications, (2) to participate in defamation of and intentional infliction of emotional distress on plaintiffs, and (3) that plaintiffs were injured by unlawful overt acts performed by parties to the agreement pursuant to, and in furtherance of, the common scheme.

d.  It is further DECLARED that defendant's conduct was intentional, malicious, wanton, and willful, such that plaintiffs are entitled to punitive damages.

**SO ORDERED**.

Date:  December 18, 2023

*Beryl J. Howell*

**BERYL A. HOWELL**
United States District Judge

ECF
DOCUMENT
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District and Bankruptcy Courts for the District of Columbia.
Date Filed: 12/18/23
                              ANGELA D. CAESAR, CLERK
By: _____

3

CFN 20240274766
OR BK 35197 PG 843

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RUBY FREEMAN, *et al.*, | |
| Plaintiffs, | Civil Action No. 21-3354 (BAH) |
| v. | Judge Beryl A. Howell |
| RUDOLPH W. GIULIANI, | |
| Defendant. | |

## MEMORANDUM AND ORDER

Following a jury trial on damages owed to plaintiffs Ruby Freeman and Wandrea' ArShaye "Shaye" Moss that concluded on December 15, 2023, and this Court's entry of final judgment on December 18, 2023, *see* Final Judgment, ECF No. 142, plaintiffs now seek an order of dissolution of the 30-day automatic stay for enforcement of judgment pending resolution of any appeal, under Federal Rule of Civil Procedure 62(a), and for permission to register their judgment immediately in "any other district," pursuant to 28 U.S.C. § 1963. Pls.' Mot. to Dissolve Stay of Execution and for Leave to Register Judgment in Any Other District ("Pls.' Mot."), ECF No. 139.[1] Defendant Rudolph W. Giuliani "does not contest that the final judgment can be registered in any other district," Def.'s Resp. Pls.' Mot. ("Def.'s Opp'n") at 1 n.1, ECF No. 143, and opposes only the part of plaintiffs' motion seeking to "abnormally shorten[] or dissolve[]" the stay of execution for thirty days provided by Rule 62(a), *id.* In circumstances such as those presented by the record in this case, there is nothing "abnormal" about plaintiffs' request. To the contrary, as discussed in more detail below, plaintiffs' request to dissolve the otherwise automatic 30-day stay of

---

[1]     Plaintiffs' motion and accompanying attachments in support of their motion are docketed three times, at ECF Nos. 139, 140, and 141, but, to simplify citation, only plaintiffs' motion docketed at ECF No. 139 is cited.

1

CFN 20240274766
OR BK 35197 PG 844

enforcement of the judgment is both appropriate and warranted. Plaintiffs' motion is therefore granted for the reasons explained in more detail below.

## I. BACKGROUND

On December 15, 2023, following the entry of default judgment against Giuliani on liability for plaintiffs' three claims of defamation, intentional infliction of emotional distress, and civil conspiracy to commit those torts, *see* Default Judgment Decision, *Freeman v. Giuliani*, No. 21-cv-3354 (BAH), 2023 WL 5600316, at *26 (D.D.C. Aug. 30, 2023); Default Judgment Order, ECF No. 93, and after presentation of evidence and argument during four days of trial on the amount of compensatory and punitive damages owed by Giuliani to plaintiffs, an eight-member jury returned a unanimous verdict, *see* Verdict Form, ECF No. 135. Based on the evidence presented of Giuliani's past and continuing—including up to and during trial—defamation of plaintiffs, and testimony by plaintiffs' damages expert, Dr. Ashlee Humphreys, regarding the monetary amount that would be necessary to counter and repair plaintiffs' reputation due to the false defamatory statements published and republished about plaintiffs by Giuliani and his co-conspirators over the last three years, the jury returned a unanimous verdict, awarding: (1) as compensatory damages for defamation by Giuliani and his co-conspirators, $16,171,000 to Freeman and $16,998,000 to Moss; (2) as compensatory damages for emotional distress inflicted by Giuliani and his co-conspirators, $20,000,000 to each plaintiff; and (3) as punitive damages for Giuliani's conduct, $75,000,000, to be divided between plaintiffs, for a total award of $148,169,000. *See* Verdict Form. The amount of compensatory damages for defamation awarded by the jury was nearly $10,000,000 *less* than the amount requested by plaintiffs for reputational harm, *see* Trial Tr., Morning Sess. at 73:8–10 (Dec. 14, 2023) (plaintiffs' counsel Michael J. Gottlieb requesting "at least $24 million in reputational damages for each plaintiff"); Joint Pretrial

