# EXHIBIT 14

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>                        Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>                        Defendant. | No. 24-mc-353<br><br>**RESPONSE TO QUESTIONS IN CONNECTION WITH INFORMATION SUBPOENA TO BURKE BRANDS LLC** |

Burke Brands LLC ("Respondent"), through its counsel, hereby responds to the *Questions in Connection with Information Subpoena to Burke Brands LLC* issued by Ruby Freeman an Wandrea' Moss in the above referenced matter as follows:

1. State the amount of funds or property being held pursuant to the Restraining Notice served herewith.

> **RESPONSE: Respondent is currently holding $1,576.08 pursuant to the agreement between Rudolph Giuliani, aka Giuliani Communications, LLC, and Darron Burke, aka under which Rudolph Giuliani, aka Giuliani Communications, LLC is entitled to 80% of net profit of each sale of Rudy Coffee.**

2. Identify with specificity any property in your possession, custody, or control in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest, the nature of such interest, and the approximate value of such property.

> **RESPONSE: Respondent is currently holding $1,576.08 pursuant to the agreement between Rudolph Giuliani, aka Giuliani Communications, LLC, and Darron Burke, aka under which Rudolph Giuliani, aka Giuliani Communications, LLC is entitled to 80% of net profit of each sale of Rudy Coffee (the "Agreement").**

3. Identify with specificity any financial accounts as to which you have ever shared ownership or control with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as trustee, as custodian, as nominee, as a beneficiary, and the dates that such ownership or control over such accounts was shared. As to each such account, list the financial institution at which the account is held, the exact name on the account, the date the account was opened, the account

number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

>    **RESPONSE: Respondent has never shared ownership or control of any financial accounts with the Judgment Debtor or any Giuliani Affiliated Entity.**

4. Other than any accounts specified in response to the preceding question, are you aware of any financial account in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest? Specify an such account, date the account was opened, the account number, the names of the signatories on the account, the amount on deposit, and the source of your knowledge of the foregoing information.

>    **RESPONSE: Pursuant to the Agreement, by the 15th of each month Respondent is to wire to Judgment Debtor the profit share from the prior month to the following account:**
>
>    **Giuliani Communications, LLC**
>    **Parkside Financial Bank and Trust**
>    **8112 Maryland Ave. Suite 101**
>    **St. Louis, MO 63105**
>    **Account 8137580**
>    **ABA 081019405**
>
>    **Aside from the above listed account, Respondent is not aware of any other financial accounts in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest.**

5. Are you aware of any interest of the Judgment Debtor, whether direct or indirect, in any corporation, partnership, company, or other entity, other than Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation? If so, state the nature of such interest and the source of your knowledge.

>    **RESPONSE: Respondent is not aware of any interest of the Judgment Debtor in any corporation, partnership, company, or other entity, other than those listed by Plaintiffs.**

6. Are you aware of any trust either created or settled by the Judgment Debtor (or a Giuliani Affiliated Entity) or for the Judgment Debtor's benefit? If so, state the name of such trust, the name of all trustees, the date of creation, the law of organization, the location of the trust, the nature and value of any trust property, and

the location of any trust property including the financial institution or other custodian by whom such property is held.

**RESPONSE: Respondent is not aware of any trust either created or settled by the Judgment Debtor (or a Giuliani Affiliated Entity) or for the Judgment Debtor's benefit.**

7.   Identify any transfer of money (including in the form of salary, consulting fees, profit distribution, or otherwise), leases, deeds, securities, intangibles, receivables, or other property from the Judgment Debtor or any Giuliani Affiliated Entity to you, including (i) the identity of the property transferred, (ii) where applicable, amounts transferred, (iii) the date of each transfer and (iv) the consideration, if any, given in exchange for each transfer. Where the transfer was to or from an account at a bank, securities brokerage firm, or other financial institution, please set forth the name and the address of the institution and the name and number on the account(s) from which and/or to which the transfer was made.

**RESPONSE: There has been no transfer of money, leases, deeds, securities, intangibles, receivables, or other property from the Judgment Debtor or any Giuliani Affiliated Entity to Respondent.**

8.   List any and all gifts given to you by the Judgment Debtor and the approximate value of each of those gifts and the dates the gifts were received and the current location and ownership of those gifts.

