UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

        Plaintiffs,

v.

RUDOLPH W. GIULIANI,

        Defendant.

No. 24-mc-353

**[PROPOSED] TURNOVER ORDER PURSUANT TO CPLR § 5225
AND ORDER APPOINTING RECEIVER PURSUANT TO CPLR § 5228
AND ORDER TO SHOW CAUSE**

Upon consideration of the motion of Plaintiffs Ruby Freeman and Wandrea' Moss to enforce their money judgment against Defendant Rudolph W. Giuliani (the "Judgment"), and the accompanying submissions and Defendant's opposition thereto, and notice having been given to Defendant via certified mail and by personal service; it is hereby **ORDERED** as follows:

1. **Turnover Order.** It is hereby ORDERED**,** pursuant to Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rules ("CPLR") § 5225 that, within seven days of this Order, Defendant shall deliver to Plaintiffs, and execute and deliver any document necessary to effectuate delivery to Plaintiffs of, the following specific personal property in his possession:

    - Mercedes-Benz, Model SL500, model year 1980;

    - Various items of furniture;

    - Television;

    - Sports Memorabilia;

    - signed Reggie Jackson picture;

1

- signed Yankee Stadium picture;
- signed Joe DiMaggio shirt;
- Costume jewelry;
- Diamond Ring;
- 3 Yankee World Series Rings;
- 2 Bulova Watches;
- 5 Shinola Watches;
- 1 Tiffany & Co. Watch;
- 1 Seiko Watch;
- 1 Frank Muller Watch;
- 1 Graham Watch;
- 1 Corium Watch;
- 1 Rolex Watch;
- 2 IWC Watches;
- 1 Invicta Watch;
- 2 Breitling Watches;
- 1 Raymond Weil Watch;
- 1 Baume & Mercer Watch;
- 6 additional Watches;
- the shares evidencing his interest in 45 East 66th Street Owners Corp., appurtenant to the apartment located at 45 East 66th Street, Apt. 10W, New York, NY 10065, and any proprietary lease, and other document entitling him to ownership and possession of such apartment;

- All rights and interests in, and cause of action for, fees owed to Mr. Giuliani for services rendered in 2020 and 2021 to former President Trump's presidential campaign and the Republican National Committee; and
- the nonexempt cash in the checking accounts held at Citibank, N.A. with account numbers ending in -1428 and -5812.

2. **Receivership Order.** It is further ORDERED**,** pursuant to Federal Rule of Civil Procedure 69 and CPLR § 5228, that Plaintiffs and judgment creditors Ruby Freeman and Wandrea' Moss are appointed as receivers ("Receivers") of certain specific property as defined herein (the "Receivership Property"). The Receivership Property shall include Defendant's entire interest in the condominium apartment located at 315 South Lake Drive, Apartment 5D, Palm Beach, Florida, (the "Palm Beach Condo"), and any additional property as may be ordered by the Court upon motion of Receivers or other judgment creditors of Defendant.

    a. Receivers shall have power to:
        i. Take possession, ownership, and control of the Receivership Property;
        ii. Administer, collect, improve, lease, or repair the Receivership Property;
        iii. Effectuate a transfer, assignment or sale of the Receivership Property, or any part thereof, through any nonjudicial process as the Receivers in their discretion deem appropriate to maximize the value of the Receivership Property, including but not limited to private sale, free and clear of liens to a third-party purchaser, in satisfaction of the Judgment, including post-judgment interest thereon, such transfer, assignment, or sale to be subject only to the approval of this Court;

iv. Take all necessary steps to conserve and protect the Receivership Property pending sale thereof, to take whatever action is necessary to prepare, advertise or appraise the value of the Receivership Property for sale and to preserve and maximize the value of the Property, subject to and consistent with the terms and conditions hereof;

v. Employ counsel of Receivers' choosing and to authorize counsel to act in the name and stead of the Receivers in carrying out the duties of the receivership and in transmitting Receivers' directives and consent;

vi. Employ professionals to market and sell the Receivership Property;

vii. Institute, prosecute and defend, compromise, adjust, intervene in, or become a party to such actions and proceedings in state or federal courts as may in their opinion be necessary or proper for the prosecution, maintenance, preservation, and management of the receivership estate or the carrying out of the terms of this Order, and likewise to prosecute, defend, compromise, or adjust or otherwise dispose of any and all actions or proceedings instituted by or against the Receivership Property where and to the extent that the Receiver determines, in his judgment, that such action is advisable or proper for the protection of the receivership estate, whether or not such action is brought in New York, another state or a foreign country; provided however, that the Receiver shall have no right to institute, prosecute, defend, compromise, adjust, intervene in, or become a party to any action against Defendant that is not an action against Receivership Property;

  viii. Maintain or purchase as an expense of the Receivership estate appropriate insurance for the Receivership Property from any agent or carrier, of any type reasonably necessary, and to pay any premiums for additional insurance coverage for the Receivers (including, without limitation, a liability policy, an errors and omissions policy and an umbrella policy) in connection with the Receivership Property, if the Receivers deem, in their reasonable business judgment, the existing insurance for the Receivership Property to be insufficient or nonexistent;

  ix. Execute and deliver, and to require Defendant to execute and deliver, any document necessary to effect the foregoing.

