UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>       Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>       Defendant. | No. 24-mc-00353-LJL |

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO SERVE THE MOTION TO ENFORCE JUDGMENT VIA CERTIFIED MAIL</u>**

  Plaintiffs Ruby Freeman and Wandrea' Moss respectfully move *ex parte* for leave to serve their Motion to Enforce Judgment ("Enforcement Motion") and supporting documents on Defendant Rudolph W. Giuliani via certified mail, return receipt requested, consistent with New York Civil Practice Law and Rules ("CPLR") 5225 and 5228. Such service is adequate for purposes of the turnover relief requested in the Enforcement Motion under CPLR § 5225. This Motion seeks confirmation that such service will *also* be deemed adequate under CPLR § 5228 with respect to the other relief requested in the Enforcement Motion. For the reasons set forth in this Memorandum of Law, that conclusion follows from the plain text of the CPLR.

  Pursuant to Local Civil Rule 6.1(d) and as set forth in the accompanying Declaration of Aaron E. Nathan ("Nathan Decl."), *ex parte* treatment of this Motion is appropriate because this Motion is limited to confirming the manner of service upon Defendant under CPLR § 5228, because Plaintiffs are not aware of any legal representation that Defendant has retained in connection with this matter, and because Defendant will have an opportunity to challenge the manner of service in any opposition to the Enforcement Motion. *See* Nathan Decl.

  In further support of this Motion, Plaintiffs respectfully state as follows:

1

The Enforcement Motion seeks three forms of relief: turnover of specific property pursuant to CPLR § 5225, appointment of a receiver pursuant to CPLR § 5228, and an order to show cause regarding extension of the receivership order pursuant to CPLR § 5228. *See* ECF Nos. 9, 11. Under CPLR § 5225, a motion for turnover for specific property "shall be served on the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested." CPLR § 5225(a). CPLR § 5228 provides that a motion for appointment of a receiver may be granted "upon such notice as the court may require," and that "[a]s far as practicable, the court shall require that notice be given to the judgment debtor and to any other judgment creditors of the judgment debtor." CPLR § 5228(a).[1]

Service by certified mail, return receipt requested, satisfies CPLR § 5225 and is sufficient service for the turnover relief requested in the Motion to Enforce Judgment. *See* CPLR § 5225(a). Such service also necessarily satisfies CPLR § 5228's more lenient notice requirement, that notice on the judgment debtor be effectuated "as the court may require" and "[a]s far as practicable"—standards that imply that, in some situations, *no* notice to the judgment debtor would be sufficient. CPLR § 5228(a). In any event, the key procedure for notice of a motion for appointment of a receiver under CPLR § 5228 is that "the court . . . determine[s] the method of notice to be given." Richard C. Reilly, Practice Commentaries on CPLR § 5228. In one case of which Plaintiffs are aware, the Court directed notice to the judgment debtor by certified mail, but only *after* granting the motion for appointment of a receiver. *Aquavella v. Equivision, Inc.*, 694 N.Y.S.2d 547, 549 (Sup. Ct. Monroe Cnty. 1999). Here, service of the Motion by certified mail, return receipt requested, satisfies the CPLR's own minimum requirements for a turnover motion pursuant to CPLR § 5225. Further, Mr. Giuliani appears to have actual notice of this proceeding. *See* Nathan

---

[1] Counsel for Plaintiffs are not aware of any other judgment creditors of Mr. Giuliani.

Decl. ¶ 6. Serving the Motion by certified mail, return receipt requested, is therefore adequate and appropriate in these circumstances.

Further, although Plaintiffs maintain that Mr. Giuliani's New York apartment remains his primary legal residence for all purposes, in the interest of avoiding any future disputes about the adequacy of service, Plaintiffs propose to serve the Motion to Enforce Judgment and supporting documents (ECF Nos. 8–11) on Mr. Giuliani at both his New York and Florida addresses. *See* ECF No. 10, ¶¶ 9, 11; ECF No. 10-6, at 2.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court order (1) that the Motion to Enforce Judgment be served on Mr. Giuliani by certified mail, return receipt requested, at both 45 East 66th Street, Apt. 10W, New York, NY 10065 and 315 South Lake Drive, Apt. 5D, Palm Beach, FL, 33480, such service to be deemed effective under CPLR §§ 5225 and 5228 upon delivery to the later-served address as reflected on the United States Postal Service website; (2) that Plaintiffs file proof of such service on the docket within one business day of delivery to the later-served address; and (3) that Mr. Giuliani file any opposition to the Motion within seven days of delivery to the later-served address.

Respectfully submitted,

Dated: September 4, 2024
New York, New York

s/ Aaron E. Nathan

Michael J. Gottlieb
Meryl C. Governski (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

3

Aaron E. Nathan
M. Annie Houghton-Larsen
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mhougton-larsen@willkie.com

John Langford
Rachel Goodman
United to Protect Democracy
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Christine Kwon (*pro hac vice forthcoming*)
P.O. Box 341423
Los Angeles, CA 90034-9998
(202) 579-4582
christine.kwon@protectdemocracy.org

Von DuBose (*pro hac vice forthcoming*)
DuBose Miller LLC
75 14th Street NE Suite 2110
Atlanta, GA 30309
(404) 720-8111
dubose@dubosemiller.com