UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>            Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>            Defendant. | No. 24-mc-00353-LJL |

**DECLARATION OF AARON E. NATHAN PURSUANT TO LOCAL RULE 6.1(d) IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO SERVE THE MOTION TO ENFORCE JUDGMENT VIA CERTIFIED MAIL**

I, Aaron E. Nathan, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1.  I am counsel to Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") in the above-captioned action. I submit this declaration pursuant to Local Civil Rule 6.1(d) in support of Plaintiffs' *ex parte* motion for leave to serve their Motion to Enforce Judgment via certified mail, return receipt requested.

2.  Plaintiffs have moved pursuant to CPLR §§ 5225 and 5228 for a turnover order and appointment of a receiver with respect to certain property of the Defendant. *See* ECF No. 8 (the "Enforcement Motion"). In the instant Motion, Plaintiffs seek leave to file the Enforcement Motion via certified mail, return receipt requested, consistent with both CPLR §§ 5225 and 5228.

3.  Good and sufficient reasons exist to grant the instant Motion regarding service of the Enforcement Motion *ex parte*.

4.  First, the instant Motion relates only to the manner of service upon Defendant of the Enforcement Motion and certain scheduling matters that will apply following service. Defendant will have an opportunity to raise any objections to the manner of service, or other relief

requested in the instant Motion, following service of the Enforcement Motion. In particular, Defendant will have an opportunity to raise any objections to the manner of service in his opposition to the Enforcement Motion.

5. Second, despite diligent efforts, Plaintiffs are not aware of any legal representation retained by Defendant in connection with this miscellaneous enforcement proceeding. Counsel for Plaintiffs is aware of several attorneys that have represented Mr. Giuliani in connection with the Plaintiffs' underlying claims, his appeal from final judgment, and the bankruptcy proceeding in this District. Each of those attorneys has confirmed in writing that neither he nor his firm represents Mr. Giuliani in connection with this proceeding, and the attorneys who have previously appeared on Mr. Giuliani's behalf in connection with Plaintiffs' claims have further confirmed that they are not aware of any information relating to who, if anyone, represents Mr. Giuliani in connection with this proceeding.

6. Finally, Mr. Giuliani appears to have actual notice of this proceeding. On August 30, 2024, Mr. Giuliani's spokesman gave a statement to the media commenting on Plaintiffs' Enforcement Motion. *See* Michael R. Sisak, *Ex-election workers want Rudy Giuliani's apartment, Yankees rings in push to collect $148M judgment*, Associated Press (Aug. 30, 2024), https://apnews.com/article/giuliani-bankruptcy-election-ruby-freeman-wandrea-moss-e31c0f37bc68bd0134ee3b5c1d9efbbb.

7. For the foregoing reasons, the Court should consider and grant the Motion to serve the Enforcement Motion via certified mail on an *ex parte* basis.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 4, 2024.

        s/ Aaron E. Nathan
Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8000
anathan@willkie.com

*Attorney for Ruby Freeman and Wandrea' Moss*