UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

            Plaintiffs,

v.

RUDOLPH W. GIULIANI,

            Defendant.

No. 24-mc-00353-LJL

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION AND OBJECTION PURSUANT TO CPLR §§ 5222-a(d) and 5240 REGARDING CLAIM OF EXEMPTION AS TO FUNDS HELD AT CITIBANK IN ACCOUNT ENDING x1428**

Christine Kwon
(*pro hac vice pending*)
P.O. Box 341423
Los Angeles, CA 90034-9998
(202) 579-4582
christine.kwon@protectdemocracy.org

Von DuBose (*pro hac vice forthcoming*)
DuBose Miller LLC
75 14th Street NE. Suite 2110
Atlanta, GA 30309
(404) 720-8111
dubose@dubosemiller.com

John Langford
Rachel Goodman
United to Protect Democracy
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

*Attorneys for Plaintiffs*

Plaintiffs and judgment creditors Ruby Freeman and Wandrea' ArShaye Moss ("Plaintiffs"), pursuant to Federal Rules of Civil Procedure 69 and New York Civil Practice Law and Rules ("CPLR") §§ 5222-a(d), and 5240, respectfully submit this memorandum of law in support of their motion and objection to the claim of exemption made by Defendant Rudolph W. Giuliani regarding funds held at Citibank, N.A. ("Citi") in account number ending in x1428 (the "Citi 1428 Account").

## ARGUMENT

Plaintiffs file this motion and objection in response to Mr. Giuliani's claim of exemption under CPLR § 5222-a as to funds held at Citi in an account ending in x1428. In aid of their enforcement proceedings against Mr. Giuliani, Plaintiffs served an information subpoena and restraining notice on Citi. *See* Declaration of John Langford ("Langford Decl."), Ex. A. Mr. Giuliani now claims that one account restrained pursuant to that restraining notice—the Citi 1428 Account—contains funds derived from his Social Security payments. Langford Decl. Ex. B. But Mr. Giuliani has not provided any supporting information or evidence to support that claim. *Id.* Plaintiffs are therefore left without any basis to evaluate the claim of exemption, and must object to the claim of exemption pending receipt of supporting information. Should Plaintiffs receive information establishing that any of the funds in question are in fact exempt from execution, Plaintiffs will release the restraint on those funds forthwith. But thus far, Plaintiffs are still resolving open discovery requests with Citi, and Mr. Giuliani has simply ignored the discovery requests served on him over a month ago.

Mr. Giuliani's Exemption Claim Form relating to the Citi 1428 Account is not "accompanied by information demonstrating that all funds in the account are exempt," such as "originals or copies of benefit award letters, checks, check stubs or any other document that discloses the source of the judgment debtor's income, and bank records showing the last two

months of account activity." CPLR § 5222-a(c)(4). Plaintiffs are accordingly unable to evaluate Mr. Giuliani's claim of exemption beyond his say-so—a state of affairs that, the New York courts have recognized, does not satisfy due process:

> While CPLR 5222–a(d) makes the Exemption Claim Form prima facie evidence of an exemption and places the burden of proving the funds are not exempt upon the judgment creditor, the judgment creditor is entitled to the opportunity to question the judgment debtor as to source of the funds claimed to be exempt. Fundamental fairness and basic due process require the judgment creditor be provided with some method for meaningfully contesting the judgment debtor's claim [that] the funds on deposit in an account are exempt from execution.

*Midland Funding LLC v. Singleton*, 935 N.Y.S.2d 844, 849 (Dist. Ct. Nassau Cnty. 2011). And as a court in this District recently agreed, "[w]hile the exemption claim form itself is prima facie evidence, it is not conclusive proof of an entitlement to an exemption . . . the state legislature 'could not possibly have intended to permit a person to obtain an exemption simply by checking a box on the Exemption Claim Form, signing that form and timely mailing [it] back to the judgment creditor's attorney.'" *Office Create Corp. v. Planet Entertainment, LLC*, No. 22-cv-8848 (ER), 2024 WL 1638728 at *6 (S.D.N.Y. Apr. 16, 2024) (quoting *Midland Funding LLC v. Singleton*, 943 N.Y.S.2d 373, 379 (Dist. Ct. Nassau Cnty. 2012)).

Plaintiffs intend to comply with CPLR § 5222-a in full, and are prepared to direct Citi to release any funds held in the Citi 1428 Account that are shown to be exempt. However, Mr. Giuliani has provided no information supporting his claim of exemption, despite having all relevant information in his possession.[1] *See* Langford Decl. Ex. B. Meanwhile, Plaintiffs continue to work with Citi on outstanding discovery requests that may yield information that will support

---

[1] Plaintiffs note, in this regard, that Mr. Giuliani was served with an information subpoena and restraining notice on August 5, 2024, but has so far simply ignored that discovery request (as he has with many previous discovery requests dating back to the underlying D.C. litigation and continuing throughout the bankruptcy case, *see* ECF No. 9, at 3-4, 5-6.

or undermine Mr. Giuliani's claim of exemption. If Mr. Giuliani is interested in speeding up that process, he is of course free to disclose the supporting evidence in his possession.[2]

## CONCLUSION

For the reasons set forth above, the Exemption Claim Form should be quashed, and the restraining notice should remain in effect as to the Citi 1428 Account.

Respectfully submitted,

Dated: September 17, 2024
      New York, New York

s/ John Langford

Christine Kwon
(*pro hac vice pending*)
P.O. Box 341423
Los Angeles, CA 90034-9998
(202) 579-4582
christine.kwon@protectdemocracy.org

Von DuBose (*pro hac vice forthcoming*)
DuBose Miller LLC
75 14th Street NE. Suite 2110
Atlanta, GA 30309
(404) 720-8111
dubose@dubosemiller.com

John Langford
Rachel Goodman
United to Protect Democracy
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

*Attorneys for Plaintiffs*

---

[2] Plaintiffs are aware of statements from the Citi 1428 Account filed in Mr. Giuliani's bankruptcy case showing that his exemption claim may have merit, or at least would have as of May 2024. *See* ECF No. 267-2, at 14, *In re Rudolph W. Giuliani*, No. 23-12055-SHL (Bankr. S.D.N.Y. June 25, 2024) (Citi statement showing Social Security deposit into the Citi 1428 Account). But without more information, it is impossible to know whether any of the *restrained* funds in the Citi 1428 Account—*i.e.*, the funds present as of August 2024—were also traceable to Social Security deposits.