UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>       Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>       Defendant. | No. 24-mc-00353-LJL |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION AND OBJECTION PURSUANT TO CPLR §§ 5222-a(d) and 5240 REGARDING CLAIM OF EXEMPTION AS TO FUNDS HELD AT PARKSIDE FINANCIAL BANK AND TRUST**

John Langford
Rachel Goodman
United to Protect Democracy
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Christine Kwon (*pro hac vice forthcoming*)
P.O. Box 341423
Los Angeles, CA 90034-9998
(202) 579-4582
christine.kwon@protectdemocracy.org

Von DuBose (*pro hac vice forthcoming*)
DuBose Miller LLC
75 14th Street NE. Suite 2110
Atlanta, GA 30309
(404) 720-8111
dubose@dubosemiller.com

Michael J. Gottlieb
Meryl C. Governski (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
M. Annie Houghton-Larsen
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mhougton-larsen@willkie.com

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................. i

INTRODUCTION ..............................................................................................................................1

BACKGROUND ...............................................................................................................................2

LEGAL STANDARD..........................................................................................................................3

ARGUMENT....................................................................................................................................4

**I.**     Mr. Giuliani's Claim of Exemption Must Be Quashed. ......................................................4

      A.     CPLR § 5222-a Applies to "Natural Persons," Not Limited Liability Companies Like Giuliani Communications LLC.........................................................................................5

      B.     The Exemption Claim Form Fails to State a Valid Basis for Exemption Under CPLR § 5222-a. ...................................................................................................................6

      C.     The Parkside Exemption Claim Form Contains No Supporting Information. ...........7

**II.**    The Restraint Must Continue in Effect Pending Plaintiffs' Forthcoming Motion for Turnover...............................................................................................................................8

CONCLUSION..................................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**                                                                                               **Page(s)**

*242-44 E. 77th St., LLC v. Greater New York Mut. Ins. Co.*,
  815 N.Y.S.2d 507 (1st Dep't 2006) ..................................................................................... 7

*Cruz v. TD Bank, N.A.*,
  22 N.Y.3d 61 (2013) ..................................................................................................... 6, 7

*Major League Baseball Properties, Inc. v. Corporacion de Television y Microonda Rafa, S.A.*,
  No. 19-cv-8669-MKV-GWG, 2023 WL 405768 (S.D.N.Y. Jan. 26, 2023) ............................. 7

*Midland Funding LLC v. Singleton*,
  935 N.Y.S.2d 844 (Dist. Ct. Nassau Cnty. 2011) ................................................................. 8

*Midland Funding LLC v. Singleton*,
  943 N.Y.S.2d 373 (Dist. Ct. Nassau Cnty. 2012) ................................................................. 6

*Off. Create Corp. v. Planet Ent., LLC*,
  No. 22-CV-8848 (ER), 2024 WL 1638728 (S.D.N.Y. Apr. 16, 2024) ............................. 4, 5, 8

*PEP LLC v. Channel Creations LLC*,
  192 N.Y.S.3d 83 (1st Dep't 2023) ...................................................................................... 6

**Statutory Provisions**

CPLR § 5205 ............................................................................................................................ 7

CPLR § 5222-a ............................................................................................................... *passim*

CPLR § 5222-a(a) ................................................................................................................ 2, 5

CPLR §§ 5222-a(c) .................................................................................................................. 4

CPLR § 5222-a(b)(4)(b) ........................................................................................................... 7

CPLR § 5222-a(c)(4) ............................................................................................................ 4, 8

CPLR § 5222-a(d) ................................................................................................................ 4, 5

CPLR § 5225 ................................................................................................................. 1, 5, 8, 9

CPLR §5240 ................................................................................................................. 2, 4, 5, 7

Plaintiffs and judgment creditors Ruby Freeman and Wandrea' ArShaye Moss ("Plaintiffs"), pursuant to Federal Rules of Civil Procedure 69 and New York Civil Practice Law and Rules ("CPLR") §§ 5222-a(d), and 5240, respectfully submit this memorandum of law in support of their motion and objection to the claim of exemption made by Defendant Rudolph W. Giuliani regarding funds held at Parkside Financial Bank & Trust ("Parkside") in the name of Defendant's alter ego Giuliani Communications LLC ("Giuliani Communications" or "the LLC").

