# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

Plaintiffs,

v.

RUDOLPH W. GIULIANI,

Defendant.

No. 24-mc-353

**INFORMATION SUBPOENA
WITH RESTRAINING NOTICE
PURSUANT TO CPLR §§ 5222 AND 5224**

**To**:    Rudolph W. Giuliani
45 East 66th Street, Apt. 10W
New York, NY 10065

**WHEREAS**, on December 18, 2023, in an action in the United States District Court for the District of Columbia, between Ruby Freeman and Wandrea' ArShaye Moss, plaintiffs ("Judgment Creditors"), and Rudolph W. Giuliani, defendant, a judgment (the "Judgment") was entered against Rudolph W. Giuliani ("Judgment Debtor") for the sum of $146,206,113.00 plus post-judgment interest, to wit: $145,969,000.00, together with interest at the rate of 5.01% per annum from December 18, 2023; $89,172.50, together with interest at the rate of 5.33% per annum from July 25, 2023; $43,684.00, together with interest at the rate of 5.42% per annum from September 20, 2023; and $104,256.50, together with interest at the rate of 5.46% per annum from October 6, 2023;

**WHEREAS,** the sum of $146,206,113.00 and interest is still due to satisfy that Judgment;

**WHEREAS,** a certified copy of the Judgment was registered in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1963 which provides that a "judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner";

**WHEREAS,** the provisions of Article 52 of the New York Civil Practice Law and Rules ("CPLR") are applicable to the above-captioned proceeding pursuant to Federal Rule of Civil Procedure 69(a);

**NOW, THEREFORE WE COMMAND YOU,** pursuant to CPLR 5224(a)(3), that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying the subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original questions within 7 days of your receipt of the questions and this subpoena.

**TAKE FURTHER NOTICE,** that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

## RESTRAINING NOTICE

**WHEREAS,** you owe a debt to the Judgment Creditors;

**TAKE NOTICE** that pursuant to CPLR 5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, transfer, or assignment of, or interference with, any property in which you have an interest, except as provided therein;

**TAKE FURTHER NOTICE,** that this restraining notice covers **ALL PROPERTY** in which you have an interest and all such property hereafter coming into your custody or possession, and all debts due or hereafter coming due to you; and

**TAKE FURTHER NOTICE,** that failure to comply with this restraining notice is punishable as a contempt of court.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person

other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

## NOTICE TO JUDGMENT DEBTOR
### *as required by New York Law*

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

## YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt." The following is a partial list of money which may be exempt:

1. Supplemental security income (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans benefits;

10. Ninety percent of your wages or salary earned in the last sixty days;

11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;

12. Railroad retirement;

13. Black lung benefits; and

14. COVID-19 stimulus relief for individuals and families with children.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated: August 5, 2024
New York, New York

John Langford
Rachel Goodman
UNITED TO PROTECT DEMOCRACY
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Von DuBose
DUBOSE MILLER LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
dubose@dubosemiller.com

Aaron E. Nathan
M. Annie Houghton-Larsen
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
anathan@willkie.com
mhoughton-larsen@willkie.com

Michael J. Gottlieb
Meryl C. Governski
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS, | No. 24-mc-353 |
| Plaintiffs, | |
| v. | **QUESTIONS IN CONNECTION TO** |
| | **INFORMATION SUBPOENA** |
| RUDOLPH W. GIULIANI, | **TO RUDOLPH W. GIULIANI** |
| Defendant. | |

**To**:    Rudolph W. Giuliani
45 East 66th Street, Apt. 10W
New York, NY 10065

**INSTRUCTIONS**

This information subpoena seeks information during the period beginning December 1, 2020 through the present, unless some other time period is specified in a particular request. For purposes of this information subpoena, the term "Giuliani Affiliated Entities" shall include Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation, and any other entity owned or controlled by you (whether individually or jointly with others), or any non publicly-traded entity which you have an interest of any kind. The term "you," "yourself," and "your" includes you and any attorneys or agents acting on your behalf.

**REQUESTS**

1.    State the nature and value of all property being held pursuant to the Restraining Notice served herewith.

2.    List any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts, whether in the United States or any other country, in which you have or had an interest, whether in your name individually, jointly, in trust,

as custodian, as nominee, as a beneficiary, or in conjunction with any other persons or entities  As to each such account, list the name of the financial institution having custody of the account, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

3.    Identify any ownership interest you have in each Giuliani Affiliated Entity. As to each of such entity, to the extent you do not have total ownership, list the names and addresses of all other owners, their percent ownership, and the date their ownership started.

4.    Identify all assets (including real property and interests in any other entity) and any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts, whether in the United States or any other country, of each Giuliani Affiliated Entity and any other entity under your control or established for your benefit or by you for the benefit of another. As to each such account, list the name of the financial institution having custody of the account, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

5.    Please list any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts established for your benefit, including any political action committee or similar fund, not already listed in response to any earlier request. As to each such account, list the name of the financial institution having custody of the account, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

6.     Identify any real property in which you have or had an interest, whether in your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons.

