# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>　　　　　　　　　　　　Defendant. | No. 24-mc-353<br><br>**INFORMATION SUBPOENA<br>WITH RESTRAINING NOTICE<br>PURSUANT TO CPLR §§ 5222 AND 5224** |

To:　Parkside Financial Bank & Trust
　　　AT, Inc.
　　　7700 Forsyth Blvd Ste 1800
　　　Saint Louis, MO 63105

**WHEREAS**, on December 18, 2023, in an action in the United States District Court for the District of Columbia, between Ruby Freeman and Wandrea' ArShaye Moss, plaintiffs ("Judgment Creditors"), and Rudolph W. Giuliani, defendant ("Judgment Debtor"), a judgment (the "Judgment") was entered in favor of Ruby Freeman and Wandrea' ArShaye Moss against Rudolph W. Giuliani for the sum of $146,206,113.00 plus post-judgment interest, to wit: $145,969,000.00, together with interest at the rate of 5.01% per annum from December 18, 2023; $89,172.50, together with interest at the rate of 5.33% per annum from July 25, 2023; $43,684, together with interest at the rate of 5.42% per annum from September 20, 2023; and $104,256.50, together with interest at the rate of 5.46% per annum from October 6, 2023;

**WHEREAS**, the sum of $146,206,113.00 and interest is still due to satisfy that Judgment;

**WHEREAS**, a certified copy of the Judgment was registered in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1963 which provides that a "judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner";

2

**WHEREAS**, the provisions of Article 52 of the New York Civil Practice Law and Rules ("CPLR") are applicable to the above-captioned proceeding pursuant to Federal Rule of Civil Procedure 69(a);

**NOW, THEREFORE WE COMMAND YOU**, pursuant to CPLR 5224(a)(3), that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying the subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original questions within 7 days of your receipt of the questions and this subpoena.

**TAKE FURTHER NOTICE**, that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

### CPLR 5224(a)(3)(i) Certification

I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

*[Signature Page Follows]*

2

Dated: August 5, 2024
New York, New York

John Langford
Rachel Goodman
UNITED TO PROTECT DEMOCRACY
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Von DuBose
DUBOSE MILLER LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
dubose@dubosemiller.com

Aaron E. Nathan •
M. Annie Houghton-Larsen
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
anathan@willkie.com
mhoughton-larsen@willkie.com

Michael J. Gottlieb
Meryl C. Governski
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

3

## RESTRAINING NOTICE

**WHEREAS,** you may be in possession of property in which the Judgment Debtor has an interest;

**TAKE NOTICE,** that, pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such property, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated; and

**TAKE FURTHER NOTICE,** that this restraining notice covers **ALL PROPERTY** in your possession or custody in which you know or have reason to believe the judgment debtor has an interest, and all such property hereafter coming into your custody or possession, and all debts due from you to the judgment debtor and hereafter coming due from you to the judgment debtor; and

**TAKE FURTHER NOTICE,** that failure to comply with this restraining notice is punishable as a contempt of court.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in

4

subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

Dated: August 5, 2024
New York, New York

John Langford
Rachel Goodman
UNITED TO PROTECT DEMOCRACY
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Von DuBose
DUBOSE MILLER LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
dubose@dubosemiller.com

Aaron E. Nathan
M. Annie Houghton-Larsen
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
anathan@willkie.com
mhoughton-larsen@willkie.com

Michael J. Gottlieb
Meryl C. Governski
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>　　　　　　　　　　　Defendant. | No. 24-mc-353<br><br>**QUESTIONS IN CONNECTION WITH INFORMATION SUBPOENA TO PARKSIDE FINANCIAL BANK & TRUST** |

TO:　Parkside Financial Bank & Trust
　　　AT, Inc.
　　　7700 Forsyth Blvd Ste 1800
　　　Saint Louis, MO 63105

## INSTRUCTIONS

This information subpoena seeks information during the period beginning December 1, 2020 through the present, unless some other time period is specified in a particular request. For purposes of this information subpoena, the term "Judgment Debtor" means Rudolph W. Giuliani. The term "Giuliani Affiliated Entities" includes Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation, and any other entity in which you have reason to believe the Judgment Debtor has an interest. The terms "you," "yourself," and "your" include you and any individual or entity acting on your behalf or in concert with you.

