UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>        Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>        Defendant. | No. 24-mc-00353-LJL |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION AND OBJECTION REGARDING CLAIM OF EXEMPTION AS TO FUNDS HELD AT PARKSIDE FINANCIAL BANK AND TRUST**

                           Kenneth Caruso Law LLC
                           15 West 72nd Street
                           New York, NY 10023
                           (646) 599-4790
                           ken.caruso@kennethcarusolaw.com

                           Labkowski Law, P.A.
                           250 95th Street, Unit #547233
                           Surfside, Florida 33154
                           (786) 461-1340
                           david@labkowskilaw.com

Of Counsel:
  Kenneth A. Caruso
  David Labkowski

**TABLE OF CONTENTS**

STATEMENT OF THE CASE ................................................................................................... 1

   POINT I:  THE COURT LACKS  JURISDICTION OVER THE GARNISHEE, PARKSIDE 2

   POINT II:  THE COURT SHOULD NOT  PIERCE THE CORPORATE VEIL ....................... 4

   POINT III:  DEFENDANT HAS A VALID CLAIM FOR EXEMPTION ................................ 7

CONCLUSION .............................................................................................................................. 9

**TABLE OF AUTHORITIES**

**CASES**

*American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Securities Corp.*,
  351 F. Supp. 2d 79 (S.D.N.Y. 2004) ................................................................................. 7

*Carvant Fin. LLC v. Autoguard Advantage Corp.*,
  958 F. Supp. 2d 390 (E.D.N.Y. 2013) ............................................................................... 8

*Cortlandt St. Recovery Corp. v. Bonderman*,
  31 N.Y.3d 30 (2018) .......................................................................................................... 8

*Cruz v. TD Bank, N.A.*,
  22 N.Y.3d 61 (2013) .......................................................................................................... 3

*Doubet LLC v. Trustees of Columbia University in City of New York*,
  32 Misc. 3d 1209(A) (Sup. Ct. N.Y. County 2011)
  *aff'd*, 99 A.D.3d 433 (1st Dep't 2012). ............................................................................ 3

*Fuld v. Palestine Liberation Organization*,
  82 F.4th 74 (2d Cir. 2023) ............................................................................................. 2, 3

*In re Giuliani*, No. 23-12055 (Bankr. S.D.N.Y.) ........................................................... 5, 6

*In re Houbigant, Inc.*,
  190 B.R. 185 (Bankr. S.D.N.Y. 1995), *as amended* (Jan. 5, 1996) ................................ 8

*In re Motors Liquidation Co.*,
  957 F.3d 357 (2d Cir. 2020) .............................................................................................. 7

*In re Platinum and Palladium Antitrust Litigation*,
  61 F.4th 242 (2d Cir. 2023) ............................................................................................... 4

*Koehler v. Bank of Bermuda Ltd.*,
  12 N.Y.3d 533 (2009) ........................................................................................................ 3

*MacDermid, Inc. v. Deiter*,
  702 F3d 725 (2d Cir. 2012) ............................................................................................... 2

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
  84 F.3d 560 (2d Cir. 1996) ................................................................................................ 4

*Peralta v. Heights Med. Center, Inc.*,
  485 U.S. 80 (1988) ............................................................................................................. 4

*Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*,
    37 N.Y.3d 591 (2021) ........................................................................................................ 8, 9

*Royal Zenith Corp. v. Continental Ins. Co.*,
    63 N.Y.2d 975 (1984) ............................................................................................................ 4

*Skanska USA Bldg. Inc. v. Atlantic Yards B2 Owner, LLC*,
    146 A.D3d 1 (1st Dep't 2016), *aff'd*, 31 N.Y.3d 1002 (2018) .............................................. 4, 6

**STATUTES**

CPLR § 301 ..................................................................................................................................... 3

CPLR § 302 ..................................................................................................................................... 3

CPLR § 313 ..................................................................................................................................... 3

CPLR § 5205 ................................................................................................................................... 9

CPLR § 5222 ........................................................................................................................... *passim*

CPLR § 5240 ............................................................................................................................... 1, 9

**RULES**

Fed. R. Civ. P. 69(a)(1) ................................................................................................................... 2

**TREATISES**

Siegel, New York Practice § 508 (6th ed. 2024) ......................................................................... 2, 6

Siegel, New York Practice §518 (6th ed. 2024) ............................................................................. 6

Defendant, Rudolph W. Giuliani, respectfully submits this memorandum of law in opposition to Plaintiffs' motion and objection regarding Defendant's claim of exemption from execution [ECF 21-23], described more fully below.

