UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>*Plaintiffs*,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>*Defendant*. | No. 24-mc-00353-LJL |

**NOTICE OF WITHDRAWAL OF PLAINTIFFS'**
**MOTION AND OBJECTION REGARDING CLAIM OF EXEMPTION**
**AS TO FUNDS HELD AT CITIBANK IN ACCOUNT ENDING x1428**

Plaintiffs and judgment creditors Ruby Freeman and Wandrea' ArShaye Moss ("Plaintiffs") respectfully withdraw their motion and objection to the claim of exemption made by Defendant Rudolph W. Giuliani ("Mr. Giuliani") regarding the funds held at Citibank, N.A. ("Citi") in account number ending in x1428 (the "Citi 1428 Account").

On August 5, 2024, Plaintiffs served on Citi an Information Subpoena with Restraining Notice in the above-captioned action (the "Restraining Notice"), pursuant to New York Civil Practice Law and Rules ("CPLR") §§ 5222 and 5224. Upon receipt of the Restraining Notice, Citi restrained certain property in which Mr. Giuliani had an interest including the Citi 1428 Account.

On September 10, 2024, Plaintiffs received from Mr. Giuliani a CPLR § 5222-a exemption claim form relating to the Citi 1428 Account, in which Mr. Giuliani claimed that the funds held in the Citi 1428 Account were exempt from execution and restraint because they were derived from his Social Security deposits. That exemption claim form contained no supporting information from which Plaintiffs could evaluate that assertion. Accordingly, to preserve the restraint, Plaintiffs filed a Motion and Objection to the claim of exemption made by Mr. Giuliani regarding the funds held

in the Citi 1428 Account. *Freeman v. Giuliani*, 24-mc-00353-LJL (S.D.N.Y. Sept. 17, 2024), ECF Nos. 18–20.

On September 30, 2024, Plaintiffs received from Mr. Giuliani evidence in the form of bank statements demonstrating that the Citi 1428 Account solely contains funds derived from Mr. Giuliani's Social Security payments. On or about that date, Citi notified Plaintiffs that Mr. Giuliani's claim of exemption regarding the funds held in the Citi 1428 Account "was not received within the timeframe required by [CPLR] 5222" and that Citi would therefore take no action with respect to the claim of exemption. Nonetheless, having received evidence supporting Mr. Giuliani's claim of exemption, Plaintiffs have requested that Citi release the restraint on the funds held in the Citi 1428 Account pursuant to CPLR § 5222-a(f). Plaintiffs' request was, and is, limited to the funds held in the Citi 1428 Account, and not any other account or other property held at Citi.

Accordingly, Plaintiffs hereby withdraw their Motion and Objection to the claim of exemption made by Mr. Giuliani regarding the funds held at Citi in the Citi 1428 Account. *See* ECF Nos. 18–20.

Dated: October 1, 2024　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　By: /s/ John Langford

Von DuBose (*pro hac vice forthcoming*)　　John Langford
DUBOSE MILLER LLC　　　　　　　　　　Rachel Goodman
75 14th Street NE. Suite 2110　　　　　　　UNITED TO PROTECT DEMOCRACY
Atlanta, GA 30309　　　　　　　　　　　　82 Nassau Street, #601
(404) 720-8111　　　　　　　　　　　　　New York, NY 10038
dubose@dubosemiller.com　　　　　　　　(202) 579-4582
　　　　　　　　　　　　　　　　　　　　john.langford@protectdemocracy.org
　　　　　　　　　　　　　　　　　　　　rachel.goodman@protectdemocracy.org

　　　　　　　　　　　　　　　　　　　　Christine Kwon (*pro hac vice forthcoming*)
　　　　　　　　　　　　　　　　　　　　UNITED TO PROTECT DEMOCRACY
　　　　　　　　　　　　　　　　　　　　P.O. Box 341423
　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90034-9998

(202) 579-4582
christine.kwon@protectdemocracy.org

*Attorneys for Plaintiffs*