# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

October 1, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Freeman et al. v. Giuliani*, No. 24-mc-353 (LJL)

Dear Judge Liman,

*Defendant shall respond no later than October 3, 2024, to the suggestion of Plaintiff that the Court order Defendant to de-list the New York Apartment and otherwise desist from "interference" with the Apartment and all other property subject to the restraining notice.*

*SO ORDERED.*
*Dated: October 2, 2024*

LEWIS J. LIMAN
United States District Judge

Plaintiffs Ruby Freeman and Wandrea' Moss respectfully submit this letter to notify the Court of supplemental authority in support of their Motion to Enforce Judgment (ECF No. 8). That Motion was filed on August 30, 2024. Defendant's deadline to respond to the Motion is October 8, 2024. *See* ECF No. 31.

Plaintiffs' Motion seeks three forms of relief. *First*, the Motion seeks an order for turnover and delivery, under CPLR § 5225, of the personal property described in the Motion, which includes Mr. Giuliani's interest in his New York co-op apartment, located at 45 E 66th Street, Apt. 10W, New York, NY 10065 (the "New York Apartment"). *Second*, the Motion seeks an order placing Mr. Giuliani's Florida condominium apartment in receivership pursuant to CPLR § 5228. And *third*, the Motion seeks an order placing into the same receivership any *personal* property that Mr. Giuliani fails to turn over pursuant to any order granting the first request. *See generally* ECF No. 9.

Today, the New York Post reported that Mr. Giuliani "slashe[d]" the listing price of his New York Apartment.[1] According to Streeteasy, on September 27, 2024, Mr. Giuliani lowered the listed price of the Apartment by $525,000.[2]

This development highlights the urgent need for this Court's intervention. The New York Apartment is Mr. Giuliani's most valuable single asset. *See* ECF No. 9, at 12–14. Simply put, Mr. Giuliani's continued control of the Apartment—like the other property described in the Motion to Enforce Judgment—only threatens to further damage its value. Mr. Giuliani is insolvent, and both of his residential properties are encumbered by liens that exceed his equity interest in either one. *Id.*, at 19–20.

---

[1] Mary K. Jacob, *Rudy Giuliani slashes price of NYC home by nearly $1M in last-ditch bid*, N.Y. POST (Oct. 1, 2024), https://nypost.com/2024/10/01/real-estate/rudy-giuliani-slashes-price-of-nyc-home-by-nearly-1m-in-last-ditch-bid/.

[2] STREETEASY, *45 East 66th Street #10W*, https://streeteasy.com/building/45-east-66-th-street-building/10w (last accessed October 1, 2024). A true and correct copy of that web page as of October 1, 2024, is attached hereto as Exhibit A.

BRUSSELS   CHICAGO   DALLAS   FRANKFURT   HOUSTON   LONDON   LOS ANGELES   MILAN
MUNICH   NEW YORK   PALO ALTO   PARIS   ROME   SAN FRANCISCO   WASHINGTON

October 1, 2024
Page 2

Mr. Giuliani accordingly lacks an appropriate incentive to execute a value-maximizing sale of either property in the best interest of his creditors. His behavior reinforces Plaintiffs' arguments for why receivership is the appropriate remedy here, so that Plaintiffs can protect the property from further value-destroying conduct on the part of Defendant and conduct a value-maximizing sale. *See id.* at 20–21.

Furthermore, Mr. Giuliani's continued marketing of the New York Apartment suggests that he does not appreciate the effect of the restraining notice he received on August 7, 2024. ECF No. 10-10. Pursuant to that restraining notice, Mr. Giuliani is "forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he . . . has an interest." CPLR § 5222(b). Disobedience of a restraining notice is punishable as a contempt of court. *Id.* § 5222(a). Mr. Giuliani therefore *cannot* sell his New York Apartment, at any price.

This development underscores the need for this Court to resolve the Motion to Enforce Judgment with respect to the New York properties as expeditiously as possible, even if the Court determines that that it must defer decision on the request for receivership over the Florida condominium pending resolution of the declaratory judgment claim in No. 24-cv-6563. In that event, Plaintiffs respectfully request that the Court bifurcate the Motion to Enforce Judgment and grant relief so that any outstanding issues with respect to the Florida condominium will not delay immediate relief with respect to the other property, including the New York Apartment.

Finally, the Court should consider whether to order Mr. Giuliani to de-list the New York Apartment and otherwise desist from "interference" with the Apartment and all other property subject to the restraining notice. CPLR § 5222(b); *see* CPLR § 5240.

Respectfully submitted,

s/ Aaron E. Nathan