UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

                Plaintiffs,

v.

RUDOLPH W. GIULIANI,

                Defendant.

No. 24-mc-00353-LJL

**MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS'
MOTION TO ENFORCE JUDGMENT**

KENNETH CARUSO LAW LLC
15 West 72nd Street
New York, NY 10023
(646) 599-4790
ken.caruso@kennethcarusolaw.com

LABKOWSKI LAW, P.A.
250 95th Street, Unit #547233
Surfside, Florida 33154
(786) 461-1340
david@labkowskilaw.com

Of Counsel:
    Kenneth A. Caruso
    David Labkowski

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................1

CONCLUSION .............................................................................................................................4

## TABLE OF AUTHORITIES

**CASES**

*Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*,
    37 N.Y.3d 591 (2021) .................................................................................................... 1, 3

**STATUTES**

CPLR § 5205 ........................................................................................................................... 4

CPLR § 5523 ........................................................................................................................... 2

Defendant, Rudolph W. Giuliani ("Defendant"), respectfully submits this memorandum of law in opposition to Plaintiffs' motion to enforce their judgment, [ECF 8-10].

**ARGUMENT**

Under CPLR § 5240, "[t]he court may . . . make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."  The statute gives the Court "pervasive judicial power . . . . to craft flexible and equitable responses to claims" arising under Article 52.  *Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 37 N.Y.3d 591, 601 (2021) (cleaned up).  The statute confers "broad discretionary power . . . to prevent . . . disadvantage, or other prejudice[.]"  *Id*. at 600 (cleaned up).

Here, the Court should exercise its discretion to make the following orders.

\*       \*       \*

Plaintiffs seek relief with respect to five categories of property:

1. **The Florida Condominium**.  This property is the subject of a separate action and, presently, a motion for summary judgment.  Case no. 24-cv-6564-LJL, ECF 28-32.  Defendant will file papers in opposition on October 16, 2024, as scheduled by the Court.

2. **The New York Co-operative Apartment**.  For many months, stretching back to the bankruptcy case, Plaintiffs have known about—and supported—Defendant's efforts to sell this apartment.  Indeed, as Plaintiffs acknowledge on this motion, the Bankruptcy Court authorized Defendant to retain Sotheby's as his real estate broker.  Plaintiffs, however, now take the position that Defendant does not have the incentive to maximize the sale price.  *See* ECF 35.  This contention is meritless.

Defendant will obtain restitution upon reversal of Plaintiffs' judgment by the D.C. Circuit.  *See* CPLR § 5523.  Defendant, on that appeal, has numerous meritorious arguments, as

1

shown in his opening Brief in the D.C. Circuit, filed on October 2, 2024. Defendant therefore has an incentive to maximize the sale price because he has a restitution interest in that price.

Nevertheless, Defendant now seeks to moot further litigation regarding his "incentives." Defendant therefore consents to the appointment of a receiver to effect the sale of the New York apartment.

3. **Defendant's alleged claim against the Trump Campaign**. The Court, in its discretion, should postpone a turnover of this claim until November 6, 2024, the day after Election Day. Otherwise, Plaintiffs will or may use this assignment for an improper, political (or, at least, collateral) purpose, creating the confusing, and inaccurate, appearance that Defendant is now somehow suing candidate Trump, thereby generating an accompanying, and unnecessary, media frenzy. Plainly, the value of this claim will not depreciate between now and November 6, 2024.

4. **Unique personal property**. Plaintiffs' papers identify numerous items of unique personal property, which fall into three sub-categories:

*First*, some of the personal property has a level of public interest. Plaintiffs identify, for example, a great many wristwatches. Plaintiffs' list, however, includes, for example, a watch gifted to Defendant by the President of France, for Defendant's unprecedented public service in response to the 9/11 attacks. The list also includes a watch similarly gifted to Defendant by the President of Italy.

With respect to such property, Defendant asks that the Court, in its discretion, under CPLR § 5240, couple a turnover/receivership order with an order that a receiver *hold* the property at issue, *but not sell it* until after the D.C. Circuit rules on Defendant's expedited

2

appeal.[1]  If this kind of unique property is sold and monetized, but the D.C. Circuit reverses the judgment, restitution can never be adequate.  It is hard to think that the market price for items like these will materially depreciate between now and a decision by the D.C. Circuit.  *See Plymouth*, 37 N.Y.3d at 603 (holding that § 5240 "requires harmonizing the judgment debtor's interest in avoiding irreparable harm . . . with the legitimate interest of a creditor in securing payment[]") (cleaned up).

*Second*, some of the property can be characterized as "collectibles."  This sub-category includes, for example, sports memorabilia, as well as a 1980 Mercedes automobile, previously owned by Lauren Bacall.  Again, sports memorabilia and a classic car can be priced and sold, but restitution in money would not make Defendant truly whole.  Again, Defendant asks the Court to couple a turnover/receivership order with an order that a receiver *hold* the property at issue, *but not sell it* until after the D.C. Circuit rules on Defendant's expedited appeal.[2]

*Third*, some of the property includes family heirlooms and items of sentimental value.  For example, this category includes the wristwatch that belonged to Defendant's grandfather and namesake, Rudolfo Giuliani.  Defendant inherited the watch from his father.  The watch may fetch little on the market, but it has great sentimental and intangible value to Defendant and his heirs.  Again, it is hard to think that the market price for an item like this will materially depreciate between now and a decision by the D.C. Circuit.  *Cf.* CPLR § 5205(a)(2) (exempting "family pictures and portraits").  And, again, Defendant asks the Court to couple a

---

[1] In the D.C. Circuit, the parties filed a Joint Motion to Expedite Briefing and Oral Argument, *see Freeman et al. v. Giuliani*, No. 24-7021 (D.C. Circuit) (filed August 8, 2024), which the Circuit granted.  The appeal will be fully briefed by November 25, 2024, and the Court has directed "[t]he Clerk [] to calendar this case for oral argument on the first appropriate date following the completion of briefing." *Freeman et al v. Giuliani*, No. 24-7021 (D.C. Circuit) (Order filed August 12, 2024).

[2] On October 7, 2024, a lawyer for Defendant's son asked defense counsel whether counsel would consent to the son's intervention in this case, to make a claim of ownership with respect to some of the sports memorabilia.  Defense counsel gave such consent.

turnover/receivership order with an order that a receiver *hold* the property at issue, *but not sell it* until after the D.C. Circuit rules on Defendant's expedited appeal.

*Finally*, Defendant respectfully requests that the Court refer this issue to a Magistrate Judge for the limited purpose of making rulings in the event that the parties cannot agree as to whether any particular items fall within these sub-categories.

5.     **Other personal property**.  As to this category, Defendant asserts all defenses available under CPLR § 5205.

## CONCLUSION

For the foregoing reasons, the Court should make rulings as set forth and requested above.

Dated: October 8, 2024  
       New York, New York

Respectfully Submitted,

KENNETH CARUSO LAW LLC

By:  /s/ Kenneth A. Caruso  
Kenneth A. Caruso  
15 W. 72nd Street  
New York, NY 10023  
(646) 599-4790  
ken.caruso@kennethcarusolaw.com

LABKOWSKI LAW, P.A.

By:  /s/ David Labkowski  
David Labkowski  
250 95th Street, Unit #547233  
Surfside, Florida 33154  
(786) 461-1340  
david@labkowskilaw.com

*Attorneys for Defendant,  
Rudolph W. Giuliani*

4