UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>               Plaintiffs,<br><br>-against-<br><br>RUDOLPH W. GIULIANI,<br><br>               Defendant,<br><br>-and-<br><br>ANDREW H. GIULIANI,<br><br>               Intervenor-Defendant Applicant. | No. 24-MC-353-LJL |

**MEMORANDUM OF LAW IN SUPPORT OF
ANDREW H. GIULIANI'S MOTION TO INTERVENE AS DEFENDANT**

## INTRODUCTION

Andrew H. Giuliani ("Andrew") respectfully submits this memorandum of law in support of his Motion to Intervene as a Defendant in this matter. Plaintiffs seek an order requiring Defendant Rudolph W. Giuliani (the "Mayor") to transfer certain personal property to them. Amongst that property are "3 Yankee World Series Rings." However, the Mayor gifted those World Series rings to his son, Andrew, in 2018. An order requiring transfer of these rings to Plaintiffs would permanently deprive Andrew of his ownership in them. He thus seeks permission to intervene. The parties consent to this motion.

## BACKGROUND

### I.   Relevant Procedural History

On August 30, 2024, Plaintiffs moved among other things for entry of an order requiring Defendant to deliver to them specific personal property in Defendant's possession identified in the motion papers. (*See* Pls.' Notice of Mot. to Enforce J., *Freeman v. Giuliani*, No. 24-MC-353-LJL, at 1 (S.D.N.Y. Aug. 30, 2024), ECF No. 8; Pls.' Memo. of Law, *Freeman v. Giuliani*, No. 24-MC-353-LJL, at 2, 7 (S.D.N.Y. Aug. 30, 2024), ECF No. 9 ("Pls.' MOL").) Plaintiffs identified amongst that personal property "3 Yankee World Series Rings." (Pls.' MOL at 9.) Andrew now moves to intervene under Fed. R. Civ. P. 24.

### II.   Factual Background

On Friday, May 25, 2018, the Mayor celebrated his 74th birthday at his New York City residence with family and friends. (Decl. of Andrew H. Giuliani, dated October 8, 2024, ¶ 2 ("A. Giuliani Decl.").) He asked his son, Andrew, who was at the time living in Washington, DC, to fly up to New York for the gathering, saying he had something important he wanted to give him. (*Id.*) Andrew attended the party with his wife. (*Id.* ¶ 3.) After midnight and the departure of the guests, the Mayor summoned Andrew and his wife to the master bedroom. (*Id.*) There he opened

a dresser drawer and removed four Yankees World Series rings—one for each of the Yankees' titles in 1996, 1998, 1999, and 2000, and each encased in a separate wooden display box—which the Mayor had just reobtained from his then-wife in their divorce proceedings. (*Id.*)

The Mayor said to Andrew, in substance and in part, "I told you when I got these that they would be yours someday, and I want to give them to you now." (*Id.*) Andrew had spent many nights as a child and young adult watching Yankees games with his father and bonding with him over their love for the team, and he was thus excited about the gift. (*Id.*) To commemorate the gift, Andrew and his wife, each holding one of the rings in its box, posed for a picture with the Mayor. (*Id.* ¶ 4 & Ex. A.)

After the gift was given and the photograph was taken, Andrew told his father he should wear one of the four rings, because the Mayor never wore any of them during his marriage to his then-wife. (*Id.* ¶ 5.) Andrew and his father then agreed that the Mayor would temporarily keep one of the rings so that he could wear it. (*Id.*) Andrew took the other three rings back home with him to Washington, DC. (*Id.*)

Later in 2018, Andrew asked his father whether he wanted to exchange the ring he was wearing with one of the other three rings. The Mayor asked to wear the 2000 World Series ring, as it signified the "Subway Series" victory (against the New York Mets). (*Id.* ¶ 6.) Andrew then loaned his father the 2000 World Series ring and took back the ring his father had been wearing. (*Id.* ¶ 6.)

Andrews's understanding then and today is that these four World Series rings were a gift from his father and belonged to him since May 26, 2018. (*Id.* ¶ 7.)

-2-

## ARGUMENT

A litigant is entitled to intervene as of right where he shows that (1) his application is timely, (2) his interest in the matter relates to the property that is the subject matter of the action, (3) the protection of his interest may as a practical matter be impaired by the disposition of the action, and (4) the interest is not adequately protected by an existing party. Fed. R. Civ. P. 24(a)(2); *St. John's Univ., N.Y. v. Bolton*, 450 Fed. Appx. 81, 83 (2d Cir. 2011) (citing *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984)).

