```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
RUBY FREEMAN and                                               :
WANDREA' MOSS,                                                 :
                                                               :
                              Plaintiffs,                      :     24-mc-00353 (LJL)
                                                               :
              -v-                                              :     MEMORANDUM AND
                                                               :         ORDER
RUDOLPH W. GIULIANI,                                           :
                                                               :
                              Defendant.                       :
---------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") move, pursuant to Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rules 5222-a and 5240, for an order quashing the Exemption Claim Form of Defendant Rudolph W. Giuliani ("Defendant") relating to the bank account held at Parkside Financial Bank and Trust ("Parkside"). Dkt. No. 21. For the following reasons, the motion is GRANTED.

## BACKGROUND

Plaintiffs are judgment creditors. They are the beneficiaries of a judgment in the amount of $145,969,000.00 plus post-judgment interest at the rate of 5.01% per annum, along with costs, plus attorney's fees, entered in the United States District Court for the District of Columbia. Dkt. No. 1. The judgment was registered in this District on August 5, 2024. *Id.* To date, Defendant has failed to pay any portion of that judgment.

Plaintiffs have availed themselves of certain post-judgment remedies available under New York law to judgment creditors. On August 5, 2024, Plaintiffs caused an Information Subpoena with Restraining Notice to be served on the Defendant by certified mail, return receipt requested. Dkt. No. 23 ¶ 4. Defendant has not responded. *Id.*

By August 13, 2024, Plaintiffs served an Information Subpoena with Restraining Notice dated August 5, 2024 ("the Parkside Restraining Notice"), Dkt. No. 23 ¶ 5, issued to Parkside. The Parkside Restraining Notice recited that judgment had been entered against Defendant and in favor of Plaintiffs for the sum of $146,206,113.00 plus post-judgment interest and that such sum was still due to satisfy the Judgment. Dkt. No. 23-4.[1] It also served notice, pursuant to C.P.L.R. 5222(b), that Parkside may be in possession of property in which the Defendant had an interest and that Parkside was forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or otherwise to dispose of any such property, except upon direction of the sheriff or pursuant to court order, until the judgment was vacated or satisfied. *Id.* On August 13, 2024, counsel for Parkside accepted service by email in writing. Dkt. No. 23 ¶ 5.

On September 10, 2024, Defendant, through his representative Theodore Goodman, caused an Exemption Claim Form pertaining to an account at Parkside ending in x7580 to be served on Plaintiffs by personal delivery to Plaintiffs' counsel (the "Parkside Exemption Claim Form"). Dkt. No. 23 ¶ 6. Defendant claimed an exemption based on the following: "There is no judgment issued against Giuliani Communications LLC. The creditors have no lawsuit or claim against Giuliani Communications LLC and the hold on the account must be removed." Dkt. No. 23-5. It asked that any correspondence related to Defendant's claim be sent to his address in Palm Beach, Florida. *Id.*

On September 17, 2024, Plaintiffs filed this motion to quash the exemption claim form served upon Parkside, along with a memorandum of law and a declaration in support of the

---

[1] The sum of $146,206,113.00 consisting of the aforementioned $145,969,000.00, Dkt. No. 1, plus attorney's fees in the amount of $237,113.

2

motion. Dkt. Nos. 21–23. Defendant filed a memorandum of law and a declaration in opposition to the motion on October 1, 2024. Dkt. Nos. 32–33. Plaintiffs filed a reply memorandum of law and a declaration in further support of the motion on October 8, 2024. Dkt. Nos.50–51.[2]

## DISCUSSION

"CPLR article 52 sets forth procedures for the enforcement of money judgments in New York, which may include the imposition of a restraining notice against a judgment debtor's bank account to secure funds for later transfer to the judgment creditor through a sheriff's execution or turnover proceeding." *Cruz v. TD Bank, N.A.*, 2 N.E.3d 221, 223 (2013). As relevant here, C.P.L.R. 5222 authorizes the attorney for the judgment creditor as officer of the court to serve a restraining notice upon any person believed to be holding any property in which the judgment debtor has an interest. N.Y. C.P.L.R. 5222. Upon service of such a restraining notice, the recipient is prohibited from selling, assigning, or transferring, or interfering with, such property on pain of contempt, except upon direction of the sheriff or upon further order of the court. N.Y. C.P.L.R. 5222(b). The requirements of C.P.L.R. 5222 are subject to an important exception when the property being restrained is in the bank account of a natural person. "Under both federal and state law, certain types of funds are exempt from restraint or execution, including Social Security benefits, public assistance, unemployment insurance, pension payments and the like." *Cruz*, 2 N.E.3d at 223. To protect such funds from collection by the judgment creditor and to ensure that accounts containing income from those sources are not inadvertently frozen, the New York legislature passed the Exempt Income Protection Act of 2008 ("EIPA").

