UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>      Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>      Defendant. | No. 24-mc-00353 (LJL) |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE JUDGMENT

John Langford
Rachel Goodman
United to Protect Democracy
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Von DuBose (*pro hac vice forthcoming*)
DuBose Miller LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
(404) 720-8111
dubose@dubosemiller.com

Michael J. Gottlieb
Meryl C. Governski (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
M. Annie Houghton-Larsen
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mhougton-larsen@willkie.com

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ......................................................................................................................... i

ARGUMENT ........................................................................................................................................... 1

    I.      Mr. Giuliani Does Not Contest Turnover and Receivership With Respect to Any of the Property Sought in the Motion to Enforce Judgment. ........................................... 2

           A.      The New York Apartment. ....................................................................................... 2

           B.      The Trump Legal Fee Claim. .................................................................................. 2

           C.      The Palm Beach Condo. ......................................................................................... 3

           D.      The "Unique Personal Property." ........................................................................... 4

           E.      The "Other Personal Property." .............................................................................. 5

    II.     The Court Should Defer Decision As to the World Series Rings Pending Resolution of Andrew Giuliani's Claim. ........................................................................ 6

    III.    There Is No Need to Appoint A Magistrate Judge. ......................................................... 7

CONCLUSION ........................................................................................................................................ 7

Plaintiffs Ruby Freeman and Wandrea' Moss respectfully submit this reply to Defendant Rudolph W. Giuliani's Memorandum of Law in Opposition to Plaintiffs' Motion to Enforce Judgment, ECF No. 44 ("Opp'n").[1]

## ARGUMENT

Defendant's opposition brief consents to effectively all of the relief requested in Plaintiffs' motion. The only exceptions concern the Palm Beach Condo, the Legal Fee Claim, and certain unique tangible property, but each of Defendant's objections to entry of a receivership or turnover order with respect to those items is easily resolved. If ongoing negotiations do not yield an agreement mooting the issues raised in Defendant's opposition, *see supra* note 1, the Court should grant Plaintiffs' motion, and enter Plaintiffs' proposed order, ECF No. 11, after modifying that order to provide for immediate receivership over all of that property, in addition to turnover, in light of Defendant's lack of opposition. As discussed further below, the only exception to that is the World Series rings in which Intervenor-Defendant Andrew Giuliani ("Intervenor") has claimed an interest: with respect to that property only, Plaintiffs respectfully request that the Court defer decision pending a resolution of Intervenor's claim.

Plaintiffs discuss the appropriate disposition of each category of property below.

---

[1] On October 15, 2024, Plaintiffs filed a consent letter motion, apprising the Court that Plaintiffs and Defendant are discussing a proposal that may, if successful, moot any remaining disputes raised in Defendant's opposition to the Motion to Enforce Judgment. Those negotiations are ongoing, and by filing their reply brief today, Plaintiffs do not intend to convey to the Court that the negotiations referred to in their prior letter-motion have concluded without success; instead, Plaintiffs have filed their reply brief in support of the Motion to Enforce Judgment consistent with the Court's deadline of October 19, 2024. Plaintiffs will file a status report by the end of the day on October 22, 2024, updating the Court of the status of those negotiations.

### I. Mr. Giuliani Does Not Contest Turnover and Receivership With Respect to Any of the Property Sought in the Motion to Enforce Judgment.

#### A. The New York Apartment.

Defendant "consents to the appointment of a receiver to effect the sale of the New York apartment," Opp'n at 2, and does not otherwise object to the relief requested in Plaintiffs' motion regarding the New York Apartment or the terms of the proposed receivership order, *see* ECF No. 11. If the ongoing negotiations do not resolve the issue, the Court should accordingly enter the Proposed Order with respect to the New York Apartment, requiring immediate turnover of the New York Apartment, but modifying that order to provide for the immediate inclusion of the New York Apartment among the property subject to receivership. *See Mishcon de Reya New York LLP v. Grail Semiconductor, Inc.*, No. 11 CIV. 4971 JMF, 2012 WL 5512240, at *4 (S.D.N.Y. Nov. 13, 2012) (simultaneously ordering turnover and receivership with respect to the same property).

#### B. The Trump Legal Fee Claim.

Defendant does not oppose turnover or receivership with respect to the Legal Fee Claim. Opp'n at 2. His only objection is to the *timing* of that relief, asking that the Court "postpone a turnover of this claim until November 6, 2024" to avoid the "appearance that Defendant is now somehow suing candidate Trump" in the days prior to the presidential election. *Id.*

There is no merit to Defendant's objection. The "appearance" that a judgment debtor is seeking repayment of an outstanding debt for the benefit of creditors is not a meaningful reason to withhold relief under CPLR § 5225 or §5228, and Mr. Giuliani cites no authority to the contrary. If anything, Mr. Giuliani's unwillingness to appear adverse to former President Trump or his campaign further underscores that Mr. Giuliani cannot be trusted to monetize or even preserve the value of this claim for his creditors. Mr. Giuliani's control over this legal claim should be severed immediately.

