

October 25, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Freeman et al. v. Giuliani*, No. 24-mc-353 (LJL)

Dear Judge Liman,

    Plaintiffs Ruby Freeman and Wandrea' Moss respectfully submit this letter brief as ordered by the Court's Opinion and Order of October 22, 2024 ECF No. 62, (the "Receivership Order"), which directed Plaintiffs to address "the question of the best ways of preserving the value of the Palm Beach Condo pending the Court's trial on Defendant's homestead claim on January 16, 2025, including the terms of any proposed receivership with respect to such property and any alternative means of protecting the value of the asset pending the Court's adjudication of the competing claims," and to submit a proposed order accordingly. ECF No. 62, at 23.

    Plaintiffs respectfully submit that the Palm Beach Condo should be included among the property subject to the Receivership Order, subject to the additional terms of the attached proposed order.

    The attached proposed order addresses Plaintiffs' principal concern, namely that Mr. Giuliani's continued possession and control of the Palm Beach Condo will cause the Condo to depreciate while Plaintiffs' declaratory judgment claim is pending in No. 24-cv-6563. The attached proposed order accordingly extends, and expands, the injunctive relief already included in the Receivership Order, and adds additional terms to ensure that Defendant cannot take affirmative steps to damage the property's value to Defendant's creditors. At the same time, the attached proposed order permits Mr. Giuliani to reside in the Palm Beach Condo pending entry of final judgment in No. 24-cv-6563.

    However, Plaintiffs respectfully submit that Defendant's freedom to reside in the Palm Beach Condo should be conditioned on his continued payment of all taxes, maintenance, and other expenses of ownership out of *exempt assets*, such as his retirement account or Social Security. This condition is especially important because—otherwise—Defendant's continued possession of the Palm Beach Condo will simply absorb the remaining assets available to satisfy Plaintiffs' judgment. In that event, Plaintiffs may



prevail on their challenge to Defendant's homestead claim only to find that the intervening costs of upkeep have left a large unpaid balance to be satisfied out of the Condo sale proceeds, or—equally bad—that those costs have been paid out of assets that should otherwise have been available to satisfy Plaintiffs' judgment. By contrast, and worst of all, if *Defendant* prevails on his homestead claim and retains the Condo—but has paid upkeep costs in the interim out of *non-exempt* assets—then Plaintiffs will have effectively financed Mr. Giuliani's maintenance of the Palm Beach Condo through Mr. Giuliani's application of funds to that purpose that would have otherwise been applied to Plaintiff's judgment. Defendant apparently believes that his life after this enforcement proceeding will involve his continued ownership of the Palm Beach Condo—but in the absence of posting any supersedeas bond or other adequate security, Defendant should not be heard to argue, in the interim, that Plaintiffs should effectively be required to make a financial contribution to his hoped-for future lifestyle out of their lawful recovery.[1] To prevent that perverse result, Defendant should be ordered to pay all necessary and reasonable expenses, including maintenance, condominium fees, taxes, and the like, out of his exempt assets.

Plaintiffs have conferred with counsel for Defendant, and Defendant intends to oppose, in part, Plaintiffs' proposed order in a filing on Sunday, October 27, 2024.

Respectfully submitted,

By: /s/ John Langford
John Langford
United to Protect Democracy
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
john.langford@protectdemocracy.org

---

[1] It is undisputed that Defendant has significant exempt assets, including a substantial individual retirement account, and substantial monthly Social Security payments. ECF 51 Ex. 1 at 15 (listing $1.067 million in Citi IRA account); *id.* at 53 (showing net total of $1.067 million in "Rudolph Giuliani Individual Retirement Account" as of June 15, 2024); ECF 20-2 (Exemption Claim Form for Citibank Account ending in x1428 claiming account contains Social Security funds); ECF 51 Ex. 7 at 1, 3–23 (Letter from Ken Caruso with statements from Citibank Account ending in x1428 showing annual Social Security deposits of approximately $56,000). Presumably, Defendant will rely on these funds to support his lifestyle following the conclusion of these enforcement proceedings, and in the event that he is successful in retaining the Palm Beach Condo, those funds will support his continued ownership of the Condo as well. Plaintiffs' request here is designed to ensure that in that event, Defendant will not also be permitted to retain non-exempt assets by applying them to the Condo's upkeep while his homestead claim is pending.