KENNETH CARUSO LAW
15 West 72nd Street | New York, NY 10022
E:  ken.caruso@kennethcarusolaw.com | P: (646) 599-4970

October 27, 2024

Via ECF

Hon. Lewis J. Liman
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Freeman et al. v. Giuliani*, 24-cv-06563-AKH, 24-mc-00353-LJL

Dear Judge Liman:

      We represent Rudolph W. Giuliani ("Defendant").  We respectfully submit this letter brief, as authorized by the Court (ECF 62 at 24), in response to Plaintiffs' letter brief and Proposed Order (ECF 63; 63-1), regarding Plaintiffs' application to include Defendant's residence in Florida (the "Palm Beach Condo," as previously defined) in the receivership ordered by the Court.  ECF 62.  For the reasons set forth below, Defendant opposes Plaintiffs' application, in part.  We submit both a competing Proposed Order, which embodies Defendant's positions, and a PDF showing Defendant's track-changes to Plaintiff's Proposed Order.

      **First, at this time, the Court should not include the Palm Beach Condo in the receivership.  Plaintiffs have not made a sufficient showing that Defendant is not entitled to homestead protection, as is their burden.**

      Under Florida law, "[t]here is a presumption that the [homestead] exemption applies." *In re Colwell*, 196 F.3d 1225, 1226 (11th Cir.  1999).  "The burden of persuasion rests upon" Plaintiffs, who must "make a strong showing that the claimant is not entitled to the claimed exemption." *Anderson v. Letosky*, 304 So. 3d 801, 804 (Fla. 2d DCA 2020) (cleaned up).  "[T]h[at] strong burden will require heavy lifting." *Id*.  The homestead exemption "is to be liberally construed in favor of protecting the homestead[,]" *JBK Associates, Inc. v. Sill Bros., Inc.*, 191 So. 3d 879, 881 (Fla. 2016), and exceptions are "strict[ly] constru[ed.]" *Havoco of Am., Ltd. v. Hill*, 790 So. 2d 1018, 1021 (Fla. 2001).[1]

      Applying those standards of review, the Court should deny receivership at this time.  The requisite permanent residence has two elements: "The character of property as a homestead depends upon [1] an actual intention to reside thereon as a permanent place of residence, coupled with [2] the fact of residence." *Hillsborough Inv. Co. v. Wilcox*, 13 So. 2d 448, 452 (Fla. 1943).

---

[1] The Court, in its recent Opinion and Order, stated: "If Defendant establishes his homestead exemption, his rights to the Palm Beach condo will enjoy priority to the rights of Plaintiffs pursuant to their lien." ECF 62 at 14.  As a matter of law, however, under the cases cited above and in ECF 48 at 13, Plaintiffs bear the burden of persuasion on the homestead issue.  Indeed, Plaintiffs acknowledge that they have mounted a "challenge to Defendant's homestead claim[.]"  ECF 63 at 2.  Plaintiffs do not, and cannot, dispute that the Florida case law puts the burden of persuasion on them.

Hon. Lewis J. Liman
*Re: Freeman et al. v. Giuliani*
October 27, 2024
Page 2 of 2

*As to intent*: Defendant—well before August 8, 2024, the date as of which Plaintiffs claim a lien—stated his *subjective* intent to make the Palm Beach Condo his permanent residence. *See, e.g.*, ECF 42-8 (Giuliani Dec. Ex. H). Defendant also *objectively* manifested and corroborated that intent by, among other things, contracting to sell his only other (New York) residence, obtaining a Florida driver's license, registering to vote in Florida and receiving homestead tax exemption from Palm Beach County. *See* ECF 42-3-42-7 (Giuliani Dec. Ex. C-G).

*As to the fact of residence*: During the 183-day period between February 8, 2024, and August 8, 2024, Defendant was in Palm Beach for the plurality of the time (71 days, approximately 39% of the time period). He spent an additional 64 days outside of Florida (and outside New York) for reasons of health, leisure and/or business. As a matter of law, absence from Florida for such purposes does not deprive the Palm Beach Condo of its homestead status. *See Hillsborough Inv. Co. v. Wilcox*, 13 So. 2d 448, 452 (Fla. 1943) ("The temporary absence from the homestead of the head of the family in search of health, pleasure or for business reasons will not deprive it of the homestead status.") All told, therefore, during the 183-day period, Defendant spent a super-majority of his time (approximately 74%) in Palm Beach and in other places (outside New York), for purposes that do not deprive him of his homestead status.

During the time-period at issue, furthermore, Defendant spent a mere 48 days in New York. And, as the record shows, on many of those days, Defendant conducted business in New York. *See, e.g.*, ECF 43 (Labkowski Dec.) ¶¶ 18-21, 37-40, 42-43, 45-49, 51-54, 85-99. On the law cited above, presence in New York for business purposes does not deprive Defendant of his Florida homestead status. This record amply shows the fact of Defendant's residence in Florida. "Continuous uninterrupted physical presence is not required to create a homestead." *Novoa v. Amerisource Corp.*, 860 So. 2d 506, 507 (Fla. 3d DCA 2003) (cleaned up).

In sum, on the present record, and resolving any doubts in favor of liberal protection of the homestead, Plaintiffs have not carried their heavy burden of persuasion, even on a preliminary basis, that Defendant does not have a valid homestead protection. Therefore, at this time, the Court should not place the Palm Beach Condo into receivership.

**Second, in any event, Defendant recognizes and acknowledges the need to maintain the Palm Beach Condo in good repair, prudently insured and current with respect to taxes.** Accordingly, pending further order of the Court, Defendant consents that he will continue to make timely payments of the condominium common charges, real estate taxes, and insurance premiums for the Palm Beach Condo, doing so from exempt assets and income from services to be rendered. Defense counsel is informed that (a) condominium common charges are paid quarterly, (b) real estate taxes are paid annually, with the next due date of April 1, 2025, and (c) insurance premiums are paid annually.

                                        Respectfully submitted,

                                        /s/ Kenneth A. Caruso
                                       Kenneth A. Caruso

cc:     Counsel of Record (via ECF)