# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 27, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Freeman et al. v. Giuliani*, No. 24-mc-353 (LJL)

Dear Judge Liman,

      Plaintiffs Ruby Freeman and Wandrea' Moss respectfully submit this short reply to Defendant Rudolph W. Giuliani's responsive letter brief filed earlier today. ECF No. 64. Defendant does not oppose Plaintiffs' request that he be ordered to pay expenses associated with the Palm Beach Condo from "exempt assets." *Id.* at 2; *see* ECF No. 64-2, at 2.[1] Defendant's letter brief makes reference, however, to paying such expenses from "income from services to be rendered." ECF No. 64, at 2. Whatever Defendant may mean by that, the language of both Plaintiffs' and Defendant's proposed orders ensures that *any* payments of expenses associated with the Palm Beach Condo must come from assets that are exempt under CPLR § 5205.[2] How much, if any, of Defendant's income from personal services is so exempt remains to be determined, and Plaintiffs reserve all rights along those lines. *See* CPLR § 5205(d)(2) (exempting ninety percent of income from personal services "except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents"); ECF No. 50, at 20-21 (previewing Plaintiffs' arguments relating to Defendant's claim to an income exemption under CPLR § 5205(d)(2)).

      The remainder of Defendant's letter brief repeats arguments already raised in opposition to Plaintiffs' motion for summary judgment in No. 24-cv-6563 (the "Homestead Action") and asserts that

---

[1] Unless otherwise indicated, pincites to ECF filings refer to the ECF docket-stamped pagination, rather than the internal pagination of the document in question.

[2] Plaintiffs' initial proposed order, and accordingly Defendant's redline, inadvertently referred to CPLR § 5206 which governs exemptions of real property. *See* ECF No. 63-1. As was likely clear from the context of Plaintiffs' letter brief and request, that was a typographical error; the order should have referred to CPLR § 5205, which governs exemptions of personal property (including the types of liquid assets discussed in Plaintiffs' letter brief, *see* ECF No. 63, at 2 n.1). A corrected proposed order—revised only in that respect—is attached hereto.

BRUSSELS   CHICAGO   DALLAS   FRANKFURT   HOUSTON   LONDON   LOS ANGELES   MILAN
MUNICH   NEW YORK   PALO ALTO   PARIS   ROME   SAN FRANCISCO   WASHINGTON

October 27, 2024
Page 2

the Palm Beach Condo should not be placed in receivership because Plaintiffs will bear the burden to overcome those arguments in the Homestead Action.[3] But it *still* does not present any argument with respect to the specific issue here: whether, under Florida law, the pendency of a homestead claim would prevent the Palm Beach Condo from being placed into receivership *but not sold* while the homestead claim is pending in the Homestead Action. To be clear, any such argument would be too late: at the Court's direction, Defendant's opportunity to raise such an argument was in his opposition to the Motion to Enforce Judgment, and he did not do so. *See* ECF No. 59, at 5-6; No. 24-cv-6563, ECF No. 37 (Sept. 27, 2024 Hearing Transcript), at 25:3-9. He has failed to do so again here. Plaintiffs' proposed order should accordingly be entered pending resolution of the Homestead Action.

Respectfully submitted,

s/ Aaron E. Nathan

---

[3] To the extent Defendant's letter brief attempts to reargue Plaintiffs' motion for summary judgment in the Homestead Action, his arguments are wrong for the same reasons explained in Plaintiffs' reply brief. *See* ECF No. 51 in the Homestead Action. As Defendant's letter brief does not dispute, his July 1, 2024 motion to convert his bankruptcy case to chapter 7 was an affirmative act to liquidate the Palm Beach Condo and would have destroyed as a matter of law any prior establishment of, or intention to establish, the Condo as a homestead. *See generally id.* Defendant's repeated characterization of his "temporary absences" during the pre-July 1, 2024 period are therefore irrelevant. Meanwhile, Defendant does not dispute that *continuous* absence from a property makes it impossible to establish a homestead thereon, and therefore Defendant's admittedly *continuous* absence following July 1, 2024 means that he could not have established a homestead at the Condo between that date and August 8, 2024. Finally, Defendant's citation (at page 2 of his letter brief) to loose language from *Novoa v. Amerisource Corp.* commenting that "uninterrupted physical presence is not required to create a homestead" is similarly irrelevant; *Novoa*, like each of the cases on which it relies on in that regard, is a case dealing with *abandonment* of homesteads already established, not with the establishment of homesteads *ex ante*. *See* 860 So. 2d 506, 507 (Fla. Dist. Ct. App. 2003) (quoting *Burdick v. Burdick*, 399 So. 2d 410 (Fla. 3d Dist. Ct. App. 1981)); *see Burdick*, 399 So. 2d at 412 (quoting *Poppell v. Padrick*, 117 So. 2d 435 (Fla. 2d Dist. Ct. App. 1959)); *see Poppell*, 117 So. 2d at 436-37. Furthermore, while temporary absences are not enough to constitute abandonment of a homestead that has already been established, an act to permanently surrender the property—like Defendant's July 1, 2024 chapter 7 conversion request—*is* enough, and undisputedly occurred here. And Defendant's undisputed "uninterrupted physical *absence*" like that which occurred between at least May 26, 2024 and August 8, 2024 means that he could not have established or re-established a homestead at the Florida Condo during the only relevant period following July 1, 2024.