# EXHIBIT 1

Case 1:24-mc-00353-LJL    Document 66-1    Filed 10/27/24    Page 1 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>                           Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>                           Defendant. | No. 24-mc-353 (LJL) |

**[PROPOSED] ORDER**

It is hereby ORDERED as follows:

1. Plaintiffs' motion for appointment of a receiver over Defendant's interest in the condominium apartment located at 315 South Lake Drive, Apartment 5D, Palm Beach, Florida, (the "Palm Beach Condo"), is GRANTED.

2. It is further ORDERED that the Palm Beach Condo is included among the property subject to the Receivership Order (ECF No. 62), effective immediately.

3. It is further ORDERED, pending entry of final judgment in *Freeman v. Giuliani*, No. 24-cv-6563 (S.D.N.Y.) (the "Homestead Action") as follows:

    a. Plaintiffs, in their capacities as Receivers pursuant to the Receivership Order, shall have no power to sell the Palm Beach Condo, notwithstanding anything in the Receivership Order to the contrary. The terms of this subparagraph 3(a) shall dissolve immediately upon entry of final judgment in Plaintiffs' favor in the Homestead Action.

    b. Defendant shall be permitted to occupy the Palm Beach Condo pending final judgment in the Homestead Action, but Defendant shall have no right to and is

hereby ENJOINED that he shall not sell, dispose of, transfer, will, lease, assign, sub-lease, encumber, or grant any right of tenancy or occupation of any kind, contingent or otherwise, to any person or entity, or attempt to do any of the foregoing, or take any action that would diminish the value of the Palm Beach Condo. Defendant shall vacate and surrender occupancy and possession of the Palm Beach Condo to Plaintiffs, subject to the terms of the Receivership Order, within 15 days of entry of final judgment in Plaintiffs' favor in the Homestead Action.

c. At all times prior to Defendant's surrender of possession under subparagraph 3(b), Defendant shall cause all applicable maintenance fees, taxes, insurance premiums, and other reasonable and necessary expenses associated with the Palm Beach Condo to be paid in full out of assets that are otherwise exempt from execution under CPLR § 5205. Defendant shall cause adequate insurance policies to be in force with respect to the Palm Beach Condo at all times. While this subparagraph 3(c) is in effect, on or before the 7th day of each calendar month, Defendant shall serve on Plaintiffs and file with the Court written documentation demonstrating that all such fees, taxes, premiums, and other expenses are paid in full, including documentary evidence (i) of the most recent such payments, (ii) of the outstanding balances due as to each category, and (iii) that adequate insurance policies remain in force and are paid in full.

SO ORDERED.

Dated: October __, 2024  
      New York, New York                                                 Hon. Lewis J. Liman  
                                                                                      United States District Judge