IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>          Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>          Defendant. | No. 24-mc-353 (LJL) |

**DECLARATION OF AARON E. NATHAN IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL**

I, Aaron E. Nathan, an attorney admitted to practice in this court, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am counsel to Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") in the above-captioned action.

2. I submit this declaration in support of Plaintiffs' Letter-Motion to compel compliance with the information subpoenas issued to Rudolph W. Giuliani ("Mr. Giuliani"), and his affiliated entities, Giuliani and Company, LLC; Giuliani Communications, LLC; Giuliani Group, LLC; Giuliani Partners, LLC; Giuliani Security and Safety, LLC; Rudolph W. Giuliani, PLLC; and WorldCapital Payroll Corporation (together, the "Giuliani Entities").

3. On August 5, 2024, an information subpoena with restraining notice was sent via certified mail, return receipt requested, to Mr. Giuliani at his residential address at 45 East 66th Street, Apartment 10W, New York, NY 10065. A true and correct copy of this information subpoena with restraining notice is attached hereto as Exhibit 1.

4.      On August 5, 2024 an information subpoena with restraining notice was sent via certified mail, return receipt requested, to Giuliani Communications, LLC at its registered agent address: United States Corporate Services, Inc., 10 Bank Street, Suite 560, White Plains, NY 10606. A true and correct copy of this information subpoena with restraining notice is attached hereto as Exhibit 2.

5.      On August 5, 2024 an information subpoena with restraining notice was sent via certified mail, return receipt requested, to Giuliani Partners, LLC at its registered agent address: National Registered Agents, Inc., 28 Liberty Street, New York, NY 10005. A true and correct copy of this information subpoena with restraining notice is attached hereto as Exhibit 3.

6.      On August 5, 2024 an information subpoena with restraining notice was sent via certified mail, return receipt requested, to Giuliani Security and Safety, LLC at its registered agent address: The Corporate Trust Company, Corporate Trust Center, 1209 Orange Street, Wilmington, DE 19801. A true and correct copy of this information subpoena with restraining notice is attached hereto as Exhibit 4.

7.      On August 5, 2024 an information subpoena with restraining notice was sent via certified mail, return receipt requested, to WorldCapital Payroll Corp. at its registered agent address: United Corporate Services, Inc., 800 North State Street, Suite 304, Dover, DE 19901. A true and correct copy of this information subpoena with restraining notice is attached hereto as Exhibit 5.

8.      On August 6, 2024, an information subpoena with restraining notice was sent via certified mail, return receipt requested, to Giuliani and Company, LLC at their registered agent address: National Registered Agents, Inc., 28 Liberty Street, New York, NY 10005. A true and correct copy of this information subpoena with restraining notice is attached hereto as Exhibit 6.

9. On August 6, 2024, an information subpoena with restraining notice was sent via certified mail, return receipt requested, to Giuliani Group, LLC at their registered agent address: National Registered Agents, Inc., 28 Liberty Street, New York, NY 10005. A true and correct copy of this information subpoena with restraining notice is attached hereto as Exhibit 7.

10. On August 6, 2024, an information subpoena with restraining notice was sent via certified mail, return receipt requested, to Rudolph W. Giuliani, PLLC at their headquarters address: 445 Park Avenue, Suite 18A, New York, NY 10022. A true and correct copy of this information subpoena with restraining notice is attached hereto as Exhibit 8.

11. On August 7, 2024, the information subpoena with restraining notice was sent was delivered to Mr. Giuliani. A true and correct copy of the proof of delivery of this information subpoena with restraining notice is attached hereto as Exhibit 9. Mr. Giuliani was required to respond to Plaintiffs' information subpoena by August 14, 2024. Mr. Giuliani has neither responded to nor otherwise answered the Plaintiffs' information subpoena.

12. On August 8, 2024, the information subpoena with restraining notice was delivered to Giuliani Partners, LLC. A true and correct copy of the proof of delivery of this information subpoena with restraining notice is attached hereto as Exhibit 10. Giuliani Partners, LLC was required to respond to Plaintiffs' information subpoena by August 15, 2024. Giuliani Partners, LLC has neither responded to nor otherwise answered the Plaintiffs' information subpoena.

13. On August 8, 2024, the information subpoena with restraining notice was delivered to Giuliani Security and Safety, LLC. A true and correct copy of the proof of delivery of this information subpoena with restraining notice is attached hereto as Exhibit 11. Giuliani Security and Safety, LLC was required to respond to Plaintiffs' information subpoena by August 15, 2024.

Giuliani Security and Safety, LLC has neither responded to nor otherwise answered the Plaintiffs' information subpoena.

