October 29, 2024

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

# WILLKIE FARR & GALLAGHER LLP

*Defendant Rudolph W. Giuliani ORDERED to respond by October 31, 2024. Giuliani and Company, LLC; Giuliani Communications, LLC; Giuliani Group, LLC; Giuliani Partners, LLC; Giuliani Security and Safety, LLC; Rudolph W. Giuliani, PLLC; and WorldCapital Payroll Corp. (together, the "Giuliani Entities") ORDERED to respond by November 7, 2024. Plaintiff to serve a copy of this order on the Giuliani entities.*

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*LEWIS J. LIMAN*
*United States District Judge*

*October 30, 2024*

Re: *Freeman et al. v. Giuliani*, No. 24-mc-353 (LJL)

Dear Judge Liman,

Plaintiffs Ruby Freeman and Wandrea' ArShaye Moss respectfully move pursuant to Local Rule 7.1(d), Paragraph I(C) of the Court's Individual Rules and Practices, Federal Rules of Civil Procedure 69 and 37, and New York Civil Practice Law and Rules ("C.P.L.R.") §§ 2308, 5223, and 5224(a) for an order compelling Defendant Rudolph W. Giuliani and his wholly owned and controlled entities—Giuliani and Company, LLC; Giuliani Communications, LLC; Giuliani Group, LLC; Giuliani Partners, LLC; Giuliani Security and Safety, LLC; Rudolph W. Giuliani, PLLC; and WorldCapital Payroll Corp. (together, the "Giuliani Entities")[1]—to provide complete responses to the information subpoenas served on each of them, and to respond to Plaintiffs' forthcoming document requests subject to a court order enforceable under Rule 37.

## I. Background

The relevant procedural history and factual background of Plaintiffs' litigation against Mr. Giuliani is laid out in Plaintiffs' August 30, 2024 motion to enforce their judgment. ECF No. 9. Here, Plaintiffs recite only the facts relevant to this letter-motion.

On August 5, 2024, Plaintiffs served Defendant at his home address in New York via certified mail an information subpoena and restraining notice accompanied by a copy and original of written questions and a prepaid, addressed return envelope, Declaration of Aaron E. Nathan in Support of Motion to Compel ("Nathan Decl.") ¶¶ 3, 21, Exs. 1, 19, which was delivered on August 7, 2024. Nathan Decl. ¶ 11, Ex. 10.

In addition to serving Defendant, Plaintiffs also served information subpoenas on each of the Giuliani Entities by sending the subpoenas via certified mail, return receipt requested, on August 5 and

---

[1] In his bankruptcy case, Defendant listed Giuliani and Company, LLC, Giuliani Communications, LLC, and WorldCapital Payroll Corp. as entities in which he has 100% ownership. ECF No. 10-2, at 4; *see also* ECF No. 50. Then during his 341(a) meeting, Defendant identified "Giuliani Partners," "Giuliani Communications" and "Giuliani Safety and Security (sic)" as his companies. ECF No. 10-9 at 18:8–17.

October 29, 2024
Page 2

6, 2024, pursuant to C.P.L.R. § 5224(a)(3).[2] More than seven days have passed since Defendant and each of the Giuliani Entities received the information subpoenas. As of the date of this filing, Plaintiffs have not received any responses to the information subpoenas served on Defendant or any of the Giuliani Entities. Nathan Decl. ¶¶ 11–16, 19–20.

Counsel for Defendant first informed Plaintiffs' counsel that he had been retained to represent Mr. Giuliani in connection with this matter on September 17, 2024. Nathan Decl. ¶ 22. On September 24, Plaintiffs' counsel informed Defendant's counsel that if Plaintiffs did not receive a complete response by October 7, 2024, they would be forced to move to compel a response. *Id.*; ECF No. 30-1, at 7. Plaintiffs did not receive a response of any kind by that date. Nathan Decl. ¶ 23. Plaintiffs voluntarily held off on filing a motion to compel in the following days as they attempted to reach a partial negotiated resolution of their motion to enforce the judgment (ECF No. 8) and related matters. *Id.*. On October 20, 2024, counsel for Defendant abruptly called off those negotiations, and—in the same conversation—volunteered that an unspecified response to Mr. Giuliani's information subpoena would be forthcoming on October 28, 2024. *Id.*. Plaintiffs did not consent to any such extension, but have nevertheless waited to see what would transpire on October 28. *Id.* Sure enough, Defendant has let that date come and go without making any response to the information subpoena. *Id.*

