UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

                Plaintiffs,

v.

RUDOLPH W. GIULIANI,

                Defendant.

No. 24-mc-353 (LJL)

**[PROPOSED] ORDER**

Having reviewed the parties' letters at ECF Nos. 63, 64, and 66, and following the Court's discussion with the parties on the record at the conference held October 28, 2024, and the parties having submitted a revised proposed order consistent with that discussion, it is hereby ORDERED as follows:

1. Decision on Plaintiffs' motion for appointment of a receiver and for inclusion of Defendant's interest in the condominium apartment located at 315 South Lake Drive, Apartment 5D, Palm Beach, Florida, (the "Palm Beach Condo"), among the property subject to the receivership established by ECF No. 62 (the "Receivership Order"), is deferred pending entry of final judgment in *Freeman v. Giuliani*, No. 24-cv-6563 (S.D.N.Y.) (the "Homestead Action").

2. It is further ORDERED, pending disposition of Plaintiffs' motion for appointment of a receiver over Defendant's interest in the Palm Beach Condo, as follows:

    a. Defendant shall be permitted to reside in the Palm Beach Condo, but Defendant shall have no right to and is hereby ENJOINED that he shall not sell, dispose of, transfer, will, lease, assign, sub-lease, encumber, or grant any right of

tenancy or occupation of any kind, contingent or otherwise, to any person or entity, or attempt to do any of the foregoing, or take any action that would diminish the value of the Palm Beach Condo. Defendant shall vacate and surrender occupancy and possession of the Palm Beach Condo to Plaintiffs, subject to the terms of the Receivership Order, on a date to be fixed by the Court, after any entry of an order including the Palm Beach Condo among the property subject to the Receivership Order.

b. At all times prior to any surrender of possession under subparagraph 2(a), Defendant shall cause all applicable maintenance fees, taxes, insurance premiums, and other ordinary and necessary expenses associated with the Palm Beach Condo to be paid in full out of assets that are otherwise exempt from execution under CPLR § 5205. Defendant shall cause adequate insurance policies to be in force with respect to the Palm Beach Condo at all times. While this subparagraph 2(b) is in effect, on or before the 10th day of each calendar month, Defendant shall serve on Plaintiffs via email to Plaintiffs' counsel written documentation demonstrating that all such fees, taxes, premiums, and other expenses are paid in full, including documentary evidence (i) of the most recent such payments, (ii) of the source of such payments, (iii) of the outstanding balances due as to each category, and (iv) that adequate insurance policies remain in force and are paid in full out of exempt funds as provided in this subparagraph.

c. At all times prior to entry of an order including the Palm Beach Condo among the property subject to the Receivership Order, any and all persons claiming

any interest in or any interest relating to the Palm Beach Condo, including Defendant and his agents and any person or entity acting in concert with him, are ENJOINED (1) from commencing any action or proceeding against the Receivers or with respect to the Palm Beach Condo in any forum, (2) from taking any action to interfere with, impede, or frustrate to any extent this Court's jurisdiction to determine any party's rights in the Palm Beach Condo or the validity of Defendant's claimed homestead exemption. As noted on the record at the October 28, 2024 conference, this subparagraph shall be without prejudice to Defendant's contentions, raised in Defendant's cross-motion for summary judgment in the Homestead Action, that the Court should abstain under the *Burford* doctrine or should, in its discretion under the Declaratory Judgment Act, decline to exercise its jurisdiction.

SO ORDERED.

Dated: October __, 2024
New York, New York

                                                              Hon. Lewis J. Liman
                                                              United States District Judge