# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

> Petitioners are to make a status report on Monday, November 4, 2024. Absent written notice that all ordered property has been turned over, the Court will hold a telephonic status conference on Thursday, November 7, 2024, at 12 p.m. Parties are directed to dial into the Court's teleconference number at 888-251-2909, Access Code 2123101, and follow the necessary prompts.
>
> October 31, 2024
>
> SO ORDERED.
>
> /s/ Lewis J. Liman
> LEWIS J. LIMAN
> United States District Judge

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Freeman et al. v. Giuliani</u>, No. 24-mc-353 (LJL)

Dear Judge Liman,

    Plaintiffs and Receivers Ruby Freeman and Wandrea' ArShaye Moss respectfully submit this letter in response to Defendant's letter of October 29, 2024 (ECF No. 68), to update the Court and clarify the record.

    Since entry of the Court's Turnover and Receivership Order on October 22, 2024 (ECF No. 62), Receivers and their counsel have been working diligently to make appropriate preparations to take custody of, and store, the receivership property pursuant to the terms of the receivership order. Receivers' counsel heard from Defendant's counsel about this matter for the first time by email in the morning of October 29, 2024. As Defendant's counsel stated in his letter, in that email Defendant's counsel reported that Defendant was "ready to make the turnovers." ECF No. 68.

    Since Defendant's counsel filed their letter, Receivers and their counsel have continued their preparations to take possession of the receivership property, and those preparations are now substantially complete. In the interest of correcting the record and dispelling any misimpressions caused by Defendant's letter, Receivers provide the following update. Following the filing of that letter, and after several emails to Defendant's counsel inquiring about the location and status of certain receivership property went unanswered, Receivers' and Defendant's counsel spoke by telephone this morning. During that phone call, it became clear that Defendant's counsel was not "ready" to make any turnovers, and—contrary to their representation to the Court that certain physical property was being "held for delivery wherever Plaintiffs request, and/or to whomever Plaintiffs identify," ECF No. 68—Defendant's counsel could not even answer basic questions about the location of the receivership property, including the co-op shares and any particular items of physical property, or the amount of the cash accounts subject to turnover. Defendant's counsel repeated his suggestion, also included in his letter to the Court, that Receivers should prepare legal documents for the purpose of transferring title to certain property to the receivers. Receivers' counsel responded that they would do so as appropriate, in addition to taking physical possession of that property, but that this supposedly "obvious" approach did not account for any of the physical property for which title documents do not exist, and more importantly did not explain why Defendant's counsel could not confirm the location of *any* property as of this morning.

October 30, 2024
Page 2

      As of this writing, Receivers' and their counsel's preparations to take physical possession of the receivership property are substantially complete. Receivers have conveyed to Defendant's counsel wire instructions for the escrow account that will hold receivership funds pursuant to the terms of the receivership order, along with information about Receivers' plans to arrange for transportation and storage of the physical receivership property. Based on counsel's most recent conversations, it is Receivers' counsel's understanding that a representative of the moving and storage company retained by the Receivers will be provided access to the New York apartment tomorrow, accompanied by attorneys for the Receivers, for the purpose of assessing the moving and storage needs with respect to the receivership property contained in the apartment. If that does not proceed as indicated by Defendant's counsel, the Receivers will provide an additional report to the Court.

                                                   Respectfully submitted,

                                                   s/ Aaron E. Nathan