# EXHIBIT A

# Nathan, Aaron E.

| | |
|---|---|
| **From:** | Nathan, Aaron E. |
| **Sent:** | Friday, November 1, 2024 5:40 PM |
| **To:** | David Labkowski |
| **Cc:** | Kenneth Caruso; Gottlieb, Michael; Governski, Meryl Conant; Rachel Goodman; Brittany Williams; John Langford; Houghton-Larsen, M Annie; Sisco, Ciara |
| **Subject:** | RE: Freeman v. Giuliani, No. 24-mc-353 |

David, Ken, these responses are not remotely sufficient. It has now been days since you represented to the Court that the receivership property was being "held for delivery wherever Plaintiffs' request," and despite our repeated inquiries, you have yet to tell us where the vast majority of that property actually is. Below, you admit that even Mr. Giuliani does not know where the co-op shares or the proprietary lease is. We do not understand how you could have made that representation to the Court on Tuesday and be unable to answer these basic questions despite our repeated inquiries since then.

I am not going to address your comments below line by line. I would ask that you review the requests we sent you yesterday and respond to them fully. To summarize some highlights of requests you have ignored, we require a complete inventory of all receivership property, including itemized descriptions and their location. We need to know where the property from the New York apartment was taken and when—if to multiple locations, we need details about exactly what was taken where. (If you are unwilling to accept our "suggestion" that the apartment has been substantially cleared out, we have photographs that we can file with the Court that would remove all doubt, and notwithstanding your "understanding" that the restraining notice was not violated, we will come to a conclusion about whether Mr. Giuliani's conduct constituted "interference" with the restrained property after we have learned all the facts.) For the storage facility at Ronkonkoma, we need you to tell us what is there, and produce immediately any inventory detailing the items stored there, whether Mr. Giuliani has that in his records or needs to request it from the storage facility. The contact you gave us at the storage facility, Mr. Verlander, has not picked up the phone today despite several attempts.

Again, this is a summary of outstanding issues and I refer you to my more specific requests below. Be in touch promptly.

**Aaron E. Nathan**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8904 | Fax: +1 212 728 8111
anathan@willkie.com | vCard | www.willkie.com bio

---

**From:** David Labkowski <david@labkowskilaw.com>
**Sent:** Friday, November 1, 2024 3:24 PM
**To:** Nathan, Aaron E. <ANathan@willkie.com>
**Cc:** Kenneth Caruso <ken.caruso@kennethcarusolaw.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; Rachel Goodman <rachel.goodman@protectdemocracy.org>; Brittany Williams <brittany.williams@protectdemocracy.org>; John Langford <john.langford@protectdemocracy.org>; Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>; Sisco, Ciara <CSisco@willkie.com>
**Subject:** Re: Freeman v. Giuliani, No. 24-mc-353

**\*\*\* EXTERNAL EMAIL \*\*\***

1

Aaron, responding to your email of yesterday afternoon, here is where I believe things stand:

1. <u>Property in storage in Ronkonkoma</u>.  We have contacted the storage company, copying you, and have given you the applicable contact information.  Let us know what else you need/want.
2. <u>Property in the NY apartment</u>.  You had access yesterday, and presumably have continued access.  With respect to your suggestion that property was removed from the apartment:  We have made inquiries; it is our understanding that no property was removed in violation of any restraining order.  We will be happy to meet and confer regarding your questions or concerns.
3. <u>The NY apartment itself</u>.  Mr. Giuliani does not know where the share certificates or the proprietary lease are.  We spoke with Cozen O'Connor (counsel to the Coop) today regarding this.  They advised us that per the Coop's ledger, the apartment is still owned by Judith and Rudolph Giuliani.  The Coop therefore asked us for a copy of the divorce decree, which gave Mr. Giuliani sole possession of the apartment.  We are working on this now.  Cozen advised us that they would draft the requisite paperwork to transfer the shares.  We will authorize you to deal with Cozen if you regard that as more efficient. We understand that an insurance policy for the property is active, and we are currently securing proof, which we will forward as soon as we have it. We explicitly told Cozen to let you, your team, and movers into the apartment, without any conditions.   Our client has assured us that neither he, Mr. Goodman, nor Ms. Ryan will enter the apartment.
4. <u>Automobile in Florida</u>.  As discussed earlier this week, we will have our client sign documents transferring title, and then give you the keys.
5. <u>Wristwatches</u>.  We understand that these items are in the Palm Beach Condo.  Let us know what arrangements you wish to make for their pick-up.
6. <u>Bank account (5812)</u>.  Given that you have a restraining notice on the Citibank account, and it is still frozen, we believe the best next step is for you to send Judge Liman's order to the bank and execute on it accordingly.  We don't think that Citibank will allow Mr. Giuliani to make wire transfers, given that the account is frozen.  However, on this issue, we are open to all suggestions.

Please let us know if you need/want to discuss further items.

