

VIA ECF

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Freeman et al. v. Giuliani*, No. 24-mc-353 (LJL)

Dear Judge Liman:

      Plaintiffs Ruby Freeman and Wandrea' ArShaye Moss respectfully move pursuant to Local Rule 7.1(d), Paragraph I(C) of the Court's Individual Rules and Practices, Federal Rule of Civil Procedure 69, and 26 U.S.C. § 7216 for an order authorizing them to serve on Mazars USA, LLP ("Mazars"), and authorizing Mazars to respond to, a Rule 45 subpoena in substantially the form attached hereto as Exhibit A (the "Mazars Subpoena") seeking any documents and communications relating to the four Yankees World Series rings subject to the claims of Intervenor-Defendant Andrew Giuliani ("Intervenor"). Specifically, the subpoena seeks any information in Mazars' possession relating to any gift-and-estate tax planning or filings in connection with Defendant's purported gift of the four World Series Rings to Intervenor.

      Counsel for Plaintiffs have conferred with counsel for Defendant, who requested a meet-and-confer. Plaintiffs asked what would be discussed at the meet-and-confer and whether Defendant would stipulate to the facts that the evidence produced in response to this subpoena would seek to establish. Specifically, Plaintiffs asked whether Defendant would stipulate that 1) at the time of the purported gift, the value of the rings, individually and collectively, exceeded any applicable annual gift-and-estate tax exclusion amount applicable the purported gift in tax year 2018, and 2) that no gift tax return was ever filed relating to the rings. Defendant declined to so stipulate, and Plaintiffs' counsel understands that Defendant intends to oppose this motion.



I.   Background

The World Series rings at issue were initially listed on Mr. Giuliani's bankruptcy schedules as property of the bankruptcy estate in his chapter 11 case, indicating that Mr. Giuliani understood the rings to have been his property as of the December 21, 2023 chapter 11 petition. *See* ECF No. 10-2 at 4. When proceedings commenced in this Court, Plaintiffs included the World Series rings among the property subject to their motion for turnover and receivership. *See* ECF No. 9.

On October 8, 2024, while that motion was pending, Intervenor moved to intervene to assert an interest in the rings, claiming that Defendant had gifted the rings to Intervenor on May 25, 2018. (ECF No. 52). Plaintiffs promptly served discovery requests (including a set of document requests that covered documents and communications relating to tax planning) on Intervenor on October 16, 2024, and Intervenor responded on October 27, producing a limited set of documents and nothing relating to any tax planning by himself or by Defendant. *See* Exhibit B.

As Defendant has previously acknowledged, Mazars served as his tax preparer through mid-2023. ECF No. 10-9 at 24:13–19.

II.   Argument

The Court should enter an order pursuant to 26 U.S.C. § 7216(b)(1)(B) authorizing service of the Mazars Subpoena and authorizing Mazars to respond. As is well-established, a court may order the disclosure of tax returns, pursuant to 26 U.S.C. 7216 (b)(1)(B). In a civil case, a court will order disclosure of tax returns where: (1) "the returns are relevant to the subject matter of the action" and (2) "there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *White v. County of Suffolk*, 2024 WL 2274450, at *3 n.9 (E.D.N.Y. May 20, 2024) (quoting *SEC v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985)); *Mangahas v. Eight Oranges Inc.*, 2022 WL 14106010, at *2 (S.D.N.Y. Oct. 24, 2022) (same).

As to the first factor, evidence relating to any tax planning surrounding that purported gift—or the lack of such evidence—would plainly be relevant to an assessment of whether the gift occurred as Intervenor (and now Mr. Giuliani) claim. In 2018, the year



of the purported gift, the annual gift and estate tax exclusion amount was $15,000 per donee; meanwhile, the lifetime exclusion amount had only just been raised—temporarily and only through January 1, 2026—from approximately $5.5 million to approximately $11 million.[1] Meanwhile, as far back as 2007, one public report estimated the value of the World Series rings as "collectively worth a minimum of $200,000,"[2] while another contemporaneous report stated that "reporters were told years ago that the 1998 ring by itself was worth $15,000."[3] Defendant's out-of-pocket cost for the rings was reported to have totaled $43,000;[4] even by that conservative estimate, a gift of the four rings would have exceeded the 2018 annual exclusion amount. Given Defendant's financial condition at the time of the purported gift, it would be natural to assume that he would have considered the tax consequences of such a gift and reported it appropriately to the IRS. Obtaining any records in Mazars' possession responsive to the attached subpoena will shed important light on the contemporaneous understanding of the parties to the purported gift and will be important to determining the validity of Intervenor's claim to the rings. *See, e.g.*, *SEC v. Rayat*, 2023 WL 1861498, at *2, *5 (S.D.N.Y. Feb. 9, 2023) (finding tax returns relevant where SEC was "entitled to information" about defendant's claim that certain stock transfers "were intended to be a gift . . . that reduced any corresponding tax burden.") (quotations omitted).

As to the second factor, the requested documents are not "otherwise readily obtainable." Defendant has resisted discovery into his financial condition at every turn. *See Freeman v. Giuliani*, 691 F. Supp. 3d 32, 54–62 (D.D.C. 2023). His belated, bare-bones response to an information subpoena served in connection with this matter did not even name Mazars as a potential custodian with "knowledge or information" concerning his assets, despite Mazars having served as his tax preparer until mid-2023. *Supra* at 2; *see* Exhibit C. In these circumstances, Plaintiffs should not be required to turn to Defendant for documents and communications that—if they exist—would surely be in the records of his tax preparer.[5]

---

[1] *See* Internal Revenue Service, *What's new – Estate and gift tax* (last accessed Nov. 6, 2024), https://www.irs.gov/businesses/small-businesses-self-employed/whats-new-estate-and-gift-tax.
[2] Wayne Barrett, *The Yankees' Clean-Up Man*, The Village Voice (May 1, 2007), https://www.villagevoice.com/the-yankees-clean-up-man/ (last accessed Nov. 6, 2024).
[3] Jim Dwyer, *The Rings of Giuliani*, The New York Times (May 12, 2007), https://www.nytimes.com/2007/05/12/nyregion/12about.html (last accessed Nov. 6, 2024).
[4] *Id.*
[5] Plaintiffs will also serve requests for production on Defendant to which such tax records would be responsive, but are entitled to third-party discovery in this instance because this evidence is calculated, in a sense, to prove a



III.     Conclusion

Plaintiffs respectfully request the Court enter an order pursuant to 26 U.S.C. § 7216(b)(1)(B) authorizing Plaintiffs to serve the proposed Mazars Subpoena and compelling the disclosure of materials responsive to the Mazars Subpoena.

Respectfully submitted,

s/ Rachel Goodman

Cc:    Rebecca Gelozin
       Peter Larkin
        Wilson Elser Moskowitz Edelman & Dicker LLP

       *Counsel to Mazars USA LLP*

---

negative: that there *was* no gift tax planning surrounding the rings, or that if there was such planning with respect to certain rings, there was not with respect to others. Accordingly, it will be important for Plaintiffs to be able to argue to the factfinder that neither Defendant, Intervenor, nor the third-party custodian who would have such records in fact *does* have any such records.