# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RUBY FREEMAN and WANDREA' MOSS,

                  Plaintiffs,

     -against-

RUDOLPH W. GIULIANI,                      No. 24-MC-353-LJL

                  Defendant,

     -and-

ANDREW H. GIULIANI,

                  Intervenor-Defendant.

---

**INTERVENOR-DEFENDANT ANDREW H. GIULIANI'S RESPONSES AND
OBJECTIONS TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, Intervenor-Defendant Andrew H. Giuliani ("Mr. Giuliani"), by and through his undersigned counsel, responds and, where appropriate, objects to Plaintiffs' First Set of Documents Requests, dated October 16, 2024 (collectively, the "Requests," and each individually, a "Request") as follows.

**NO WAIVER**

Mr. Giuliani submits these objections and responses subject to, without intending to waive, and expressly preserving, (a) objections to producing privileged documents or other materials; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Requests; (c) the right to object to the use of any produced materials at trial; and (d) the right to revise, correct, supplement, or clarify any of the responses therein.

-1-

If any privileged document or privileged information within a document is inadvertently produced, Mr. Giuliani does not waive or intend to waive any privilege pertaining to such document or information or to any other documents or information, and he reserves his rights to recall such document(s) produced through inadvertence.

The statement by Mr. Giuliani that he will search for relevant, non-privileged documents in response to a given Request is not an admission that such information or documents exist.

## GENERAL OBJECTIONS

Mr. Giuliani incorporates the following general objections ("General Objections") to each Request into each of the specific objections and responses set forth below. These General Objections are applicable to each and every one of Mr. Giuliani's responses to the Requests. Failure to repeat an objection in response to a specific document Request shall not be deemed a waiver of the objection. Further, when Mr. Giuliani specifically repeats one or more of these General Objections in response to a specific document Request, such specific response shall not be considered a waiver of these General Objections.

1.      Mr. Giuliani objects to the Requests to the extent Plaintiff's definitions and instructions attempt to obligate Mr. Giuliani to respond beyond the requirements of the Federal Rules of Civil Procedure.

2.      Mr. Giuliani objects to the Requests to the extent they seek or could be construed as seeking information and/or documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity. To the extent Mr. Giuliani may inadvertently disclose information that arguably may be protected from discovery under the attorney-client privilege, the work-product

doctrine, or any other applicable privilege, such inadvertent disclosure shall not constitute a waiver of any such privilege.

3.      Mr. Giuliani objects to the Requests to the extent they are overly broad, unduly burdensome, harassing, not relevant to Mr. Giuliani's acts and conduct or liabilities, and are not proportional to the needs of the case.  Mr. Giuliani further objects to the extent that the Requests require Mr. Giuliani to conduct an expansive, time-consuming, and costly review of thousands of documents and/or voluminous data beyond what is required by Rule 34(b)(2) of the Federal Rules of Civil Procedure.

4.      Mr. Giuliani objects to the Requests to the extent they are vague or ambiguous or require Mr. Giuliani to engage in conjecture or speculation as to their meaning.

5.      Mr. Giuliani objects to the Requests as overly broad and unduly burdensome to the extent they seek the production of categories of documents, including the production of "all documents and communications," beyond what is relevant or appropriate for production in connection with this case.

6.      Mr. Giuliani objects to the Requests to the extent they call for information or documents not in Mr. Giuliani's possession, custody, or control, or purport to require Mr. Giuliani to produce documents solely in the possession, custody, or control of other persons or entities or are publicly available.  Any documents produced in response to the Requests are being produced subject to all appropriate objections, including, but not limited to, objections concerning competency, relevancy, materiality, propriety, authenticity, and admissibility, which objections would require the exclusion of any statement or document if introduced in court.  All such objections are expressly reserved and may be raised at the time of any attempted introduction.

7.     Mr. Giuliani objects to the Requests as duplicative and unduly burdensome, to the extent any Request seeks information or documents previously produced to Plaintiffs in this or any related matter.

8.     Mr. Giuliani objects to the Requests to the extent that any of them utilize words or phrases that (i) assume facts not established; (ii) constitute, form, imply, require, or call for a legal conclusion; or (iii) incorporate a characterization based upon a legal conclusion.  Mr. Giuliani further objects generally to the Requests to the extent that any of them contain incomplete, inaccurate, or misleading descriptions or characterizations of facts, events, and pleadings underlying or relating to this action.  Any response by Mr. Giuliani does not constitute any agreement with, or acceptance of, any such assumptions, implications, conclusions, descriptions, or characterizations.

