UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUBY FREEMAN and WANDREA' MOSS,

                Plaintiffs,

v.

RUDOLPH W. GIULIANI,

                Defendant.

No. 24-mc-00353-LJL

---

**[PROPOSED] STIPULATED PROTECTIVE ORDER
CONCERNING MAZARS MATERIAL**

IT IS HEREBY STIPULATED AND AGREED by and between Parties to this Action that:

WHEREAS, the Parties hereto are engaged in discovery under Rule 26 of the Federal Rules of Civil Procedure, in which they will obtain from each Party and Third Parties documents and information, some of which are or will be deemed by Parties as containing confidential or proprietary commercial and business information; and

WHEREAS, the Parties have agreed that documents responsive to a pending Rule 45 Subpoena to be served by Plaintiffs on Mazars USA LLP ("Mazars") are highly likely to contain such confidential information;

THEREFORE, IT IS HEREBY STIPULATED BY THE PARTIES, ACTING THROUGH THEIR UNDERSIGNED COUNSEL that a Protective Order shall be entered concerning documents and information produced by Mazars as follows:

1.    This Order is being entered into to facilitate the production, exchange, and discovery of documents, tangible things, discovery responses, deposition testimony and information, including testimony related to documents and information (hereinafter "Discovery Material").

2. Documents and information produced by Mazars in the above-captioned action are likely to include confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

3. As used herein:

a. "Plaintiffs" shall mean plaintiffs Ruby Freeman and Wandrea' Moss in the above-captioned action.

b. "Defendant" shall mean defendant Rudolph W. Giuliani in the above-captioned cation.

c. "Party" shall mean any named party to this action, including Intervenor Andrew Giuliani.

d. "Producing Party" shall mean the Parties to this action and/or any Third Parties producing Confidential Information or Highly Confidential Information – Attorneys' Eyes Only, or the Party asserting the confidentiality privilege, as the case may be.

e. "Receiving Party" shall mean the Parties to this action and/or any Third Party receiving Confidential Information or Highly Confidential Information – Attorneys' Eyes Only.

f. "Third Party" shall mean any Third Party, natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

g. "Witness" shall mean any person called forth to provide testimony.

h. "Order" means this Stipulation and Order Governing the Production and Exchange of Mazars Material.

        i.      "Relating to" means, without limitation, referring to, having any relationship to, pertaining to, reflecting, evidencing, involving, describing, or constituting, whether directly or indirectly, in whole or in part, the subject matter of the particular request.

        j.      "This Stipulation" refers to this stipulated protective order as a whole.

        k.      The word "including" shall be without limitation.

        l.      "All" means any and all, and shall be construed to include the term "each," and "each" shall be construed to include the term "all."

        m.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

        n.      "Mazars" refers to Mazars USA LLP.

        o.      "Mazars Material" refers to any documents, communications, or information produced by Mazars in the above-captioned action.

4.      Except with the prior written consent of the Defendant or his counsel or by Order of the Court, no Mazars Material shall be furnished, shown, or disclosed to any person or entity except to:

        a.      Counsel for the Parties to the action and their associated attorneys, paralegals and other professional personnel (including support staff and outside and in-house vendors) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

        b.      The author of the Mazars Material or the original source of the entirety of the information contained therein, and any copied recipients thereof;

   c. Witnesses and their counsel, during the course of and, only to the extent necessary, in preparation for depositions or testimony in this Action only if (1) that Witness had previously received or seen the specific Mazars Material or previously had personal knowledge of the information in the Mazars Material independent of this Action; and (2) that Witness has executed a Declaration of Compliance in the form attached to this Protective Order as Exhibit A acknowledging that the deponent will treat Mazars Material as Highly Confidential Information – Attorneys' Eyes Only in accordance with the Protective Order and that the Witness agrees to be bound by the terms of this Protective Order, or the Witness shall agree on the record to be bound by the terms of this Protective Order, and the Declaration of Compliance attached hereto as Exhibit A. If a Witness refuses both options, the deposition may cease and the Parties should file any necessary motions with the Court, or the Parties may agree to continue the deposition on terms agreeable to all Parties.

