# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>    Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>    Defendant. | No. 24-mc-353<br><br>**INFORMATION SUBPOENA<br>WITH RESTRAINING NOTICE<br>PURSUANT TO CPLR §§ 5222 AND 5224** |

To:   Corporate Transfer and Storage, Inc.
      c/o Joseph Verderber
      90 13th Avenue, Unit 4
      Ronkonkoma, NY 11779

**WHEREAS**, on December 18, 2023, in an action in the United States District Court for the District of Columbia, between Ruby Freeman and Wandrea' ArShaye Moss, plaintiffs ("Judgment Creditors"), and Rudolph W. Giuliani, defendant ("Judgment Debtor"), a judgment (the "Judgment") was entered in favor of Ruby Freeman and Wandrea' ArShaye Moss against Rudolph W. Giuliani for the sum of $146,206,113.00 plus post-judgment interest, to wit: $145,969,000.00, together with interest at the rate of 5.01% per annum from December 18, 2023; $89,172.50, together with interest at the rate of 5.33% per annum from July 25, 2023; $43,684.00, together with interest at the rate of 5.42% per annum from September 20, 2023; and $104,256.50, together with interest at the rate of 5.46% per annum from October 6, 2023;

**WHEREAS,** the sum of $146,206,113.00 and interest is still due to satisfy that Judgment;

**WHEREAS,** a certified copy of the Judgment was registered in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1963 which provides that a "judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner";

1

**WHEREAS,** the provisions of Article 52 of the New York Civil Practice Law and Rules ("CPLR") are applicable to the above-captioned proceeding pursuant to Federal Rule of Civil Procedure 69(a);

**NOW, THEREFORE WE COMMAND YOU**, pursuant to CPLR 5224(a)(3), that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying the subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original questions within 7 days of your receipt of the questions and this subpoena.

**TAKE FURTHER NOTICE,** that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

## CPLR 5224(a)(3)(i) Certification

I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

*[Signature Page Follows]*

Dated: November 8, 2024
New York, New York

John Langford
Rachel Goodman
UNITED TO PROTECT DEMOCRACY
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Von DuBose
DUBOSE MILLER LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
dubose@dubosemiller.com

/s/ Aaron E. Nathan

Aaron E. Nathan
M. Annie Houghton-Larsen
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
anathan@willkie.com
mhoughton-larsen@willkie.com

Michael J. Gottlieb
Meryl C. Governski
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

3

## RESTRAINING NOTICE

**WHEREAS,** you may be in possession of property in which the Judgment Debtor has an interest;

**TAKE NOTICE**, that, pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such property, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated; and

**TAKE FURTHER NOTICE**, that this restraining notice covers **ALL PROPERTY** in your possession or custody in which you know or have reason to believe the judgment debtor has an interest, and all such property hereafter coming into your custody or possession, and all debts due from you to the judgment debtor and hereafter coming due from you to the judgment debtor; and

**TAKE FURTHER NOTICE,** that failure to comply with this restraining notice is punishable as a contempt of court.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in

4

subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

Dated: November 8, 2024
New York, New York

John Langford
Rachel Goodman
UNITED TO PROTECT DEMOCRACY
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Von DuBose
DUBOSE MILLER LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
dubose@dubosemiller.com

/s/ Aaron E. Nathan

Aaron E. Nathan
M. Annie Houghton-Larsen
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
anathan@willkie.com
mhoughton-larsen@willkie.com

Michael J. Gottlieb
Meryl C. Governski
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>                      Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>                      Defendant. | No. 24-mc-353<br><br>**QUESTIONS IN CONNECTION WITH INFORMATION SUBPOENA TO CORPORATE TRANSFER AND STORAGE, INC.** |

To:     Corporate Transfer and Storage, Inc.
         c/o Joseph Verderber
         90 13th Avenue, Unit 4
         Ronkonkoma, NY 11779

## INSTRUCTIONS

This information subpoena seeks information during the period beginning December 1, 2020 through the present, unless some other time period is specified in a particular request. For purposes of this information subpoena, the term "Judgment Debtor" means Rudolph W. Giuliani. The term "Giuliani Affiliated Entities" includes Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation, Standard USA LLC, and any other entity in which you have reason to believe the Judgment Debtor has an interest, including any trust established by the Judgment Debtor or for the Judgment Debtor's benefit. The term "Judgment Debtor Property" means any property in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest. The terms "you," "yourself," and "your" include you and any individual or entity acting on your behalf or in concert with you.

