# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>                              Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>                              Defendant. | No. 24-mc-353<br><br>**INFORMATION SUBPOENA<br>WITH RESTRAINING NOTICE<br>PURSUANT TO CPLR §§ 5222 AND 5224** |

To:    Maria Ryan
         418 Walnut Street
         Manchester, NH 03104-2543

**WHEREAS,** on December 18, 2023, in an action in the United States District Court for the District of Columbia, between Ruby Freeman and Wandrea' ArShaye Moss, plaintiffs ("Judgment Creditors"), and Rudolph W. Giuliani, defendant ("Judgment Debtor"), a judgment (the "Judgment") was entered in favor of Ruby Freeman and Wandrea' ArShaye Moss against Rudolph W. Giuliani for the sum of $146,206,113.00 plus post-judgment interest, to wit: $145,969,000.00, together with interest at the rate of 5.01% per annum from December 18, 2023; $89,172.50, together with interest at the rate of 5.33% per annum from July 25, 2023; $43,684.00, together with interest at the rate of 5.42% per annum from September 20, 2023; and $104,256.50, together with interest at the rate of 5.46% per annum from October 6, 2023;

**WHEREAS,** the sum of $146,206,113.00 and interest is still due to satisfy that Judgment;

**WHEREAS,** a certified copy of the Judgment was registered in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1963 which provides that a "judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner";

**WHEREAS,** the provisions of Article 52 of the New York Civil Practice Law and Rules ("CPLR") are applicable to the above-captioned proceeding pursuant to Federal Rule of Civil Procedure 69(a);

**NOW, THEREFORE WE COMMAND YOU,** pursuant to CPLR 5224(a)(3), that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying the subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original questions within 7 days of your receipt of the questions and this subpoena.

**TAKE FURTHER NOTICE,** that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

### CPLR 5224(a)(3)(i) Certification

I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

*[Signature Page Follows]*

Dated: August 5, 2024
New York, New York

John Langford
Rachel Goodman
UNITED TO PROTECT DEMOCRACY
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Von DuBose
DUBOSE MILLER LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
dubose@dubosemiller.com

Aaron E. Nathan
M. Annie Houghton-Larsen
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
anathan@willkie.com
mhoughton-larsen@willkie.com

Michael J. Gottlieb
Meryl C. Governski
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

3

## RESTRAINING NOTICE

**WHEREAS,** you may be in possession of property in which the Judgment Debtor has an interest;

**TAKE NOTICE,** that, pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such property, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated; and

**TAKE FURTHER NOTICE,** that this restraining notice covers **ALL PROPERTY** in your possession or custody in which you know or have reason to believe the judgment debtor has an interest, and all such property hereafter coming into your custody or possession, and all debts due from you to the judgment debtor and hereafter coming due from you to the judgment debtor; and

**TAKE FURTHER NOTICE,** that failure to comply with this restraining notice is punishable as a contempt of court.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in

4

subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

Dated: August 5, 2024
New York, New York

John Langford
Rachel Goodman
UNITED TO PROTECT DEMOCRACY
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Von DuBose
DUBOSE MILLER LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
dubose@dubosemiller.com

Aaron E. Nathan
M. Annie Houghton-Larsen
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
anathan@willkie.com
mhoughton-larsen@willkie.com

Michael J. Gottlieb
Meryl C. Governski
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>      Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>      Defendant. | No. 24-mc-353<br><br>**QUESTIONS IN CONNECTION WITH INFORMATION SUBPOENA TO MARIA RYAN** |

To: Maria Ryan
   418 Walnut Street
   Manchester, NH 03104-2543

## INSTRUCTIONS

This information subpoena seeks information during the period beginning December 1, 2020 through the present, unless some other time period is specified in a particular request. For purposes of this information subpoena, the term "Judgment Debtor" means Rudolph W. Giuliani. The term "Giuliani Affiliated Entities" includes Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation, and any other entity in which you have reason to believe the Judgment Debtor has an interest, including any trust established by the Judgment Debtor or for the Judgment Debtor's benefit. The terms "you," "yourself," and "your" include you and any individual or entity acting on your behalf or in concert with you.

