# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel:  212 728 8000
Fax: 212 728 8111

November 14, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    _Freeman et al. v. Giuliani_, No. 24-mc-353 (LJL)

Dear Judge Liman,

Plaintiffs Ruby Freeman and Wandrea' Moss respectfully move pursuant to Local Rule 7.1(d), Paragraph I(C) of the Court's Individual Rules and Practices, and Federal Rules of Civil Procedure 69 and 37, for an order compelling Dr. Maria Ryan, Mr. Ted Goodman, and Mr. Ryan Medrano, (collectively, the "Subpoena Recipients") to provide complete responses to the information subpoenas, (collectively, the "Subpoenas") served on each of them.

Relevant procedural history and factual background of Plaintiffs' litigation against Mr. Giuliani and attempts to enforce their judgment against him are laid out in Plaintiffs' August 30, 2024 motion to enforce their judgment (ECF No. 9)[1] and Plaintiffs' Letter-Motion to Compel Mr. Giuliani and the Giuliani Entities. ECF. Nos. 69–70. Here, Plaintiffs recite only the facts relevant to this letter-motion.

**Dr. Ryan:** On August 5, 2024, Plaintiffs served Dr. Ryan with an information subpoena and restraining notice via certified mail, return receipt requested. Declaration of M. Annie Houghton-Larsen ("Houghton-Larsen Decl.") ¶¶3, 5, 8; Exs. 1; 3 at 3; 6. On August 16, 2024, eleven days after service, Dr. Ryan emailed Plaintiffs unsworn, handwritten responses. Houghton-Larsen Decl. ¶10, Ex. 8. In this response, Dr. Ryan provided no information to nine of the fifteen requests, responding only with "None" or "No." Ex. 8 ¶¶ 1–4, 6, 9, 12–14. Her responses to five of the remaining requests lacked specificity and required clarification.[2] Plaintiffs asked Dr. Ryan to supplement her responses to address the deficiencies and also to amend her responses in light of the newly-discovered information that Dr. Ryan started a company with Mr. Giuliani and Mr. Goodman, Standard USA LLC, on August 30, 2024. Houghton-Larsen Decl. ¶14, Ex. 12. As of the date of this filing, Plaintiffs have not received any response to that request or any other communication from Dr. Ryan. Houghton-Larsen Decl. ¶19.

---

[1] All references to ECF refer to the docket in this case, _Freeman et al. v. Giuliani_, No. 24-mc-353, unless stated otherwise.
[2] Ex. 9 ¶7 (omits amount, date, or origin of monetary transfer), ¶8 (omits date of transfer, current location, and ownership of listed gifts and includes question marks after 3 of 4 listed gifts), ¶¶ 10–11 (claims to have no access to Mr. Giuliani's bank accounts or statements about Mr. Giuliani's financial condition, despite admitting Dr. Ryan assisted with Mr. Giuliani's bankruptcy reports for 2 months);  ¶15 (omits date, reason, and value for "other things" purchased for Mr. Giuliani and omits date and approximate cost of Mr. Giuliani's heart medications).

November 14, 2024
Page 2

Dr. Ryan is highly-involved in Mr. Giuliani's business affairs and is in possession of significant information relevant to Mr. Giuliani's assets. Most recently, Plaintiffs learned that Mr. Giuliani has been storing a significant amount his property in a storage facility under Dr. Ryan's name. ECF. No. 106 at 2. She also "assisted or participated in providing information" in response to the information subpoena sent to Mr. Giuliani. Houghton-Larsen Decl. ¶17, Ex. 14 at ¶13. Additionally, in Mr. Giuliani's words: "Dr. Maria Ryan is my partner. She worked with Giuliani Communications and Giuliani Partners. She is the president of Giuliani Communications." *Freeman et al. v. Giuliani*, No. cv-03354 (D.D.C. June 16, 2023) ECF No. 65-4 at 38:15–19. As of August 30, 2024, Dr. Ryan also owns a portion of Mr. Giuliani's company, Standard USA LLC. ECF No. 91 at 5.

