# CAMMARATA & DE MEYER P.C.

### ATTORNEYS AT LAW
456 ARLENE STREET, STATEN ISLAND, NY 10314

JOSEPH M. CAMMARATA
NEW YORK
NEW JERSEY
FLORIDA

SUZANNE M. DE MEYER
NEW YORK
NEW JERSEY

*The Court will hear the parties on the request for substitution of counsel and for an extension of existing deadlines at the hearing currently scheduled for November 26, 2024. See Dkt. Nos. 116-117. To the extent that Defendant requests an extension of deadlines that would expire prior to November 26, 2024, that request is denied. All deadlines remain in place. To the extent that Defendant's letter requests additional relief beyond an extension and substitution of counsel, those requests must be made by formal motion and will be disregarded as expressed in the letter at Dkt. No. 121. The Court refers counsel to the Court's Individual Practices in Civil Cases for guidance.*

*November 18, 2024*

Honorable Lewis Liman
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

LEWIS J. LIMAN
United States District Judge

November 15, 2024

Re: **Ruby Freeman and Wandrea' Moss v. Rudolph W. Giuliani**

Dear Judge Liman,

    This is to inform you that we have filed a substitution of attorneys in this case, wherein we are substituting in and Kenneth Caruso and David Labowski will no longer be representing Defendant Mayor Rudolph W. Giuliani in this action.

    Please be further advised that there has been compliance with the turnover order and the watches and a ring were delivered via Fedex to Cadence Bank, 340 Pharr Road Northeast, Box 114, Atlanta, Georgia 30305 at 9:32 a.m. this morning.

    The Mercedes Benz automobile was delivered as requested by Plaintiff's counsel this morning to 595 E. 10th Avenue, Hialeah, Florida 33010.

    Citibank was advised to turn over all non-exempt funds in bank accounts ending in 1428 and 5812 to Plaintiffs.

    On November 13, 2024, Your Honor issued a restraining order restraining and enjoining any items from being removed from the storage facility located at Corporate Transfer and Storage Inc. and/or America First Warehouse. There are items contained therein that are to be turned over to Plaintiff, as well as items that are NOT to be turned over to Plaintiff. We await to hear from Plaintiff to coordinate with them how they wish to proceed with the turning over of the items that are required to be turned over in light of the restraining order preventing any items from being moved.

Additionally, we will be writing to your Honor concerning items that are exempt under New York Civil Practice Law and rules. The exemptions are statutory and have not been and cannot be waived. For example:

a.  Pursuant to CPLR 5205(l), the dollar amount of exemption effective as of April 1, 2024, from enforcement of money judgments is $3,425. Therefore, Plaintiff must leave $3,425 in Plaintiff's bank account and cannot take such sum. Certain personal property is also exempt under the Florida Constitution, Article X, Section 4. Whether the court finds Defendant to be a Florida resident and domiciliary or New York resident and domiciliary (which he is not), the Court must afford the Defendant all applicable exemptions under the applicable laws and not allow the Plaintiff to obtain assets which are exempt either under New York or Florida law.

b.  Pursuant to CPLR 5205(a)(2), the following personal property when owned by any person is exempt from application to the satisfaction of a money judgment except where the judgment is for the purchase price of the exempt property or was recovered by a domestic, laboring person or mechanic for work performed by that person in such capacity… religious texts, family pictures and portraits, and school books used by the judgment debtor or in the family; and other books, not exceeding $675 in value, kept and used as part of the family or judgment debtor's library. The Court should not permit the Plaintiff to take the aforesaid items of personal property of Defendants which have a total value of less than $675.00. There needs to be an appraisal of the personal property so that the Court does not violate the applicable statutes and the Defendant's rights to the exemptions under New York or Florida law. Florida law should apply as Defendant is a Florida resident, Florida domiciliary and has his homestead in Florida. Taking 100% of Defendant's personal property without any consideration for exemptions under New York or Florida law is improper. As stated above, certain personal property is also exempt under the Florida Constitution, Article X, Section 4. Whether the court finds Defendant to be a Florida resident and domiciliary or New York resident and domiciliary (which he is not), the Court must afford the Defendant all applicable exemptions under the applicable laws and not allow the Plaintiff to obtain assets which are exempt either under New York or Florida law.

c.  Pursuant to CPLR 5205(a)(5), the following personal property is exempt from turnover: all wearing apparel, household furniture, one refrigerator, one radio receiver, one television set, one computer and associated equipment, one cellphone, crockery, tableware and cooking utensils necessary for the judgment debtor. The Court's overbroad turnover order contained items including wearing apparel (Joe DiMaggio shirt) and household furniture that is to be turned over to Plaintiff. Inasmuch as the cooperative apartment in New York City has been turned over to Plaintiff, and the refrigerator, household furniture were located therein, those items must be returned to Defendant; It would be wholly improper for the Court to allow the Plaintiff to have received exempted assets of Defendant. As stated above, certain items are exempt under applicable New York and Florida law. The Court should ensure that the Plaintiffs do not violate the applicable statutes and the Defendant's rights to the exemptions under New York or Florida law. Florida law should apply as Defendant is a Florida resident, Florida domiciliary and has his homestead in Florida. Taking 100% of Defendant's personal property without any consideration for exemptions under New York or Florida law is improper. Certain personal property is also exempt under the Florida Constitution, Article X, Section 4. Whether the court finds Defendant to be a Florida resident and domiciliary or New York resident and domiciliary (which he is not), the

