# CAMMARATA & DE MEYER P.C.
### ATTORNEYS AT LAW
456 ARLENE STREET, STATEN ISLAND, NY 10314

JOSEPH M. CAMMARATA
NEW YORK
NEW JERSEY
FLORIDA

SUZANNE M. DE MEYER
NEW YORK
NEW JERSEY

TEL: 718.477.0020
FAX: 718.494.3288
www.CDLAwPC.COM

<u>Via ECF</u>
Hon. Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   <u>Freeman et al. v. Giuliani</u>, 24-mc-00353-LJL

Dear Judge Liman:

    We represent Defendant Rudolph W. Giuliani ("Defendant") in the above action.

    In compliance with the Court's Order, Defendant previously filed a letter brief, on November 1, 2024, addressing an exemption for Defendant's New York Cooperative apartment under CPLR § 5206. *See* DE-67, 78. In those filings, Defendant stated his position: Defendant claims the Florida Condominium Unit located at 315 S. Lake Drive, Unit 5D, Palm Beach, Florida (the "Florida Condominium Unit") as his homestead which entitles Defendant to the benefits under a homestead pursuant to the Florida Constitution. If for any reason that this Court determines that Florida was and is not Defendant's homestead pursuant to the Florida Constitution, then Defendant would be entitled to a homestead exemption under New York law, as the default provision would be that Florida is the homestead of Defendant, but prior to Florida being Defendant's homestead, the homestead was New York. Prior to the enforcement of the Plaintiffs' judgment, Florida was Defendant's homestead.

    This letter is a letter motion to supplement the prior filing, as directed by the Court, submitting this motion to modify ECF 62 (the "Turnover Order"), to require Plaintiffs-Receivers to treat the Florida Condominium Unit as Defendant's homestead, but alternatively, that the New York Cooperative Apartment would be Defendant's homestead if the Court ultimately decides that Florida was or is not Defendant's homestead. *See* ECF 94 ¶ 4; ECF 102.

    Defendant claims Florida to be his homestead for all purposes of the instant proceeding, and does not waive the fact that Defendant claims Florida to be his homestead, but to ensure that the Plaintiffs do not expend 100% of the funds derived from the sale of the New York Cooperative Apartment, the Plaintiffs as receivers should hold a sum of money from the sale of the New York Cooperative Apartment to ensure that one way or the other, Defendant obtains either the benefits under a Florida homestead or alternatively the New York homestead.

Under Florida law and New York law, real property owned and occupied as a principal residence is exempt from application to the satisfaction of a money judgment.

New York CPLR §5206(a), entitled, "Exemption of homestead[,]" provides, in pertinent part: "Property . . . owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment[.]" New York CPLR §5206(a)(2) states that "Property of one of the following types, not exceeding one hundred fifty thousand dollars for the counties of Kings, Queens, New York, Bronx, Richmond, Nassau, Suffolk, Rockland, Westchester and Putnam; one hundred twenty-five thousand dollars for the counties of Dutchess, Albany, Columbia, Orange, Saratoga and Ulster; and seventy-five thousand dollars for the remaining counties of the state in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:… **shares of stock in a cooperative apartment corporation".** The current exemption pursuant to CPLR §5206(a) is $204,825 for the year 2024. Therefore, the sum of $204,825 should be held by Plaintiffs as receivers from the sale of the New York Cooperative Apartment.

In the event that:

(i) this Court determines that Florida is the Defendant's homestead, then the $204,825 would be paid to the Plaintiffs as judgment creditors and Defendant would have entitlement to the benefits of a Florida homestead, or

(ii) this Court determines that New York is the Defendant's homestead, then the $204,825 would be paid to the Defendant as his homestead exemption.

In this case, it is undisputed that Defendant had a "homestead" in the New York Cooperative Apartment which Defendant owned and occupied as a principal residence for many years prior to Florida becoming the Defendant's homestead. The question, therefore, is whether an unsuccessful effort to change his principal residence to Florida would yield an abandonment of, or an ineligibility to claim, the New York homestead. It is respectfully submitted that the answer is no.

