# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

November 20, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Freeman et al. v. Giuliani*, No. 24-mc-353 (LJL)

Dear Judge Liman:

      Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") respectfully seek an order shortening the time for Defendant to respond to discovery requests served in the above-captioned case. Plaintiffs have conferred with counsel for Defendant and understand that Defendant opposes this letter-motion and intends to file a response.

      Federal Rules of Civil Procedure 33(b)(2), 34(b)(2)(A), and 36(a)(3) each provide a default response deadline of 30 days for interrogatories, document requests, and requests for admission, but also expressly provide that the Court may shorten that time. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2(A), 36(a)(3). A district court has "broad discretion to direct and manage the pre-trial discovery process." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004). That discretion extends to "the setting and enforcement of discovery deadlines," *Reid v. A-Plus Care HHC Inc.*, No. 1:23-cv-01163 (JPC) (SDA), 2024 WL 3219795, at *2 (S.D.N.Y. June 28, 2024).

      In the parallel declaratory-judgment action, No. 24-cv-6563, the Court granted Plaintiffs' request that "all discovery requests be responded to within 14 days of service, including responses & objections as well as document production pursuant to Fed. R. Civ. P. 34." ECF No. 53. As Plaintiffs explained, that request was justified in order to facilitate a compressed discovery schedule in advance of trial on January 16, 2025. ECF No. 52. Further, as Plaintiffs argued and as the Court agreed, to the extent more time would be necessary for Defendant to respond to any given request, Defendant could make a timely request explaining the need for such an extension. *Id.*; *see* No. 24-cv-6563, ECF No. 73, at 15:3-8.

      The same reasoning applies to the discovery requests that Plaintiffs have served, and may continue to serve, in this case. This Court has set January 16, 2025 as a trial date for "all outstanding questions in this turnover action that are ripe and appropriate for trial." ECF No. 61. Plaintiffs now anticipate that this trial date will be the appropriate time to resolve not only the questions relating to the

November 20, 2024
Page 2

contested World Series rings, but also any outstanding factual disputes relating to the status of the cash account held by Giuliani Communications, LLC at Parkside Financial Bank & Trust, and certain other matters relating to other cash accounts that Plaintiffs intend to raise in a forthcoming motion.

Preparing those issues for trial by January 16, 2025—including by having adequate documents in time to address them at Defendant's deposition—will require Defendant's prompt compliance with discovery requests. Unfortunately, Mr. Giuliani has already demonstrated his unwillingness to comply with discovery deadlines in No. 24-cv-6563, ignoring the first set of RFPs filed in that case altogether. *See* No. 24-cv-6563, ECF No. 92. Meanwhile, in seeking withdrawal from this case, Mr. Giuliani's would-be outgoing counsel have hinted that Mr. Giuliani's underlying legal position regarding his discovery obligations is so beyond the pale that it cannot even be said out loud. *See* ECF No. 126 (Mr. Giuliani's counsel stating that "when 'addressing' discovery disputes, we cannot truthfully and completely state Defendant's position—to Plaintiffs' counsel, or on the public record of these actions—without prejudicing Defendant"). In short, there is no reason to believe that discovery in this action will be any different than discovery in No. 24-cv-6563. Even *apart* from the impending trial date, shortening the default period for Defendant to respond to discovery requests in this action to 14 days will maximize the efficiency with which the Court can address the inevitable issues with Defendant's productions (or lack thereof) as they arise.

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order providing that Defendant respond to all discovery requests in this miscellaneous proceeding within 14 days of service, including responses and objections as well as document production pursuant to Federal Rule of Civil Procedure 34.

                                                          Respectfully submitted,

                                                          s/ Aaron E. Nathan