# CAMMARATA & DE MEYER P.C.
ATTORNEYS AT LAW
456 ARLENE STREET, STATEN ISLAND, NY 10314

JOSEPH M. CAMMARATA
NEW YORK
NEW JERSEY
FLORIDA

SUZANNE M. DE MEYER
NEW YORK
NEW JERSEY

TEL: 718.477.0020
FAX: 718.494.3288
www.CDLAwPC.COM

November 20, 2024

<u>Via ECF</u>
Hon. Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   <u>Freeman et al. v. Giuliani</u>, 24-mc-00353-LJL

Dear Judge Liman:

      We represent Defendant Rudolph W. Giuliani ("Defendant") in the above action.

      Defendant respectfully submits this letter brief in opposition to the application of Plaintiffs Ruby Freeman and Wandrea' Moss, seeking to reduce discovery response times.

      Defendant states that this case does not warrant shortening of the default response deadline of 30 days for interrogatories, document requests, and requests for admission. Plaintiffs in this case are represented by many attorneys with apparently unlimited resources whose goal is to propound document demands upon the Defendant, knowing that Defendant has limited resources to have counsel respond and it appears that even though the Defendant has turned over nearly all of his possessions and property that he has accumulated for 60+ years, that is still not satisfactory to Plaintiffs' counsel, until Defendant at 80 years of age is destitute with no place to live. Just to refresh the Court, on August 5, 2024, Plaintiffs filed the underlying judgment of $145,969,000 plus accrued interest in the United States District Court for the Southern District of Florida under case number 24-mc-229790KMM which was assigned to United States District Judge K. Michael Moore.

      However, apparently believing that Plaintiffs would have a better relationship with a court located in New York, Plaintiffs filed the underlying judgment of $145,969,000 plus accrued interest in the United States District Court for the Southern District of New York under case number 24-mc-353 which was assigned to Your Honor. Even though Defendant Rudolph Giuliani was undeniably a resident and citizen of the State of Florida and domiciled in the State

of Florida when the judgments were recorded in both United States District Court for the Southern District of Florida and United States District Court for the Southern District of New York on August 5, 2024, Plaintiffs made the improper decision to ignore the filing in the United States District Court for the Southern District of Florida where this case really should be held and is the proper venue. Respectfully, this Court should take a step back and see what the Plaintiffs are doing here and recognize that the Plaintiffs actions, even after the Plaintiffs have received nearly all of the Defendant's assets which were turned over, are improper and notwithstanding the underlying judgment, which is on appeal, this Court has discretion to allow defendant the opportunity to properly defend the issues remaining in this case and not be forced to respond to the Plaintiffs demands any more swiftly than as provided for in the Federal Rules of Civil Procedure.

There is no basis for this Court granting a shortened time for the responses to interrogatories, document requests, and requests for admission. This Court should not allow Plaintiffs' counsel the ability as a large international law firm with hundreds of attorneys to try to overload Defendant with document requests, but if Plaintiffs desire to do so, then at least the Defendant should have the time to respond in accordance with the Federal Rules of Civil Procedure. Defendant has new counsel who will comply with the Federal Rules of Civil Procedure. In the two cases cited by Plaintiffs below, *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) and *Reid v. A-Plus Care HHC Inc.*, No. 1:23-cv-01163 (JPC) (SDA), 2024 WL 3219795 (S.D.N.Y. June 28, 2024), the Courts did not shorten discovery response deadlines but rather, in *Reid, Id.*, Magistrate Judge Aaron stated that "Notwithstanding the foregoing, the Court hereby exercises its discretion to grant a third and final extension of the fact discovery deadline until August 16, 2024. Any discovery after that date will not be conducted under the auspices of the Court". In *Wills, supra*, the Second Circuit concluded "Affirming the district court's grant of summary judgment to defendants, we conclude that the district court did not abuse its discretion when it stayed discovery or when it excluded Wills' proffered expert testimony as scientifically unreliable or untimely."

Thank you very much,

Respectfully Submitted,

Joseph M. Cammarata