UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS, <br><br> Plaintiffs, <br><br> v. <br><br> RUDOLPH W. GIULIANI, <br><br> Defendant. | No. 24-mc-00353 (LJL) <br> No. 24-cv-6563 (LJL) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO SERVE RYAN MEDRANO BY ALTERNATIVE MEANS AND FOR EX PARTE CONSIDERATION AND DECISION OF THIS MOTION**

Rachel Goodman
United to Protect Democracy
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
rachel.goodman@protectdemocracy.org

Von DuBose (*pro hac vice forthcoming*)
DuBose Miller LLC
75 14th Street NE. Suite 2110
Atlanta, GA 30309
(404) 720-8111
dubose@dubosemiller.com

Michael J. Gottlieb
Meryl C. Governski (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
M. Annie Houghton-Larsen
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mhoughton-larsen@willkie.com

*Attorneys for Plaintiffs*

Plaintiffs Ruby Freeman and Wandrea' ArShaye Moss ("Plaintiffs") respectively submit this memorandum of law in support of their motion for leave to serve Ryan Medrano by alternative means. Plaintiffs also request that the Court consider and grant this Motion on an expedited basis and without awaiting a response from Mr. Medrano. Pursuant to Local Civil Rule 6.1(d) and as set forth in the accompanying Declaration of M. Annie Houghton-Larsen (the "Houghton-Larsen Decl."), *ex parte* treatment of this motion is appropriate because this motion is limited to confirming the manner of service upon Mr. Medrano because Plaintiffs are not aware of any legal representation that Mr. Medrano has retained in connection with this matter and because Mr. Medrano will have an opportunity to challenge the manner of service in any opposition to Plaintiffs' motion to compel. *See id.* ¶14. Plaintiffs have not previously applied for *ex parte* relief as to Mr. Medrano. *Id*. ¶ 15.

## BACKGROUND

On November 13, 2024, Plaintiffs filed a motion to compel third parties Dr. Maria Ryan, Mr. Ted Goodman, and Mr. Ryan Medrano to provide complete responses to the information subpoenas served on each of them (the "Motion to Compel"). No. 24-mc-353, ECF No. 113. On November 14, 2024, the Court ordered Dr. Ryan, Mr. Goodman, and Mr. Medrano to respond to the Motion to Compel by November 21, 2024 and Plaintiffs to reply by November 25, 2024 (the "Order"). No. 24-mc-353, ECF No. 116. The Court advised that it was prepared to hear the parties on the Motion to Compel during a conference on November 26, 2024, during which Dr. Ryan, Mr. Goodman, and Mr. Medrano could participate telephonically. *Id*. The Court further directed Plaintiffs to file proof of service on the ECF Docket. *Id*.

Plaintiffs have not yet been able to serve Mr. Medrano despite diligent efforts to do so. As far as Plaintiffs are aware, Mr. Medrano is not represented by counsel in connection with these matters. Houghton-Larsen Decl. ¶ 4. Plaintiffs have emailed copies of the documents to be served

to Mr. Medrano at his personal email address, which Plaintiffs obtained through discovery in *Freeman et al. v. Giuliani,* No. 21-cv-3354 (D.D.C.), attaching the service materials, asking if he would accept service via email. *Id*. ¶¶ 5–6. Plaintiffs did not receive any bounce-back email. *Id*. ¶ 7. Mr. Medrano did not respond. *Id*. ¶ 9. At the same time, Plaintiffs have engaged process servers who attempted to serve Mr. Medrano at his home address six times. *Id*. ¶ 8, Exhibit 1. The process server confirmed the Mr. Medrano's name appears on the buzzer for the apartment complex and reported seeing lights on in the apartment. *Id*. Plaintiffs believe that Mr. Medrano may still be employed by Mr. Giuliani or one or more of his entities, but are not aware of Mr. Medrano's actual place of business. *Id*. ¶¶ 10–11.

## ARGUMENT

The Court should permit Plaintiffs to serve Mr. Medrano by alternative means calculated to ensure that he receives actual notice of the documents to be served and the proceedings in this Court relating to the Motion to Compel. An individual located within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1), (2). In New York, service may be effected upon a person by: (1) personal service; (2) delivery of the summons to a "person of suitable age and discretion at the individual's actual place of business, dwelling or usual abode" and mailing it to the individual; (3) service on an agent; or (4) "affixing the summons" to the individual's actual place of business, dwelling or usual abode and mailing it to the individual. C.P.L.R. §§ 308(1)-(4). Furthermore, a court may direct alternative methods of service where service by traditional means is "impracticable." C.P.L.R. § 308(5). "The meaning of "impracticable" depends on the facts and circumstances of a particular case. In general, plaintiff must make some showing that the other prescribed methods of service could not be made."

*Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021) (cleaned up).

