**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 6, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Freeman et al. v. Giuliani*, No. 24-cv-6563 (LJL), No. 24-mc-353 (LJL)

Dear Judge Liman:

Plaintiffs Ruby Freeman and Wandrea' Moss respectfully move pursuant to Local Rule 7.1(d), Paragraph 1(C) of the Court's Individual Rules and Practices, New York Civil Practice Law and Rules ("C.P.L.R.") §§ 308(1)–(5), Federal Rule of Civil Procedure ("Rules") 4(e)(1), 4(e)(2), and 45, and the Court's Orders dated October 28, 2024 (ECF No. 53[1]) and November 4, 2024 (ECF No. 59), for an order compelling third parties Dr. Maria Ryan and Mr. Theodore Goodman to produce documents responsive to Plaintiffs' subpoenas served under Rule 45 on an expedited basis: to produce all responsive documents within two business days of the entry of an order.[2] Additionally, given the time before trial is running out and that the season for holiday travel is fast-approaching, Plaintiffs further request leave to serve Dr. Ryan and Mr. Goodman for the pendency of these actions by alternative means.

**I.   The Court Should Compel Dr. Ryan and Mr. Goodman to Respond To The Subpoenas Within Two Business Days Of The Entry Of An Order.**

On November 18, 2024, Plaintiffs served Dr. Ryan with a Rule 45 subpoena for documents (the "Ryan Subpoena") by personal service at her New Hampshire residence by leaving a copy with her husband. Declaration of M. Annie Houghton-Larsen ("Decl.") ¶ 6, Ex. 6. The Ryan Subpoena had a return date of December 2, 2024—14 days[3] after service. Plaintiffs separately provided Dr. Ryan a copy

---

[1] Unless otherwise stated, the ECF citations cited in this letter motion refer to *Freeman v. Giuliani*, No. 24-cv-6563 (S.D.N.Y.).
[2] Defendant Rudolph Giuliani has still not informed Plaintiffs on whether he intends to rely on Dr. Ryan and Mr. Goodman for his homestead claim, as he failed to supplement his initial disclosures at 5 p.m. today as requested and agreed upon. Should he choose to do, Plaintiffs require an opportunity to review Dr. Ryan and Mr. Goodman's documents in advance of depositions, which are currently scheduled to occur before December 31, 2024 (25 days from today).
[3] The December 2, 2024 return date on the Subpoenas complies with the Case Management Plan and Scheduling Order, which requires "that all discovery requests be responded to within 14 days of service, including responses & objections as well as document production pursuant to Fed. R. Civ. P. 34." ECF No. 53, at 1. The return date also complies with the Federal

December 6, 2024
Page 2

of the Ryan Subpoena by email on November 14, 2024 to the email address through which Dr. Ryan has previously communicated with Plaintiffs' counsel. Decl. ¶ 3, Exs. 1, 2.

Also on November 18, 2024, Plaintiffs served Mr. Goodman with the a Rule 45 subpoena (the "Goodman Subpoena," together with the Ryan Subpoena, the "Subpoenas") by personal service in Palm Beach, Florida. Decl. ¶ 7, Ex. 7. The Goodman Subpoena had a return date of December 2, 2024—14 days after service.[4] Plaintiffs separately provided Mr. Goodman a copy of the Goodman Subpoena by email on November 14, 2024 to the email address through which Mr. Goodman has previously communicated with Plaintiffs' counsel. Decl. ¶ 4, Exs. 3, 4. Mr. Goodman acknowledged receipt of the Goodman Subpoena by email on November 15. Decl. ¶ 5, Ex. 5.

As of the date of this filing, neither Dr. Ryan nor Mr. Goodman has responded to the Subpoenas in any way: they have not lodged responses or objections; they have not produced documents; they have not filed seeking any extension of their deadline to respond.[5] The importance of Dr. Ryan and Mr. Goodman's documents came into sharper focus on Monday December 2, when Mr. Giuliani late-served responses to Plaintiffs' first set of interrogatories and named Dr. Ryan and Mr. Goodman as the witnesses with whom he had discussed his intention to establish a permanent residence at the Palm Beach Condo as well as witnesses with knowledge of two other interrogatories. ECF No. 107-2 at 4, 6.

