UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- X
                                                              :
RUBY FREEMAN and WANDREA' MOSS,                               :
                                                              :
                           Plaintiffs,                        :      24-mc-00353 (LJL)
          -v-                                                 :
                                                              :
RUDOLPH W. GIULIANI,                                          :
                                                              :
                           Defendant,                         :
    -and-                                                     :
                                                              :
ANDREW H. GIULIANI,                                           :
                                                              :
Intervenor-Defendant Applicant.                               :
                                                              :
------------------------------------------------------------- :
                                                              X
RUBY FREEMAN and WANDREA' MOSS,                               :
                                                              :      24-cv-06563 (LJL)
                           Plaintiffs,                        :
          -v-                                                 :
                                                              :
RUDOLPH W. GIULIANI,                                          :      ORDER
                                                              :
                           Defendant.                         :
                                                              :
------------------------------------------------------------- :
                                                              X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/10/2024

LEWIS J. LIMAN, United States District Judge:

      Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") move, pursuant to Local Rule 7.1(d), Paragraph 1(C) of the Court's Individual Rules and Practices, New York Civil Practice Law and Rules §§ 308(1)–(5), Federal Rule of Civil Procedure ("Rules") 4(e)(1), 4(e)(2), and 45, and the Court's Orders dated October 28, 2024, Dkt. No. 67,[1] and November 4, 2024, Dkt. No. 80, for entry of an order compelling third parties Dr. Maria Ryan and Mr. Theodore Goodman to produce all documents

---

[1] Unless otherwise noted, docket numbers refer to the Judgment Enforcement docket at 24-mc-00353.

responsive to Plaintiffs' subpoenas served under Rule 45 within two business days of the entry of an order. *See* 24-mc-00353 ("Judgment Enforcement"), Dkt. No. 159; 24-cv-6563 ("Homestead"), Dkt. No. 115. Plaintiffs also request leave to serve Dr. Ryan and Mr. Goodman by alternative means for the pendency of these actions. *Id*.

For the reasons elaborated below, the motion is granted in part and denied in part.

## BACKGROUND

The Judgment Enforcement and Homestead actions are set for trial on January 16, 2025. Fact discovery will close on January 9, 2025, and the deadline for all depositions to be completed is December 31, 2024. The Court entered a Case Management Plan and Scheduling Order in the Homestead matter which requires "that all discovery requests be responded to within 14 days of service, including responses & objections as well as document production pursuant to Fed. R. Civ. P. 34." Homestead, Dkt. No. 53 at 1.[2]

On November 18, 2024, Plaintiffs served Dr. Ryan with a Rule 45 subpoena for documents (the "Ryan Subpoena") by personal service at her New Hampshire residence by leaving a copy with her husband. Judgment Enforcement, Dkt. No. 159 at 1. The Ryan Subpoena had a return date of December 2, 2024—14 days after service. Plaintiffs separately provided Dr. Ryan a copy of the Ryan Subpoena by email on November 14, 2024. *Id*. at 1–2. Plaintiffs state that Dr. Ryan has previously

---

[2] To the extent that the Rule 45 subpoenas pertain to the Judgment Enforcement rather than the Homestead action, 14 days is still the appropriate turnaround time. *Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, 2020 WL 4700910, at *2 (S.D.N.Y. Aug. 13, 2020) ("[A]lthough Rule 45 does not define a reasonable time to comply, courts in this circuit have found fourteen days to be presumptively reasonable[.]") (cleaned up); *see also* Fed. R. Civ. P. 45(d)(2)(B) (requiring a person commanded to produce documents to serve objections before the "earlier of the time specified for compliance or 14 days after the subpoena is served.").

communicated with Plaintiffs' counsel through that email address, though no documentation is appended in support. *Id*. at 2.

Also on November 18, 2024, Plaintiffs served Mr. Goodman with a Rule 45 subpoena (the "Goodman Subpoena," together with the Ryan Subpoena, the "Subpoenas") by personal service in Palm Beach, Florida. *Id*. at 2. The Goodman Subpoena had a return date of December 2, 2024—14 days after service. Plaintiffs separately provided Mr. Goodman a copy of the Goodman Subpoena by email on November 14, 2024, to the email address through which Mr. Goodman has previously communicated with Plaintiffs' counsel. *Id*. at 2. Mr. Goodman acknowledged receipt of the Goodman Subpoena by email on November 15. *Id*.

