# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 11, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Freeman et al. v. Giuliani*, No. 24-cv-6563 (LJL), No. 24-mc-353 (LJL)

Dear Judge Liman:

Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") respectfully submit this letter to inform the Court that third-party subpoena-recipients Dr. Maria Ryan and Mr. Theodore Goodman were not served with the Letter-Motion to compel their compliance with the Rule 45 subpoenas served on them and for leave to employ alternative service. ECF No. 115, *Freeman v. Giuliani*, 24-cv-6563 (S.D.N.Y. Dec. 6, 2024); ECF No. 159, *Freeman v. Giuliani*, 24-mc-353 (S.D.N.Y. Dec. 6, 2024) (the "Letter-Motion"). Plaintiffs' counsel regret the error, and propose that the Court permit Dr. Ryan and Mr. Goodman an additional opportunity to oppose the relief requested in the Letter-Motion relating to their compliance with the subpoenas.

Plaintiffs filed their Letter-Motion on December 6, 2024. The Letter-Motion sought an order compelling Dr. Ryan and Mr. Goodman's compliance with those subpoenas and an order authorizing alternative service on Dr. Ryan and Mr. Goodman "for the pendency of these actions." Letter-Motion at 3. Due to an oversight on the part of Plaintiffs' counsel, the Letter-Motion did not expressly seek leave to employ alternative service *with respect to the Letter-Motion itself*, and instead left ambiguous whether "the pendency of these actions" included that filing and its supporting documents. Plaintiffs' counsel did not serve the Letter-Motion and supporting documents on Dr. Ryan or Mr. Goodman via traditional means or otherwise.

The Court granted in part and denied in part the Letter-Motion on December 10, 2024. ECF No. 120, *Freeman v. Giuliani*, 24-cv-6563 (S.D.N.Y. Dec. 10, 2024); ECF No. 161, *Freeman v. Giuliani*, 24-mc-353 (S.D.N.Y. Dec. 10, 2024) (the "Order"). In that Order, the Court required Dr. Ryan and Mr. Goodman to respond to the subpoena by December 13, 2024, and also authorized service on each of them via email and certified mail to the physical addresses at which Dr. Ryan and Mr. Goodman were previously served. Order at 6–7.

December 11, 2024
Page 2

      Due to Plaintiffs' counsel's oversights—both in failing to make clear whether the Letter-Motion sought leave to serve the Letter-Motion itself via alternative means and in failing attempt service of the Letter-Motion via traditional means—it is possible that the Court granted the Letter-Motion on the assumption that the Letter-Motion had been served through traditional means. If that is the case, Plaintiffs' counsel regret the errors leading to that result, and respectfully propose that the Court permit Dr. Ryan and Mr. Goodman until December 13, 2024 to submit any opposition to the relief requested in the Letter-Motion relating to compliance with the subpoenas.

      Plaintiffs will serve (1) a copy of the Letter-Motion and supporting documents, (2) a copy of the Court's Order, (3) a copy of this letter, and (4) a copy of any order entered in connection with this letter, on both Dr. Ryan and Mr. Goodman today via the alternative means approved in the Order, or as otherwise ordered by the Court.

                                                    Respectfully submitted,

                                                   s/ Aaron E. Nathan