UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUBY FREEMAN and WANDREA' MOSS,

                Plaintiffs,

v.

RUDOLPH W. GIULIANI,

                Defendant.

No. 24-mc-00353-LJL

---

**DECLARATION OF AARON E. NATHAN
IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY
DEFENDANT RUDOLPH W. GIULIANI SHOULD NOT BE HELD IN CONTEMPT
FOR FAILING TO COMPLY WITH THE TURNOVER ORDERS**

I, Aaron E. Nathan, an attorney admitted to practice in this court, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am counsel to Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs" or "Plaintiffs-Receivers") in the above-captioned action.

2. On October 27, 2024, Intervenor-Defendant Andrew H. Giuliani served Objections and Responses to Plaintiffs' First Set of Interrogatories. Attached as **Exhibit 1** is a true and correct copy of Andrew Giuliani's responses and objections.

3. On October 29, 2024, Counsel for Mr. Giuliani contacted Plaintiffs' counsel regarding turnover arrangements for the first time. That same day, counsel for Mr. Giuliani submitted a filing with the Court starting that Mr. Giuliani "is, and will remain, ready to comply" and said that he was "ready to make the turnovers" but was awaiting further instructions, including "regarding details and documents, e.g. documents transferring title of shares and car." ECF No. 68. Counsel for Plaintiffs immediately, and unsuccessfully, attempted to reach Mr. Giuliani's

counsel by phone, including to discuss the immediate transfer of the titles of the New York Apartment and the Mercedes. Despite his obligation to do so, Mr. Giuliani did not deliver any of the Receivership Property or deliver any documents necessary to effectuate delivery by October 29, 2024.

4. On October 30, 2024, Plaintiffs' counsel spoke with Defendant's counsel by telephone. Attached as **Exhibit 2** is a true and correct copy of an email exchange between Plaintiffs' counsel and Defendant's counsel on October 30, 2024 shortly after the call, in which Plaintiffs' counsel memorialized the telephone call.

5. That same evening, Plaintiffs' counsel emailed Mr. Giuliani's counsel to confirm that the visit to the New York Apartment would occur the following morning at 9:30 a.m. Attached as **Exhibit 3** is a true and correct copy of that email chain.

6. On October 31, 2024, Plaintiffs' counsel arrived at the New York Apartment along with a representative of a moving and storage company at the time identified, only to discover that no one had notified anyone at the building about their need to access Mr. Giuliani's unit. After waiting for nearly two hours, Plaintiffs' counsel gained entry and discovered that the New York Apartment was almost entirely empty, including being void of the vast majority of furniture, art, and sports memorabilia (including the signed Joe DiMaggio jersey).

7. In a follow-up email to Mr. Giuliani's counsel that same day, Plaintiffs' counsel explained that the property manager confirmed that Mr. Giuliani had moved the contents out of the New York Apartment a month earlier. Accordingly, Plaintiffs instructed Mr. Giuliani to provide various confirmations by the end of that day. Attached as **Exhibit 4** is a true and correct copy of that October 31, 2024 to November 1, 2024 email chain.

8. The next day, on November 1, 2024, counsel for Mr. Giuliani sent an email to the owner of Corporate Transfer and Storage ("CTS")—Joseph Verderber—at the email address joethebox@theamericafirstwarehouse.com, copying Mr. Giuliani at his proton email address (TruthandJustice4U@protonmail.com) and others, requesting that counsel for Plaintiffs receive access to Mr. Giuliani's property located at CTS's facility. Attached as **Exhibit 5** is a true and correct copy of that November 1, 2024 email.

9. In response to the instructions in the October 31, 2024 email, Defendant's counsel responded by email to Plaintiffs' counsel, stating that they were unable to explain the location of the property from the New York Apartment, or the location of the New York Apartment's share certificates or lease. They confirmed that they would have Mr. Giuliani "sign documents transferring title" to the Mercedes and would turn over watches that were located in Palm Beach. They also explained that the Citibank account was "frozen" and that there would need to be further orders from the Court to permit transfer. *See* Exhibit 4 at 1–2.

10. On November 7, 2024, this Court held a hearing regarding the status of Plaintiffs' information subpoena and the Turnover Order that this Court issued on October 22, 2024 (ECF No. 62). Attached as **Exhibit 6** is a true and correct copy of the transcript from the November 7, 2024 hearing.