2

CFN 20240274766
OR BK 35197 PG 845

Case 1:24-mc-22979-KMM   Document 1   Entered on FLSD Docket 08/05/2024   Page 7 of 17

Case 1:21-cv-03354-BAH   Document 144   Filed 12/20/23   Page 3 of 13

Submission ("JPTS") at 14, ECF No. 105 ("[P]laintiffs will seek a sum ranging from $15.5 million to $43 million [on plaintiffs' defamation claim]."), and *less* than the low-end of the damages range identified by Dr. Humphreys *see* Trial Tr., Morning Sess., at 137:23–138:4 (Dec. 13, 2023) (Dr. Humphreys testifying that a campaign "to repair this reputational harm" "would cost anywhere from $17.8 million to $47.4 million"). Plaintiffs made no recommendation to the jury concerning the monetary amount of compensatory damages for intentional infliction of emotional distress or regarding punitive damages. *See* Trial Tr., Morning Sess. at 77:14–16 (Dec. 14, 2023) (plaintiffs' counsel Michael J. Gottlieb stating that "we're not providing you with a number to assign to intentional infliction of emotional distress"). The punitive award of $75,000,000 was nearly equivalent to the total compensatory award of $73,169,000—*i.e.*, well below the multiplier jurors had been instructed was generally permissible. *See* Jury Instructions at 10, ECF No. 137 ("Punitive damages that are more than ten times compensatory damages are almost never permissible. Usually, a permissible punitive damages award will not be more than four times compensatory damages.").

The parties' Joint Stipulation Regarding Entry of Final Judgment agreed to reduce the compensatory damages award by more than $2,000,000, as "resolution of any setoff claim Defendant Giuliani may have arising from Plaintiffs' May 31, 2022 settlement agreement with the other defendants in this litigation," reducing the total amount to $145,969,000, plus post-judgment interest and costs. Joint Stip. Regarding Final Judgment at 1, ECF No. 138; *id.*, Proposed Order at 1, ECF No. 138-1.

On December 18, 2023, this Court entered Final Judgment, adopting the parties' Joint Stipulation, and ordering Giuliani to pay plaintiffs $145,969,000 in compensatory and punitive damages, as reflected in the jury damages award, and to reimburse plaintiffs $237,113 in attorney's

3

CFN 20240274766
OR BK 35197 PG 846

Case 1:24-mc-22979-KMM   Document 1   Entered on FLSD Docket 08/05/2024   Page 8 of 17

Case 1:21-cv-03354-BAH   Document 144   Filed 12/20/23   Page 4 of 13

fees, plus post-judgment interest, for plaintiffs' three successful discovery motions against

Giuliani, as ordered by this Court in July, August, and September 2023, with which orders Giuliani

has failed to comply.  Final Judgment at 1–2.[2]  Indeed, Giuliani has simply ignored the orders

directing reimbursement to plaintiffs of attorney's fees for discovery misconduct, without seeking

extensions of time to make reimbursement, requesting any payment schedules or making any

excuse for his nonpayment by the deadlines set in court orders.[3]

Plaintiffs' instant motion for expedited consideration of their request for an order directing

dissolution of the automatic stay of execution of judgment under Federal Rule of Civil Procedure

62(a), and authority to register immediately their judgment in any other judicial district pursuant

to 28 U.S.C. § 1963, may now be resolved, having heard Giuliani's opposition to the same.