**RESPONSE: There have been no gifts received by Respondent from the Judgment Debtor.**

9.   Identify any debt owed by you to the Judgment Debtor or any Giuliani Affiliated Entity or any other entity in which the Judgment Debtor or a Giuliani Affiliated Entity has an interest. For each such debt, state the amount of the debt, the entity or individual to which the debt is owed, the nature of the debt, whether the debt is secured and if so by what collateral, and the terms of any agreement giving rise to the debt including: the interest rate, if any, the maturity date, if any, the repayment schedule, if any, and the amounts repaid, if any.

**RESPONSE: Respondent is currently holding $1,576.08 pursuant to the agreement between Rudolph Giuliani, aka Giuliani Communications, LLC, and Darron Burke, aka under which Rudolph Giuliani, aka Giuliani Communications, LLC is entitled to 80% of net profit of each sale of Rudy Coffee.**

10.   Do you have personal or professional access to any account in the name of the Judgment Debtor or any Giuliani Affiliated Entity, or any other entity in which

the Judgment Debtor may have an interest, whether under the name of such entity, under a trade or corporate name, or in association with others? As to each such account, list the financial institution at which the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

> **RESPONSE: Respondent does not have personal or professional access to any account in the name of the Judgment Debtor or any Giuliani Affiliated Entity, or any other entity in which the Judgment Debtor may have an interest, whether under the name of such entity, under a trade or corporate name, or in association with others.**

11. Have you ever received a statement of the financial condition of the Judgment Debtor or any Giuliani Affiliated Entity? What assets are disclosed therein (or in the alternative supply a copy thereof)?

> **RESPONSE: Respondent has never received a statement of the financial condition of the Judgment Debtor or any Giuliani Affiliated Entity.**

12. Do you have documents relating to any other entity controlled by or established for the benefit of the Judgment Debtor including but not limited to a trust or a political action committee? What information is contained therein (or in the alternative supply a copy thereof)?

> **RESPONSE: Respondent does not have any documents relating to any other entity controlled by or established for the benefit of the Judgment Debtor including but not limited to a trust or a political action committee.**

13. Identify with specificity any assets, including real or personal property, whether in the United States or any other country, you have ever shared with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as custodian, as nominee, or as a beneficiary, the dates those assets were shared, the reason the assets ceased being shared, and the disposition of those assets.

> **RESPONSE: Respondent executed the Agreement with Rudolph Giuliani, aka Giuliani Communications, LLC on April 23, 2024 stipulating Rudolph Giuliani through Burke Brands will promote Rudy Coffee for which Rudolph Giuliani, aka Giuliani Communications, LLC is entitled to 80% of net profit of each sale of Rudy Coffee. The net profit for 32 oz whole bean is $5.039, 64 oz whole bean is $10.285, and 76 oz is $14.284.**

14. List any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts, whether in the United States or any other county, of the Judgment Debtor or any Giuliani Affiliated Entity contained in your records, including all accounts on which the Judgment Debtor is a signatory or authorized user. Set forth the names and addresses of all the individuals who assisted or participated in providing information for, or formulating responses to, this Information Subpoena.

**RESPONSE:**

**Giuliani Communications, LLC
Parkside Financial Bank and Trust
8112 Maryland Ave. Suite 101
St. Louis, MO 63105
Account 8137580
ABA 081019405**

**Aside from the above listed account, Respondent does not have record of any other financial accounts of the Judgment Debtor or any Giuliani Affiliated Entity.**

15. Have you provided the Judgment Debtor with a benefit, monetary or non-monetary, worth in excess of $250? If so, please list the benefit, the date given, the reason given, and the approximate amount the benefit is worth.

**RESPONSE: On July 26, 2024, Respondent distributed a net profit share of $6,650.86 to Giuliani Communications, LLC pursuant to the Agreement.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail on John Langford at john.langford@protectdemocracy.org; Rachel Goodman at Rachel.goodman@protectdemocracy.org; Von DuBose at dubose@dubosemiller.com; Aaron E. Nathan at anathan@willkie.com; M. Annie Houghton-Larsen at mhoughton-larsen@willkie.com; Michael J. Gottlieb at mgottlieb@willkie.com; and Meryl C. Governski at mgovernski@willkie.com on August 19, 2024.

Respectfully submitted,

*/s/ Hayley G. Harrison, Esq.*

Hayley G. Harrison, Esq.
Florida Bar No. 105157
hharrison@wernicklaw.com
WERNICK LAW, PLLC
*Counsel for Burke Brands, LLC*
2255 Glades Road, Ste 324A
Boca Raton, FL 33431
(561)961-0922