b. It is further ORDERED that Receivers shall cause all funds received in the operation of Receivership hereunder to be maintained in or channeled through a trust account established by their counsel until expended in the ordinary course of business pursuant hereto or applied toward satisfaction of the Judgment referred to above, or as otherwise authorized by the Court.

c. It is further ORDERED that Receivers shall comply with the requirements of CPLR §§ 5228, 6402, 6403, 6404, and 6405 and other applicable court rules.

d. It is further ORDERED that, for the avoidance of doubt, Receivers are vested with complete jurisdiction and control over the Palm Beach Condo pursuant to 28 U.S.C. § 754, no bond being required by the Court, with the right to take possession thereof. Within ten days of this Order or within ten days of the addition of any property located outside of this District to the Receivership

Property subject to this Order, and in satisfaction of the requirements of the third sentence of 28 U.S.C. § 754, Receivers shall file in any judicial District of the United States where such property is located (other than this District) (1) a copy of the Amended Complaint (ECF No. 22 in No. 21-cv-3354 (D.D.C.)); (2) a copy of the registered judgment filed in this District (ECF No. 1 in this action); and (3) a copy of this Order.

e. It is further ORDERED that any and all persons claiming any interest in or relating to any of the Receivership Property be and hereby are and shall be enjoined (1) from commencing any action against the Receivers, (2) from interfering or impeding in any manner or to any extent with the Receivers' possession, dominion, and control of the Receivership Property, or (3) from interfering or impeding in any manner or to any extent with the discharge of the duties of the Receivers as outlined herein, except with the express permission of this Court after filing a motion on notice to the Receivers and all parties to this action.

f. It is further ORDERED that Defendant and his agents, attorneys, employees, and all those acting in concert with Defendant are restrained from (1) disposing of any real or personal property now or hereafter subject to this Order, except to transfer such property to the Receivers, (2) diverting, concealing, encumbering or transferring any personal property; and (3) interfering in any manner with the discharge of the Receivers' duties under this Order.

g. It is further ORDERED that Defendant, his agents, employees, and those acting in concert with him shall comply with directives of the Receivers issued

pursuant to this Order and shall execute and deliver any documents the Receivers request hereunder. For the avoidance of doubt, Defendant and his agents, attorneys, accountants, and any other representatives are directed to execute and deliver to the Receivers all documents necessary for the Receivers to take possession of all Receivership Property, and to immediately relinquish possession of and turn over possession to the Receivers' of any and all Documents, books, and records relating to and/or evidencing Defendant's real and personal property, including but not limited to financial records, statements, trust documents, and loan agreements, and including electronically stored information.

h. It is further ORDERED that all creditors, claimants, bodies politic, parties in interest, and their respective attorneys, agents, employees and all other persons, firms and corporations be, and they hereby are, jointly and severally enjoined and stayed from commencing or continuing any action at law or suit or proceeding in equity to foreclose any lien or enforce any claim against the Receivership Property, the books, records, revenues, profits and related assets associated with the Property, or against the Receivers in any Court.

i. It is further ORDERED that the Receivers may at any time apply to this Court for further instructions and orders related to this Order and for additional powers necessary to enable the Receivers to perform the Receivers' duties properly at any time.

j. It is further ORDERED that Receivers, and their employees, agents, attorneys and other professionals retained to assist the Receivers with the performance of

their duties, and others engaged in connection herewith, shall not be liable for actions taken, actions not take, or decisions made in performing the duties of the Receivers under this Order which are based upon the exercise of reasonably prudent business judgment. Further, so long as the Receiver acts as authorized herein, the Receivers shall be indemnified and held harmless by the receivership estate from any right, claim or causes of action brought against the Receivers, including the costs and expenses of defense of such claims or actions.

k. It is further ORDERED that Receivers, at such intervals as the Receivers deem appropriate, shall apply, upon notice to all parties to this action, to the Court for permission to pay all the Receivers' expenses incurred in carrying out the responsibilities of the receivership, but not including general office expenses or compensation, from the proceeds of the sale or other disposition of Receivership Property.

l. It is further ORDERED that notwithstanding anything herein to the contrary, Plaintiffs shall retain all rights and remedies in any jurisdiction with respect to the collection or satisfaction of the Judgment.

m. It is further ORDERED that no bond or other undertaking shall be required from Receivers.

3. **Order to Show Cause.** It is further ORDERED that within 7 days of entry of this Order, if any property subject to Paragraph 1 of this Order has not been transferred to Plaintiffs, Defendant shall show cause in writing why such property should not be included among the Receivership Property subject to Paragraph 2 of this Order.

SO ORDERED.

Dated: _____                    _____
      New York, New York                         United States District Judge