## INTRODUCTION

This motion and objection responds to a frivolous claim of exemption lodged by Defendant against restrained funds held at a bank account in the name of his admitted alter ego, Giuliani Communications LLC. Mr. Giuliani's claim of exemption is frivolous because the statute under which he has claimed an exemption—CPLR § 5222-a—applies only to funds held in a "natural person's" bank account, not in the account of corporate or similar entities like LLCs. But in any event, Mr. Giuliani's sole argument for why the funds held by Giuliani Communications' bank account should not be available to satisfy Plaintiffs' judgment is that the judgment runs against Mr. Giuliani personally, while the bank account is held by Giuliani Communications. That is not among the types of "exemptions" recognized by the CPLR, but even if it were, it would be entirely meritless here. As Plaintiffs will show in their forthcoming motion for turnover pursuant to CPLR § 5225(b), Giuliani Communications is the alter ego of Mr. Giuliani, and its property is therefore available to satisfy Plaintiffs' judgment against Mr. Giuliani.

Mr. Giuliani is attempting to use CPLR § 5222-a—a statute designed to protect "natural persons" from overbroad or baseless restraints—to shield his alter-ego LLC's funds from execution. In doing so, he is simply continuing a pattern of evasion and obstruction that has defined his conduct from the beginning of Plaintiffs' litigation against him. And he is further confirming that, in his mind, Giuliani Communications' corporate form is a tool to shield money from his

1

creditors. This is wrong, as Plaintiffs will demonstrate in their forthcoming turnover motion (to be filed after resolving outstanding discovery requests relating to Giuliani Communications). In the meantime, however, Plaintiffs must deal with another of Mr. Giuliani's evasive maneuvers. Plaintiffs accordingly move pursuant to CPLR §§ 5222-a and 5240 to quash Mr. Giuliani's meritless claim of exemption and ensure that Plaintiffs' restraint on the Giuliani Communications account at Parkside remains effective pending filing and disposition of Plaintiffs' turnover motion regarding those funds.

**BACKGROUND**

The relevant procedural history and factual background of Plaintiffs' litigation against Mr. Giuliani is laid out in Plaintiffs' Memorandum of Law In Support of Their Motion to Enforce Their Judgment (ECF No. 9). Here, Plaintiffs recite only the facts relevant to this motion.

Plaintiffs are judgment creditors with an approximately $148 million judgment against Mr. Giuliani. *See* ECF No. 9, at 4–6. Plaintiffs registered their judgment in this District on August 5, 2024. ECF No. 1.

Mr. Giuliani is the sole owner of Giuliani Communications, a New York limited liability company. Declaration of Aaron E. Nathan, Ex. 1, at ¶ 14. As became clear in Mr. Giuliani's bankruptcy case, Mr. Giuliani uses Giuliani Communications as a shell company to insulate his personal funds from creditors, routing payments to the company rather than to his personal accounts, while freely using the LLC's funds as his own personal funds when convenient. *See* Mot. of the Off. Comm. of Unsecured Creditors for Appointment of a Chapter 11 Trustee, *In re Rudolph W. Giuliani*, No. 23-12055-SHL (Bankr. S.D.N.Y. May 28, 2024), ECF No. 233, at ¶¶ 55–64. Once this information came to light, Mr. Giuliani had no defense; in fact, he openly characterized Giuliani Communications as his "alter ego." Nathan Decl. Ex. 1, ¶ 5. And when, during the bankruptcy, Mr. Giuliani struck a new deal to promote "Rudy Coffee" for Burke Brands, he

2

executed a contract between Burke Brands and "Rudolph Giuliani, ***aka Giuliani Communications LLC***." *See* Nathan Decl. Ex. 2 (emphasis added).

Through Mr. Giuliani's financial disclosures in the bankruptcy and Parkside's subpoena responses in this action, Plaintiffs also learned that Giuliani Communications maintains a checking account at Parkside with account number ending in x7580 (the "Parkside Account"). *In re Giuliani*, No. 23-12055 (SHL) (Bankr. S.D.N.Y. June 25, 2024), ECF No. 267-4, at 2. Parkside is a Missouri-based banking institution that offers banking and trust services. *See* PARKSIDE FINANCIAL BANK & TRUST, *About Us*, https://www.pfbt.com/about-us/about-us (last visited Sept. 17, 2024).