7.     Describe all securities in which you have an interest, including but not limited to stock or interests in privately held companies, options, derivatives, futures, debt, bonds and/or debenture, including the name of the security, the amount held, the location of the security, and the values of each security.

8.     Identify any safe deposit boxes or other depositories ever maintained by you and set forth (1) the name and address of the bank or other depository, (ii) the identification number of the box or depository, (iii) the present contents of the box or depository, and (iv) any contents previously removed from the box or depository, the date of their removal, the current location of the removed contents, and the reasons for the removal.

9.     Identify all persons and entities that are indebted to you, including without limitation the (i) amount and date of the original indebtedness, (ii) the name and address of the debtor, (iii) the basis for the indebtedness, and (iv) the amount and date or any sum repaid by the debtor since the original indebtedness.

10.     Identify all monies, stock, property or other consideration  paid, received, purchased, sold, transferred or exchanged by and between you and any entity owned or controlled by you (in whole or in part), and set forth (i) the nature and amount of the monies, stock, property or other consideration paid, received, purchased, sold, transferred or exchanged, (ii) the nature of the payment, receipt, purchase, sale, transfer or exchange, (iii) the date of the payment, receipt, purchase, sale, transfer or exchange, (iv) the payor and recipients of the monies, stock, property or

other consideration, and (v) the consideration for the payment, receipt, purchase, sale, transfer or exchange.

11.    Identify any property or money held in trust for you, and identify the trustee, the name of the trust, the law under which the trust is organized, the date of the creation of the trust, the person or entity and its address holding the property or money, and the nature and amount of property or money,

12.    Identify any property or money that you have placed in trust for another person, and identify the person's address, the person's relationship to you, the trustee, the name of the trust, the law under which the trust is organized, the person or entity and its address holding the property or money, and the nature and amount of property or money, and the date of the creation of the trust.

13.    Set forth the names and addresses of any person with knowledge or information concerning the nature, extent and location of any assets owned or controlled by you.

14.    Identify all sources of your income, including income to any Giuliani Affiliated Entity and any other entity under your control or established for your benefit or by you for the benefit of another.

15.    List any and all gifts you have given, the date the gifts were given, the recipient of those gifts, and the approximate cost of each gift.

16.    Set forth the names and addresses of all the individuals who assisted or participated in providing information for, or formulating responses to, this Information Subpoena.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

RUBY FREEMAN and WANDREA' MOSS,

                        Plaintiffs,

v.

RUDOLPH W. GIULIANI,

                        Defendant.

No. 24-mc-353

**INFORMATION SUBPOENA**
**WITH RESTRAINING NOTICE**
**PURSUANT TO CPLR §§ 5222 AND 5224**

**To**:    Rudolph W. Giuliani
        45 East 66th Street, Apt. 10W
        New York, NY 10065

**WHEREAS,** on December 18, 2023, in an action in the United States District Court for the District of Columbia, between Ruby Freeman and Wandrea' ArShaye Moss, plaintiffs ("Judgment Creditors"), and Rudolph W. Giuliani, defendant, a judgment (the "Judgment") was entered against Rudolph W. Giuliani ("Judgment Debtor") for the sum of $146,206,113.00 plus post-judgment interest, to wit: $145,969,000.00, together with interest at the rate of 5.01% per annum from December 18, 2023; $89,172.50, together with interest at the rate of 5.33% per annum from July 25, 2023; $43,684.00, together with interest at the rate of 5.42% per annum from September 20, 2023; and $104,256.50, together with interest at the rate of 5.46% per annum from October 6, 2023;

**WHEREAS,** the sum of $146,206,113.00 and interest is still due to satisfy that Judgment;

**WHEREAS,** a certified copy of the Judgment was registered in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1963 which provides that a "judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner";

**WHEREAS,** the provisions of Article 52 of the New York Civil Practice Law and Rules ("CPLR") are applicable to the above-captioned proceeding pursuant to Federal Rule of Civil Procedure 69(a);

**NOW, THEREFORE WE COMMAND YOU,** pursuant to CPLR 5224(a)(3), that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying the subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original questions within 7 days of your receipt of the questions and this subpoena.

**TAKE FURTHER NOTICE,** that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

## RESTRAINING NOTICE

**WHEREAS,** you owe a debt to the Judgment Creditors;

**TAKE NOTICE** that pursuant to CPLR 5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, transfer, or assignment of, or interference with, any property in which you have an interest, except as provided therein;

**TAKE FURTHER NOTICE,** that this restraining notice covers **ALL PROPERTY** in which you have an interest and all such property hereafter coming into your custody or possession, and all debts due or hereafter coming due to you; and

**TAKE FURTHER NOTICE,** that failure to comply with this restraining notice is punishable as a contempt of court.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person

other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

## NOTICE TO JUDGMENT DEBTOR
### *as required by New York Law*

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

## YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt." The following is a partial list of money which may be exempt:

1. Supplemental security income (SSI);

2. Social security;

3. Public assistance (welfare);

4. Spousal support, maintenance (alimony) or child support;

5. Unemployment benefits;

6. Disability benefits;

7. Workers' compensation benefits;

8. Public or private pensions;

9. Veterans benefits;

3

10. Ninety percent of your wages or salary earned in the last sixty days;

11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;

12. Railroad retirement;

13. Black lung benefits; and

14. COVID-19 stimulus relief for individuals and families with children.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated: August 5, 2024
New York, New York

John Langford
Rachel Goodman
UNITED TO PROTECT DEMOCRACY
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Von DuBose
DUBOSE MILLER LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
dubose@dubosemiller.com

Aaron E. Nathan
M. Annie Houghton-Larsen
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
anathan@willkie.com
mhoughton-larsen@willkie.com

Michael J. Gottlieb
Meryl C. Governski
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS, | No. 24-mc-353 |
| Plaintiffs, | |
| v. | **QUESTIONS IN CONNECTION TO** |
| | **INFORMATION SUBPOENA** |
| RUDOLPH W. GIULIANI, | **TO RUDOLPH W. GIULIANI** |
| Defendant. | |

**To**:    Rudolph W. Giuliani
45 East 66th Street, Apt. 10W
New York, NY 10065

## INSTRUCTIONS

This information subpoena seeks information during the period beginning December 1, 2020 through the present, unless some other time period is specified in a particular request. For purposes of this information subpoena, the term "Giuliani Affiliated Entities" shall include Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation, and any other entity owned or controlled by you (whether individually or jointly with others), or any non publicly-traded entity which you have an interest of any kind. The term "you," "yourself," and "your" includes you and any attorneys or agents acting on your behalf.

## REQUESTS

1.    State the nature and value of all property being held pursuant to the Restraining Notice served herewith.

2.    List any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts, whether in the United States or any other country, in which you have or had an interest, whether in your name individually, jointly, in trust,

as custodian, as nominee, as a beneficiary, or in conjunction with any other persons or entities  As to each such account, list the name of the financial institution having custody of the account, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

3.    Identify any ownership interest you have in each Giuliani Affiliated Entity. As to each of such entity, to the extent you do not have total ownership, list the names and addresses of all other owners, their percent ownership, and the date their ownership started.

4.    Identify all assets (including real property and interests in any other entity) and any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts, whether in the United States or any other country, of each Giuliani Affiliated Entity and any other entity under your control or established for your benefit or by you for the benefit of another. As to each such account, list the name of the financial institution having custody of the account, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

5.    Please list any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts established for your benefit, including any political action committee or similar fund, not already listed in response to any earlier request. As to each such account, list the name of the financial institution having custody of the account, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

6

6.     Identify any real property in which you have or had an interest, whether in your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons.

7.     Describe all securities in which you have an interest, including but not limited to stock or interests in privately held companies, options, derivatives, futures, debt, bonds and/or debenture, including the name of the security, the amount held, the location of the security, and the values of each security.

8.     Identify any safe deposit boxes or other depositories ever maintained by you and set forth (1) the name and address of the bank or other depository, (ii) the identification number of the box or depository, (iii) the present contents of the box or depository, and (iv) any contents previously removed from the box or depository, the date of their removal, the current location of the removed contents, and the reasons for the removal.

9.     Identify all persons and entities that are indebted to you, including without limitation the (i) amount and date of the original indebtedness, (ii) the name and address of the debtor, (iii) the basis for the indebtedness, and (iv) the amount and date or any sum repaid by the debtor since the original indebtedness.

10.     Identify all monies, stock, property or other consideration   paid, received, purchased, sold, transferred or exchanged by and between you and any entity owned or controlled by you (in whole or in part), and set forth (i) the nature and amount of the monies, stock, property or other consideration paid, received, purchased, sold, transferred or exchanged, (ii) the nature of the payment, receipt, purchase, sale, transfer or exchange, (iii) the date of the payment, receipt, purchase, sale, transfer or exchange, (iv) the payor and recipients of the monies, stock, property or

other consideration, and (v) the consideration for the payment, receipt, purchase, sale, transfer or exchange.

11.    Identify any property or money held in trust for you, and identify the trustee, the name of the trust, the law under which the trust is organized, the date of the creation of the trust, the person or entity and its address holding the property or money, and the nature and amount of property or money,

12.    Identify any property or money that you have placed in trust for another person, and identify the person's address, the person's relationship to you, the trustee, the name of the trust, the law under which the trust is organized, the person or entity and its address holding the property or money, and the nature and amount of property or money, and the date of the creation of the trust.

13.    Set forth the names and addresses of any person with knowledge or information concerning the nature, extent and location of any assets owned or controlled by you.

14.    Identify all sources of your income, including income to any Giuliani Affiliated Entity and any other entity under your control or established for your benefit or by you for the benefit of another.

15.    List any and all gifts you have given, the date the gifts were given, the recipient of those gifts, and the approximate cost of each gift.

16.    Set forth the names and addresses of all the individuals who assisted or participated in providing information for, or formulating responses to, this Information Subpoena.