## REQUESTS

1.　Do you have a record of any account in which the Judgment Debtor may have an interest, whether under the name of the Judgment Debtor, under a trade or corporate name, in the name of a trustee, or in association with others? As to each such account, what is the exact title of the account, the account number, the date opened, amounts presently on deposit, and date closed?

6

List any and all individuals other than the judgment debtor that are authorized to withdraw funds from the accounts.

2. Do you have a record of any account in which any of the Giuliani Affiliated Entities may have an interest, whether in the name of any such entity, under a trade or corporate name, or in association with others? As to each such account, what is the exact title of the account, the date opened, amounts presently on deposit, and date closed? List any and all individuals authorized to withdraw funds from such accounts.

3. What is the amount of funds or other property being held pursuant to the Restraining Notice served herewith?

4. Do you have a record of any safe deposit box in which the Judgment Debtor may have an interest, whether under the name of the judgment debtor, in the name of a trustee, under a trade or corporate name, or in association with others? As to each such box, what is the exact designation of the lessees thereof, the date hired, the date discontinued, and the names of those having access? List any and all individuals other than the judgment debtor that are authorized to access the safe deposit box(es).

5. Do you have any other transactions with the Judgment Debtor or any Giuliani Affiliated Entity, directly or indirectly, as a result of which the Judgment Debtor or any Giuliani Affiliated Entity may now have, or may in the future become entitled to, money or credit?

6. Has the Judgment Debtor or any Giuliani Affiliated Entity given you a statement of his financial condition? What assets are disclosed therein (or in the alternative supply a copy thereof)?

7. Do you hold collateral in which the Judgment Debtor or any Giuliani Affiliated Entity has or may have an interest? What is the description and value of each item of collateral?

What interest does the Judgment Debtor or Giuliani Affiliated Entity appear to have in each item of collateral?

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>       Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>       Defendant. | No. 24-mc-353<br><br>**NOTICE TO JUDGMENT DEBTOR** |

To: Parkside Financial Bank & Trust
   AT, Inc.
   7700 Forsyth Blvd Ste 1800
   Saint Louis, MO 63105

**NOTICE TO JUDGMENT DEBTOR**

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

**YOU MAY BE ABLE TO GET YOUR MONEY BACK**

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt." The following is a partial list of money which may be exempt:

1. Supplemental security income (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans benefits;
10. Ninety percent of your wages or salary earned in the last sixty days;
11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or

9

       private pensions, railroad retirement benefits, black lung benefits, or child support payments;

12. Railroad retirement;

13. Black lung benefits; and

14. COVID-19 stimulus relief for individuals and families with children.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>      Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>      Defendant. | No. 24-mc-353<br><br>**EXEMPTION NOTICE** |

**EXEMPTION NOTICE**
as required by New York Law
YOUR BANK ACCOUNT IS RESTRAINED OR "FROZEN"

The attached Restraining Notice or notice of Levy by Execution has been issued against your bank account. You are receiving this notice because a creditor has obtained a money judgment against you, and one or more of your bank accounts has been restrained to pay the judgment. A money judgment is a court's decision that you owe money to a creditor. You should be aware that FUTURE DEPOSITS into your account(s) might also be restrained if you do not respond to this notice.

You may be able to "vacate" (remove) the judgment. If the judgment is vacated, your bank account will be released. Consult an attorney (including free legal services) or visit the court clerk for more information about how to do this.

Under state and federal law, certain types of funds cannot be taken from your bank account to pay a judgment. Such money is said to be "exempt."

DOES YOUR BANK ACCOUNT CONTAIN ANY OF THE FOLLOWING TYPES OF FUNDS?
  1. Social security;
  2. Social security disability (SSD);
  3. Supplemental security income (SSI);
  4. Public assistance (welfare);
  5. Income earned while receiving SSI or public assistance;
  6. Veterans benefits;
  7. Unemployment insurance;
  8. Payments from pensions and retirement accounts;
  9. Disability benefits;
  10. Income earned in the last 60 days (90% of which is exempt);
  11. Workers' compensation benefits;

11

12. Child support;
13. Spousal support or maintenance (alimony);
14. Railroad retirement;
15. Black lung benefits; and/or
16. COVID-19 stimulus relief for individuals and families with children.