## STATEMENT OF THE CASE

The United States District Court for the District of Columbia entered a judgment against Defendant, and in favor of Plaintiffs, in the amount of approximately $146 million (including $75 million in punitive damages) for defamation and intentional infliction of emotional distress. Plaintiffs registered that judgment in this District. Plaintiffs now seek to enforce the judgment—which runs against *Defendant*—by seizing approximately $93,000 belonging to non-party *Giuliani Communications LLC* ("Giuliani Communications").

Thus, Plaintiffs served a restraining notice on Parkside Financial Bank & Trust ("Parkside"). ECF 23-4. Defendant, the judgment debtor, has no account at Parkside, but Giuliani Communications does. Plaintiffs seek to restrain the property in that account solely on a theory of piercing the corporate veil: Plaintiffs contend that Giuliani Communications is Defendant's "alter ego."

Defendant delivered an Exemption Claim Form to Parkside and to Plaintiffs' counsel regarding the account at Parkside. Plaintiffs object to that claim of exemption, under CPLR § 5222-a(d), and move for relief under CPLR § 5240. For the reasons set forth below, the Court should overrule Plaintiffs' objection and deny Plaintiffs' motion.

## POINT I

## THE COURT LACKS
## JURISDICTION OVER
## THE GARNISHEE, PARKSIDE

Plaintiffs have not obtained jurisdiction over the garnishee, Parkside. Therefore, the restraining notice is void.

\*   \*   \*

The plaintiff bears the burden of establishing personal jurisdiction. *See, e.g., MacDermid, Inc. v. Deiter*, 702 F3d 725, 727 (2d Cir. 2012) (cleaned up). "Before a court may exercise personal jurisdiction over a defendant"—or here, a garnishee—"three requirements must be met: (1) the plaintiff's service of process . . . must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles." *Fuld v. Palestine Liberation Organization*, 82 F.4th 74, 85 (2d Cir. 2023) (cleaned up).

Here, under Fed. R. Civ. P. 69(a)(1), the Court applies New York law. CPLR § 5222(a) provides, in pertinent part: "A restraining notice may be issued by . . . the attorney for the judgment creditor as an officer of the court. . . . It may be served upon any person[,]" known, in New York practice, as a "garnishee[.]" Siegel, <u>New York Practice</u> ("SIEGEL") § 508 (6th ed. 2024).

A restraining notice "is in every sense an injunction, and acts as such under the signature of the lawyer without court order[.]" SIEGEL § 508. The restraining notice, furthermore, constitutes "legal process[,]" and:

> like any legal process, it is an assertion of the court's, and the
> state's, power. Although valid service is required, legal process is

> not effective, notwithstanding valid service, unless the state, and the court, has a sufficient jurisdictional basis over the person served. . . . Thus, the effect of a restraining notice is in the nature of a provisional remedy, like an injunction or an attachment; it is an assertion of state court jurisdiction over the garnishee.

*Doubet LLC v. Trustees of Columbia University in City of New York*, 32 Misc. 3d 1209(A), at *12 (Sup. Ct. N.Y. County 2011), *aff'd on other grounds*, 99 A.D.3d 433 (1st Dep't 2012).

This requirement—that the court have jurisdiction over the garnishee—is by no means limited to the restraining notice of CPLR § 5222. On the contrary, that requirement applies across the board in Article 52 proceedings: "[T]he garnishee, not being a party to the main action, has to be independently subjected to the court's jurisdiction." *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 541 (2009).

Here, Plaintiffs served the Court's process (the restraining notice) on Parkside. Plaintiffs, however, identify no "statutory basis for personal jurisdiction that renders such service of process effective[.]" *Fuld*, 82 F.4th at 85. As far as the record shows, Plaintiffs served Parkside in the State of Missouri. Neither section 5222 nor any other statute authorizes the service of a restraining notice/injunction outside the territory of the State of New York. Service in Missouri does not constitute effective service of the Court's process.

The Legislature knows how to write statutes that authorize extra-territorial service. *See, e.g.*, CPLR § 313 (involving the interaction among CPLR §§ 301, 302 and 313). The Legislature, however, did not write such a statute with respect to restraining notices. The expression in one is the exclusion from the other. *See, e.g., Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61, 72-73 (2013).

Where, as here, no statute authorizes extra-territorial service, the jurisdictional analysis comes to an end; the garnishee's contacts with the forum state do not matter. In any event,

3

Plaintiffs have not even tried to carry their burden of showing that Parkside has sufficient contacts with the State of New York, such that the assertion of jurisdiction over Parkside would comport with due process.

"The due process test for [specific] personal jurisdiction has two related components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996); *see In re Platinum and Palladium Antitrust Litigation*, 61 F.4th 242, 269, 273 (2d Cir. 2023). Plaintiffs do not even address this issue.