In consideration of the first requirement (i.e., timeliness), courts consider "(1) how long the applicant had notice of the interest before [he] made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). Here, there is no prejudice to the existing parties that would result from Andrew's intervention, as evidenced by the parties' consenting to his motion to intervene. His intervention would occur only approximately five weeks from the filing of Plaintiffs' motion seeking possession of the Yankees World Series rings at issue. Moreover, a denial of the motion would prejudice Andrew by potentially depriving him of his personal property interest in those rings. His motion thus satisfies the timeliness requirement.

With respect to the second requirement that the intervening party has an interest in the property at issue, he is entitled to intervene where his claimed interest is "direct, substantial, and legally protectable." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) (citation and quotation marks omitted). This is satisfied here, as the Yankees World Series rings are personal property and Andrew claims ownership of them. He also has procedural avenues for protecting his claimed interest, including a proceeding to determine adverse claims under N.Y.

C.P.L.R. § 5239. (*See* Decl. of Scott B. McBride, Esq., dated October 8, 2024, ¶ 5 ("McBride Decl.").)

An intervening party satisfies the third requirement (i.e., impairment of his interest) by asserting that his property interest "could be compromised" by an adverse decision in the litigation. *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 161-62 (S.D.N.Y. 2000). Here, were the Court to grant Plaintiffs' motion for an order requiring the Mayor to deliver to Plaintiffs specific personal property, Andrew's property interest in the Yankees World Series rings would effectively be terminated. His motion easily satisfies the impairment requirement.

Concerning the fourth and final requirement of adequacy, the intervening party's burden is "treated as minimal," *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (quoting 3B *J. Moore, Federal Practice* § 24.09-1 (4) (1969)), requiring only that the party's interest is not "identical" to those of other parties and not otherwise adequately represented, *Jakubik v. Schmirer*, No. 13-Civ-4087 (PAE), 2013 WL 3465857, at *1 (S.D.N.Y. July 9, 2013). Andrew's claimed interest is limited to the specific Yankees World Series rings and goes no further. His property interest is unique to him, by definition, and thus different from the interests of the other parties. Additionally, while the Mayor may have a common interest with Andrew in advocating against the transfer of the rings to Plaintiffs, his arguments and defenses in the case are much broader in nature and scope, and his counsel does not have nearly the same incentive as Andrew to pursue such a comparatively minor component of the property at issue. Accordingly, Andrew's motion satisfies this "minimal requirement."

In addition to intervention as of right, Rule 24 provides for intervention at the Court's discretion. The Court may permit intervention by anyone with "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In considering

-4-

such a motion, the Court must consider whether intervention "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Court may also consider factors such as "the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003) (citation, punctuation, and numbering omitted). The Rule's permissive intervention provision is "to be liberally construed" in favor of intervention. *Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006).

Here, Andrew's motion to intervene identifies his interest in a small portion of the personal property identified in the larger case, which could dispose of that interest altogether. His property interests are thus intertwined with the property at issue in this case and give rise to common questions of fact. *See, e.g.*, *Tide Nat. Gas Storage I, LP v. Falcon Gas Storage Co.,* No. 10-CIV-5821, 2013 WL 12624846, at *1 (S.D.N.Y. Aug. 7, 2012) (granting permissive intervention where party "assert[ed] an interest in a portion of the escrow fund at issue," as this gave rise to "common questions of law and fact . . . that warrant[ed] joint adjudication"). Andrew's motion thus satisfies the permissive intervention standard as well.

## CONCLUSION

For all these reasons, Andrew H. Giuliani's motion to intervene satisfies Rule 24's standards of mandatory and permissive intervention and should thus be granted.

Dated: October 8, 2024
       New York, New York

**LOWENSTEIN SANDLER LLP**

By: *Scott B. McBride*
    Scott B. McBride
    1251 Avenue of the Americas
    New York, New York 10020
    Telephone: (212) 262-6700
    Facsimile: (212) 262-7402
    smcbride@lowenstein.com

*Counsel for Intervenor-Defendant
Andrew H. Giuliani*