---

[2] On October 4, 2024, the Court issued an order directing Parkside to retain all funds claimed to be exempt pending further order of the Court. Dkt. No. 43.

3

C.P.L.R. 5222-a, enacted as part of the EIPA, creates the mechanism of the exemption claim form.  The provision "restrict[s] the scope of the restraint that can be implemented against the bank account of a natural person and create[s] a new procedure aimed at ensuring that this class of judgment debtors is able to retain access to exempt funds."  *Cruz*, 2 N.E.3d at 223.  It was added to the C.P.L.R. "as part of an effort to protect the exempt income of small debtors." Reilly, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, 2024 Electronic Update, Westlaw, N.Y. C.P.L.R. 5222-a.

This concern for the interests of small, potentially unrepresented debtors is manifest in the structure and timelines set out C.P.L.R. 5222-a.  Alongside the restraining notice, a person issuing a restraining notice affecting a natural person's account at a banking institution must provide the banking institution with an exemption notice and two exemption claims forms, informing the judgment debtor that certain types of funds are exempt from collection and giving the judgment debtor the opportunity to claim such an exemption.  N.Y. C.P.L.R. 5222-a(b)(2), (4).  The banking institution then has two business days to serve upon the judgment debtor a copy of the restraining notice, the exemption notice, and two exemption claim forms.  N.Y. C.P.L.R. 5222-a(b)(3).  The judgment debtor has twenty days from the postmarked date on the envelope containing the notice to send the banking institution and the judgment creditor an exemption claim.  N.Y. C.P.L.R. 5222-a(c).  The banking institution is required to release all funds in the judgment debtor's account eight days after the date postmarked on the envelope containing the executed exemption claim form, except where the judgment creditor interposes an objection.  N.Y. C.P.L.R. 5222-a(c)(3).  If the judgment debtor sends proof to the judgment creditor that the money in the account is exempt, the judgment creditor must, within seven days of the postmark on the envelope containing the exemption claim form and accompanying

information, instruct the banking institution to release the account. N.Y. C.P.L.R. 5222-a(b)(4)(a); N.Y. C.P.L.R. 5222-a(c)(4).

C.P.L.R. 5222-a gives the judgment creditor the opportunity to object to a claim of exemption. Within eight days of the date postmarked on the envelope containing the executed exemption claim form, the judgment creditor may serve a motion under C.P.L.R. 5240 objecting to the claim of exemption. N.Y. C.P.L.R. 5222-a(d). The motion must be accompanied by an affirmation or affidavit demonstrating a reasonable belief that the judgment debtor's account contains funds that are not exempt from execution and the amount of such funds, with the factual basis upon which the reasonable belief is based. *Id.* At a hearing on the motion, the burden is on the judgment creditor to establish the amount of funds that are not exempt. *Id.* The banking institution must retain the funds claimed to be exempt. N.Y. C.P.L.R. 5222-a(e).