In any event, Mr. Giuliani's concerns about "appearances" do not reflect reality—and to the extent they did, could be easily resolved. In any litigation with respect to the Legal Fee Claim—including in the event any such litigation is commenced prior to November 6, 2024—*Plaintiffs* would bring such litigation *in their capacity as receivers for, or as assignees of*, Mr. Giuliani's interest in the claim, and would make that status abundantly clear both in the case caption and in the body of any complaint. No reasonable observer would misinterpret such a filing as a suit by *Mr. Giuliani* against former President Trump, the 2020 Trump Campaign, or any other party.

Accordingly, if the ongoing negotiations do not resolve the issue, the Court should immediately enter the Proposed Order with respect to the Legal Fee Claim—again, modifying the order to provide for immediate inclusion of the Fee Claim among the property subject to receivership. *Mishcon de Reya New York LLP*, 2012 WL 5512240, at *4.

### C. The Palm Beach Condo.

Mr. Giuliani's only comment with respect to the Palm Beach Condo is that the status of his purported homestead exemption is the subject of a pending dispute in No. 24-cv-6563. Opp'n at 1. But Mr. Giuliani does not even address, much less object, to the relief requested in *this* motion: that the Palm Beach Condo be taken into receivership. *Id.* At the September 27, 2024 conference in these matters, the Court asked Mr. Giuliani to address the question of whether the Palm Beach Condo could be taken into receivership while the homestead claim remains unresolved. Hr'g Tr. 25:3–9 (Sept. 27, 2024). Mr. Giuliani has raised no such objection, and has accordingly waived any argument that the homestead exemption precludes immediate appointment of a receiver over the Palm Beach Condo. Plaintiffs accordingly ask that the Court enter the receivership order placing the Palm Beach Condo into receivership with immediate effect, but with the proviso that no sale may close until an order is entered by this Court resolving the homestead claim. *See* ECF No. 11 ¶ 2(a)(iii) (providing that any sale of Receivership Property is "subject . . . to the approval

3

of this Court"). Defendant has offered no reason to think that this procedure would be inconsistent with Florida's constitutional homestead exemption, which protects legitimate homestead property from "*forced sale* under process of any court" and liens imposed by "judgment, decree or execution." Fla. Const. art. X, § 4(a) (emphasis added). If ongoing negotiations do not provide an alternative path for resolving the issue once the Court resolves the disputed homestead claim, the Court should order the Palm Beach Condo into receivership, with the proviso that it will not be subject to "forced sale" pending resolution of Defendant's disputed homestead claim.

### D.     The "Unique Personal Property."

Mr. Giuliani does not oppose turnover or receivership with respect to any of a category of what he calls "unique personal property," i.e., personal property that he claims is non-fungible because of personal sentimental value, status as a "collectible," or a level of "public interest." Opp'n at 2–3. Instead, Mr. Giuliani asks that the Court "couple a turnover/receivership order with an order that a receiver *hold* the property at issue, *but not sell it*" while his appeal is pending in the D.C. Circuit. *Id.* at 3.

Mr. Giuliani mentions only a few specific items of property falling into these categories: wristwatches given to him by the Presidents of France and Italy, respectively, a wristwatch that belonged to his grandfather, and certain memorabilia and collectibles, including a 1980 Mercedes that belonged to Lauren Bacall. Opp'n at 2–3. However, Mr. Giuliani cites no authority indicating that irreparable harm results from the seizure and sale of sports memorabilia, collectible cars, or watches that may be the subject of "public interest." And even where there is a risk of irreparable harm, as Mr. Giuliani acknowledges, such harm must still be balanced against "the legitimate interest of a creditor in securing payment." Opp'n at 3 (quoting *Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 37 N.Y.3d 591, 603 (2021)). Mr. Giuliani has not carried his burden to show that any such balance tilts in favor of his requested relief under CPLR § 5240.

4

The sole exception is Mr. Giuliani's grandfather's wristwatch. Subsection 5205(a)(6) of the CPLR exempts a "watch . . . not exceeding one thousand dollars in value" along with similar items like a wedding ring and jewelry.[2] As a gesture of good faith, Plaintiffs are prepared to recognize that exemption with respect to Mr. Giuliani's grandfather's watch, if he is able to produce satisfactory evidence showing that the watch's value does not exceed the $1,000 exemption limit. *See* Opp'n at 3 (claiming that the watch would "fetch little on the market"). If ongoing negotiations do not resolve this issue, the Court should order that the watch be taken into receivership pending Mr. Giuliani's production of such satisfactory evidence of value. *See id.* at 3–4 (conceding that a court-appointed receiver may at least "hold" the watch).