14. On August 9, 2024, the information subpoena with restraining notice was delivered to Giuliani and Company, LLC. A true and correct copy of the proof of delivery of this information subpoena with restraining notice is attached hereto as Exhibit 12. Giuliani and Company, LLC was required to respond to Plaintiffs' information subpoena by August 16, 2024. Giuliani and Company, LLC has neither responded to nor otherwise answered the Plaintiffs' information subpoena.

15. On August 9, 2024, the information subpoena with restraining notice was delivered to Giuliani Group, LLC. A true and correct copy of the proof of delivery of this information subpoena with restraining notice is attached hereto as Exhibit 13. Giuliani Group was required to respond to Plaintiffs' information subpoena by August 16, 2024. Giuliani Group, LLC has neither responded to nor otherwise answered the Plaintiffs' information subpoena.

16. On August 9, 2024, the information subpoena with restraining notice was delivered to Rudolph W. Giuliani, PLLC. A true and correct copy of the proof of delivery of this information subpoena with restraining notice is attached hereto as Exhibit 14. Rudolph W. Giuliani, PLLC was required to respond to Plaintiffs' information subpoena by August 16, 2024. Rudolph W. Giuliani, PLLC has neither responded to nor otherwise answered the Plaintiffs' information subpoena.

17. The United States Postal Service was unable to confirm whether the information subpoena with restraining notice was delivered to Giuliani Communications, LLC. A true and correct copy of the United States Postal Service tracking update is attached hereto as Exhibit 15.

18. The United States Postal Service was unable to confirm whether the information subpoena with restraining notice was delivered to WorldCapital Payroll Corp.. A true and correct copy of the United States Postal Service tracking update is attached hereto as Exhibit 16.

19. Out of an abundance of caution, another copy of the information subpoena with restraining notice was served on Giuliani Communications, LLC, by personal service to its registered agent, on September 20, 2024. A true and correct copy of the affidavits of service on Giuliani Communication, LLC is attached hereto as Exhibit 17. Giuliani Communications, LLC has neither responded to nor otherwise answered the Plaintiffs' information subpoena.

20. Out of an abundance of caution, another copy of the information subpoena with restraining notice was served by personal service on WorldCapital Payroll Corp. on September 20, 2024. A true and correct copy of the affidavit of service on WorldCapital Payroll Corporation is attached hereto as Exhibit 18. Giuliani Communications, LLC has neither responded to nor otherwise answered the Plaintiffs' information subpoena.

21. A true and correct copy of the Affidavit of Service for service on Mr. Giuliani, Giuliani and Company, LLC, Giuliani Group, LLC, Giuliani Partners, LLC, Giuliani Security and Safety, LLC, and Rudolph W. Giuliani, PLLC is attached hereto as Exhibit 19.

22. On September 17, 2024, after more than a month of silence from Defendant regarding these subpoenas, Counsel for Defendant in this action first informed me that he had been retained to represent Defendant in connection with this proceeding. Plaintiffs' counsel and Defendant's counsel proceeded to confer about a variety of matters, and on September 24, 2024, Plaintiffs counsel wrote Defendant's counsel to remind him of the subpoena and to state that if Plaintiffs were prepared as a courtesy to wait until October 7, 2024 to receive a response to Defendant's information subpoena, given Defendant's counsel's recent retention. *See* ECF No. 30-

1, at 7. I stated that if Plaintiffs did not receive a complete response by that date, they would be forced to move to compel compliance.

23. Neither Defendant nor his entities responded to any information subpoena by October 7, 2024. However, at that time, Plaintiffs' and Defendant's counsel were conferring about a potential negotiated resolution to significant portions of the parties' enforcement disputes. Plaintiffs accordingly held off on a motion to compel in the hope that a negotiated resolution could lessen or moot the need for such a motion. However, in an October 20, 2024 phone call to discuss those matters, Defendant's counsel informed me that the proposed resolution was off the table and further negotiations would not be productive. In the same call, Defendant's counsel volunteered that Defendant would produce unspecified responses to the information subpoena on October 28, 2024. I made clear that Plaintiffs did not agree to any such extension and that Plaintiffs reserved all rights. Nevertheless, Plaintiffs again held off filing the motion to compel in order to see what would transpire on October 28, and whether any response would lessen, moot, or otherwise change the need for a motion to compel compliance. Defendant did not produce anything to Plaintiffs on October 28, 2024, including anything on behalf of himself or on behalf of his wholly-controlled and owned entities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 29, 2024.

s/ Aaron E. Nathan
Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

*Attorney for Ruby Freeman and Wandrea' Moss*