## II.   Argument

Defendant and his wholly-controlled entities should be compelled to produce complete responses to the information subpoenas subject to an order of this Court, backed by Rule 37 sanctions. Defendant and the Giuliani Entities have long since defaulted on their obligations to respond within seven days. C.P.L.R. § 5224(a)(3) ("Answers *shall* be returned together with the original of the questions within seven days after receipt.") (emphasis added). Their complete failure to respond has waived any objections they may have had to the information subpoenas. *See, e.g., Lantern Endowment Partners, LP v Bluefin Servicing Ltd.*, 2023 NY Slip Op 31240(U), 2023 WL 2971397, at *1–3 (N.Y. Sup. Apr. 17, 2023). The Court may compel compliance under Rule 37(a) and C.P.L.R. § 2308(b)(1). Fed. R. Civ. P. 37(a); C.P.L.R. § 2308(b)(1); *see, e.g., Blue Citi LLC v. 5Barz Int'l Inc.*, No. 16-cv-9027 (VEC), 2019 WL 10890126, at *2 (S.D.N.Y. Feb. 6, 2019). Nor does Mr. Giuliani have any plausible objection, or any plausible defense to this motion to compel.

---

[2] The information subpoena to Giuliani Communications, LLC was sent to its registered agent on August 5, 2024. Nathan Decl. ¶ 4, Ex. 2. The information subpoena to Giuliani Partners, LLC was delivered to its registered agent on August 8, 2024, Nathan Decl. ¶¶ 5, 12, 21, Exs. 3, 10, 19. The information subpoena to Giuliani Security and Safety, LLC was delivered to its registered agent on August 8, 2024. Nathan Decl. ¶¶ 6, 13, 21, Exs. 4, 11, 19. The information subpoena to WorldCapital Payroll Corp. was sent to its registered agent on August 5, 2024. Nathan Decl. ¶ 7, Ex. 5. The information subpoena to Giuliani and Company, LLC was delivered to its registered agent on August 9, 2024. Nathan Decl. ¶¶ 8, 14, 21, Exs. 6, 12, 21. The information subpoena to Giuliani Group, LLC was delivered to its registered agent on August 9, 2024. Nathan Decl. ¶¶ 9, 16, 21, Exs. 8, 15, 19. The information subpoena to Rudolph W. Giuliani, PLLC was delivered at its headquarters address on August 9, 2024. Nathan Decl. ¶¶ 10, 16, 21, Exs. 8, 14, 19. The United States Postal Service was unable to confirm whether the information subpoena to Giuliani Communications, LLC or WorldCapital Payroll Corp. were delivered. Nathan Decl. ¶¶ 17, 18, Exs. 15, 16. Out of an abundance of caution, Plaintiffs served another copy of the information subpoenas and restraining notices via personal service on Giuliani Communications, LLC's registered agent and WorldCapital Payroll Corp.'s registered agent on September 20, 2024. Nathan Decl. ¶¶ 19, 22, Exs. 17, 18.

October 29, 2024
Page 3

      Defendant's track record thus far is one of ignoring deadlines, only to produce something manifestly insufficient, if at all. *See* ECF No. 50, at 3–6. As the United States District Court for the District of Columbia found—a finding that Mr. Giuliani has not challenged on appeal—Mr. Giuliani's discovery misconduct there was calculated to "intentionally . . . shield[] his assets from discovery." *Freeman v. Giuliani*, No. 21-cv-3354 (D.D.C. Oct. 13, 2023), ECF No. 102, at 4. The Bankruptcy Court reached the same conclusion in dismissing Defendant's bankruptcy case. *See In re Giuliani*, 661 B.R. 493, 501–04 (Bankr. S.D.N.Y. July 12, 2024). That conduct was intolerable in ordinary civil litigation, but it should be even *less* tolerable here, given the broader sweep of Plaintiffs' entitlement to discovery in the post-judgment context. *See, e.g., EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts," and "a 'judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment.'") (quoting C.P.L.R. § 5223).

      Defendant's inexcusable delay is a further reason to grant this motion to compel promptly, especially in light of Mr. Giuliani's failure to comply despite his unilateral promise to respond by October 28—signaling that Mr. Giuliani's strategy of punting deadlines, then ignoring them, is alive and well. Of course, information subpoenas and interrogatories are just the first step in post-judgment discovery; document requests and depositions will also have to occur before Plaintiffs can be satisfied that Defendant has produced all relevant information within his possession or control. Particularly in light of Defendant's refusal to agree to extend his bankruptcy re-filing bar, ECF No. 60, Plaintiffs are on the clock, and every day that passes without compliance plays into Mr. Giuliani's strategy of obstruction and delay.

      Mr. Giuliani should have to proceed now subject to a *court order* to respond, not just a subpoena issued by Plaintiffs. That way, Defendant's compliance may be enforced by means of appropriate sanctions, including but not limited to adverse inferences under Rule 37.

### III. Conclusion

      The Court should enter an order compelling Defendant and the Giuliani Entities to produce complete responses to the information subpoenas within three days of the Court's order. The Court should similarly compel Defendant and the Giuliani Entities to respond and make productions in response to Plaintiffs' forthcoming document requests in the miscellaneous enforcement proceeding subject to a court order enforceable under Rule 37.

                                                    Respectfully submitted,

                                                    s/ Aaron E. Nathan