David

On Fri, Nov 1, 2024 at 11:50 AM Nathan, Aaron E. <ANathan@willkie.com> wrote:

> Ken, David, we are still awaiting responses to each of the items listed below; you have provided us with contact information for a Mr. Verlander with an email address associated with "The America First Warehouse," and asked that he allow us access to whatever storage facility may be there, but we have received no other communications from you regarding the below. We need complete answers to all of the below questions and requests immediately, including the inventory of items stored at any storage unit, and the requested inventory of all receivership property by the end of the day.
>
> **Aaron E. Nathan**
> **Willkie Farr & Gallagher LLP**
> 787 Seventh Avenue | New York, NY 10019-6099
> Direct: +1 212 728 8904 | Fax: +1 212 728 8111
> anathan@willkie.com | vCard | www.willkie.com bio
>
> ---
>
> **From:** Kenneth Caruso <ken.caruso@kennethcarusolaw.com>
> **Sent:** Thursday, October 31, 2024 4:20 PM
> **To:** Nathan, Aaron E. <ANathan@willkie.com>; david@labkowskilaw.com
> **Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; Rachel

2

Goodman <rachel.goodman@protectdemocracy.org>; Brittany Williams <brittany.williams@protectdemocracy.org>; John Langford <john.langford@protectdemocracy.org>; Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>; Sisco, Ciara <CSisco@willkie.com>
**Subject:** Re: Freeman v. Giuliani, No. 24-mc-353

**\*\*\* EXTERNAL EMAIL \*\*\***

Aaron, I am tied up with a family obligation now and this evening. We will respond tomorrow. Thank you.

Get Outlook for iOS

---

**From:** Nathan, Aaron E. <ANathan@willkie.com>
**Sent:** Thursday, October 31, 2024 4:10:01 PM
**To:** Kenneth Caruso <ken.caruso@kennethcarusolaw.com>; david@labkowskilaw.com <david@labkowskilaw.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; Rachel Goodman <rachel.goodman@protectdemocracy.org>; Brittany Williams <brittany.williams@protectdemocracy.org>; John Langford <john.langford@protectdemocracy.org>; Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>; Sisco, Ciara <CSisco@willkie.com>
**Subject:** Freeman v. Giuliani, No. 24-mc-353

Ken, David:

As you know, our mover visited the New York apartment this morning, accompanied by two attorneys for the receivers. Upon arrival, we learned that no one had notified anyone at the apartment building (including the superintendent, door-man, or co-op lawyer) about our need for access. It took nearly two hours before we were able to access to the apartment. Moreover, you still have not informed us where the co-op shares, proprietary lease, or the keys are located, much less delivered them to the receivers. We expect confirmation by the end of the day about where those items are and how you plan to deliver them to the receivers.

We were surprised to find that the New York apartment has been almost entirely emptied out, including the vast majority of the furniture, art, and memorabilia removed from the rooms and walls. The property manager from Douglas Elliman, who accompanied us, stated that most of the apartments' contents were moved out approximately four weeks ago, with some additional items moved out more recently.

3

Given all that has transpired, we are surprised and concerned that you did not inform us that the receivership property in the apartment – which has been subject to a restraining notice since early August, subject to a pending turnover motion since August 30, and subject to a turnover/receivership order since October 22 – had been moved elsewhere. Based on public listing photographs of the apartment, we know that a significant portion of the valuable receivership property had previously been stored there, including art, sports memorabilia, expensive furniture, and surely more besides.

In light of the unannounced and unexplained disappearance of the property that had been in the New York apartment, we are now seriously concerned that Mr. Giuliani is not properly safeguarding property that now rightfully belongs to the receivership. And to this date, we have not been provided with any detailed information about where any of the movable receivership property is. Accordingly, we need the following answers and assurances immediately.

**By the end of the day:**

- Explain where the contents of the New York apartment were taken, the date of the move (or moves), and where the receivership property is as of today;
- Provide a copy of any inventory in Mr. Giuliani's possession or control detailing the contents of the storage unit in Ronkonkoma;
- Provide authorization to access to the storage unit in Ronkonkoma and inspect its contents, including by cc'ing the attorneys on this email and Jeff Morgan jmorgan@morganmanhattan.com, on a communication to individuals at the facility who can provide access, and authorizing Jeff Morgan and his employees to inspect and inventory the contents of the storage facility.  Our mover (Jeff or a representative of his company) and an attorney for the receivers will require access to the storage unit **tomorrow**, and your client must ensure that such access is granted without delay.  Further, we expect Mr. Giuliani to take all steps to ensure the receivership has ongoing access in order to take all of the property in the storage unit into possession at a date in the near future;
- Confirm the location of the co-op shares, proprietary lease and keys to the New York apartment and explain how you plan to deliver them to the receivers;
- Confirm that Mr. Giuliani's current homeowners' insurance policy is in effect, and provide proof of the same.  If there is no such policy, confirm that in writing and state when the most recent effective policy lapsed;
- Communicate to Mr. Giuliani that neither he nor anyone else (including Ted Goodman and Maria Ryan) are to enter the apartment without advanced permission from and being accompanied by the receivers or their representatives.  We will be instructing the co-op board and the managing agent to restrict access to the apartment absent express, advance permission from the receivers or their representatives.

**By the end of close of day tomorrow:**

- Provide a list of <u>all</u> property subject to the turnover and receivership order, identifying the property with specificity and identifying where it is currently located.

We are disappointed by Mr. Giuliani's continued lack of transparency and disclosure with respect to basic obligations under the turnover and receivership order. Moreover, your letter to the Court of October 29, 2024, representing that the receivership property was being "held for delivery wherever Plaintiffs' request" now appears all the more

4

misleading in light of the revelations of the past two days. It is now clear that – at best – you did not know where the relevant property was.

We reserve all rights, including with respect to property not discussed in this email. If Mr. Giuliani does not begin to provide full and transparent cooperation with the receivership, you can expect that we will seek prompt relief from the Court.

Thank you for your prompt attention.

**Aaron E. Nathan**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8904 | Fax: +1 212 728 8111
anathan@willkie.com | vCard | www.willkie.com bio

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

--

**David Labkowski**
Labkowski Law, P.A.
**P:** (786) 461-1340
**E:** david@labkowskilaw.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.