9.     The responses set forth below are made with the express reservation of rights to revise, correct, supplement, or clarify the responses as new facts are ascertained.  Subject to and without waiving these General Objections, and subject to and without waiving the specific objections noted below, Mr. Giuliani responds to the Requests in accordance with Mr. Giuliani's understanding of the fair meaning of those Requests.

10.     These responses are accurate to the best of Mr. Giuliani's knowledge, information, and belief as of this date.  Mr. Giuliani reserves the right to supplement, amend, revise, correct, add to, and/or clarify his responses to these Requests pursuant to Fed. R. Civ. P. 26(e).

## SPECIFIC RESPONSES AND OBJECTIONS

**DOCUMENT REQUEST NO. 1**

*All Documents and Communications about or including evidence on which You relied in Your Declaration to support that Mr. Rudolph W. Giuliani gifted You the 1996 World Series Ring.*

**RESPONSE TO DOCUMENT REQUEST NO. 1**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Mr. Giuliani objects to this Request as vague and ambiguous in its use of the phrase, "about or including evidence on which," which is undefined in the Requests and subject to multiple interpretations and meanings. Mr. Giuliani further objects to this Request on the grounds that it is overly broad, and is disproportional to the needs of the case, including because it purports to seek "all" documents and communications, irrespective of whether these are relevant to the claims or defenses in this case. Mr. Giuliani further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in the Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani will conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this Request, including a photograph dated May 26, 2018, identified in the Declaration, and a flight receipt of the same date.

**DOCUMENT REQUEST NO. 2**

*All Documents and Communications relating to the alleged transfer of the 1996 World Series Ring from Mr. Rudolph W. Giuliani to You.*

**RESPONSE TO REQUEST NO. 2**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Further, Mr. Giuliani specifically objects to this Request as vague and ambiguous with respect to the use of the word "transfer," which is undefined in the Requests and subject to multiple interpretations and meanings. Mr. Giuliani further objects to this Request on the grounds that it is overly broad, and is disproportional to the needs of the case, including because it purports to seek "all" documents and communications, irrespective of whether these are relevant to the claims or defenses in this case. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani will conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this Request, including a photograph dated May 26, 2018, identified in the Declaration, and a flight receipt of the same date.

-6-

**DOCUMENT REQUEST NO. 3**

*Documents and Communications relating to the location of and any storage of the 1996 World Series Ring.*

**RESPONSE TO REQUEST NO. 3**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani will conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control which are responsive to this Request, including photographs dated May 8, 2019.

**DOCUMENT REQUEST NO. 4**

*Documents and Communications relating to any insurance coverage for the 1996 World Series Ring, including but not limited to documents sufficient to show the identity of the payer of such insurance coverage.*

**RESPONSE TO REQUEST NO. 4**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents responsive to this Request.  Because discovery is ongoing, Mr. Giuliani reserves the right to supplement or revise this response as necessary.

**DOCUMENT REQUEST NO. 5**

*Documents and Communications relating to any gift tax return filed related to the 1996 World Series Ring.*

**RESPONSE TO REQUEST NO. 5**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Further, Mr. Giuliani specifically objects to this Request as vague and ambiguous with respect to the use of the phrase "gift tax return," which is undefined in the Requests and subject to multiple interpretations and meanings.  Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents responsive to this Request.  Because discovery is ongoing, Mr. Giuliani reserves the right to supplement or revise this response as necessary.

**DOCUMENT REQUEST NO. 6**

*Documents and Communications relating to Mr. Rudolph W. Giuliani maintaining or regaining possession, custody, or control—including but not limited to temporary possession, custody, or control—of the 1996 World Series Ring, after May 26, 2018.*

**RESPONSE TO REQUEST NO. 6**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections.  Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani will conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control which are responsive to this Request, including photographs dated May 8, 2019.