   d. Retained experts and expert consultants assisting counsel for the Parties in this Action, and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, subject to the provisions of Paragraph 8 below;

   e. The Court and its staff and administrative personnel, and Court reporters, videographers and stenographers employed to take depositions, and any essential personnel retained by the Court; and

  5. Mazars Material produced in this action, shall be utilized solely for purposes of investigating claims relating to, and litigating, the action and for no other purposes

  6. Should the need arise for any of the Parties to disclose Mazars Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such

Party may do so only after taking such steps as the Court, upon motion of any party, shall deem necessary to preserve the confidentiality of such Mazars Material.

7. No Witness may be shown any Mazars Material unless he or she is entitled to receive or review such material under the provisions of Paragraph 5, or unless otherwise agreed by counsel for Defendant.

8. Any Party who seeks to file any Mazars Material with the Court, and any pleading, brief or memorandum which reproduces or discloses Mazars Material, will file any Mazars Material information consistent with Paragraph 2(H) of this Court's Individual Practices in Civil Cases Rule.

9. Any person receiving Mazars Material shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

10. Nothing in this Order shall prevent Plaintiffs from publicly disclosing without redaction the absence from the Mazars production of any category or type of document or record, including (by way of example but without limitation) that there are no gift tax returns relating to a particular purported gift.

11. The provisions of this Order shall, absent written permission of the Defendant or further order of the Court, continue to be binding throughout and after the conclusion of this Action, including without limitation any appeals in this Action except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Order in whole or in part.

12. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Action, including the exhaustion of all permissible appeals, all

persons and entities having received Mazars Material, shall either make a good faith effort to destroy all such Mazars Material and copies thereof. Outside counsel for the Parties shall be entitled to retain all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Mazars Material by any Party), provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Mazars Material contained or referenced in such materials to any person except pursuant to court order or agreement with the Designating Party. All Mazars Material, if any, returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph. This Court shall have continuing jurisdiction to enforce the terms of this Protective Order.

    13. If any Party is: (a) subpoenaed in or (b) served with a demand in another action, or (c) served with any other legal process by a person who is not a Party to this Action seeking Mazars Material, the Party so served shall give actual written notice, by email to counsel for Defendant, within five (5) business days of receipt of such subpoena, demand, or legal process, to the Defendant. The Party served with such process shall not produce any of the Mazars Material, until the Defendant gives notice of his consent to production, or opposes production of its Mazars Material, and has had a reasonable opportunity to object to the production. Defendant shall be solely responsible for asserting any objection to the requested production. Nothing in this paragraph shall be construed as requiring Plaintiffs or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Mazars Material covered by this Protective Order, or to subject such person to any penalties for non-compliance with any legal process or order, or to seek any relief from this or any Court. Nothing in this paragraph applies to subpoenas issued by law enforcement, in which case notification is not required.

14. This Order shall not be interpreted in a manner that would violate any applicable canons of ethics or rules of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

15. This Order may be modified by further order of the Court, and is entered without prejudice to the rights of a Party to move for relief from, or modification of, any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: November 8, 2024

| | |
|---|---|
| s/ Rachel Goodman<br>Rachel Goodman<br>United to Protect Democracy<br>82 Nassau Street, #601<br>New York, NY 10038<br>(202) 579-4582<br>rachel.goodman@protectdemocracy.org<br><br>*Counsel for Plaintiffs* | s/ Kenneth A. Caruso<br>Kenneth A. Caruso<br>KENNETH CARUSO LAW LLC<br>15 W. 72nd Street<br>New York, NY 10023<br>(646) 599-4790<br>ken.caruso@kennethcarusolaw.com<br><br>s/ David Labkowski<br>David Labkowski<br>LABKOWSKI LAW, P.A.<br>250 95th Street, Unit #547233<br>Surfside, Florida 33154<br>(786) 461-1340<br>david@labkowskilaw.com<br><br>*Counsel for Defendant* |

SO ORDERED.

Dated: November __, 2024        _____
    New York, New York            Hon. Lewis J. Liman
                                  United States District Judge