6

## **REQUESTS**

1.      Identify with specificity, in an itemized list, any and all Judgment Debtor Property in your possession, custody, or control, and the approximate value of such property.

2.      Identify with specificity the date that each item of Judgment Debtor Property was placed into your possession, custody, or control.

3.      Identify with specificity any documents related to any the terms and conditions of the storage of any Judgment Debtor Property in your possession, custody, or control.

4.      Identify with specificity the conditions of any storage of any Judgment Debtor Property in your possession, custody, or control.

5.      Identify with specificity the nature and amount of insurance on the storage of any Judgment Debtor Property in your possession, custody, or control.

6.      Identify with specificity the identity of the person or entity paying for the storage of any Judgment Debtor Property at your storage facility. Additionally, for all such payments, identify the (i) amounts transferred, (ii) the date of each transfer. Where the transfer was to or from an account at a bank, securities brokerage firm, or other financial institution, please set forth the name and address of the institution and the name and number on the account(s) from which and/or to which the transfer was made.

7.      List any and all gifts given to you by the Judgment Debtor and the approximate value of each of those gifts and the dates the gifts were received and the current location and ownership of those gifts.

8.      Identify any debt owed between you and the Judgment Debtor or any Giuliani Affiliated Entity or any other entity in which the Judgment Debtor or a Giuliani Affiliated Entity has an interest. For each such debt, state the amount of the debt, the entity or individual to which the debt is owed, the nature of the debt, whether the debt is secured and if so by what collateral,

7

and the terms of any agreement giving rise to the debt including: the interest rate, if any, the maturity date, if any, the repayment schedule, if any, and the amounts repaid, if any.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>　　　　　　　　　　Defendant. | No. 24-mc-353<br><br>**QUESTIONS IN CONNECTION WITH INFORMATION SUBPOENA TO CORPORATE TRANSFER AND STORAGE, INC.** |

To:   Corporate Transfer and Storage, Inc.
　　　c/o Joseph Verderber
　　　90 13th Avenue, Unit 4
　　　Ronkonkoma, NY 11779

## INSTRUCTIONS

This information subpoena seeks information during the period beginning December 1, 2020 through the present, unless some other time period is specified in a particular request. For purposes of this information subpoena, the term "Judgment Debtor" means Rudolph W. Giuliani. The term "Giuliani Affiliated Entities" includes Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation, Standard USA LLC, and any other entity in which you have reason to believe the Judgment Debtor has an interest, including any trust established by the Judgment Debtor or for the Judgment Debtor's benefit. The term "Judgment Debtor Property" means any property in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest. The terms "you," "yourself," and "your" include you and any individual or entity acting on your behalf or in concert with you.

6

## **REQUESTS**

1. Identify with specificity, in an itemized list, any and all Judgment Debtor Property in your possession, custody, or control, and the approximate value of such property.

2. Identify with specificity the date that each item of Judgment Debtor Property was placed into your possession, custody, or control.

3. Identify with specificity any documents related to any the terms and conditions of the storage of any Judgment Debtor Property in your possession, custody, or control.

4. Identify with specificity the conditions of any storage of any Judgment Debtor Property in your possession, custody, or control.

5. Identify with specificity the nature and amount of insurance on the storage of any Judgment Debtor Property in your possession, custody, or control.

6. Identify with specificity the identity of the person or entity paying for the storage of any Judgment Debtor Property at your storage facility. Additionally, for all such payments, identify the (i) amounts transferred, (ii) the date of each transfer. Where the transfer was to or from an account at a bank, securities brokerage firm, or other financial institution, please set forth the name and address of the institution and the name and number on the account(s) from which and/or to which the transfer was made.

7. List any and all gifts given to you by the Judgment Debtor and the approximate value of each of those gifts and the dates the gifts were received and the current location and ownership of those gifts.

8. Identify any debt owed between you and the Judgment Debtor or any Giuliani Affiliated Entity or any other entity in which the Judgment Debtor or a Giuliani Affiliated Entity has an interest. For each such debt, state the amount of the debt, the entity or individual to which the debt is owed, the nature of the debt, whether the debt is secured and if so by what collateral,

7

and the terms of any agreement giving rise to the debt including: the interest rate, if any, the maturity date, if any, the repayment schedule, if any, and the amounts repaid, if any.