## REQUESTS

1. State the amount of funds or property being held pursuant to the Restraining Notice served herewith.

6

2. Identify with specificity any property in your possession, custody, or control in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest, the nature of such interest, and the approximate value of such property.

3. Identify with specificity any financial accounts as to which you have ever shared ownership or control with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as trustee, as custodian, as nominee, as a beneficiary, and the dates that such ownership or control over such accounts was shared. As to each such account, list the financial institution at which the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

4. Other than any accounts specified in response to the preceding question, are you aware of any financial account in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest? Specify any such account, date the account was opened, the account number, the names of the signatories on the account, the amount on deposit, and the source of your knowledge of the foregoing information.

5. Are you aware of any interest of the Judgment Debtor, whether direct or indirect, in any corporation, partnership, company, or other entity, other than Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation? If so, state the nature of such interest and the source of your knowledge.

6. Are you aware of any trust either created or settled by the Judgment Debtor (or a Giuliani Affiliated Entity) or for the Judgment Debtor's benefit? If so, state the name of such trust, the name of all trustees, the date of creation, the law of organization, the location of the trust, the

nature and value of any trust property, and the location of any trust property including the financial institution or other custodian by whom such property is held.

7. Identify any transfer of money (including in the form of salary, consulting fees, profit distribution, or otherwise), leases, deeds, securities, intangibles, receivables, or other property from the Judgment Debtor or any Giuliani Affiliated Entity to you, including (i) the identity of the property transferred, (ii) where applicable, amounts transferred, (iii) the date of each transfer and (iv) the consideration, if any, given in exchange for each transfer. Where the transfer was to or from an account at a bank, securities brokerage firm, or other financial institution, please set forth the name and address of the institution and the name and number on the account(s) from which and/or to which the transfer was made.

8. List any and all gifts given to you by the Judgment Debtor and the approximate value of each of those gifts and the dates the gifts were received and the current location and ownership of those gifts.

9. Identify any debt owed by you to the Judgment Debtor or any Giuliani Affiliated Entity or any other entity in which the Judgment Debtor or a Giuliani Affiliated Entity has an interest. For each such debt, state the amount of the debt, the entity or individual to which the debt is owed, the nature of the debt, whether the debt is secured and if so by what collateral, and the terms of any agreement giving rise to the debt including: the interest rate, if any, the maturity date, if any, the repayment schedule, if any, and the amounts repaid, if any.

10. Do you have personal or professional access to any account in the name of the Judgment Debtor or any Giuliani Affiliated Entity, or any other entity in which the Judgment Debtor may have an interest, whether under the name of such entity, under a trade or corporate name, or in association with others? As to each such account, list the financial institution at which

the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

11. Have you ever received a statement of the financial condition of the Judgment Debtor or any Giuliani Affiliated Entity? What assets are disclosed therein (or in the alternative supply a copy thereof)?

12. Do you have documents relating to any other entity controlled by or established for the benefit of the Judgment Debtor including but not limited to a trust or a political action committee? What information is contained therein (or in the alternative supply a copy thereof)?

13. Identify with specificity any assets, including real or personal property, whether in the United States or any other country, you have ever shared with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as custodian, as nominee, or as a beneficiary, the dates those assets were shared, the reason the assets ceased being shared, and the disposition of those assets.

14. List any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts, whether in the United States or any other country, of the Judgment Debtor or any Giuliani Affiliated Entity contained in your records, including all accounts on which the Judgment Debtor is a signatory or authorized user. Set forth the names and addresses of all the individuals who assisted or participated in providing information for, or formulating responses to, this Information Subpoena.

15. Have you provided the Judgment Debtor with a benefit, monetary or non-monetary, worth in excess of $250? If so, please list the benefit, the date give, the reason given, and the approximate amount the benefit is worth.