**Mr. Goodman:**    On August 5, 2024, Plaintiffs served Mr. Goodman with an information subpoena and restraining notice via certified mail, return receipt requested, at his address in Virginia. Houghton-Larsen Decl. ¶¶4–5, 7;  Exs. 2; 3 at 2–3; 5. On September 10, 2024—having received no response to the August 5 subpoena—Plaintiffs again served Mr. Goodman with the information subpoena and restraining notice, this time in person when Mr. Goodman personally delivered exemption claim forms to the offices of Plaintiffs' counsel in New York. Houghton-Larsen Decl. ¶12, Ex. 10. On November 6, 2024, Plaintiffs sent Mr. Goodman notice of his non-compliance with C.P.L.R. § 5224(a)(3) via email. Houghton-Larsen Decl. ¶15, Ex. 13. On November 7, 2024, following the status conference with this Court, Mr. Goodman confirmed to Plaintiffs' counsel that he received Plaintiffs' email and intended to respond. Houghton-Larsen Decl. ¶16. As of the date of this filing, Plaintiffs have not received any response from Mr. Goodman. Houghton-Larsen Decl. ¶20.

Mr. Goodman's central role in Mr. Giuliani's business, legal, and personal affairs is apparent from the record of this case. He "works for Giuliani Communications;" "he's the producer of *America's Mayor Live*;" and he serves as Mr. Giuliani's "spokesperson." ECF No. 10–9 at 20:1–5, 20:15–19. As of August 30, 2024, Mr. Goodman is also part owner of Mr. Giuliani's company, Standard USA LLC. ECF No. 91 at 5; 91-2 at 4.

**Mr. Medrano:** On August 14, 2024, Plaintiffs served Mr. Medrano with an information subpoena and restraining notice via certified mail, return receipt requested, at his address in Missouri. Houghton-Larsen Decl. ¶¶ 6, 9, 11; Exs. 4, 7, 9. When Plaintiffs did not receive any response, Plaintiffs sent a letter to Mr. Medrano's Missouri address reminding him of his obligation to respond. Houghton-Larsen Decl. ¶13, Ex. 11. Plaintiffs have not received any response as of the time of this filing. Houghton-Larsen Decl. ¶15.

Mr. Medrano possesses extensive knowledge regarding Mr. Giuliani's business and finances, as evidenced by the fact that he is the signatory for the responses to the information subpoenas directed at the Giuliani Entities.  Houghton-Larsen Decl. ¶18, Ex. 15 at 5, 10, 15, 20, 26, 31, 36. Additionally, Mr. Giuliani listed Mr. Medrano as a "person with knowledge or information concerning the nature, extent and location" of Mr. Giuliani assets in his Amended Information Subpoena Response. Houghton-Larsen Decl. ¶17, Ex. 14 at ¶13.

Each of Dr. Ryan, Mr. Goodman, and Mr. Medrano should be compelled to produce complete, sworn responses to the Subpoenas subject to an order of this Court. By failing to respond to the respective Subpoenas within seven days (or, in Dr. Ryan's case, by responding with incomplete, unsworn answers

November 14, 2024
Page 3

and without raising any objections), each of the Subpoena Recipients has therefore waived any objections. C.P.L.R. § 5224(a)(3). The Court should accordingly compel each of the Subpoena Recipients to comply with the requirements of C.P.L.R. § 5224(a)(3). *See* Fed. R. Civ. P. 37(a); *see, e.g.*, *Phoenix Bulk Carriers (BVI), Ltd. v. Triorient, LLC*, No. 20-CV-0936, 2021 WL 621226, at *3 (S.D.N.Y. Feb. 17, 2021); *see also Huber v. Arck Credit Co., LLC*, No. 12-CV-8175 (JMF), 2016 WL 482955, at *2, *4 (S.D.N.Y. Feb. 5, 2016) (ordering nonparty to provide "complete" responses to information subpoena after initially providing "insufficient responses").

Plaintiffs respectfully request that the Court enter an order compelling each of Dr. Ryan, Mr. Goodman, and Mr. Medrano to produce complete responses to their respective Subpoenas within three days of service of an order granting such relief.[3]

Respectfully submitted,

s/ Aaron E. Nathan

---

[3] In the first instance, Plaintiffs will attempt to serve copies of this Motion and any order granting relief upon each of Dr. Ryan, Mr. Goodman, and Mr. Medrano by traditional means or obtain waivers of such service. However, Plaintiffs may return to the Court promptly to obtain leave to serve these documents by alternative means should circumstances warrant.