Court must afford the Defendant all applicable exemptions under the applicable laws and not allow the Plaintiff to obtain assets which are exempt either under New York or Florida law.

      d.      Pursuant to CPLR 5205(a)(6), Defendant is entitled to an exemption for a watch, and jewelry with a value of not greater than $1,325. There needs to be an appraisal of the jewelry and/or watches as this Court should not permit Plaintiffs to violate the applicable statutes and the Defendant's rights to the exemptions under New York or Florida law. Florida law should apply as Defendant is a Florida resident, Florida domiciliary and has his homestead in Florida. Taking 100% of Defendant's personal property without any consideration for exemptions under New York or Florida law is improper. As stated above, certain personal property is also exempt under the Florida Constitution, Article X, Section 4. Whether the court finds Defendant to be a Florida resident and domiciliary or New York resident and domiciliary (which he is not), the Court must afford the Defendant all applicable exemptions under the applicable laws and not allow the Plaintiff to obtain assets which are exempt either under New York or Florida law.

      e.      Pursuant to CPLR 5205(a)(7), Defendant is entitled to an exemption for tools of trade, necessary working tools and implements, including those of professional instruments, furniture and library, not exceeding $4,075 in value, together with the necessary food for the team for one hundred twenty days, provided, however, that the articles specified in this paragraph are necessary to the carrying on of the judgment debtor's profession or calling. It would be wholly improper for the Court to allow the Plaintiff to have received exempted assets under CPLR 5205(a)(7) of Defendant. There are items in the storage facility that Defendant is entitled to retain as they are tools of trade, necessary working tools and implements, including those of professional instruments, furniture and library, not exceeding $4,075 in value. We request that the Court order that the Plaintiffs must afford the Defendant of the right of the exemptions under New York and/or Florida law.

      f.      The Mercedes Benz automobile has been turned over to the Plaintiff today to comply with this Court's order, however, the turnover of this vehicle is wholly improper as CPLR 5205(a)(8) states that one motor vehicle not exceeding a value of $5,500 is exempt. This Court should never have allowed the turnover of this vehicle without an appraisal of the vehicle. According to certain automotive websites, the 1980 Mercedes Benz 450SL owned by Defendant does NOT have a value more than $5,500, and this vehicle must be immediately returned to the Defendant. The Court should not have ordered the vehicle to be turned over without knowing the value of the vehicle, however, to avoid non-compliance with the existing court order, the vehicle was delivered to Plaintiff's location as directed. It is a reversible error to have ordered a vehicle to be turned over without an appraisal. The Court should restrain and enjoin the Plaintiff from disposing, etc. of the vehicle which should be returned to Defendant. As stated above, a motor vehicle is personal property which could be exempt under the Florida Constitution, Article X, Section 4. Whether the court finds Defendant to be a Florida resident and domiciliary or New York resident and domiciliary (which he is not), the Court must afford the Defendant all applicable exemptions under the applicable laws and not allow the Plaintiff to obtain assets which are exempt either under New York or Florida law. **The vehicle must be valued by an appraiser, and if the value is less than $5,500, the vehicle MUST be returned to Defendant forthwith. Additionally, if the vehicle is worth more than $5,500, then the vehicle must be auctioned, and the Defendant or public parties may bid on the vehicle and the proceeds, less than $5,500 would**

be turned over to the Plaintiff. **This is how the proper enforcement of these assets should work. Just ordering the vehicle to be turned over to the Plaintiffs without any appraisal has taken away Defendant's statutory and constitutional rights.**

Plaintiffs have been very overly aggressive in trying to cease all of the Defendant's assets. Plaintiffs have to be restrained from disregarding the Defendants statutory rights, and this Court should protect Defendant's rights as much as Plaintiffs' rights.

Whether the Court or the Plaintiffs agree or disagree with the Defendant's political stances and positions, the Court must not and not allow the Plaintiffs to tread on the Defendant's statutory and constitutional rights. I remind the Court that this case the result of a judgment obtained by Plaintiffs in the United States District Court for the District of Columbia which is on appeal. This Court ordered that the majority of assets of Defendant be turned over to the Plaintiffs even though the underlying action is on appeal. This Court should also know that it was impossible to obtain a supersedeas bond in an amount in excess of $148,000,000, when the Defendant's total assets were approximately $10,000,000.

Lastly, I have been advised that this Court scheduled a trial for January 16, 2025. This Court should be aware that on January 20, 2025, President Trump will be inaugurated as the 47th President of the United States. The Court should also be aware that the Judgment in this case resulted from the 2020 election. Defendant Rudolph Giuliani plans to be present at President Trump's inauguration on January 20, 2025. I am sure that the Court did not intentionally schedule the trial on January 16, 2025, when there are inauguration events planned for I believe, January 16, 17, 18, 19 and 20, 2025. We respectfully request that the trial be adjourned until on or after January 22, 2025, so that Defendant Rudolph Giuliani can attend the inauguration events. There would be no harm to the Plaintiffs by a delay of a few days in the trial schedule, and I am sure that the Court would have other dates available other than January 16, 17 or 20, 2025 for this trial. Lastly, I respectfully request that any dates regarding responses to motions or submissions of memoranda, be extended thirty (30) days, as I have been retained as of the date of this letter and must review the case documents and files and meet and confer with the Defendant.

Thank you very much,

Very truly yours,

Joseph M. Cammarata