CPLR § 5206(c) provides, in pertinent part: "The homestead exemption ceases if the property ceases to be occupied as a residence by a person for whose benefit it may so continue[.]" Here, even after relocating to Florida, Defendant maintained ownership of the New York Cooperative Apartment as a residence, so the New York Cooperative Apartment never "ceased to be occupied as a residence" by Defendant.

Notably, CPLR §5206(c) uses the word "residence[,]" not the words "permanent residence[,]" as used in section 5206(a). The expression of "permanent" in one section is the exclusion of "permanent" from the other. *See, e.g., Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61, 72-73 (2013). The New York Cooperative Apartment never ceased to be occupied as a residence; for this purpose, its status as a *permanent* residence (or not) is immaterial. Defendant therefore remains entitled to a New York homestead exemption in the event that he is not entitled to claim Florida as his homestead. In re Apergis, 539 B.R. 24, 28-30 (Bankr. E.D.N.Y. 2015) (after living elsewhere for two years, debtor returned to the property before execution sale).

Two other basic concepts provide further support for this conclusion. Thus:

*First*, "residence" within the meaning of section 5206(a) is analogous to "domicile." Mahoney v. Lewis, 199 A.D.2d 734, 735 (3d Dep' 1993) ("It is now well established that statutory use of the word

residence frequently is construed to mean domicile, notwithstanding the fact that the technical distinction is well appreciated").

Under the law of domicile, "the residence established earlier in time remains the individual's domicile until a clear intention to change is established[.]" Laufer v. Hague, 140 A.D.2d 671, 673 (2d Dep't 1988). "[S]ince an established domicile continues until replaced by another, even if an established domicile has been abandoned, or an attempt has been made to abandon it, it remains as the domicile unless and until another is shown to have been adopted." 49 N.Y. Jur. 2d Domicile and Residence § 9 (2d ed. 2024) (citing cases).

Applying those concepts here, if the Court finds that the Florida Condominium Unit is not Defendant's homestead, then Defendant is entitled to the benefits of a New York homestead exemption. Defendant had an established permanent residence in New York until relocating to Florida as his permanent residence and in accordance with the Florida Constitution. The issue in this action is that Defendant claims that Florida is his homestead. In this very action, Plaintiffs take the position that Defendant "is a New York resident", meaning that Plaintiffs should acknowledge that Defendant is entitled to a Florida or New York homestead exemption. *See* Freeman et al., v. Giuliani, Case no. 24-cv-06563-LJL, ECF 1 (Complaint) ¶ 9.

Law and equity abhor a forfeiture. Zaid Theatre Corp. v. Sona Realty Co., 18 A.D.3d 352, 355 (1st Dep't 2005). "In regard to injunctive relief, it is well settled that the law does not favor forfeiture. Particularly, it is recognized that equity abhors forfeitures of valuable leasehold interests and equitable relief is warranted by way of a Yellowstone injunction to preserve the commercial tenant's ability to cure a default after a determination of the merits". Zaid Theatre Corp., Id. This court has the equitable power to declare that the Florida Condominium Unit is the Defendant's homestead, and this Court alternatively has the equitable power to declare that the New York Cooperative Apartment is the Defendant's homestead, only if this Court declares that the Defendant and the Florida Condominium Unit did not meet the criteria under the Florida Constitution. Defendant's homestead is the Florida Condominium Unit, and it is respectfully submitted that this Court should declare that Defendant's homestead is the Florida Condominium Unit and then all of the proceeds from the sale of the New York Cooperative Apartment would be paid to Plaintiffs.

\* \* \*

For the foregoing reasons, Defendant requests that the Court modify the Turnover Order, and add the following language:

**"With respect to 45 E. 66th Street, Apt. 10W, New York, NY 10065 (the "New York Cooperative Apartment"), upon the sale of the New York Cooperative Apartment, Plaintiffs-Receivers are hereby ordered to hold, in an escrow account the sum of $204,825, pending further order of the Court, sufficient to satisfy the New York homestead exemption, as prescribed by statute and as adjusted by the New York State Department of Finance."**

Thank you very much,

                                                   Respectfully Submitted,

                                          *Joseph M. Cammarata*

                                                   Joseph M. Cammarata