"The decision to allow alternative service is committed to the sound discretion of the district court." *In re Bystolic Antitrust Litig.*, No. 20-CV-5735 (LJL), 2021 WL 4296647, at *1 (S.D.N.Y. Sept. 20, 2021) (internal citations omitted). Courts routinely find that alternative service, including by email, is appropriate where the moving party provides evidence that the recipient is likely to receive the service through the alternative method. *See, e.g., In re Bystolic Antitrust Litig.*, 2021 WL 4296647, at *2; *Juniper Time Inv., LLC v. Wellington*, No. 7:19-CV-3393 (NSR), 2022 WL 20582421, at *1 (S.D.N.Y. July 27, 2022); *Sirius XM Radio Inc.*, 339 F.R.D. at 593. With respect to Rule 45 subpoenas, "district courts in this Circuit have held that, in appropriate circumstances, alternative forms of service may be used, as long as they are calculated to provide timely actual notice." *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, No. 14-cv-1783 (PAE), 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) (collecting cases).

Service on Mr. Medrano through traditional methods is impracticable. Plaintiffs are not aware that Mr. Medrano is represented by counsel, let alone counsel who would consent to service on his behalf. Plaintiffs have one known address for Mr. Medrano and have been unable to serve him there over the course of multiple days, making multiple attempts. Further, although Plaintiffs' numerous attempts to serve Mr. Medrano in person have satisfied the "due diligence" standard of C.P.L.R. § 308(4) permitting nail-and-mail, the ten-day waiting period for such service to become effective rendered that method impracticable as well, in light of the schedule for hearing this Motion.

Mr. Medrano's time to respond to the Motion to Compel is fast-approaching. Plaintiffs should be granted leave to serve Mr. Medrano by email, by FedEx overnight to his place of

residence, and through Mr. Giuliani's attorneys, three alternative methods that are likely to provide actual notice to Mr. Medrano. Plaintiffs located Mr. Medrano's email address through discovery in the D.D.C. litigation which indicates that the email address is used by Mr. Medrano, including in his capacity as an employee and/or officer of Giuliani Partners LLC. Houghton-Larsen Decl. ¶ 6. Plaintiffs received further confirmation that the email address belonged to Mr. Medrano during discovery during the bankruptcy proceedings. *Id.* Plaintiffs have written to the address and have not received any bounceback messages indicating that the account is still active. *Id.* ¶ 7. Plaintiffs are also aware that Mr. Giuliani, directly or through his attorneys, has been in communication with Mr. Medrano at least as recently as November 13, 2024, because Mr. Medrano signed the information subpoena responses for 7 of the Giuliani Entities, which were provided to Plaintiffs via email from Mr. Giuliani's counsel. ECF No. 113 at 2; Houghton-Larsen Decl. ¶ 10.

Given Plaintiffs' attempts at service through the traditional means have been unsuccessful and to ensure that Mr. Medrano receives notice of the Motion to Compel in advance of the November 26, 2024 hearing, Plaintiffs request an order permitting them to serve Mr. Medrano with the Motion to Compel, the Order, and the Rule 45 subpoena through three alternate means: by emailing Mr. Medrano's known personal email address, by FedExing the documents for overnight delivery to his home address, and by transmitting them to Mr. Giuliani's counsel with an instruction to provide Mr. Medrano with copies.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court enter an order permitting Plaintiffs to serve Mr. Medrano with copies of the Motion to Compel, the Order, and a Rule 45 Subpoena by email to his personal email address, by FedExing the documents for overnight delivery to his home address, and by transmitting those materials to Defendant's counsel with an instruction to provide them to Mr. Medrano. Plaintiffs further request that this Court grant this

- 5 -

Motion on an expedited basis and without awaiting a response from Mr. Medrano, in light of the circumstances of this case.

Dated: November 20, 2024  
New York, New York

/s/ Aaron E. Nathan  
Aaron E. Nathan

Rachel Goodman  
United to Protect Democracy  
82 Nassau Street, #601  
New York, NY 10038  
(202) 579-4582  
rachel.goodman@protectdemocracy.org

Von DuBose (*pro hac vice forthcoming*)  
DuBose Miller LLC  
75 14th Street NE. Suite 2110  
Atlanta, GA 30309  
(404) 720-8111  
dubose@dubosemiller.com

Michael J. Gottlieb  
Meryl C. Governski (admitted *pro hac vice*)  
Willkie Farr & Gallagher LLP  
1875 K Street NW  
Washington, DC 20006  
(202) 303-1000  
mgottlieb@willkie.com  
mgovernski@willkie.com

Aaron E. Nathan  
M. Annie Houghton-Larsen  
Willkie Farr & Gallagher LLP  
787 Seventh Avenue  
New York, NY 10019  
(212) 728-8000  
anathan@willkie.com  
mhoughton-larsen@willkie.com

*Attorneys for Plaintiffs*