Plaintiffs accordingly seek an order compelling Mr. Goodman and Dr. Ryan to fully and completely respond to the Subpoenas by producing all responsive documents within two business days of an order granting this motion to compel. *See United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 544, 546 (S.D.N.Y. 2016) (holding that the district court had authority to compel non-party to comply with subpoena seeking production). Any objections Dr. Ryan and Mr. Goodman may have had to the Subpoenas are now waived as a result of their failure to respond within the prescribed time. *See Top Jet Enters., Ltd. v. Kulowiec*, No. 21-MC-789 (RA) (KHP), 2022 WL 280459, at *4, *6 (S.D.N.Y. Jan. 31, 2022). In the circumstances of this case, the Court should not permit Dr. Ryan or Mr. Goodman any leeway to introduce new objections, or otherwise cause more delay, in an already truncated discovery schedule. Trial is rapidly approaching, fact discovery will close on January 9, 2025, and the deadline for all depositions to be completed is December 31, 2024.

---

Rules of Civil Procedure. *Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, No. 20 Misc. 23, 2020 WL 4700910, at *2 (S.D.N.Y. Aug. 13, 2020) ("[A]lthough Rule 45 does not define a reasonable time to comply, courts in this circuit have found fourteen days to be presumptively reasonable[.]") (cleaned up); *see also* FED. R. CIV. P. 45(d)(2)(B) (requiring a person commanded to produce documents to serve objections before the "earlier of the time specified for compliance or 14 days after the subpoena is served.").

[4] *See supra* pp. 1–2, n.3.
[5] Plaintiffs have already had to seek intervention from this Court to ensure Dr. Ryan and Mr. Goodman's compliance with the information subpoenas. ECF No. 113, Plaintiffs' Letter-Motion to Compel Maria Ryan, Theodore Goodman, and Ryan Medrano to Respond to Information Subpoenas, *Freeman v. Giuliani*, No. 24-mc-353 (S.D.N.Y. Nov. 14, 2024). Dr. Ryan and Mr. Goodman's continued recalcitrance once again forces Plaintiffs to seek judicial relief.

December 6, 2024
Page 3

## II. The Court Should Permit Plaintiffs to Serve Dr. Ryan and Mr. Goodman By Alternative Means for the Pendency of These Actions.

The Court should permit Plaintiffs to serve Dr. Ryan and Mr. Goodman by alternative means calculated to ensure that they receive actual notice of the documents to be served and the proceedings in this Court for the pendency of these actions. The court may direct alternative methods of service where, as here, service by traditional means is "impracticable." C.P.L.R. § 308(5); *see also* ECF No. 102 at 3. "The decision to allow alternative service is committed to the sound discretion of the district court." ECF No. 102, at 3. Courts routinely find that alternative service, including by email, is appropriate where, as here, Plaintiffs have provided evidence that Dr. Ryan and Mr. Goodman are likely to receive the service through the alternative method. ECF No. 102 at 4. There is no doubt that email service will reach Dr. Ryan and Mr. Goodman as both third parties have affirmatively communicated with Plaintiffs' counsel using these email addresses during these actions.

There is no indication that Dr. Ryan or Mr. Goodman are represented by counsel who could accept service on their behalf. And while Plaintiffs were able to serve Dr. Ryan and Mr. Goodman with the Subpoenas through traditional means, that personal service took several days and attempts. Decl. ¶¶ 6–7, Exs. 6, 7; *see also* ECF No. 114-10, *Freeman v. Giuliani*, No. 24-mc-353 (S.D.N.Y. Nov. 14, 2024). Repeating those attempts via traditional means once again would impracticable here because of the impending trial date and need for expediency.

\*\*\*

For the foregoing reasons, the Court should enter an order compelling Dr. Ryan and Mr. Goodman to produce all documents responsive to the Subpoenas within two business days of the order and to permit Plaintiffs to serve Dr. Ryan and Mr. Goodman by their known personal email addresses for the pendency of these actions.

If the Court grants this motion and Dr. Ryan and Mr. Goodman fail to make full and complete productions by the court-ordered date, Plaintiffs plan to seek an order precluding Mr. Giuliani from relying on the testimony of either Dr. Ryan or Mr. Goodman at trial. To the extent that Dr. Ryan and Mr. Goodman are permitted to testify at trial—either because they comply with the Court's order or the Court permits their testimony notwithstanding their failure to comply—Plaintiffs will ask for permission to hold the depositions of Dr. Ryan and Mr. Goodman after December 31, 2024, the last day for depositions under the current schedule, but before trial on January 16, 2025, to permit Plaintiffs' additional time to review and prepare given the delayed productions.[6]

Respectfully submitted,

s/ Aaron E. Nathan

---

[6] In the meantime, Plaintiffs plan to serve deposition subpoenas on Dr. Ryan and Mr. Goodman for December 30, 2024 to provide them with sufficient notice. Plaintiffs will re-issue or withdraw those subpoenas as may be appropriate under the circumstances and in light of this Court's future orders.