On Monday, December 2, 2024, Defendant late-served responses to Plaintiffs' first set of interrogatories and named Dr. Ryan and Mr. Goodman as the witnesses with whom he had discussed his intention to establish a permanent residence at the Palm Beach Condo as well as witnesses with knowledge of two other interrogatories. Homestead, Dkt. No. 107-4 at 4, 6. As of December 10, 2024, neither Dr. Ryan nor Mr. Goodman has responded to the Subpoenas in any way: they have not lodged responses or objections, filed motions to quash, nor sought any extension of their deadline to respond.

**LEGAL STANDARD**

Rule 4 of the Federal Rules of Civil Procedure allows an individual located within a judicial district of the United States to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1), (2). Rule 4 makes the state law of either the location where service is effected or the location of the district court equally applicable. *Id*. In New York, service may be effected upon a person by: (1) personal service; (2) delivery to a "person of suitable age and discretion at the individual's actual place of business, dwelling or usual abode" and mailing it to the individual; (3) service on an agent; or (4) "affixing the summons" to the individual's actual place of business, dwelling or usual abode and mailing

3

it to the individual. N.Y. C.P.L.R. § 308(1)–(4). Furthermore, a court may direct alternative methods of service where service by the enumerated means is "impracticable." N.Y. C.P.L.R. § 308(5). "The meaning of 'impracticable' depends on the facts and circumstances of a particular case. In general, plaintiff must make some showing that the other prescribed methods of service could not be made." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021) (cleaned up). "The decision to allow alternative service is committed to the sound discretion of the district court." *In re Bystolic Antitrust Litig.*, 2021 WL 4296647, at *1 (S.D.N.Y. Sept. 20, 2021) (internal citations omitted). The standard for impracticability under C.P.L.R. § 308(5) is different from the more stringent requirement of "due diligence" under C.P.L.R. § 308(4). Impracticability "does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." *Hamza v. Yandik*, 2022 WL 976888, at *8 (N.D.N.Y. Mar. 31, 2022) (quoting *Kelly v. Lewis*, 220 A.D.2d 485, 485 (N.Y. App. Div. 1995)). "Even where plaintiffs have imperfectly served defendants, courts have been willing to find impracticability under C.P.L.R. § 308(5) and to direct substitute service, particularly when defendants have participated in the litigation." *Id*.

Courts routinely find that alternative service, including by email, is appropriate where the moving party provides evidence that the recipient is likely to receive the service through the alternative method. *See, e.g., Cargill Financial Services International, Inc. et al v. Barshchovskiy*, 2024 WL 4240998, at *3 (S.D.N.Y. Sept. 19, 2024), Dkt. No. 15; *Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *6 (S.D.N.Y. July 17, 2020); *In re Bystolic Antitrust Litig.*, 2021 WL 4296647, at *2; *Juniper Time Inv., LLC v. Wellington*, 2022 WL 20582421, at *1 (S.D.N.Y. July 27, 2022); *Sirius XM Radio Inc.*, 339 F.R.D. at 593; *Avail 1 LLC v. Kalsi*, 2023 WL 7297214, at *2 (S.D.N.Y. Nov. 6, 2023); *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365–66 (E.D.N.Y. 2016); *see also* Supplementary Practice

Commentaries, N. Y. C.P.L.R. § 308 (McKinney). With respect to Rule 45 subpoenas, "district courts in this Circuit have held that, in appropriate circumstances, alternative forms of service may be used, as long as they are calculated to provide timely actual notice." *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) (collecting cases).