11. On November 11, 2024, Plaintiffs instructed Mr. Giuliani of the time, date, and location to which all outstanding Receivership Property was to be delivered pursuant to the Court's November 8, 2024 Order (ECF No. 94). Attached as **Exhibit 7** is a true and correct copy of the November 11, 2024 email communication from Plaintiffs to Defendant's counsel with these instructions, with name, exact addresses of the storage facilities, and other personally identifiable information redacted.

12. Attached as **Exhibit 8** is a true and correct copy of an email communication from Plaintiffs' counsel to Defendant's counsel dated November 22, 2024, that modified the instructions relating to the Receivership Property and identifies several deficiencies in the Receivership Property Mr. Giuliani had turned over to date. Specific address information is redacted in Exhibit 8. In this communication, Plaintiffs instructed Mr. Giuliani to deliver the missing items at or in advance of the hearing to be held on November 26, 2024, or provide answers as to why he could not do so by 3:00 p.m. on November 25, 2024. Plaintiffs also instructed Mr. Giuliani to segregate all Receivership Property located at the CTS Facility from property that is not subject to the Turnover Order and to provide a detailed list containing pictures of the segregated Receivership Property located at the CTS Facility sufficient to show the size and quantity of that property by December 6 at 5 p.m.

13. Mr. Giuliani did not deliver any of the missing items or provide answers as to why he could not deliver them by the November 26 Hearing.

14. On December 5, 2024, Defendant's counsel called Plaintiffs' counsel asking for an inventory of the property stored at CTS. Plaintiffs provided a copy of the CTS Packing List, which they had received from counsel for CTS. On December 6, 2024, Defendant's counsel provided Plaintiffs with the same CTS Packing List, having added new annotations characterizing the type of property the photographs purportedly depict (e.g. "Household Furniture" or "wearing apparel") and/or statements about whether the property qualifies as an "exemption" or are "Not items for turnover." Attached as **Exhibit 9** is a true and correct copy of the annotated CTS Packing List Plaintiffs received from counsel for Defendant on December 6, 2024.

15. Pursuant to the Court's Modified Instructions Order dated November 22, 2024 (ECF No. 148), on December 9, 2024, Plaintiffs-Receivers instructed Defendant's counsel via

4

email to deliver the Receivership Property stored at the CTS Facility to a storage facility in Richmond Hill, NY ("Plaintiffs-Receivers' Facility") at 11:00 AM ET on Friday December 13, 2024. As of the date of this filing, Plaintiffs have received no reply to that communication. Attached as **Exhibit 10** is a true and correct copy of that December 9, 2024 email communication, with the Plaintiffs-Receivers' Facility name and address redacted.

16. On December 13, 2024, the manager of the Plaintiffs-Receivers' Facility called counsel for Plaintiffs-Receivers and indicated that they had received a delivery of items from Mr. Giuliani in excess of the five items of sports memorabilia.

17. On the same date, Mr. Giuliani re-posted two posts on X/Twitter made by a user named "I stand with Rudy @RudyCommon", which accused counsel for Plaintiffs-Receivers of having "broke items and laughed over items" delivered on December 13, 2024. The two X/Twitter posts included photos of the delivered property. Counsel for Plaintiffs-Receivers were not present at the Plaintiffs-Receivers' Facility on the date of delivery. Attached as **Exhibit 11** are true and correct copies of the December 13, 2024 X/Twitters posts that were re-posted by Mr. Giuliani.

18. As of the date of this filing, Mr. Giuliani has still not turned over any of the following items of Receivership Property: any a deed, title, or right of ownership to the Mercedes; various watches and jewelry, including 1 Shinola watch, 1 Corium watch, 1 IWC watch, 1 Invicta watch, 2 Breitling watches, 3 additional watches, or any costume jewelry; various items of furniture; the keys, stock, or proprietary lease for the New York Apartment; the signed Joe DiMaggio shirt, the signed Reggie Jackson picture, the Signed Yankee Stadium Picture or their location; or the non-exempt funds from Mr. Giuliani's Citibank accounts.

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Executed on December 18, 2024. | s/ Aaron E. Nathan<br>Aaron E. Nathan<br>Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, New York 10019<br>Tel: (212) 728-8000<br>anathan@willkie.com<br><br>*Attorney for Ruby Freeman and Wandrea' Moss* |