---

[2]      In accordance with the parties' Joint Stipulation, *see* Joint Stip. Regarding Final Judgment at 2–3, the
following declaratory relief was also ordered with respect to plaintiffs' claims for defamation, intentional infliction of
emotional distress, and civil conspiracy, declaring that (1) "the Actionable Statements set forth in the Amended
Complaint, ECF No. 22, are false; that those statements are defamatory and defamatory *per se* . . . and that those
statements caused plaintiffs harm"; (2) that "Giuliani engaged in extreme and outrageous conduct which intentionally
and maliciously caused the plaintiffs to suffer severe emotional distress"; (3) that "Giuliani entered into an agreement
on or before December 3, 2020 . . . to participate in defamation of and intentional infliction of emotional distress on
plaintiffs, and that plaintiffs were injured by unlawful overt acts performed by parties to the agreement," and (4) that
"defendant's conduct was intentional, malicious, wanton, and willful, such that plaintiffs are entitled to punitive
damages," Final Judgment at 2–3.

[3]      Specifically, Giuliani was directed to reimburse plaintiffs attorney's fees in the amount of (1) $89,172.50,
for successfully litigating their Motion to Compel Discovery, *see* ECF No. 44; (2) $43,684 for successfully litigating
their Motion to Compel Discovery from Giuliani's eponymous businesses, Giuliani Communications LLC and
Giuliani Partners LLC, *see* ECF No. 70; and (3) $104,256.50 for successfully litigating their Motion for Sanctions,
*see* ECF No. 81, plus interest. Subsequent orders were issued, after Giuliani was given ample opportunities to contest
any attorney's fees requested, with deadlines for reimbursement payments, all of which deadlines have been entirely
ignored by Giuliani, who has not paid a dime. *See* Minute Order (July 13, 2023) (directing Giuliani "by July 25, 2023,
to reimburse plaintiffs $89,172.50 in attorneys' fees incurred in litigating their Motion to Compel Discovery," ECF
No. 44); Default Judgment Decision, 2023 WL 5600316, at *3 (ordering Giuliani, by September 20, 2023, to "ensure
the Giuliani Businesses reimburse plaintiffs' attorneys fees associated with their successful motion to compel
discovery from the [Giuliani] Businesses, in the amount totaling $43,684"); Minute Order (Sept. 22, 2023) (directing
Giuliani, by October 6, 2023, to "reimburse plaintiffs $104,256.50 in attorneys' fees incurred in the filing of
plaintiffs' Motion for Sanctions," ECF No. 81); *see also* Am. JPTS at 19, ECF No. 115 (jointly stipulating that "[t]he
Court . . . has ordered Defendant Giuliani to reimburse Plaintiffs for at least $237,113 in legal fees they incurred in
litigating three discovery motions, which he has not yet paid").

4

CFN 20240274766
OR BK 35197 PG 847

## II.   DISCUSSION

Plaintiffs represent that dissolution of the automatic stay of judgment is necessary for several reasons, including that Giuliani "has demonstrated an unwillingness to comply with judicial process, including orders to pay attorney's fees and costs," and "appears to have no assets in the District of Columbia but substantial assets in—at least—both New York and Florida." Pls.' Mot. at 1. Given that Giuliani his simply ignored several prior court orders to reimburse attorney's fees, plaintiffs posit that his conduct in this litigation presents "a substantial risk" that "Giuliani will find a way to dissipate those assets before Plaintiffs are able to recover," a concern compounded by the fact that "Giuliani is widely reported to have other, significant debts threatening his personal solvency." *Id.*

Giuliani dismisses plaintiffs' reasons for expedition in trying to collect on their compensatory and punitive damage award, cheekily responding that "[i]f Giuliani had intentions of absconding with or fraudulently transferring assets, he has had ample time to do it," and that plaintiffs "point to no evidence to demonstrate that what Giuliani could have done for years now, he will do in the next 30 days." Def.'s Opp'n at 2.  Giuliani's position thus appears to be that just as he has shielded his true financial status from examination by refusing to comply with discovery rules and court orders, he could have already effectively used that shield to hide his assets to avoid paying plaintiffs' judgment against him. Notably, though he regularly speaks publicly about this case, Giuliani has never denied that he has taken steps to hide his assets from judgment creditors, and has offered no affirmative pledge that he will take no steps to do so, including in the next 30 days.  Nevertheless, Giuliani urges that "the Court should allow [] ample time—including the thirty days under Fed. R. Civ. P. 62(a)—for [him] to file the appropriate motions in this Court and/or the Court of Appeals to stay enforcement of the judgment while this 'unusual' case is on appeal." *Id.*