Having learned this information in the course of the bankruptcy case, Plaintiffs served an information subpoena and restraining notice on Parkside (the "Parkside Restraining Notice"). *See* Nathan Decl. Ex. 4.[1] On September 10, 2024, Ted Goodman, a representative of Mr. Giuliani, hand-delivered an executed exemption claim form relating to the Parkside Account to counsel for Plaintiffs (the "Parkside Exemption Claim Form"). *See* Nathan Decl. Ex. 5. The sole basis for an exemption articulated on the Parkside Exemption Claim Form was that Plaintiffs' judgment ran against Mr. Giuliani personally, rather than against Giuliani Communications.

## LEGAL STANDARD

CPLR § 5222-a provides that where a restraining notice is issued "affecting a natural person's account at a banking institution," the judgment debtor may contest the restraining notice by serving an exemption claim form on the banking institution and the judgment creditor. CPLR §§ 5222-a(a), (c). "Where the executed exemption claim form sent to the judgment creditor is accompanied by information demonstrating that all funds in the account are exempt," such as

---

[1] Plaintiffs also served an information subpoena with restraining notice on Mr. Giuliani himself. *See* Nathan Decl. Ex. 3. The deadline to respond to that information subpoena was August 15, 2024. As of this filing, Mr. Giuliani has not responded. Nathan Decl. ¶ 4.

3

"originals or copies of benefit award letters, checks, check stubs or any other document that discloses the source of the judgment debtor's income, and bank records showing the last two months of account activity," the judgment creditor must instruct the bank to release the account. *Id.* § 5222-a(c)(4). However, a judgment creditor "may object to the claim of exemption by moving for an order pursuant to" CPLR §5240. CPLR § 5222-a(d).

"An exemption claim form executed by the judgment debtor is prima facie evidence that the funds are exempt. The judgment creditor bears the burden of proof to establish the amount of funds that are not exempt." *Off. Create Corp. v. Planet Ent., LLC*, No. 22-CV-8848 (ER), 2024 WL 1638728, at *3 (S.D.N.Y. Apr. 16, 2024) (citation omitted). "While the exemption claim form itself is prima facie evidence," however, "it is not 'conclusive proof of an entitlement to an exemption.' As one New York court has observed, the state legislature 'could not possibly have intended to permit a person to obtain an exemption simply by checking a box on the Exemption Claim Form, signing that form and timely mailing [it] back to the judgment creditor's attorney.'" *Id.* at *6 (quoting *Midland Funding LLC v. Singleton*, 943 N.Y.S.2d 373, 378 (Dist. Ct. Nassau Cnty. 2012)).

## ARGUMENT

**I.    Mr. Giuliani's Claim of Exemption Must Be Quashed.**

Plaintiffs object, pursuant to CPLR § 5222-a(d), to Mr. Giuliani's claim of exemption relating to the Parkside Account, and are entitled to an order pursuant to CPLR § 5240 quashing the Parkside Exemption Claim Form and continuing the restraining notice in effect pending disposition of Plaintiffs' forthcoming turnover motion under CPLR § 5225. CPLR § 5222-a does not apply to the Parkside Account, and in any event, the stated basis for an exemption is not among those authorized by CPLR § 5222-a. Furthermore, Mr. Giuliani has failed to provide any supporting evidence or information justifying his claim of exemption.

4

### A. CPLR § 5222-a Applies to "Natural Persons," Not Limited Liability Companies Like Giuliani Communications LLC.

The Parkside Exemption Claim is invalid, and must be quashed, because CPLR § 5222-a does not apply *at all* to the Parkside Account. Section 5222-a applies only to accounts held by "natural persons," whereas the Parkside Account is held by Giuliani Communications, a limited liability company. CPLR § 5222-a(a); *see* Richard C. Reilly, Practice Commentaries C5222-a:1 (Westlaw 2024) (CPLR § 5222-a is "addressed to the 'natural person' depositor—it is not concerned with corporate or like defendants"). As the New York Court of Appeals has explained, the legislative amendments that added CPLR § 5222-a "restricted the scope of the restraint that can be implemented against the bank account of a natural person and created a new procedure aimed at ensuring that *this class of judgment debtors* is able to retain access to exempt funds." *Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61, 66 (2013) (emphasis added); *see Midland Funding LLC v. Singleton*, 943 N.Y.S.2d 373, 376 (Dist. Ct. Nassau Cnty. 2012) (noting that CPLR § 5222-a requires that an exemption claim form be "served with any restraining notice served upon a banking institution when the account to be restrained *is maintained by a natural person*") (emphasis added).