If YES, you can claim that your money is exempt and cannot be taken. To make the claim, you must:

(a) complete the EXEMPTION CLAIM FORM attached;
(b) deliver or mail the form to the bank with the restrained or "frozen" account; and
(c) deliver or mail the form to the creditor or its attorney at the address listed on the form.

You must send the forms within 20 DAYS of the postmarked date on the envelope holding this notice. You may be able to get your account released faster if you send to the creditor or its attorney written proof that your money is exempt. Proof can include an award letter from the government, an annual statement from your pension, pay stubs, copies of checks, bank records showing the last two months of account activity, or other papers showing that the money in your bank account is exempt. If you send the creditor's attorney proof that the money in your account is exempt, the attorney must release that money within seven days. You do not need an attorney to make an exemption claim using the form.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

            Plaintiffs,

v.

RUDOLPH W. GIULIANI,

            Defendant.

No. 24-mc-353

**EXEMPTION CLAIM FORM**

**Address A:**
Aaron E. Nathan
M. Annie Houghton-Larsen
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019

**Address B:**
Parkside Financial Bank & Trust
AT, Inc.
7700 Forsyth Blvd Ste 1800
Saint Louis, MO 63105

**DIRECTIONS:** To claim that some or all of the funds in your account are exempt, complete Both copies of this form, and make one copy for yourself. Mail or deliver one form to Address "A" and one form to Address "B" within Twenty (20) Days of the Date on the envelope holding this notice.

\*\*If you have any documents, such as an award letter, an annual statement from your pension, pay stubs, copies of checks or bank records showing the last Two (2) months of account activity, include copies of the documents with this form. Your account may be released more quickly.

I state that my account contains the following type(s) of funds (check all that apply):

___ Social Security
___ Social Security Disability (SSD)
___ Supplemental Security Income (SSI)
___ Public Assistance
___ Wages While Receiving SSI or Public Assistance
___ Veterans Benefits
___ Unemployment Insurance
___ Payments from Pensions and Retirement Accounts
___ Income Earned in the Last 60 days (90% of which is Exempt)
___ Child Support
___ Spousal Support or Maintenance (Alimony)
___ Workers' Compensation
___ Railroad Retirement or Black Lung Benefits
___ COVID-19 stimulus relief for individuals and families with children

___ Other (Describe Exemption): _____

I Request that any correspondence to me regarding my claim be sent to the following address:

_____

(fill in your complete address)

I Certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

_____
Date


_____
Signature of Judgment Debtor

14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>      Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>      Defendant. | No. 24-mc-353<br><br>**EXEMPTION CLAIM FORM** |

**Address A:**
Aaron E. Nathan
M. Annie Houghton-Larsen
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019

**Address B:**
Parkside Financial Bank & Trust
AT, Inc.
7700 Forsyth Blvd Ste 1800
Saint Louis, MO 63105

**DIRECTIONS:** To claim that some or all of the funds in your account are exempt, complete Both copies of this form, and make one copy for yourself. Mail or deliver one form to Address "A" and one form to Address "B" within Twenty (20) Days of the Date on the envelope holding this notice.

**If you have any documents, such as an award letter, an annual statement from your pension, pay stubs, copies of checks or bank records showing the last Two (2) months of account activity, include copies of the documents with this form. Your account may be released more quickly.

I state that my account contains the following type(s) of funds (check all that apply):

___ Social Security
___ Social Security Disability (SSD)
___ Supplemental Security Income (SSI)
___ Public Assistance
___ Wages While Receiving SSI or Public Assistance
___ Veterans Benefits
___ Unemployment Insurance
___ Payments from Pensions and Retirement Accounts
___ Income Earned in the Last 60 days (90% of which is Exempt)
___ Child Support
___ Spousal Support or Maintenance (Alimony)
___ Workers' Compensation
___ Railroad Retirement or Black Lung Benefits
___ COVID-19 stimulus relief for individuals and families with children
___ Other (Describe Exemption): _____

I request that any correspondence to me regarding my claim be sent to the following address:

_____

(fill in your complete address)

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

_____
Date


_____
Signature of Judgment Debtor