\* \* \*

The Court has no jurisdiction over Parkside. Therefore, the restraining notice is void. "A court is without power to render a judgment [or an injunction, such as a restraining notice] against a party as to whom there is no jurisdiction[.]" *Royal Zenith Corp. v. Continental Ins. Co.*, 63 N.Y.2d 975, 977 (1984). "[A] judgment [or an injunction] rendered without jurisdiction is . . . . a nullity[,]" as a matter of both New York law, *id.*, and constitutional law under the Due Process Clause of the Fourteenth Amendment. *Peralta v. Heights Med. Center, Inc.*, 485 U.S. 80, 84 (1988).

## POINT II

### THE COURT SHOULD NOT PIERCE THE CORPORATE VEIL

In the alternative, the Court should deny Plaintiffs' motion because the evidence is insufficient to pierce the corporate veil.

"Veil-piercing is a narrowly construed doctrine[.]" *Skanska USA Bldg. Inc. v. Atlantic Yards B2 Owner, LLC*, 146 A.D3d 1, 12 (1st Dep't 2016), *aff'd*, 31 N.Y.3d 1002 (2018). "The party seeking to pierce the corporate veil bears [a] heavy burden" of proof—actually, the burden of persuasion—to establish two essential elements. *Id*. Specifically, that party must prove "that:

4

(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Id*. The second element imposes a requirement of causation. *Citibank, N.A. v. East 65th St. Owners LLC*, 2023 N.Y. Misc. LEXIS 10380, at *17-18 (Sup. Ct. N.Y. County Oct. 24, 2023).

Here, Plaintiffs have not carried that heavy burden. Thus:

Plaintiffs rely on a letter, filed by Defendant's counsel in the prior bankruptcy case,[1] which states that Defendant's compensation from business activities (such as radio appearances) is paid to Giuliani Communications. Such evidence, however, by no means establishes the requisite complete domination and use of domination to cause injury to Plaintiffs. Businesspersons routinely operate through a corporate entity.

Perhaps more to the point, Plaintiffs have no evidence that Defendant began to operate that way only after Plaintiffs obtained their judgment. As far as the record shows, Defendant has operated the same—entirely legitimate and commonplace—way for years. Indeed, Giuliani Communications was formed as a limited liability company on November 15, 2019, well before Plaintiffs obtained their judgment. *See* Declaration of Kenneth A. Caruso, Exhibit ("Caruso Exhibit") A.

Relying on that same letter, Plaintiffs complain that Defendant "has not received any compensation from Giuliani Communications." BANKRUPTCY ECF 233 ¶60. From this, Plaintiffs urge the inference that Defendant is "funneling funds that belong to his creditors to his business and using his business as a personal piggy bank, which is fraudulent." *Id*. That

---

[1] *In re Giuliani*, No. 23-12055 (Bankr. S.D.N.Y.) ("BANKRUPTCY").

5

inference, however, does not flow where, as here, Plaintiffs point to no evidence that the practice in question began only after Plaintiffs obtained their judgment.

In fact, contrary to Plaintiffs' claim, Giuliani Communications regularly paid monies to Defendant for services that he provided to Giuliani Communications.  *See* Caruso Exhibit B (showing compensation from Giuliani Communications to Defendant; $45,000 in May 2024); Caruso Exhibit C (showing compensation from Giuliani Communications to Defendant; $55,000 in July 2024).

Giuliani Communications has employees, in addition to Defendant, and independent service providers, who were and are entitled to receive their wages and compensation from Giuliani Communications.  *See* Caruso Exhibit D (ADP Payroll report); Caruso Exhibit E (bank statement showing payments to ADP Payroll service); Caruso Exhibit C (bank statement showing payments to ADP Payroll service, to Theodore Goodman, who produces radio/internet shows for Giuliani Communications, to Ricci & Company, accountants for Giuliani Communications, and to Ryan Medrano, bookkeeper for Giuliani Communications).

Nor did "funds . . . belong to [Defendant's] creditors[,]" as Plaintiffs contend. Bankruptcy ECF 233 ¶60.  Defendant's creditors had no lien or restraint on Defendant's property, much less an ownership interest in Defendant's property.  Certainly, the judgment held by Plaintiffs gave them no lien, no restraint and no ownership interest.  *See* Siegel §§ 508, 518.

Beyond that letter, Plaintiffs rely on "news reports[,]" BANKRUPTCY ECF 233 ¶57, hardly credible evidence that carries a "heavy burden" of proof.  *Skanska USA Bldg. Inc.*, 146 A.D.3d at 12.

Plaintiffs next rely on a single contract that uses the term "Rudolph Giuliani, aka Giuliani Communications, LLC."  ECF 23-2.  That conclusory—and colloquial—statement, however,

6

does not sufficiently prove the essential elements of veil-piercing. Being "known as" something does not show domination of that something and use of such domination to cause injury to Plaintiffs.