Defendant's exemption claim is frivolous and must be quashed. C.P.L.R. 5222-a is directed to a "restraining notice affecting a natural person's account at a banking institution." N.Y. C.P.L.R. 5222-a(a). "The legislation . . . is not concerned with corporate or like defendants." Reilly, Practice Commentaries, McKinney's Cons Laws of NY, Westlaw, N.Y. C.P.L.R. 5222-a. Indeed, the Appellate Division, First Department, has squarely held that C.P.L.R. 5222-a "applies only to accounts belonging to a natural person." *PEP LLC v. Channel Creations LLC*, 192 N.Y.S.3d 83, 85 (1st Dep't 2023). By Defendant's own admission and the irrefutable evidence, however, the account in dispute at Parkside does not belong to a natural person. Defendant admits he "has no account at Parkside." Dkt. No. 32 at 1. Accordingly, Section 5222-a does not apply to the restraining notice and Defendant is not entitled to the benefits of that provision.[3]

---

[3] Plaintiffs argue in their reply memorandum of law that Defendant's exemption claim was

5

Defendant does not respond to Plaintiffs' arguments that C.P.L.R. 5222-a only applies to accounts belonging to natural persons, not to limited liability corporations such as Giuliani Communications, and he does not identify a valid exemption. Rather, he argues that (1) the Court lacks jurisdiction over Parkside because C.P.L.R. 5222 purportedly does not authorize service of a retraining notice outside the territory of the State of New York and Parkside is not subject to personal jurisdiction in New York, Dkt. No. 32 at 2–4; (2) that the funds in the Parkside account are not ones in which he has an interest because they belong to Giuliani Communications, *id.* at 4–7; and (3) that the funds are exempt because they "belon[g] to a juridical person, Giuliani Communications," *id.* at 8. Each of those arguments may be swiftly rejected.

Defendant has no "standing" to challenge the effectiveness of service on Parkside or the Court's jurisdiction over Parkside. Personal jurisdiction represents "an individual right [and] can, like other such rights, be waived." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982); *see Kaplan v. Bank Saderat PLC*, 77 F.4th 110, 117 (2d Cir. 2023) ("[P]ersonal jurisdiction is an individual right that may be 'purposely waived or inadvertently forfeited.'" (quoting *City of N.Y. v. Mickalis Pawn Shop*, 645 F.3d 114, 133 (2d Cir. 2011))). "As a result, courts in this Circuit reject efforts by co-defendants to assert the defense on behalf of other defendants." *Zhaoyin Wang v. Beta Pharma, Inc.*, 2015 WL 5010713, at *12 (D. Conn. Aug. 24, 2015); *see also Duttle v. Bandler & Kass*, 1992 WL 162636, at *5 (S.D.N.Y. June 23, 1992). Likewise, a defendant who has been properly served cannot "be heard to attack the service" on another. *DeFazio v. Wright*, 229 F. Supp. 111, 113 (D.N.J. 1964).

---

untimely. Dkt. No. 50 at 6–7. This Court ordinarily does not consider arguments raised for the first time on reply. *See Am. Infertility of New York, P.C. v. CNY Fertility, PLLC*, 2021 WL 4803539, at *1 (S.D.N.Y. Oct. 13, 2021).

6

Parkside was served with the Information Subpoena with Restraining Notice both by certified mail and by email, *see* Dkt. No. 23 ¶ 5; Dkt. No. 51-5, and Parkside's New York-based law firm accepted service in writing by email, Dkt. No. 23 ¶ 5. Parkside has challenged neither the effectiveness of that service nor the Court's jurisdiction over it. It follows that Giuliani cannot require Parkside to honor the improper exemption claim or relieve Parkside from the obligation to honor the restraining notice on the grounds that Parkside was not effectively served with process and is not subject to the Court's jurisdiction. *See Levine v. Brown*, 2020 WL 550653, at *1 (S.D.N.Y. Feb. 4, 2020) (rejecting similar argument by judgment debtor that court cannot issue turnover order because it has no jurisdiction over garnishee on grounds that personal jurisdiction is waivable "and therefore cannot be raised on behalf of others").

In any event, both Defendant's argument that the Court lacks personal jurisdiction over Parkside and his argument that extraterritorial service of a C.P.L.R. 5222 information subpoena with restraining notice cannot be effected appear to be meritless. *See Trabucco v. Intesa Sanpaolo, S.p.A.*, 695 F. Supp. 2d 98, 104–05 (S.D.N.Y. 2010) (court has personal jurisdiction over bank that was in regular communication with the plaintiff at his New York phone number and New York mailing addresses and sent monthly account statements to plaintiff); *Koehler v. Bank of Bermuda Ltd.*, 911 N.E.2d 825, 829 (N.Y. 2009) (the New York "Legislature intended CPLR article 52 to have extraterritorial reach").