### E.     The "Other Personal Property."

Mr. Giuliani makes no arguments with respect to the remaining personal property—consisting of the cash accounts and tangible property not discussed above—only claiming, in a general fashion, that he "asserts all defenses available under CPLR § 5205." Opp'n at 4. That is insufficient to claim an exemption. Where such property is the subject of a turnover motion, a judgment debtor bears the "burden of proving that the funds at issue [are] exempt" under CPLR § 5205. *Swig v. Properties Asset Mgmt. Servs., LLC*, 924 N.Y.S.2d 368, 369 (App. Div. 1st Dep't 2011); *Balanoff v. Niosi*, 791 N.Y.S.2d 553, 555 (App. Div. 2d Dep't 2005) ("[W]hen a judgment creditor seeks to restrain funds in a judgment debtor's bank account, the judgment debtor has the

---

[2] Apparently overlooking CPLR § 5205(a)(6), Mr. Giuliani's opposition brief implies that his grandfather's watch should be protected under CPLR § 5205(a)(2), which exempts "family pictures and portraits" from execution. Opp'n at 3. That stretches the language of § 5205(a)(2) too far—even if the exemption included a catchall phrase ("family pictures and portraits *and other similar items*"), a watch is not sufficiently similar in kind to the two items mentioned to qualify for protection under that subsection. *See, e.g.*, *People v. Illardo*, 48 N.Y.2d 408, 416 (1979) (under the interpretive canon of ejusdem generis, a word in a statute "is known by the company it keeps"). Mr. Giuliani's grandfather's watch is accordingly ineligible for exemption under CPLR § 5205(a)(2).

5

burden of claiming and proving the applicability of an exemption because only he or she knows the source of the funds which may qualify for an exemption."). Merely invoking CPLR § 5205 in generalized fashion as though it were a boilerplate affirmative defense is not the same thing as carrying a burden to "prove[]" that the disputed property is exempt. *Swig*, 924 N.Y.S.2d at 369. If ongoing negotiations fail to resolve this issue, the Court should accordingly enter the Proposed Order with respect to all of the personal property not specifically addressed in Mr. Giuliani's discussion of "unique" personal property, including the cash in the Citi bank accounts ending -1428 and -5812, other than the amounts in the -1428 account as of September 30, 2024 that were shown to be exempt by Mr. Giuliani's production to Plaintiffs on that date, *see* ECF No. 34.

## II. The Court Should Defer Decision As to the World Series Rings Pending Resolution of Andrew Giuliani's Claim.

Defendant has not asserted any objection to turnover or receivership with respect to the four World Series rings subject to Plaintiffs' motion. However, as the Court is aware, Intervenor-Defendant Andrew Giuliani has intervened to assert an interest in the rings. ECF No. 52. Pursuant to the Court's order granting intervention, Plaintiffs have served discovery requests on Intervenor relating to his claimed interest in the World Series rings and are working to arrange a deposition, if necessary, prior to November 1, 2024. *See id.* Plaintiffs respectfully request that the Court defer decision as to the World Series rings pending the completion of that discovery process, after which Plaintiffs will promptly file a supplemental brief regarding any remaining dispute as to Intervenor's claimed interest. There is no reason, however, for the limited dispute regarding Intervenor's claimed interest in the rings to delay granting the other relief requested in Plaintiffs' motion and effectively conceded in Defendant's opposition, should ongoing negotiations fail to resolve these issues.

6

**III.    There Is No Need to Appoint A Magistrate Judge.**

Finally, Defendant asks that the Court appoint a magistrate judge to make decisions about whether any particular property falls within a "sub-categor[y]." Opp'n at 4. Because Defendant has failed to carry his burden of demonstrating that any of his property is protected from a receivership and turnover order—with the possible exception of his grandfather's watch, there is no need to appoint a magistrate judge as there are no category disputes to resolve.

## CONCLUSION

If ongoing negotiations do not resolve the remaining issues in Defendant's opposition, Plaintiffs' Motion to Enforce Judgment should be granted, and the Court should promptly order that all of the personal property sought in the Motion to Enforce Judgment be turned over to Plaintiffs pursuant to CPLR § 5225, and that Plaintiffs be appointed receivers of all of the real and personal property sought in the Motion to Enforce Judgment pursuant to CPLR § 5228 and subject to the terms of the proposed receivership order, ECF No. 11.

Respectfully submitted,

Dated: October 18, 2024                   /s/ John Langford

| | |
|---|---|
| John Langford | Michael J. Gottlieb |
| Rachel Goodman | Meryl C. Governski (admitted *pro hac vice*) |
| United to Protect Democracy | Willkie Farr & Gallagher LLP |
| 82 Nassau Street, #601 | 1875 K Street NW |
| New York, NY 10038 | Washington, DC 20006 |
| (202) 579-4582 | (202) 303-1000 |
| john.langford@protectdemocracy.org | mgottlieb@willkie.com |
| rachel.goodman@protectdemocracy.org | mgovernski@willkie.com |
| | |
| Von DuBose (*pro hac vice forthcoming*) | Aaron E. Nathan |
| DuBose Miller LLC | M. Annie Houghton-Larsen |
| 75 14th Street NE, Suite 2110 | Willkie Farr & Gallagher LLP |
| Atlanta, GA 30309 | 787 Seventh Avenue |
| (404) 720-8111 | New York, NY 10019 |
| dubose@dubosemiller.com | (212) 728-8000 |
| | anathan@willkie.com |

mhougton-larsen@willkie.com

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*