**DOCUMENT REQUEST NO. 7**

*All Documents and Communications about or including evidence on which You relied in Your Declaration to support that Mr. Rudolph W. Giuliani gifted You the 1998 World Series Ring.*

**RESPONSE TO REQUEST NO. 7**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections.  Mr. Giuliani objects to this Request as vague and ambiguous in its use of the phrase, "about or including evidence on which," which is undefined in the Requests and subject to multiple interpretations and meanings.  Mr. Giuliani further objects to this Request on the grounds that it is overly broad, and is disproportional to the needs of the case, including because it purports to seek "all" documents and communications irrespective of whether these are relevant to the claims or defenses in this case.  Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that

can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani will conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control which are responsive to this Request, including a photograph dated May 26, 2018, identified in the Declaration, and a flight receipt of the same date.

**DOCUMENT REQUEST NO. 8**

*All Documents and Communications relating to the alleged transfer of the 1998 World Series Ring from Mr. Rudolph W. Giuliani to You.*

**RESPONSE TO REQUEST NO. 8**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Mr. Giuliani objects to this Request on the grounds that it is overly broad, and is disproportional to the needs of the case, including because it purports to seek "all" documents and communications irrespective of whether those documents are relevant to the claims or defenses in this case. Further, Mr. Giuliani specifically objects to this Request as vague and ambiguous with respect to the use of the "transfer," which is undefined in the Requests and subject to multiple interpretations and meanings. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani will conduct a reasonable search for and produce responsive, non-privileged documents in his possession,

custody, or control that are responsive to this Request, including a photograph dated May 26, 2018, identified in the Declaration, and a flight receipt of the same date.

**DOCUMENT REQUEST NO. 9**

*Documents and Communications relating the location of and any storage of the 1998 World Series Ring.*

**RESPONSE TO REQUEST NO. 9**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents responsive to this Request. Because discovery is ongoing, Mr. Giuliani reserves the right to supplement or revise this response as necessary.

**DOCUMENT REQUEST NO. 10**

*Documents and Communications relating to any insurance coverage for the 1998 World Series Ring, including but not limited to documents sufficient to show the identity of the payer of such insurance coverage.*

**RESPONSE TO REQUEST NO. 10**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily

obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs'
possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following
a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents
responsive to this Request. Because discovery is ongoing, Mr. Giuliani reserves the right to
supplement or revise this response as necessary.

**DOCUMENT REQUEST NO. 11**

*Documents and Communications relating to any gift tax return filed related to the 1998
World Series Ring.*

**RESPONSE TO REQUEST NO. 11**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections.
Further, Mr. Giuliani specifically objects to this Request as vague and ambiguous with respect to
the use of the phrase "gift tax return," which is undefined in the Requests and subject to multiple
interpretations and meanings. Mr. Giuliani further objects to this Request to the extent it seeks
documents that are not in his possession, custody, or control; are unnecessarily duplicative of
documents that can be more easily obtained from a more convenient or less burdensome source;
and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following
a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents
responsive to this Request. Because discovery is ongoing, Mr. Giuliani reserves the right to
supplement or revise this response as necessary.

**DOCUMENT REQUEST NO. 12**

*Documents and Communications relating to Mr. Rudolph W. Giuliani or any other person maintaining or regaining possession, custody, or control—including but not limited to temporary possession, custody, or control—of the 1998 World Series Ring, after May 26, 2018.*

**RESPONSE TO REQUEST NO. 12**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections.  Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents responsive to this Request.  Because discovery is ongoing, Mr. Giuliani reserves the right to supplement or revise this response as necessary.

**DOCUMENT REQUEST NO. 13**

*All Documents and Communications about or including evidence on which You relied in Your Declaration to support that Mr. Rudolph W. Giuliani gifted You the 1999 World Series Ring.*

**RESPONSE TO REQUEST NO. 13**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections.  Mr. Giuliani objects to this Request as vague and ambiguous in its use of the phrase, "about or including evidence on which," which is undefined in the Requests and subject to multiple interpretations and meanings.  Mr. Giuliani further objects to this Request on the grounds that it is overly broad, and is disproportional to the needs of the case, including because it purports to seek

"all" documents and communications, irrespective of whether these are relevant to the claims or defenses in this case. Mr. Giuliani further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in the Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani will conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control which are responsive to this Request, including a photograph dated May 26, 2018, identified in the Declaration, and a flight receipt of the same date.