## DISCUSSION

I.  **Motion to Compel**

Plaintiffs seek an order compelling Mr. Goodman and Dr. Ryan to fully and completely respond to the Subpoenas by producing all responsive documents within two business days of an order granting this motion to compel. Mr. Goodman and Dr. Ryan have had the Subpoenas for over three weeks. They have done nothing to respond. Moreover, having failed to timely respond to the Subpoenas, they have waived all objections. *See Robert Barbera v. Grailed, LLC*, 2024 WL 4836616, at *1 (S.D.N.Y. Nov. 20, 2024); *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (collecting cases); *cf. Top Jet Enterprises, Ltd. v. Kulowiec*, 2022 WL 280459, at *4 (S.D.N.Y. Jan. 31, 2022) ("The Second Circuit has held that objections to a subpoena for production and inspection must set forth all of its grounds for objection, including privilege grounds, within fourteen days of service of the subpoena so that discovery does not become a game." (citing *DG Creditor Corp. v. Dabah*, 151 F.3d 75, 81 (2d Cir. 1998))). The Subpoenas call for several discrete categories of documents. Dkt. Nos. 160-2, 160-4. Thus, all that remains is for each of them to collect the requested documents and to transmit them to Plaintiffs. No showing has been made that they cannot do so in three days. That timeline is appropriate given the trial date in this case. The Court therefore grants the request to compel Mr. Goodman's and Dr. Ryan's responses to the Subpoenas but finds that three business days from the entry of this order is appropriate. *See United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 544, 546 (S.D.N.Y. 2016) (holding that the district court had authority to compel nonparty to comply with subpoena seeking production).

Dr. Ryan and Mr. Goodman shall comply with the Subpoenas by no later than Friday, December 13, 2024, by producing all responsive documents in their possession, custody or control, or show cause why they should not be held in contempt for violation of the Court's order.

## II. Alternate Service

Plaintiffs have adequately demonstrated that, given the third parties' nonresponse and the compressed timeline for compliance in advance of the December 31, 2024, deadline, service on Dr. Ryan and Mr. Goodman through traditional methods is impracticable for the purposes of C.P.L.R. § 308(5). There is no indication that either Dr. Ryan or Mr. Goodman are represented by counsel who would consent to service on his behalf—Plaintiffs' counsel asked whether either individual was represented in their correspondence regarding the subpoenas, and received no answer. *See* Dkt. Nos. 160-1, 160-3. Plaintiffs did succeed in serving both parties previously through traditional means, e.g., by personal service on Mr. Goodman and by delivery to Dr. Ryan's husband at their New Hampshire abode, but "personal service took several days and attempts." Dkt. No. 159 at 3. The impracticability of serving Dr. Ryan and Mr. Goodman in accordance with C.P.L.R. § 308(1), (2), (3), or (4) is established, given the impending trial scheduled for January 16, 2025 and the interim deadlines of December 31, 2024, for depositions and January 9, 2025, for fact discovery. *See Barshchovskiy*, 2024 WL 4240998, at *4. C.P.L.R. § 308(5) does not require that service has been actually attempted pursuant to C.P.L.R. § 308(1), (2) and (4) to make out impracticability. *See Khokhar v. Beschastnikh*, 20 N.Y.S.3d 292 (N.Y. Sup. Ct. 2015) (citing *In re Kaila B.*, N.Y.S.2d 132 (2nd Dept 2009)); *Hamza*, 2022 WL 976888, at *8. There is no question that the two are on notice of this action and of the need to respond to the Subpoenas.

The Court finds that for the pendency of this action, service to these third parties' personal email addresses, *in addition to* service by certified mail to the physical addresses at which Dr. Ryan and Mr. Goodman were previously served, is appropriate under C.P.L.R. § 308(5). Both methods of service,

6

email to the third parties' personal email addresses and certified mail to addresses at which they had been served previously, are sufficient to satisfy constitutional due process under *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). "Email service has also repeatedly been found by courts to meet the requirements of due process." *Pearson Educ. Inc. v. Doe 1*, 2019 WL 6498305, at *3 (S.D.N.Y. Dec. 2, 2019) (quoting *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018) (collecting cases)); *see also Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *6. Plaintiffs have demonstrated that email is likely to reach both parties, because "both third parties have affirmatively communicated with Plaintiffs' counsel using these email addresses during these actions." Dkt. No. 159 at 3; *see F.T.C. v. Pecon Software Ltd.*, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013). Service by certified mail to addresses at which they have been known to receive service in the past is an additional safeguard.

Proof of service shall be filed on the docket.

SO ORDERED.

Dated: December 10, 2024
      New York, New York

                                        LEWIS J. LIMAN
                                    United States District Judge