5

CFN 20240274766
OR BK 35197 PG 848

Case 1:24-mc-22979-KMM   Document 1   Entered on FLSD Docket 08/05/2024   Page 10 of 17

Case 1:21-cv-03354-BAH   Document 144   Filed 12/20/23   Page 6 of 13

at 4. Giuliani's response is not persuasive. Instead, his reasoning only bolsters the concerns animating plaintiffs' motion.

Federal Rule of Civil Procedure 62(a), as most recently amended in 2018, provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, *unless the court orders otherwise.*" FED. R. CIV. P. 62(a) (emphasis supplied). The "[a]mended Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay," including if there is a "risk that the judgment debtor's assets will be dissipated." FED. R. CIV. P. 62(a), Adv. Comm. Note to 2018 Amend.; *see also* Charles Alan Wright et al., 11 FED. PRAC. & PROC. CIV. § 2902 (3d ed. 2023) ("As explained in the Committee Note, the court might decide to dissolve the stay if there is a risk that the judgment debtor's assets will be dissipated[.]"); 12 MOORE'S FEDERAL PRACTICE – CIVIL § 62.02 (2023) (same).

Courts have routinely exercised their discretion, codified in Rule 62(a), to dissolve the 30-day automatic stay as a means of precluding the judgment debtor from taking advantage of the standard "thirty-day window to conceal and dissipate [their] assets." *Mattel, Inc. v. wwwfisherpriceonline*, No. 21-cv-9608 (LJL), 2022 WL 2801022, at *15 (S.D.N.Y. July 18, 2022); *see also McGraw Hill LLC v. Doe 1*, No. 20-cv-0356 (LJL), 2022 WL 2979721, at *3, *8 (S.D.N.Y. July 26, 2022) (following default judgment on plaintiffs' copyright and trademark claims against non-appearing defendants, "grant[ing] Plaintiffs' request to dissolve the automatic stay" and "allow for the immediate enforcement of judgment pursuant to Federal Rule of Civil Procedure 62(a)"); *Mattel, Inc. v. Arming*, No. 18-cv-8824 (LAP), 2021 WL 3683871, at *9 (S.D.N.Y. Aug. 18, 2021) ("dissolv[ing] the automatic stay imposed by Rule 62 and allow[ing] for the immediate enforcement of the judgment"); *Allstar Mktg. Grp., LLC v. AFACAI*, No. 20-cv-8406 (JPC), 2021 WL 2555636, at *8 (S.D.N.Y. June 22, 2021) (explaining the Court's "power to

6

CFN 20240274766
OR BK 35197 PG 849

order the execution of a judgment to occur before the close of th[e] 30-day window" under Rule

62(a), and "dissolv[ing] the automatic 30-day stay" (citation omitted)); *Spin Master Ltd. v. 158,*

463 F. Supp. 3d 348, 385 (S.D.N.Y. 2020), *adhered to in part on reconsideration,* No. 18-cv-1774

(LJL), 2020 WL 5350541 (S.D.N.Y. Sept. 4, 2020) ("reliev[ing] Plaintiffs of the 30-day stay"

where plaintiffs contend that such automatic stay "create[s] a 30-day window for Defaulting

Defendants . . . to transfer, dispose of, or otherwise hide assets that may be necessary to support

the judgment").[4]

Here, several considerations make clear the risk that Giuliani may attempt to "conceal and

dissipate [his] assets" during the thirty-day period provided by Rule 62(a), *www.fisherpriceonline,*

2022 WL 2801022, at *15, justifying this Court's exercise of discretion to order immediate

dissolution of the automatic stay.