Consistent with that straightforward interpretation of the statute, the First Department has squarely held CPLR § 5222-a "applies only to the accounts belonging to a natural person," and not to a judgment debtor's "corporate bank accounts." *PEP LLC v. Channel Creations LLC*, 192 N.Y.S.3d 83, 85 (1st Dep't 2023). Just so here: Mr. Giuliani's claim of exemption under CPLR § 5222-a is void and must be quashed, because the account at issue is held by Giuliani Communications LLC—not by a "natural person."[2]

---

[2] Plaintiffs note the irony that Mr. Giuliani is asserting a claim of exemption as to funds held by his LLC, which Mr. Giuliani has elsewhere admitted is his "alter ego." Nathan Decl. Ex. 1, at ¶ 5.

5

### B. The Exemption Claim Form Fails to State a Valid Basis for Exemption Under CPLR § 5222-a.

Even if CPLR § 5222-a applied in this situation, the Exemption Claim Form would be invalid because it does not state a valid basis for exemption under § 5222-a. The sole basis for the claim of exemption is that the judgment at issue here runs against Mr. Giuliani personally, rather than Giuliani Communications. Nathan Decl. Ex. 5. But that is not a basis for a claim of "exemption" under CPLR § 5222-a. "Exemption" is a term of art that refers to specific statutory exemptions from application to the satisfaction of money judgments, for which CPLR § 5222-a provides a fast-track claim procedure. *See generally Cruz*, 22 N.Y.3d at 66–67; *see also* CPLR § 5205. In addition to the clear statutory history discussed in *Cruz*, this is also apparent from the face of the statutory text: the list of possible exemptions required by CPLR § 5222-a(b)(4)(b) precisely tracks the statutory bases for "exemption of banking institution accounts into which statutorily exempt payments are made" found in CPLR § 5205(l). Meanwhile, the inclusion of a space for "other" does not expand the permissible bases for a § 5222-a exemption claim to every objection under the sun; the inclusion of a catchall space for "other" exemption claims calls only for *similar* claims of statutory exemption from execution, not any objection to a restraining notice that a debtor wishes to raise. *See 242-44 E. 77th St., LLC v. Greater New York Mut. Ins. Co.*, 815 N.Y.S.2d 507, 510 (1st Dep't 2006) (describing canon of "ejusdem generis"). Thus, a judgment debtor's claim of "exemption" on an exemption claim form must invoke a statutory exemption of funds held at a banking institution from application to satisfaction of a judgment; a judgment debtor who wishes to make a different objection to the validity of a restraining notice, including by challenging the legal or factual basis for a restraining notice *per se*, may file a motion to vacate

---

As discussed *infra*, Plaintiffs will move for a turnover order in due course on the grounds that Giuliani Communications is indeed the alter ego of Mr. Giuliani personally, and that the assets of Giuliani Communications are therefore subject to turnover to satisfy Plaintiffs' judgment.

the restraint pursuant to CPLR § 5240. *See, e.g.*, *Major League Baseball Properties, Inc. v. Corporacion de Television y Microonda Rafa, S.A.*, No. 19-cv-8669-MKV-GWG, 2023 WL 405768, at *15 (S.D.N.Y. Jan. 26, 2023), *report and recommendation adopted*, 2023 WL 2625794 (S.D.N.Y. Mar. 24, 2023).