Finally, Plaintiffs contend that Defendant has "admitted" the alter ego relationship. To support that categorical assertion, Plaintiffs point to a single statement, made by Defendant's bankruptcy lawyer in opposition to a motion for the appointment of a Chapter 11 trustee: "The motion should be denied because . . . the Debtor [Defendant here] operating through an alter ego LLC is usual and customary and is not fraud or deceit[.]" ECF 23-1 ¶5.

The statement, however, is not binding and the Court should give it little or no weight. That statement is not a judicial admission. "Judicial admissions are statements of fact rather than legal arguments made to a court." *In re Motors Liquidation Co.*, 957 F.3d 357, 360 (2d Cir. 2020) (cleaned up). A party's admission in one proceeding, furthermore, does not bind that party in another proceeding. *American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Securities Corp.*, 351 F. Supp. 2d 79, 93 (S.D.N.Y. 2004) (Lynch, J.)

In any event, the statement, was conclusory short-hand, used by counsel rhetorically to provide color for an argument. The record provides no basis to conclude that counsel, when he made that argument, had in mind the essential elements of piercing the corporate veil.

On this motion, the Court sits as fact-finder. As such, the Court should conclude that Plaintiff's evidence is insufficient to carry their heavy burden of proof. Giuliani Communications is a corporate entity, separate, distinct and apart from Defendant, formed and operating well before Plaintiffs obtained their judgment.

## POINT III

### DEFENDANT HAS A VALID CLAIM FOR EXEMPTION

7

In the further alternative, the Court should deny the motion because Defendant has a valid claim for an exemption from execution.

Plaintiffs contend that Defendant's claim for exemption is "frivolous[,]" ECF 22 at 1, because the relevant statute, CPLR § 5222-a(a), applies when a restraining notice "affect[s] a natural person's account at a banking institution[.]" The Parkside account belongs to a juridical person, Giuliani Communications.

Plaintiffs, however, seek to pierce the corporate veil, to restrain (and ultimately obtain) property of Giuliani Communications to satisfy the judgment against Defendant. Veil-piercing is an "equitable doctrine[.]" *Cortlandt St. Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 47 (2018). A party who seeks equity must do equity, which means, among other things, that the party invoking equity cannot have it both ways. *See, e.g., Carvant Fin. LLC v. Autoguard Advantage Corp.*, 958 F. Supp. 2d 390, 397 (E.D.N.Y. 2013); *Ilusorio v. Ilusorio-Bildner*, 103 F. Supp. 2d 672, 680 (S.D.N.Y. 2000); *In re Houbigant, Inc.,* 190 B.R. 185, 188 (Bankr. S.D.N.Y. 1995), *as amended* (Jan. 5, 1996).

Here, with respect to the Parkside Account, Plaintiffs seek to have it both ways. Plaintiffs treat the Parkside account as the property of Defendant—a natural person. But when Defendant seeks an exemption, Plaintiffs treat the Parkside Account as a corporate account—not the property of a natural person. The Court should not allow that.

On this motion, Plaintiffs seek equity, and the Court has "pervasive judicial power . . . . to craft flexible and equitable responses to claims" arising under Article 52. *Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 37 N.Y.3d 591, 601 (2021) (cleaned up). Under CPLR § 5240, "[t]he court may . . . make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." The statute confers "broad discretionary

8

power . . . to prevent . . . disadvantage, or other prejudice." *Plymouth*, 37 N.Y.3d at 600 (cleaned up). Here, the Court, in its discretion, should hold—as a consequence flowing equitably from veil-piercing—that Defendant may make a claim under section 5222-a.

Turning to the merits, Defendant has filed an Amended Exemption Claim Form. Caruso Exhibit F. As Plaintiffs concede, that form provides prima facie evidence that the funds are exempt, placing the burden on Plaintiffs to establish the amount that is not exempt. *See* ECF 22 at 4.

Statements for the Parkside account show earnings, for Defendant's personal services within 60 days before restraint, in the amount of approximately $93,000, some 90% of which is exempt from execution. *See* Caruso Exhibits E, C. CPLR §§ 5222-a(b)(4); 5205(d)(2).

## CONCLUSION

For the foregoing reasons, the Court should overrule Plaintiffs' objection and deny Plaintiff's motion.

Dated: October 1, 2024
      New York, New York

Respectfully Submitted,

KENNETH CARUSO LAW LLC

By: /s/ Kenneth A. Caruso
Kenneth A. Caruso
15 W. 72nd Street
New York, NY 10023
(646) 599-4790
ken.caruso@kennethcarusolaw.com

LABKOWSKI LAW, P.A.

By: /s/ David Labkowski
David Labkowski
250 95th Street, Unit #547233
Surfside, Florida 33154
(786) 461-1340
david@labkowskilaw.com

*Attorneys for Defendant,
Rudolph W. Giuliani*

10