Defendant's next set of arguments is equally unpersuasive. He asserts, in effect, that the assets being restrained are not those in which he has an interest and therefore should not be used to satisfy the judgment. But Plaintiffs' restraining notice does not seek to have Parkside turn over the relevant funds to Plaintiffs or to have the Court or Parkside determine the ownership of those funds. The function of C.P.L.R. 5222 is "to secure funds for later transfer to the judgment

7

creditor through a sheriff's execution or turnover proceeding." *Cruz*, 2 N.E.3d at 223. It acts "as a kind of freeze on such of the debtor's assets as the served person may have, during which the judgment creditor can use other devices, such as an execution, to try to have the property turned over. It buys time, in other words." Siegel, New York Practice § 508 (6th ed. 2024). Accordingly, the Court need not determine at this stage whether those funds are subject to turnover to satisfy the judgment, through the doctrine of alter ego or otherwise. It is sufficient to conclude that Defendant is not entitled to the benefits of C.P.L.R. 5222-a with respect to the Parkside account and thus has no basis for his exemption claim. There is a vehicle by which Defendant or Giuliani Communications could have sought a modification of the restraining notice on the grounds that the notice restrains property in which Defendant has no interest, but neither Defendant nor Giuliani Communications has availed itself of that mechanism. *See* N.Y. C.P.L.R. 5240; *United States v. Ceparano*, 2009 WL 8690129, at *3 (E.D.N.Y. May 13, 2009) (5240 motion brought by wife of judgment debtor claiming that the fund belonged to her alone); *Berkshire Bank v. Tedeschi*, 2016 WL 1029526, at *3 (N.D.N.Y. Mar. 15, 2016) (5240 motion brought by judgment debtor). [4]

---

[4] Defendant has filed what purports to be an "Amended Exemption Claim Form." Dkt. No. 33-6. But that document has no legal effect. It is untimely, *see* C.P.L.R. 522-a(c)(5) ("If no claim of exemption is received by the banking institution within twenty-five days after the notice and forms are mailed to the judgment debtor, the funds remain subject to the restraining notice or execution"), and there is no evidence that it has been served on the banking institution, *see Recovery of Judgment, LLC v. Warren*, 937 N.Y.S.2d 85, 86 (2nd Dep't 2012) (holding that exemption claim was untimely and motion to vacate restraining notice properly denied where judgment debtor failed to demonstrate that the completed exemption forms were served within 20 days or received by the banking institution within 25 days).

8

## CONCLUSION

The motion to quash the exemption claim is GRANTED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 21.[5]

SO ORDERED.

Dated: October 10, 2024
New York, New York

LEWIS J. LIMAN
United States District Judge

---

[5] Plaintiffs ask the Court to disregard Defendant's "cherry-picked" documents on grounds that he "has full access to extensive responsive material concerning Giuliani Communications, and . . . he has been intentionally withholding that evidence all along in the face of valid discovery requests and court orders." Dkt. No. 50 at 2. Defendant is in default with respect to the information subpoena. In addition, Plaintiffs may immediately serve post-judgment discovery pursuant to Federal Rule of Civil Procedure 69(a)(2). The Court notes that "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014). "If the judgment debtor or third party does not respond to discovery demands, a plaintiff is entitled to move for an order compelling a response, as permitted under Rules 5(b), 30(a), and 37, after a good faith attempt to confer with the party failing to comply." *Id*. If the judgment debtor fails to comply with the order, he can be held in contempt. *See Benthos Master Fund, Ltd. v. Etra*, 2022 WL 17819592 (S.D.N.Y. Dec. 20, 2022), *modified*, 2023 WL 4350594 (S.D.N.Y. July 5, 2023); *Wistron NeWeb Corp. v. Genesis Networks Telecom Servs., LLC*, 2024 WL 342521, at *1 (S.D.N.Y. Jan. 30, 2024).

9