**DOCUMENT REQUEST NO. 14**

*All Documents and Communications relating to the alleged transfer of the 1999 World Series Ring from Mr. Rudolph W. Giuliani to You.*

**RESPONSE TO REQUEST NO. 14**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Further, Mr. Giuliani specifically objects to this Request as vague and ambiguous with respect to the use of the word "transfer," which is undefined in the Requests and subject to multiple interpretations and meanings. Mr. Giuliani further objects to this Request on the grounds that it is overly broad, and is disproportional to the needs of the case, including because it purports to seek "all" documents and communications, irrespective of whether these are relevant to the claims or defenses in this case. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that

can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani will conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this Request, including a photograph dated May 26, 2018, identified in the Declaration, and a flight receipt of the same date

**DOCUMENT REQUEST NO. 15**

*Documents and Communications relating to the location of and any storage of the 1999 World Series Ring.*

**RESPONSE TO REQUEST NO. 15**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents responsive to this Request. Because discovery is ongoing, Mr. Giuliani reserves the right to supplement or revise this response as necessary.

**DOCUMENT REQUEST NO. 16**

*Documents and Communications relating to any insurance coverage of the 1999 World Series Ring, including but not limited to documents sufficient to show the identity of the payer of such insurance coverage.*

**RESPONSE TO REQUEST NO. 16**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections.  Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents responsive to this Request.  Because discovery is ongoing, Mr. Giuliani reserves the right to supplement or revise this response as necessary.

**DOCUMENT REQUEST NO. 17**

*Documents and Communications relating to any gift tax return filed related to the 1999 World Series Ring.*

**RESPONSE TO REQUEST NO. 17**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Further, Mr. Giuliani specifically objects to this Request as vague and ambiguous with respect to the use of the phrase "gift tax return," which is undefined in the Requests and subject to multiple interpretations and meanings.  Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents

responsive to this Request.  Because discovery is ongoing, Mr. Giuliani reserves the right to supplement or revise this response as necessary.

**DOCUMENT REQUEST NO. 18**

*Documents and Communications relating to Mr. Rudolph W. Giuliani or any other person maintaining or regaining possession, custody, or control—including but not limited to temporary possession, custody, or control—of the 1999 World Series Ring, after May 26, 2018.*

**RESPONSE TO REQUEST NO. 18**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections.  Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents responsive to this Request.  Because discovery is ongoing, Mr. Giuliani reserves the right to supplement or revise this response as necessary.

**DOCUMENT REQUEST NO. 19**

*All Documents and Communications about or including evidence on which You relied in Your Declaration to support that Mr. Rudolph W. Giuliani gifted You the 2000 World Series Ring.*

**RESPONSE TO REQUEST NO. 19**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections.  Mr. Giuliani objects to this Request as vague and ambiguous in its use of the phrase, "about or including evidence on which," which is undefined in the Requests and subject to multiple

interpretations and meanings. Mr. Giuliani further objects to this Request on the grounds that it is overly broad, and is disproportional to the needs of the case, including because it purports to seek "all" documents and communications, irrespective of whether these are relevant to the claims or defenses in this case. Mr. Giuliani further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in the Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani will conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control which are responsive to this Request, including a photograph dated May 26, 2018, identified in the Declaration, and a flight receipt of the same date.

**DOCUMENT REQUEST NO. 20**

*All Documents and Communications relating to the alleged transfer of the 2000 World Series Ring from Mr. Rudolph W. Giuliani to You.*

**RESPONSE TO REQUEST NO. 20**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Further, Mr. Giuliani specifically objects to this Request as vague and ambiguous with respect to the use of the word "transfer," which is undefined in the Requests and subject to multiple interpretations and meanings. Mr. Giuliani further objects to this Request on the grounds that it is overly broad, and is disproportional to the needs of the case, including because it purports to seek "all" documents and communications, irrespective of whether these are relevant to the claims or

defenses in this case.  Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani will conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this Request, including a photograph dated May 26, 2018, identified in the Declaration, and a flight receipt of the same date.

**DOCUMENT REQUEST NO. 21**

*Documents and Communications relating to the location of and any storage of the 2000 World Series Ring.*

**RESPONSE TO REQUEST NO. 21**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections.  Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents responsive to this Request.  Because discovery is ongoing, Mr. Giuliani reserves the right to supplement or revise this response as necessary.