---

[4]      Giuliani attempts to distinguish certain cases cited by plaintiffs as "inapposite" because they "involve[ed] a pre-judgment freezing of assets under New York law" and "[t]here was no pre-judgment asset freeze in this case[.]" Def.'s Opp'n at 2 & n.2 (citing *www.fisherpriceonline,* 2022 WL 2801022; *Arming,* 2021 WL 3683871; *Allstar Mktg. Grp., LLC,* 2021 WL 2555636; *Mattel, Inc. v. 1622758984,* No. 18-cv-8821 (AJN), 2020 WL 2832812 (S.D.N.Y. May 31, 2020)). This is an incorrect reading of these cases. Each of these courts recognized, without qualification or limitation to the prejudgment asset restraint context, their express authority under Rule 62(a) to dissipate the 30-day stay and allow immediate enforcement of judgment to avert the same concerns raised here regarding the risk of concealment or dissipation of assets. *See www.fisher-price.online,* 2022 WL 2801022, at *15 ("Plaintiff requests a continuance of the pre-judgment asset restraint because the automatic stay and absence of interim asset restraint provide Defendant a thirty-day window to conceal and dissipate its assets. . . . The Court may address these concerns by ordering immediate enforcement of the judgment pursuant to Federal Rule of Civil Procedure 62(a)." (citations omitted)); *Arming,* 2021 WL 3683871, at *9 (same); *Allstar Mktg. Grp., LLC.* 2021 WL 2555636, at *8 (addressing plaintiff's concern that the Rule 62 automatic stay will "giv[e] the Defaulting Defendants time to conceal their assets," and "dissolv[ing] the automatic 30-day stay imposed by Rule 62 to allow for immediate enforcement of the judgment"); *1622758984,* 2020 WL 2832812, at *7 ("Plaintiff asserts that, in light of this automatic stay and in the absence of an interim asset freeze, defaulting Defendants would have a 30-day window to conceal or dissipate their assets. Plaintiff's concerns may be addressed by allowing for immediate enforcement of the judgment in this case, which Rule 62 explicitly grants this Court authority to order." (citing FED. R. CIV. P. 62(a). Adv. Comm. Note to 2018 Amend.)). As other authorities make plain, Rule 62(a)'s express grant of discretion to dissolve the 30-day automatic stay is not limited to the prejudgment asset restraint context. *See, e.g., McGraw Hill LLC.* 2022 WL 2979721, at *4–8 ("allow[ing] for the immediate enforcement of judgment pursuant to Federal Rule of Civil Procedure 62(a)" following award of statutory damages on plaintiffs' claims for copyright infringement and trademark counterfeiting); *see also* Charles Alan Wright et al., 11 FED. PRAC. & PROC. CIV. § 2902 (3d ed. 2023) ("As explained in the Committee Note, the court might decide to dissolve the stay if there is a risk that the judgment debtor's assets will be dissipated."); 12 MOORE'S FEDERAL PRACTICE – CIVIL, § 62.02 (2023) (same).

First, as plaintiffs correctly explain, Giuliani has "proven himself to be an unwilling and uncooperative litigant," Pls.' Mot. at 3, whose repeated failures to comply with "basic preservation and production duties . . . necessitat[ed] the entry of default judgment against [him] on liability as a discovery sanction," Mem. Op. & Order Denying Def.'s Obj. Jury Trial, *Freeman v. Giuliani*, No. 21-3354 (BAH), 2023 WL 8360664, at *2 (D.D.C. Dec. 3, 2023) (citing Default Judgment Decision, 2023 WL 5600316, at *3–12, 26). Giuliani cannot and does not dispute that he has continued to disregard the Court's orders directing payment of plaintiffs' attorney's fees and costs in connection with plaintiffs' successful discovery motions. *See* Am. JPTS at 19, ECF No. 115 (jointly stipulating that "[t]he Court . . . has ordered Defendant Giuliani to reimburse Plaintiffs for at least $237,113 in legal fees they incurred in litigating three discovery motions, which he has not yet paid"); *see also* Default Judgment Order at 3 (directing entry of default judgment and ordering sanctions for "defendant's failure timely to reimburse plaintiffs' $89,172.50 in attorneys' fees" for plaintiffs' Motion to Compel Discovery, ECF No. 44); *id.* (directing Giuliani to "ensure that the Giuliani Businesses reimburse plaintiffs' attorneys fees associated with their successful motion to compel discovery from those Businesses . . . in the amount totaling $43,684"); Minute Order (Sept. 22, 2023) (directing Giuliani "to reimburse plaintiffs $104,256.50 in attorneys' fees incurred in the filing of plaintiffs' [] Motion for Sanctions," ECF No. 81"). Giuliani's failure to "satisfy even more modest monetary awards entered earlier in this case," Pls.' Mot. at 4 n.2, provides good cause to believe that he will seek to dissipate or conceal his assets during the 30-day period contemplated by Rule 62(a).