### C. The Parkside Exemption Claim Form Contains No Supporting Information.

Even if CPLR § 5222-a applied here and Mr. Giuliani had articulated an acceptable type of exemption claim under the statute, the Parkside Exemption Claim Form would still be defective because it is not "accompanied by information demonstrating that all funds in the account are exempt," such as "originals or copies of benefit award letters, checks, check stubs or any other document that discloses the source of the judgment debtor's income, and bank records showing the last two months of account activity." CPLR § 5222-a(c)(4). Plaintiffs are accordingly unable to evaluate Mr. Giuliani's claim of exemption beyond his say-so—a state of affairs that, the New York courts have recognized, does not satisfy due process:

> While CPLR 5222–a(d) makes the Exemption Claim Form prima facie evidence of an exemption and places the burden of proving the funds are not exempt upon the judgment creditor, the judgment creditor is entitled to the opportunity to question the judgment debtor as to source of the funds claimed to be exempt. Fundamental fairness and basic due process require the judgment creditor be provided with some method for meaningfully contesting the judgment debtor's claim the funds on deposit in an account are exempt from execution.

*Midland Funding LLC v. Singleton*, 935 N.Y.S.2d 844, 849 (Dist. Ct. Nassau Cnty. 2011). And as a court in this District recently agreed, "[w]hile the exemption claim form itself is prima facie evidence, it is not conclusive proof of an entitlement to an exemption . . . the state legislature 'could not possibly have intended to permit a person to obtain an exemption simply by checking a box on the Exemption Claim Form, signing that form and timely mailing [it] back to the judgment creditor's attorney." *Office Create Corp.*, 2024 WL 1638728 at *6 (quoting *Midland Funding LLC*, 935 N.Y.S.2d at 849) (internal quotation marks omitted).

7

**II.    The Restraint Must Continue in Effect Pending Plaintiffs' Forthcoming Motion for Turnover.**

For the foregoing reasons, Mr. Giuliani's claim of exemption under CPLR § 5222-a is invalid. Furthermore, the Parkside Restraining Notice should be permitted to continue in effect pending disposition of Plaintiffs' forthcoming motion for turnover of the Parkside Funds pursuant to CPLR § 5225. By Mr. Giuliani's own admission, Giuliani Communications is his "alter ego." Ex. 1, ¶ 5. And the facts and circumstances of Mr. Giuliani's use of Giuliani Communications to conceal funds from Plaintiffs and other creditors present a clear case for reverse-piercing the corporate veil in this case. Accordingly, Plaintiffs will be seeking turnover of the Parkside Funds pursuant to CPLR § 5225.[3]

Plaintiffs hope to be in a position to file their turnover motion with respect to the Parkside Funds promptly. However, Plaintiffs are still pursuing discovery relating to Giuliani Communications in general and the Parkside Account in particular. Plaintiffs will endeavor to resolve these outstanding discovery matters promptly so that they are in a position to file their turnover motion at the earliest reasonable time. In the meantime, the Parkside Restraining Notice should be allowed to continue in effect.

## CONCLUSION

For the reasons set forth above, the Parkside Exemption Claim Form should be quashed, and the Parkside Restraining Notice must remain in effect.

---

[3] Plaintiffs have a further interest in the Parkside Account because their final money judgment memorializes an earlier interlocutory order requiring Giuliani Communications to reimburse Plaintiffs for attorney's fees incurred in prosecuting a successful motion to compel discovery. *See* Minute Order, *Freeman v. Giuliani*, 21-3354 (BAH) (D.D.C. July 26, 2023); Order, *Freeman v. Giuliani*, 21-3354 (BAH) (D.D.C. August 30, 2023), ECF 93, at 3. Only after Mr. Giuliani refused to cause Giuliani Communications to pay Plaintiffs did the D.C. District Court order that Mr. Giuliani be personally liable for that amount. *See* Final Judgment *Freeman v. Giuliani*, 21-3354 (BAH), ECF No. 142, at 2 (D.D.C. Dec. 18, 2023).

|  | Respectfully submitted, |
|---|---|
| Dated: September 17, 2024<br>New York, New York | s/ Aaron E. Nathan |

John Langford
Rachel Goodman
United to Protect Democracy
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Christine Kwon
(*pro hac vice forthcoming*)
P.O. Box 341423
Los Angeles, CA 90034-9998
(202) 579-4582
christine.kwon@protectdemocracy.org

Von DuBose (*pro hac vice forthcoming*)
DuBose Miller LLC
75 14th Street NE. Suite 2110
Atlanta, GA 30309
(404) 720-8111
dubose@dubosemiller.com

Michael J. Gottlieb
Meryl C. Governski (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
M. Annie Houghton-Larsen
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mhougtonlarsen@willkie.com

*Attorneys for Plaintiffs*