**DOCUMENT REQUEST NO. 22**

*Documents and Communications relating to any insurance coverage for the 2000 World Series Ring, including but not limited to documents sufficient to show the identity of the payer of such insurance coverage.*

**RESPONSE TO REQUEST NO. 22**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents responsive to this Request. Because discovery is ongoing, Mr. Giuliani reserves the right to supplement or revise this response as necessary.

**DOCUMENT REQUEST NO. 23**

*Documents and Communications relating to any gift tax return filed related to the 2000 World Series Ring.*

**RESPONSE TO REQUEST NO. 23**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Further, Mr. Giuliani specifically objects to this Request as vague and ambiguous with respect to the use of the phrase "gift tax return," which is undefined in the Requests and subject to multiple interpretations and meanings. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of

documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents responsive to this Request. Because discovery is ongoing, Mr. Giuliani reserves the right to supplement or revise this response as necessary.

**DOCUMENT REQUEST NO. 24**

*Documents and Communications relating to Mr. Rudolph W. Giuliani maintaining or regaining possession, custody, or control—including but not limited to temporary possession, custody, or control—of the 2000 World Series Ring, after May 26, 2018.*

**RESPONSE TO REQUEST NO. 24**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents responsive to this Request. Because discovery is ongoing, Mr. Giuliani reserves the right to supplement or revise this response as necessary.

**DOCUMENT REQUEST NO. 25**

*All Documents and Communications relating to Mr. Rudolph W. Giuliani's Schedule A/B filed on January 26, 2024 in his Chapter 11 Bankruptcy proceedings, In re Giuliani, No. 23-12055-SHL (Bankr. S.D.N.Y. Jan. 26, 2024) ECF No. 70 at 2–8.*

**RESPONSE TO REQUEST NO. 25**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections.  Mr. Giuliani objects to this Request on the grounds that it is overly broad, and is disproportional to the needs of the case, including because it purports to seek "all" documents and communications, irrespective of whether these are relevant to the claims or defenses in this case.  Mr. Giuliani further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in the Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani will conduct a reasonable search for and produce responsive, non-privileged documents in his possession, custody, or control that are responsive to this Request, including text messages dated January 26 and 27, 2024.

**DOCUMENT REQUEST NO. 26**

*All Documents and Communications relating to Mr. Rudolph W. Giuliani's Schedule C filed on January 26, 2024 in his Chapter 11 Bankruptcy proceedings, In re Giuliani, No. 23-12055-SHL (Bankr. S.D.N.Y. Jan. 26, 2024) ECF No. 70 at 9–10.*

**RESPONSE TO REQUEST NO. 26**

Mr. Giuliani expressly incorporates by reference the above-stated General Objections. Mr. Giuliani objects to this Request on the grounds that it is overly broad, and is disproportional to the needs of the case, including because it purports to seek "all" documents and communications, irrespective of whether these are relevant to the claims or defenses in this case. Mr. Giuliani further objects to this Request insofar as it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Mr. Giuliani further objects to this Request to the extent it seeks documents that are not in his possession, custody, or control; are unnecessarily duplicative of documents that can be more easily obtained from a more convenient or less burdensome source; and/or are already in the Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Giuliani states that, following a reasonable search, Mr. Giuliani has concluded that he does not have non-privileged documents responsive to this Request. Because discovery is ongoing, Mr. Giuliani reserves the right to supplement or revise this response as necessary.

Dated: October 27, 2024

By:    Scott B. McBride
       Scott B. McBride
       **LOWENSTEIN SANDLER LLP**
       1251 Avenue of the Americas
       New York, New York 10020
       smcbride@lowenstein.com
       *Counsel for Intervenor-Defendant*
       *Andrew H. Giuliani*

-23-

## CERTIFICATE OF SERVICE

I certify that on October 27, 2024, I served a copy of the foregoing *Intervenor-Defendant Andrew H. Giuliani's Responses and Objections to Plaintiffs' First Set of Document Requests* via email to the following counsel of record:


        Aaron E. Nathan, Esq.
        Email: anathan@willkie.com
        *Attorney for Plaintiffs Ruby Freeman and Wandrea' Moss*


                              */s/ Scott B. McBride*
                              Scott B. McBride
                              *Counsel for Intervenor-Defendant*
                              *Andrew H. Giuliani*