Second, as plaintiffs submit and as Giuliani does not contest, "Giuliani has numerous and mounting debts, including to his own attorneys and other litigants seeking to reduce their claims to judgment." Pls.' Mot. at 3. Plaintiffs attach two such complaints against Giuliani to their

8

motion, including a creditor action brought by Giuliani's counsel in criminal matters, Robert

Costello, seeking "payment of an outstanding bill for legal services . . . in the amount of

$1,360,196.10." Pls.' Mot., Decl. of Michael J. Gottlieb ("Gottlieb Decl."), Ex. 1, Complaint ¶ 1,

*Davidoff Hutcher & Citron LLP et al. v. Giuliani*, No. 654558/2023, ECF No. 1 (N.Y. Sup. Ct.

Sept. 18, 2023); *see also* Pls.' Mot., Gottlieb Decl., Ex. 2, Complaint, *Biden v. Giuliani et al.*, No.

23-cv-8032, ECF No. 1 (C.D. Cal. Sept. 26, 2023) (complaint brought by Robert Hunter Biden

against Giuliani, Giuliani businesses, and others, seeking damages, injunctive relief, and equitable

relief). These potentially competing claims to Giuliani's assets raise the risk that Giuliani has even

greater motivation to hide his financial assets from potential future judgments against him.

Giuliani feebly counters concerns about him hiding assets, stating that "there is no evidence

in the record of any attempt by [him] to dissipate assets." Def.'s Opp'n at 2. This statement simply

ignores the ample record in this case of Giuliani's efforts to conceal or hide his assets by failing to

comply with discovery requests, including "plaintiffs' requests for financial information." Default

Judgment Decision, 2023 WL 5600316, at *22. This precise discovery misconduct triggered the

Court's imposition of sanctions in the form of not only default judgment on liability, but also more

stringent adverse inference instructions to the jury than would have been given had Giuliani

complied with discovery requests for financial records. *See id.* at *23 (ordering, "as a sanction for

failing to comply with . . . the [Court's] Orders, the jury will be instructed that they *must*, when

determining an appropriate sum of punitive damages, infer that Giuliani is intentionally trying to

hide relevant discovery about his financial assets for the purpose of artificially deflating his net

worth" (emphasis in original) (citation omitted)); Additional Sanctions Order. *Freeman v.

Giuliani*, No. 21-cv-3354 (BAH), 2023 WL 8360653, at *2 (D.D.C. Oct. 13, 2023) (ordering four

additional adverse inferences on which the "jury [would] be instructed . . . when determining an

9

CFN 20240274766
OR BK 35197 PG 852

appropriate sum of compensatory, presumed, and punitive damages" as a sanction for Giuliani's failure to comply with plaintiffs' document requests for Giuliani's financial-related information and records, as required in the Default Judgment Decision and Order).[5]

Nowhere in opposition does Giuliani promise not to hide assets from plaintiffs. Nor does he contend, let alone demonstrate with documentary or other proof, that he would be *unable* to satisfy the judgment, in whole or in part. *See generally* Def.'s Opp'n. To be sure, Giuliani's counsel argued to the jury at the damages trial that plaintiffs' requested damages award would amount to "the civil equivalent of the death penalty, because if [jurors] award the amount of damages they're asking for, it will be the end of Mr. Giuliani," Trial Tr., Afternoon Sess., at 59:5–9 (Dec. 11, 2023), and Giuliani has made similar representations during this litigation that "financial difficulties" hampered his ability to immediately pay plaintiffs' attorney's fees ordered by this Court, Default Judgment Decision, 2023 WL 5600316, at *23 (citation omitted). Yet, Giuliani's persistent refusal to respond to plaintiffs' discovery requests precluded plaintiffs from testing the veracity of Giuliani's claimed "financial difficulties," and this Court's ability to evaluate his resources to satisfy judgment such that then, as now, "Giuliani has failed to show that he cannot pay the [amount] he owes." *Id.* Such claims of Giuliani's "financial difficulties"—no matter how many times repeated or publicly disseminated and duly reported in the media—are difficult to square with the fact that Giuliani affords a spokesperson, who accompanied him daily to trial, *see* Trial Tr., Morning Sess., at 19:16–19 (Dec. 13, 2023) (plaintiffs' counsel Michael J. Gottlieb referencing "Giuliani and his spokesperson, who [he] believe[s] is sitting in the court

---

[5]    Giuliani suggests that plaintiffs' request for dissolution of the 30-day stay of enforcement should be granted "only on condition that security be posted by the judgment creditor," Def.'s Opp'n at 3 (quoting FED. R. CIV. P. 62(a). Adv. Comm. Note to 2018 Amend.), but that "[p]laintiffs make no such offer of bond or security in their Motion," *id.* The bond condition suggested in the advisory notes is plainly discretionary, and Giuliani cites no authority—indeed this Court is aware of none—expressly conditioning dissolution of the 30-day stay on the creditor's posting of security.

10

today, Mr. [Ted] Goodman"); *see also* Alison Durkee, *Giuliani Must Pay $148 Million In Damages For Defaming Georgia Election Workers*, Forbes (Dec. 15, 2023), https://www.forbes.com/sites/alisondurkee/2023/12/15/giuliani-must-pay-148-million-in-damages-for-defaming-georgia-election-workers/?sh=41b200c4606f (noting "Giuliani's spokesperson Ted Goodman ha[d] not yet responded to a request for comment" following conclusion of trial on December 15, 2023), and plaintiffs' counsel's submission, based on "report[s] in the press and confirmed by [p]laintiffs' initial investigation," Pls.' Mot. at 5, and uncontested by Giuliani, *see generally* Def.'s Opp'n, that "Giuliani . . . does have significant assets in other jurisdictions, including residential properties located in the Southern District of New York and the Southern District of Florida," and "numerous accounts at financial institutions located in New York," Pls.' Mot., Gottlieb Decl. ¶¶ 3–4; *see also* Pls.' Mot. at 5.

Finally, Giuliani contends that "if the Court allows immediate execution of the final judgment, then Giuliani will have no chance to have the damages award reduced on remittitur or even seek a stay from the D.C. Circuit," which "will be presented with [issues]—some of them novel—that create a stronger likelihood that the final judgment may be, at minimum, altered in some way on appeal." Def.'s Opp'n at 3–4. While not pre-judging any remittitur arguments that may be made by Giuliani, the obvious fact that the jury's unanimous awards were conservative as to the plaintiffs' requested compensation for reputational harm due to Giuliani's defamation *per se*, based on the expert's calculation of the cost of repairing their reputations, and the jury's punitive damages award was nearly equivalent to compensatory damages, rather than multiplied by up to four times compensatory damages, reduction of the award on remittitur faces some challenges. Moreover, should this case be appealed, Giuliani can avoid any claimed prejudice and obtain a stay of enforcement "at any time by posting a full supersedeas bond pursuant to Federal

11

CFN 20240274766
OR BK 35197 PG 854

Case 1:24-mc-22979-KMM    Document 1    Entered on FLSD Docket 08/05/2024    Page 16 of 17

Case 1:21-cv-03354-BAH    Document 144    Filed 12/20/23    Page 12 of 13

Rule of Procedure 62(b)." Pls.' Mot. at 4 n.2; *see* FED. R. CIV. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security."). Given that "the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances[.]" *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980). "Although the court has discretion to depart from the usual requirement of a supersedeas bond for the full amount of judgment, the burden is 'on the moving party to objectively demonstrate the reasons for such a departure.'" *Howard Town Ctr. Dev., LLC v. Howard Univ.*, 288 F. Supp. 3d 11, 13 (D.D.C. 2017) (citation omitted). Thus, to obtain a stay of enforcement of the judgment pending any appeal beyond the 30-days of the automatic stay, Giuliani would have to comply with the usual requirement of a full supersedeas bond or demonstrate why that requirement should not apply—a showing difficult to make when there is more than "reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case." *Fed. Prescription Serv., Inc.*, 636 F.2d at 760.

### III. CONCLUSION AND ORDER

For the reasons set forth above, it is hereby

**ORDERED** that plaintiffs' Motion to Dissolve Stay of Execution and for Leave to Register Judgment in Any Other District, ECF No. 139, is **GRANTED**; it is further

**ORDERED** that the stay of execution of the final judgment entered on December 18, 2023, and of proceedings to enforce it, provided under Federal Rule of Civil Procedure 62(a), is DISSOLVED, effective immediately; it is further

12

CFN 20240274766
OR BK 35197 PG 855

Case 1:24-mc-22979-KMM    Document 1    Entered on FLSD Docket 08/05/2024   Page 17 of 17

Case 1:21-cv-03354-BAH    Document 144    Filed 12/20/23    Page 13 of 13

        **ORDERED** that, pursuant to 28 U.S.C. § 1963, plaintiffs are authorized to register immediately the final judgment entered on December 18, 2023, in any other district of the United States; and it is further

        **ORDERED** that the Clerk of Court is directed to issue plaintiffs a completed and signed Form AO451, together with a copy of the final judgment entered on December 18, 2023, and a copy of this Memorandum and Order.

**SO ORDERED**.

Date: December 20, 2023

                                *Beryl A. Howell*

                            BERYL A. HOWELL
                          United States District Judge

**ECF DOCUMENT**
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District and Bankruptcy Courts for the District of Columbia.
Date Filed: 12-20-23
                     ANGELA D. CAESAR, CLERK
By: _____

13

CFN 20240274766
OR BK 35197 PG 856

JS 44 (Rev. 04/21 FLSD Revised 06/02/22) **CIVIL COVER SHEET**

Case 1:24-mc-22979-KMM Document 1-1 Entered on FLSD Docket 08/05/2024 Page 1 of 2

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**

Ruby Freeman and Wandrea' Moss

**DEFENDANTS**

Rudolph W. Giuliani

**(b)** County of Residence of First Listed Plaintiff DeKalb, GA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant New York, NY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

David A. Blansky, Dunn Law, PA, 66 West Flagler St., Suite 400, Miami, Florida 33130, +1 (786) 534-3669

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care / Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☑ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)** *(See instructions):* a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☑ NO

JUDGE: DOCKET NUMBER:

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1963, Registration of Foreign Judgment from the United States District Court for the District of Columbia
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

DATE August 5, 2024

SIGNATURE OF ATTORNEY OF RECORD s/ David Blansky

FOR OFFICE USE ONLY : RECEIPT # _____ AMOUNT _____ IFP _____ JUDGE _____ MAG JUDGE _____

NOT A CERTIFIED COPY

CFN 20240274766
OR BK 35197 PG 857

JS 44 (Rev. Case 1:24-mc-22979-KMM   Document 1-1   Entered on FLSD Docket 08/05/2024   Page 2 of 2

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

       **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

       **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

VI.    **Related/Refiled Cases.** This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

VII.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
                Brief Description: Unauthorized reception of cable service

VIII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature.** Date and sign the civil cover sheet.