UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Ruby Freeman and Wandrea' Moss                                    Case No. 24-cv-6563(LJL)
                                                                  Case No. 24-mc-353 (LJL)
                          Plaintiffs,

        -     against –

Rudolph W. Giuliani

                          Defendant.
-----------------------------------------------------------X


DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS'
MOTION TO HOLD DEFENDANT
IN CIVIL CONTEMPT AND IMPOSE SANCTIONS


Joseph M. Cammarata, Esq.
Cammarata & DeMeyer P.C.
Attorneys for Defendant
456 Arlene Street,
Staten Island, New York 10314
718-477-0020

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT ....................................................................................................................

I.      STANDARD OF REVIEW .......................................................................19

II.     HOLDING DEFENDANT IN CIVIL CONTEMPT AND FOR SANCTIONS ARE NOT APPROPRIATE IN THIS CASE ........................................................21

Conclusion ......................................................................................................................25

## **TABLE OF AUTHORITIES**

**Cases**                                                                                              Page(s)

1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park, 809 F.
App'x 44, 45 (2d Cir 2020)……………………………………………………… 16, 20

In re Nassau Cnty. Strip Search Cases, 783 F.3d 414, 417 (2d. Cir. 2015)…………….2

In re Oliver, 333 U.S. 257, 275, 68 S. Ct. 499, 92 L. Ed. 682 (1948) ………………20

In re Raymond Pro. Grp., Inc.,
438 B.R. 130, 136 (Bankr. N.D. Ill. 2010) …………………………………………...2

Accettola v. Linda Mei He, 2024 U.S. Dist Lexis 116079 (S.D.N.Y. 2024) …………23

Acmetel USA LLC v. Ptgi Int'l Carier Servs., 2024 U.S. Lexis 186029 (S.D.N.Y. 2024).
…………………………………………………………………………………………22

Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz, 2006 U.S. Dist. LEXIS
39256, 2006 WL 1643202, at 3 (S.D.N.Y. June 13, 2006)…………………………20

BOC Aviation Ltd. v. AirBridgeCargo Airlines, LLC, 2022 U.S. Dist. LEXIS 223726,
2022 WL 17581775, at 17 (S.D.N.Y. Dec. 12, 2022)………………………………….21

Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).19

Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062,
1066 (2d. Cir. 1979)……………………………………………………………………23

Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106, 109-10 (2d Cir.1987) ……20

Drywall Tapers & Pointers, Loc. 1974 v. Loc. 530 of Operative Plasterers & Cement
Masons Int'l Ass'n, 889 F.2d 389, 394 (2d. Cir. 1989)………………………………..20

Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 137 S. Ct. 1178, 1186, 197 L. Ed.
2d 585 (2017)……………………………………………………………………19, 21

Hong v. Mommy's Jamaican Mkt. Corp., 2024 U.S. Dist Lexis 145299 (S.D.N.Y.
2024)……………………………………………………………………………………22

Keawsri v Ramen-Ya Inc., 2023 US Dist LEXIS 204713, at 3-4 (S.D.N.Y. Nov. 15, 2023
……………………………………………………………………………16, 20, 21

King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)……………………16, 20

<u>Lesser v. U.S. Nat'l Bank Ass'n</u>, 2011 U.S. Dist. LEXIS 28127, 2011 WL 1004708, (E.D.N.Y. Mar. 18, 2011) …………………………………………………………….20

<u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).19

<u>Mine Workers v. Bagwell</u>, 512 U.S. 821, 826-30 (1994))…………………………….. 21

<u>New York State Nat. Org. for Women v. Terry</u>, 886 F.2d 1339, 1353 (2d Cir. 1989)…21

<u>Oved v. Weiner</u>, 2017 U.S. Dist Lexis 210279 (E.D.N.Y. 2017)………………………21

<u>Perez v. Edwards</u>, 2023 U.S. Dist. Lexis 161167 (S.D.N.Y. 2023)(LJL)……………..25

<u>Rodriguez v New Generation Hardware Store Corp.</u>, 2024 US Dist LEXIS 79913, (S.D.N.Y. Apr. 24, 2024, No. 22-cv-4422 (LJL))…………………………………21, 24

<u>Schlaifer Nance & Co., Inc. v. Est. of Warhol</u>, 194 F.3d 323, 336 (2d Cir. 1999) ……19

<u>Seena Int'l, Inc. v. One Step Up, Ltd.</u>, 2016 U.S. Dist. LEXIS 64850, 2016 WL 2865350, (S.D.N.Y. May 11, 2016)…………………………………………………………………23

<u>Sterling Nat'l Bank v. A-1 Hotels Int'l Inc.</u>, 2004 U.S. Dist. LEXIS 11566, 2004 WL 1418201 (S.D.N.Y. June 23, 2004)……………………………………………………20

<u>Suarez v Liquid Blue, Inc.</u>, 2024 US Dist LEXIS 83169, at 7-8 (S.D.N.Y. May 7, 2024, No. 23-cv-10140 (LJL)………………………………………………………….24

<u>Z-Int'l, Inc. v. Z Line Int'l, Inc.</u>, 2005 U.S. Dist. LEXIS 13188, 2005 WL 1580609, (S.D.N.Y. July 6, 2005)……………………………………………………….. 20

## PRELIMINARY STATEMENT

Defendant Rudolph W. Giuliani ("Defendant"), respectfully submits this memorandum of law in opposition to Plaintiffs' motion pursuant to Federal Rules of Civil Procedure 37 and the Court's inherent authority for an order holding Defendant in civil contempt and imposing sanctions.

Plaintiffs seek to hold Defendant in contempt of the Court's orders of October 28, 2024 (ECF No. 53 (the "October 28 Order")) and November 22, 2024 (ECF No. 103 (the "November 22 Order")) "and to sanction Defendant accordingly, including pursuant to Federal Rule of Civil Procedure 37".

Plaintiffs' memorandum of law states that "Mr. Giuliani has not produced a single document in response to Plaintiffs' discovery orders in this matter notwithstanding multiple orders from this Court requiring him to do so…" (Plaintiff's memorandum of law, page 1). That is not true and is false.

The undeniable fact is that Defendant's prior counsel, Kenneth Caruso, Esq. and David Labkowski, Esq. were counsel to Defendant until November 26, 2024 when the Court permitted them to withdraw as counsel.

Defendant obtained new counsel, Joseph Cammarata, Esq., replaced Kenneth Caruso, Esq. and David Labkowski, Esq. on November 26, 2024. Defendant's present counsel quickly began to review all of the Court's orders and began to obtain all responses to the Plaintiffs' discovery demands to comply with all of this Court's orders and Plaintiffs' discovery demands.

As this Court should know, Plaintiffs obtained probably one of the largest judgments for defamation ever granted to a Plaintiff in the United States, the $145,969,000 plus interest Judgment against Defendant. Notwithstanding the fact that the Judgment in on appeal before the

United States Court of Appeals for the D.C. Circuit, Defendant's present counsel immediately began the process of causing the turnover of assets of the Defendant to the Plaintiffs who were appointed as the Receivers by this Court.

In this Court's order of October 22, 2024 (ECF Docket No. 62), this Court stated that "Federal Rule of Civil Procedure 62(b) permitted him to post a supersedeas bond in the District of Columbia to stay enforcement of the judgment pending the disposition of his appeal. Fed. R. Civ. P. 62(b); *In re Raymond Pro. Grp., Inc.*, 438 B.R. 130, 136 (Bankr. N.D. Ill. 2010) ("A party against whom a money judgment has been entered may obtain a stay of that judgment pending appeal by posting a supersedeas bond."); *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (per curiam) (describing the bond requirement under Rule 62(b) as intended "to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed"). The fact is that the supersedeas bond would have had to be in an amount in excess of $145 million, and as stated in the bankruptcy petition filed by Defendant, his assets totaled between $1 million and $10 million (**Exhibit "1"**). There was no possibly way for Defendant to have obtained any bond due to the value of the judgment, which on appeal it is anticipated will be reversed or the judgment amount will be greatly reduced.

Every human being has political beliefs, and no matter what the Court's personal beliefs are, the Court should recognize that you have a Defendant here with an enormous judgment against him as the Plaintiffs were awarded a judgment now in excess of $145,969,000 which includes $75,000,000 in punitive damages, and this Court should recognize that Plaintiffs' counsels are political and apparently are swayed toward the democratic party, and you have the Defendant who was a Republic Mayor and who was an attorney for former and future President

2

Donald J. Trump, who was and is deeply rooted in republican beliefs. There is no way that this Court cannot view this case as a political case, because that is exactly what it is, or there would never have been such an astronomical judgment against the Defendant.

      This Court should know that one or more of Plaintiffs' counsels was partners with Hunter Biden as Boies Schiller Flexner LLC, President Joseph Biden's son, and had been involved with, upon information and belief, Burisma Holdings and/or Ukrainian  issues. These issues became very, very political and charged during the 2020 Presidential Campaign and thereafter. One or more of the organizations of the Plaintiffs' counsels are politically based organizations, such as the organization United to Protect Democracy, whose website states" "Protect Democracy is a… group dedicated to defeating the authoritarian threat… and protecting liberal democracy. Our experts and advocates use litigation, …. to stand up for… the rule of law…. and a better democracy for future generations". No matter what anyone says, the truth and fact is that Plaintiffs are represented by those who believe in liberal democracy, and you have a defendant whose beliefs are the antithesis of the Plaintiffs' counsel.

      Plaintiffs, through their counsel, filed their judgment in the United States District Court for the Southern District of Florida on August 5, 2024, and filed their judgment in the United States District Court for the Southern District of New York on the same day, August 5, 2024. On August 5, 2024, there is no way that Plaintiffs and their counsel did not know that Defendant was a citizen of, domiciled in, and a permanent resident of the State of Florida who was and is actually residing in his Florida condominium, where he has and is entitled to homestead protection under the Florida Constitution. If this was not a political case, the Plaintiffs would have filed for a determination of homestead in Circuit Court of Palm Beach County, Florida, but they did not do so, because they want a New York court to help Plaintiffs achieve their goals.

One would ask, why would the Plaintiffs file their judgment in Florida and New York, and then not proceed in enforcing the Judgment in Florida or in the United States District Court for the Southern District of Florida, but only seek to enforce the Judgment in New York, and try to have a Federal Court in New York interpret Florida Constitutional law and Florida Supreme Court case law? The answer appears to be forum shopping because Plaintiffs likely believe that a Florida Court will undoubtedly grant homestead protections to Defendant because homestead is properly assumed to be valid once claimed, while the Plaintiffs' counsel likely believes that they have a better chance of having a Federal Court in New York trying to interpret Florida Constitutional law in the Plaintiffs favor. There would be no chance of taking Defendant's Florida condominium which is homesteaded in Florida, where Florida Courts have routinely resolved and decided cases on homestead and Florida Constitutional law. It is believed that this case will be the first case in the United States District Court for the Southern District of New York, where the Court is deciding Florida homestead and Florida Constitutional Law. This is a case of first impression because it is believed that any other cases ever involving an interpretation of the Florida Constitution provisions regarding homesteading, have been decided by courts in the State of Florida, not in New York. This case does not belong in this Court but this is where it is being litigated, as this Court has not yet granted a dismissal of this case or transferred venue to the United States District Court for the Southern District of Florida.

Plaintiffs and their counsel are seeking to take every asset of the Defendant before there is a change in administration from President Biden to President Trump. The fact is that this case evolved from the 2020 election, where Defendant worked for President Trump and while the Plaintiffs' counsel was to believed to have supported President Biden; this is what this fierce prosecution of this case derives from. Defendant was very outspoken against Hunter Biden and

the Hunter Biden laptop which many people said was Russian disinformation, when the truth eventually came out that the Hunter Biden laptop was authentic and real. At least one of Plaintiffs' counsel has emails in the public domain with Hunter Biden on the same emails, and such counsel was Special Assistant to President Barak Obama and Associate White House Counsel[1]. The fact is that this case is not really about the judgment that the Plaintiffs obtained in a ghastly sum, among the largest judgment ever against an individual for defamation in the United States. This is a battle between the left and the right and this is one of the last battles that exist from the 2020 election.

On the internet and upon information and belief, the Willkie Farr & Gallagher website, it states or stated with a posting dated August 30, 2023 that:

> "A Willkie pro bono team led by partners Michael Gottlieb and Meryl Governski, along with co-counsel at Protect Democracy and Dubose Miller LLC, won a landmark victory today against Rudy Giuliani in a federal defamation suit in U.S. District Court for the District of Columbia on behalf of Fulton County Georgia election workers Wandrea ArShaye (Shaye) Moss and her mother, Ruby Freeman.
>
> In an August 30 opinion, Judge Howell granted Willkie's motion for sanctions for Mr. Giuliani's "willful discovery misconduct" and ordered the most drastic sanction: default judgment on all claims—defamation, intentional infliction of emotional distress, civil conspiracy—stemming from statements he made about Ms. Freeman and Ms. Moss to intentionally undermine the results of the 2020 presidential election.
>
> Willkie, along with co-counsel, filed the lawsuit in December 2021, and has devoted thousands of hours to litigating the matter, including filing more than 20 discovery-related motions. The order leaves outstanding only the amount of damages Mr. Giuliani owes, including in the form of punitive damages, which will be determined at a trial in the coming months.
>
> Today's decision comes after nearly two years of litigation. The ruling is a significant victory and reaffirms what the Willkie team, co-counsel, and their clients have always known to be true: that Ms. Moss and Ms. Freeman honorably

---

[1] Michael Gottlieb, Esq. was Special Assistant to President Barak Obama and Associate White House Counsel, and a member, partner or associate of Boies Schiller Flexner LLP where he was associated with Hunter Biden who was allegedly employed at Boies Schiller Flexner LLP prior to Mr. Gottlieb's employment now at Willkie, Farr & Gallagher.

performed their civic duties in the 2020 presidential election in full compliance
with the law and that the allegations of election fraud Rudy Giuliani made against
them have been false since day one.

Partner Michael Gottlieb was interviewed on CNN, MSNBC and NPR, and
partner Meryl Governski appeared on NewsNation and MSNBC, respectively, to
discuss the victory. This important win was also covered by other global media
organizations, including *The Wall Street Journal, The New York Times,
Washington Post,* Reuters, *Politico,* Associated Press and more.
Ms. Moss and Ms. Freeman are represented by a pro bono Willkie team that
includes partners Michael Gottlieb and Meryl Governski, and associates M. Annie
Houghton-Larsen, J. Tyler Knoblett, Tim Ryan, Logan Kenney, Maggie
MacCurdy and Perri Haser.  Co-counsel on the case is Protect Democracy and
Von DuBose of DuBose Miller."

Note that Willkie Farr & Gallagher made this their allegedly pro-bono project, likely to
try to destroy Defendant while increasing the publicity and promotion for Willkie Farr &
Gallagher as very aggressive and tenacious attorneys. Note also that the Judgment that is the
subject to this action was not a judgment on the merits, but based on default because Judge
Howell granted Plaintiff's motion resulting a default judgment on all claims—defamation,
intentional infliction of emotional distress, civil conspiracy. The case was not decided on what
actually occurred which resulted in the lawsuit in the first place.

On the internet and/or the their website, Willkie Farr & Gallagher stated
(https://www.willkie.com/news/2023/08/willkie-wins-landmark-victory-in-federal-defamation-
suit-against-rudy-giuliani) that they devoted thousands of hours to litigating the matter, including
filing more than 20 discovery-related motions. That is how the Plaintiffs won, by bombarding
Defendant with discovery hoping that they would get a judge to buy their story of discovery
disobedience. That is what Plaintiffs' counsel is doing in this court. Plaintiffs also stated that
they were represented by the "Willkie team that includes partners (1) Michael Gottlieb and (2)
Meryl Governski, and associates (3) M. Annie Houghton-Larsen, (4) J. Tyler Knoblett, (5) Tim

Ryan, Logan Kenney, (6) Maggie MacCurdy and (7) Perri Haser.  Co-counsel on the case is (8)

Protect Democracy and (9) Von DuBose of DuBose Miller. There actually have been more than

nine attorneys working propounding the Defendants with discovery demands in this case as they

had in the D.C. Court case, because the Plaintiffs' motive is to try to overwhelm Defendant and

his counsel, and win on default and sanctions, because they cannot, and could not prevail on the

merits.

The following is posted on the internet and/or the their website, Willkie Farr & Gallagher

(https://www.willkie.com/recognition-honors-awards/2024/07/willkie-team-earns-amlaw-

litigator-of-the-week-shout-out-for-giuliani-bankruptcy-case-dismissal):

> "A Willkie pro bono team has been recognized by *The AmLaw Litigation
> Daily* with a "Shout Out" for its success in securing the dismissal of Rudy
> Giuliani's bankruptcy case.
>
> On Friday, July 12, U.S. Bankruptcy Judge Sean Lane dismissed Giuliani's
> bankruptcy protection case, clearing the way for Willkie clients Shaye Moss and
> Ruby Freeman to start collecting the money that is owed to them. Last December,
> in a landmark defamation suit, Willkie secured $148.1 million in damages for
> Shaye and Ruby for the harm Rudy Giuliani caused by spreading lies that they
> had intentionally undermined the results of the 2020 presidential election in
> Georgia.
>
> Partner and Chair of the Business Reorganization & Restructuring Department
> Rachel Strickland, counsel Aaron Nathan and associate James Burbage played a
> key role in securing the bankruptcy case dismissal. The Willkie team also
> includes partners Michael Gottlieb, Meryl Governski and Kristin Bender,
> associates M. Annie Houghton-Larsen, J. Tyler Knoblett, Maggie MacCurdy,
> Perri Haser, Jessie Graber and Marine Loison.  Co-counsel includes Von DuBose
> of  DuBose  Miller  and  John  Langford  of  Protect  Democracy.
>
> Learn more about the case here."

It is believed that a significant factor in this case, is for pro bono attorneys to get

promotion and free advertising in the press - promoting Willkie Farr & Gallagher.

Note how many attorneys are working on this for the Plaintiffs as set forth in the posting:

1. Michael Gottlieb,
2. Meryl Governski
3. Kristin Bender,
4. M. Annie Houghton-Larsen,
5. J. Tyler Knoblett,
6. Maggie MacCurdy,
7. Perri Haser,
8. Jessie Graber,
9. Marine Loison,
10. Von DuBose of DuBose Miller and
11. John Langford of Protect Democracy.

The following is posted on the internet and/or their website, about Willkie Farr &

Gallagher  (https://www.willkie.com/news/2024/07/rachel-strickland-interviewed-on-cnn-about-

giuliani-bankruptcy-case-dismissal):

> "Rachel Strickland, partner and Chair of Willkie's Business Reorganization &
> Restructuring Department, appeared on CNN last week to discuss the recent
> dismissal of Rudy Giuliani's bankruptcy case and what it means for Willkie's
> clients Shaye Moss and Ruby Freeman. On July 12, U.S. Bankruptcy Judge Sean
> Lane dismissed Giuliani's bankruptcy protection case, clearing the way for Shaye
> and Ruby to start collecting the money that is owed to them.
>
> In an interview with Kaitlan Collins on CNN's The Source, Rachel discussed the
> details of the court proceedings and the Willkie team's intentions to immediately
> pursue    Giuliani's    assets    on    behalf    of    Shaye    and    Ruby.
>
> Last December, in a landmark defamation suit, the Willkie pro bono team secured
> $148.1 million in damages for the harm Rudy Giuliani caused by spreading lies
> that they had intentionally undermined the results of the 2020 presidential
> election. Shortly after the judgment, Giuliani filed for bankruptcy with $10.6
> million in reported assets.
>
> Learn more about the case here.  Watch Rachel's interview on CNN here."

Again, this case is to promote the interests of Willkie Farr & Gallagher and the Court

should be fair to Defendant knowing that the Plaintiffs' goals here are to win by default or

sanctions, and not on the merits, because Plaintiffs have to lose on the merits.

The following is posted on "National Security Institute" website titled "Michael Gottlieb in the news (https://nationalsecurity.gmu.edu/michael-gottlieb-in-the-news/):

- **<u>Giuliani Agrees to Cease Election Fraud</u>**
  Mentioned: NSI Visiting Fellow **Michael Gottlieb**
  May 21, 2024, *ABC*

- **Litigators of the week: Holding Rudy Giuliani accountable for defaming Georgia election workers**
  Quoted: NSI Visiting Fellow **Michael Gottlieb**
  December 22, 2023, *Law.com*

- **Rudy Giuliani files for bankruptcy, amid legal battles and $148M defamation verdict**
  Quoted: NSI Visiting Fellow **Michael Gottlieb**
  December 22, 2023, *Hoodline*

- **<u>Rudy Giuliani files for bankruptcy after being ordered to pay $148M in defamation case</u>**
  Quoted: NSI Visiting Fellow **Michael Gottlieb**
  December 21, 2023, *NY1 News*

- **Rudy Giuliani, facing a $146 million judgment files for bankruptcy in New York**
  Quoted: NSI Visiting Fellow **Michael Gottlieb**
  December 21, 2023, *NBC News*

- **Election workers who won $148M in damages from Rudy Giuliani sue again to stop lies**
  Quoted: NSI Visiting Fellow **Michael Gottlieb**
  December 19, 2023, *NY Daily News*

- **Why Ruby Freeman and Shaye Moss are suing Rudy Giuliani Again**
  Quoted: NSI Visiting Fellow **Michael Gottlieb**
  December 19, 2023, *MSNBC*

- **Georgia election workers sue Rudy Giuliani for defamation – again – after winning $148 million**
  Quoted: NSI Visiting Fellow **Michael Gottlieb**
  December 18, 2023, *USA Today*

- **They just won a $148M verdict against Giuliani. Now they're suing him again.**
  Quoted: NSI Visiting Fellow **Michael Gottlieb**
  December 18, 2023, *Politico*

- **<u>Giuliani Can't Ax Ga. Poll Workers' Defamation Claims</u>**
  Quoted: NSI Visiting Fellow **Michael Gottlieb**
  October 31, 2022, *Law360*

- **<u>Judge denies Rudy Giuliani's motion to dismiss defamation lawsuit from Georgia election workers</u>**
  Quoted: NSI Visiting Fellow **Michael Gottlieb**
  October 31, 2022, *Yahoo News*

- **Willkie Farr Nabs Former White House Lawyer To Lead Crisis Management Practice**
  Quoted: NSI Visiting Fellow **Michael Gottlieb**
  January 23, 2019, *Above the Law*

- **White House Alum Leave Boies to Launch Willkie Crisis Response Group**
  Quoted: NSI Visiting Fellow **Michael Gottlieb**
  January 22, 2019, ***The American Lawyer***

This Court should see that Willkie Farr & Gallagher, allegedly working "pro bono" is publicizing this case and all cases involving Defendant Rudolph Giuliani, which likely will or has generated probably millions of dollars for Willkie Farr & Gallagher from other clients who dislike Defendant Rudolph Giuliani and/or President Trump. Pro bono attorneys would not spend thousands of hours on a pro bono assignment without an ulterior motive – a profit motive.

This Court has fast-tracked this case and it is perplexing why this rapid rocket docket approach has been utilized, but the fact is that the Plaintiffs want this case over by January 20, 2025 when President Trump takes office, because it's not in Willkie Farr & Gallagher's best interests to have this case proceeding once there is a new administration in Washington, as clients of Willkie Farr & Gallagher who would have to work with the new administration in Washington may be offended by the approaches taken by Willkie Farr & Gallagher with their manner of overly aggressive discovery tactics, designed to win, not on the merits, but on default or sanctions, because they cannot win based on the facts.

This Court should try to avoid the politics involved in this case. When the Honorable Judge of this Court was nominated for the current District Judge position, no Democratic Senators voted against the nomination of the Honor Judge, but twenty nine (29) Republican Senators voted against the Honorable Judge. Hopefully, the Honor Judge will be able to be

unbiased against Defendant. However, even subconsciously, a human being can have a political bias and the rapid rocket docket approach by this Court and entertaining so many of Plaintiffs' motions and letters from the Plaintiffs' counsel and ruling against the Defendant nearly 100% of the time is troubling.

It is believed that the Plaintiffs' counsel's goal is to bombard Defendant with tons of discovery using a dozen attorneys, making it nearly impossible for Defendant to timely respond, and then filing motion after motion against Defendant hoping that one of the motions for sanctions will stick. The Plaintiffs' playbook here, is the same as was in the United States District Court for the District of Columbia. That is how the Plaintiffs won their judgment in the United States District Court for the District of Columbia – sanctions, not on the merits. Imagine obtaining a $145,000,000 judgment based on sanctions only? That is what happened. It's on appeal and likely to be reversed; There are really no other cases like that case and outcome in all of the federal courts in the United States.

The Plaintiff, Plaintiff's counsel and the Court does not have to like the Defendant or what he stands for, but this Court should give the Defendant the benefit of the doubt and give the Defendant fairness.  If this Court looks at only the facts, there is no way for this Court to ever rule that on the date that the Plaintiffs' recorded and filed their judgment in Florida and New York, that Defendant was not entitled to a homestead in Florida. The fact that the Honorable Judge was nominated to become a District Judge in 2018, and that nomination was returned to the President under the provisions of Senate Rule XXXI, paragraph 6 of the Standing Rules of the Senate can subconsciously affect any human being. Then when the Honorable Judge was nominated again, the Honorable Judge was confirmed by the Senate, however with no Democratic Senators voting against the nomination, but 29 Republican Senators voting against

the nomination. That is the reason for this Court to be very conscious of giving the Defendant who is only before this Court because of politics and the 2020 election a fair day in court.

This Court should be aware that based on everything that was submitted to this Court, there is no possible way under the Florida Constitution, that the Defendant is not deemed a Florida resident, domiciliary and citizen with a permanent residence in Florida. One of the most important facts is that in July 2023, Defendant listed his only New York residence for sale, and he did not seek to purchase or lease any other residence in New York. This was done well before there was any judgment issued in favor of Plaintiffs against Defendant. Defendant listed his only New York residence for sale in July 2023, because he was preparing to move to Florida as his only and permanent residence, and that is what Defendant did. If this Court reads between the lines of the plethora of Plaintiffs' counsels' filings, the Plaintiffs seek sanctions from this Court to try to get this Court to sanction Defendant by taking away the homestead rights of the Defendant. This is because the Plaintiffs' counsel knows, unquestionably, that the facts are such that on the merits, Defendant has homesteading in Florida, and has had homesteading in Florida well before the August 5, 2024 date when Plaintiffs' filed their judgments in the Southern District of New York and Southern District of Florida.

If this case was not a political case, this case likely would have very few filings on the docket and this case would have taken a standard track, not have an expedited trial with the case filed in August 2024 and a trial in January 2025.  Plaintiffs have pushed this Court with voluminous filings, to make the Defendant look bad to the Court even when there were events that occurred that were beyond the Defendant's abilities to perform.  Defendant relied upon his prior counsels to respond to discovery demands in this case, but they were not served. When Defendant's present counsel came into this case on November 26, 2024 when Defendant's prior

counsels were granted permission to withdraw as counsel, in the approximately three (3) weeks, there has been substantial compliance with all discovery and court orders. This Court should know that no matter what is provided to the Plaintiffs' counsel, Plaintiffs' counsel is and has been very unreasonable, because this is about Plaintiffs rushing to the finish line, getting all of the Defendant's assets, getting the Defendant's homestead condominium in Florida which is the Defendant's only permanent residence and has been so, before a new administration takes office on January 20, 2025. It is very unfortunate that the Plaintiffs' counsel appears out to destroy Defendant who did lots of good things for the United States of America and all citizens of the United States of America over a career of more than 50 years. Because of the voluminous filings by Plaintiffs, the Court likely looks at all of the filings prepared by probably a dozen attorneys, with endless resources, going against the Defendant with limited resources and limited attorney staff. It appears that Plaintiffs' counsel made it very difficult for Defendant's prior counsel, Kenneth Caruso, Esq. and David Labkowski, Esq. with motions and filings consistently done until Kenneth Caruso, Esq. and David Labkowski, Esq. could not take it anymore, and they had to withdraw as Defendant's counsel. They still represent the Defendant on the appeal before the United States Court of Appeals for the DC Circuit. Defendant's counsel has experienced the voluminous filings by Plaintiffs' counsel and knows that it is like a war with a dozen machine guns shooting at you, and only one person to defend it. It is respectfully requested that this Court take a step back and realize that this is what is happening. Defendant has substantially complied with court orders and discovery since Defendant's present counsel began to take over the representation on November 26, 2024. Defendant was not the person responsible for the Plaintiffs not receiving discovery prior to November 26, 2024, and he should not face any sanctions or penalties of any kind. At the end of the day, Plaintiffs will have not been prejudiced

13

in any manner whatsoever by the slower than optimal discovery production and compliance with the Court's orders, and this Court will hopefully see and hear all of the facts, and decide that while the Plaintiffs can push very hard and with full force, it does not change the fact that under Florida law, and the Florida Constitution, Defendant was and is entitled to claim his condominium unit located in Florida as his homestead.

The Honorable Judge once said that "The quality of our system of justice is measured by the service it provides to the poorest and most despised members of society"[2]. There are many individuals who were against President Trump and as such, against Rudolph Giuliani, and many members of society despise Defendant Rudolph Giuliani and President Trump, however, the quality of our system of justice is measured by the service it provides to defendants like Defendant Rudolph Giuliani, who the Plaintiffs and their counsel apparently likely despise. It is Defendant's recent understanding that the Honorable Judge is the son of the late Arthur L. Liman, who it has been discovered passed away at a time when Defendant Rudolph Giuliani was the prosecutor as the United States Attorney for the Southern District of New York, and the late Arthur L. Liman was representing certain defendants in Drexel Lambert prosecution cases (Michael Milken, Ivan Boesky, Dennis Levine). Defendant hopes that Defendant is afforded every right under the law by this Court in light of the knowledge that the Defendant before this Court is the person who was prosecuting the Honorable Judge's late father Arthur L. Liman clients when or around the time that the Honorable Judge's late father Arthur L. Liman passed away.

## **Defendant should not be held in Contempt**

Sanctions are not required to coerce Defendant into compliance with any court orders. It is respectfully submitted that Plaintiffs have not established by clear and convincing evidence

---

[2] The Quality of Justice, Yale Law & Policy Review, Inc., Vol. 17, No. 1 (1998), pp. 287-289.

that the Defendant violated the district court's edicts and therefore, based upon the Court's inherent authority sanctions should not be granted.

As this Court has seen, once Defendant's prior counsel withdrew as counsel on November 26, 2024, present counsel for Defendant ensured nearly full compliance with all of the court orders capable of being complied with.

Plaintiffs claim in the instant motion that Defendant should be held in contempt for violating the October 28 and November 22 Orders[3]. The fact is that Defendant has complied with the October 28, 2024 Order (DE-53) and the November 22, 2024 Order (DE-103) (collectively the "Orders"). In the event that Defendant did not fully comply with either of the Orders, there was reasonable excuse for not fully complying, as Defendant relied upon his prior counsels to comply with the two Orders. Once present counsel for Defendant took over representation from the prior counsels, there was full or substantial compliance with the Orders.

Because there has been full or substantial compliance with the Orders by Defendant, Sanctions are not required to be imposed to coerce Defendant into compliance the Orders. Additionally, Plaintiffs have not suffered any losses by any non-compliance or delayed compliance with the Orders at all, so there is no reason for this Court to compensate Plaintiffs for any monetary losses, as Plaintiffs did not suffer any losses as a result of the lack of compliance by Defendant. Therefore, based on the facts, there is no reason to sanction Defendant.

This case should be heard on the merits regarding the homestead of Defendant in Florida. Truly, Plaintiffs should not even be bringing this case, because Plaintiffs know that when they filed their Judgment in the United States District Court for the Southern District of Florida and the United States District Court for the Southern District of New York, Defendant was at that time and well before, a citizen of, domiciled in, and a permanent resident of the State of Florida.

---

[3] Plaintiffs' Memorandum of Law, Argument Point I, page 9.

This Court should read between the lines of the Plaintiffs motion, and realize that the only reason why the Plaintiffs are seeking "severe sanctions" are because the Plaintiffs would like this Court to say that Defendant should not be permitted to put on a defense at trial, because if this case proceeds to trial, the facts are that Defendant is entitled to claim his homestead as Florida in accordance with the Florida Constitution.  So the only way for the Plaintiffs to have a victory in this case, is for Plaintiffs to continue to claim deficiencies of discovery and/or violations of court orders and hope that this Court sanctions Defendant.

The Defendant was not disregarding this Court's orders but relied upon prior counsel to complete discovery responses and compliance with the Court's orders.

This Court stated in Keawsri v Ramen-Ya Inc., 2023 US Dist LEXIS 204713, at 3-4 (S.D.N.Y. Nov. 15, 2023, No. 17-cv-02406 (LJL) that "Civil contempt sanctions serve two purposes: to coerce a party into compliance, or to compensate the adverse parties for any losses suffered as a result of the lack of compliance." 1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park, 809 F. App'x 44, 45 (2d Cir 2020)."A contempt order" issued pursuant to a court's inherent authority "is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995). "More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing,  and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Id.

There was no willful non-compliance by Defendant. As stated above, it is evident that once Defendant changed counsels, a plethora of discovery responses and compliance with the

court orders was accomplished. It is respectfully submitted that if the Defendant in this case was not Rudolph Giuliani, the Plaintiffs would probably not be seeking sanctions.

The basis for the instant motion was what Plaintiffs state in their memorandum of law, stating "It has been more than a month since Plaintiffs served the First Set of RFPs, and Mr. Giuliani has not taken a single step to respond to them in any way. Mr. Giuliani continues to evince no intent to respond to the First Set of RFPs even after the Court's November 22 Order…".   Defendant's present counsel ensured that Defendant produced documents and responses to discovery demands of the Plaintiffs.

Plaintiffs' counsels declaration (Houghton-Larsen Decl. ¶10, Ex. 4 at 5) stated that, *inter alia*, Defendant's objection and response of not providing his email address and cellular telephone number was a "a safety and security concern to his wellbeing, as there were previous threats received by Defendant" was sanctionable.  It is and was a very legitimate concern for this Defendant, different from many defendants who was a United States Attorney who prosecuted the Mafia and was the former Mayor of New York City, who actually received death threats to not wanting to reveal his telephone number which likely will be placed in the public domain by the Plaintiffs. Plaintiffs suffered no harm by the Defendant not providing his email address or cellular telephone number initially.

Plaintiffs' counsel's declaration (Houghton-Larsen Decl. ¶10, Ex. 4 at 6) stated that, *inter alia*, Defendant's objection and response to the request to identify "in detail the efforts you undertook to preserve relevant evidence and to collect and produce responsive materials in response to Plaintiffs' Requests for Production" where the response was "I did not throw out any documents" was sanctionable. The fact is that there were documents produced by Defendant to comply with the Court's orders. Defendant transferred the bulk of his assets to the Plaintiffs. It is

respectfully submitted that there is nothing regarding the discovery and court orders that rise to the level of sanctions.

What is really incredible is that the Plaintiffs are trying to obtain adverse inferences against Defendant so that they get the ultimate relief that they seek in this case, which is for a declaration by this Court, not a Florida Court, that the homestead of the Defendant is not in accordance with the Florida Constitution and Florida case law and statutes. Because Plaintiffs cannot prevail on the ultimate relief that they seek, they believe that they can only get this relief by seeking sanctions or adverse inferences.

Plaintiffs seek the following adverse inferences (Plaintiff's memorandum of law, page 14:

    a. "That Mr. Giuliani did not form an intention to live permanently at the Palm Beach Condo prior to August 5, 2024" and

    b. "That Mr. Giuliani did not actually occupy the Palm Beach Condo as a permanent residence prior to August 5, 2024".

The undisputable fact is that Defendant Rudolph W. Giuliani listed his New York cooperative apartment for sale in July 2023, because Defendant Rudolph W. Giuliani formed an intention to live permanently at the Palm Beach Condo prior to August 5, 2024 and that Defendant Rudolph W. Giuliani did actually occupy the Palm Beach Condo as a permanent residence prior to August 5, 2024. There can be no way that the Plaintiffs can prove or demonstrate that Defendant Rudolph W. Giuliani did not form an intention to live permanently at the Palm Beach Condo prior to August 5, 2024 or that Defendant Rudolph W. Giuliani actually occupy the Palm Beach Condo as a permanent residence prior to August 5, 2024, because the fact is that Defendant Rudolph W. Giuliani began the process to relocate to Florida in July 2023

when he listed his New York cooperative apartment for sale and then actually occupied his Palm Beach Condo in Florida as his permanent residence prior to August 5, 2024. That is why Plaintiffs now want adverse inferences and a protective order precluding Defendant from relying on, referencing, or otherwise using any documentary evidence in support of his claim that he established the Palm Beach Condo as a homestead prior to August 5, 2024. Because Plaintiffs are obviously concerned that if this Court metes justice out fairly and blindly, this Court must find unquestionably that Defendant intended to use his Palm Beach Condo in Florida as his permanent residence prior to August 5, 2024 and Defendant actually did in fact permanently reside at his Palm Beach Condo in Florida prior to August 5, 2024. That would mean that while the Plaintiffs get all of the Defendant's non-exempt assets, the Plaintiffs would not be able to seize the Defendant's Palm Beach Condo in Florida.

## ARGUMENT
## POINT I
## STANDARD OF REVIEW

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). A court's "inherent power to sanction derives from the fact that courts are 'vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" Schlaifer Nance & Co., Inc. v. Est. of Warhol, 194 F.3d 323, 336 (2d Cir. 1999) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). "Civil contempt sanctions serve two purposes: to coerce a party into compliance, or to compensate the adverse parties for any losses suffered as a

result of the lack of compliance." 1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park, supra. "A contempt order" issued pursuant to a court's inherent authority "is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995). "More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Id. Keawsri v Ramen-Ya Inc., supra.

"Before the Court can hold a person in civil contempt, due process requires that the person be given notice that he or she is a defendant in a contempt hearing, and, if he or she faces possible incarceration, that he or she be afforded the right to counsel. See Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz, 2006 U.S. Dist. LEXIS 39256, 2006 WL 1643202, at 3 (S.D.N.Y. June 13, 2006); see also Drywall Tapers & Pointers, Loc. 1974 v. Loc. 530 of Operative Plasterers & Cement Masons Int'l Ass'n, 889 F.2d 389, 394 (2d Cir. 1989) ("Due process requires that before being held in contempt, a party must have notice that it is a defendant in a contempt hearing." (citing Fed. R. Crim. P. 42(b))); Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106, 109-10 (2d Cir.1987) (same); Z-Int'l, Inc. v. Z Line Int'l, Inc., 2005 U.S. Dist. LEXIS 13188, 2005 WL 1580609, at *4 (S.D.N.Y. July 6, 2005) ("Before imposing sanctions on a person charged with civil contempt, due process requires that the person receive notice and an opportunity to be heard." (citing Sterling Nat'l Bank v. A-1 Hotels Int'l Inc., 2004 U.S. Dist. LEXIS 11566, 2004 WL 1418201, at 2 (S.D.N.Y. June 23, 2004))); Lesser v. U.S. Nat'l Bank Ass'n, 2011 U.S. Dist. LEXIS 28127, 2011 WL 1004708, at 7-8 (E.D.N.Y. Mar. 18, 2011) (same); see generally In re Oliver, 333 U.S. 257, 275, 68 S. Ct. 499, 92 L. Ed.

682 (1948). Rodriguez v New Generation Hardware Store Corp., 2024 US Dist LEXIS 79913, at 6-8 (S.D.N.Y. Apr. 24, 2024, No. 22-cv-4422 (LJL)).

When imposing sanctions pursuant to its inherent powers, a federal court "may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount for the sanctioned party's misbehavior." Goodyear Tire, 137 S. Ct. at 1186 (citing Mine Workers v. Bagwell, 512 U.S. 821, 826-30 (1994)). "When imposing coercive sanctions, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." New York State Nat. Org. for Women v. Terry, 886 F.2d 1339, 1353 (2d Cir. 1989). Sanctions should be no "more than . . . necessary to compel compliance." BOC Aviation Ltd. v. AirBridgeCargo Airlines, LLC, 2022 U.S. Dist. LEXIS 223726, 2022 WL 17581775, at *17 (S.D.N.Y. Dec. 12, 2022). It has been represented that Kora is outside the United States, returning on November 20, 2023. Dkt. No. 763. The Court will give him time to come into compliance before contempt sanctions begin to run. The Court therefore imposes a sanction on Kora of $1,000 per diem, beginning on November 28, 2023, for each day that he remains in violation of the Court's July 6, 2023 Order. Those funds are to be paid directly to Plaintiffs on a weekly basis beginning on December 5, 2023." Keawsri, supra.

## POINT II
## HOLDING DEFENDANT IN CIVIL CONTEMPT AND FOR SANCTIONS ARE NOT APPROPRIATE IN THIS CASE

This Court should be aware of the case of Oved v. Weiner, 2017 U.S. Dist Lexis 210279 (E.D.N.Y. 2017) where Judge Denis R. Hurley stated that "Plaintiff has submitted evidence that supports the assertion that Defendant is domiciled in the State of Florida, to wit: records showing

Defendant is a registered voter in the State of Florida and that Defendant has been claiming the Florida homestead exemption, which is available only to "permanent residents," *see* Fla. Stat. § 196.031."  The fact in this case is that prior to August 5, 2024, Defendant Rudolph Giuliani was and is a registered voter in the State of Florida and that Defendant Rudolph Giuliani has a Florida homestead exemption on his Florida Condominium, which is available only to "permanent residents".  Defendant Rudolph Giuliani has Florida homestead protections as a permanent resident actually occupying his Florida condominium unit.  This case should not have even been brought by Plaintiffs. If sanctions are appropriate, it appears that at the end of the day, it is the Plaintiffs and their counsel that should be sanctioned and made to pay Defendant's counsel fees and costs.

In <u>Acmetel USA LLC v. Ptgi Int'l Carier Servs.</u>, 2024 U.S. Lexis 186029 (S.D.N.Y. 2024), this Court was asked to award attorneys' fees to the Proposed Intervenors. This Court denied the motion for attorney's fees.

In <u>Hong v. Mommy's Jamaican Mkt. Corp.</u>, 2024 U.S. Dist Lexis 145299 (S.D.N.Y. 2024), this Court was asked to impose sanctions against former counsel to the defendants pursuant to the Court's inherent authority and pursuant to 28 U.S.C. §1927. The motions were based on "the conduct of Defendants' counsel, Mr. Lee, in moving to vacate the Court's entry of a default judgment and in resisting the motion to reinstate the default judgment. In brief, and as further described below, that conduct involved statements made to the Court over multiple hearings, including under oath, in briefs and in declarations that misrepresented when Mr. Lee began advising Defendants, which was a central issue in with respect to the default judgment."

This Court imposed a sanction against Mr. Lee for the excess attorneys' fees that Plaintiff incurred and the waste of judicial resources that were directly caused by Mr. Lee's bad faith

conduct, which unnecessarily and vexatiously prolonged the litigation. This Court ordered that Mr. Lee pay $10,000 as a sanction unless and until Defendants have paid the fees incurred prior to November 16, 2021 and Mr. Lee shall be relieved of this sanction only with respect to those amounts that exceed the amount of reasonable fees and costs incurred after November 16, 2021 as set forth in the Court's Order.

In Accettola v. Linda Mei He, 2024 U.S. Dist Lexis 116079 (S.D.N.Y. 2024), this Court was asked to impose sanctions on Plaintiff pursuant to Fed.R.Civ.P. 37 for Plaintiff's failure to appear at her noticed deposition on June 14, 2024. The Court stated in its order that "The 'mildest' sanction 'is an order to reimburse the opposing party for expenses caused by the failure to cooperate.'" Seena Int'l, Inc. v. One Step Up, Ltd., 2016 U.S. Dist. LEXIS 64850, 2016 WL 2865350, at *11 (S.D.N.Y. May 11, 2016) (quoting Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979)). "Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." Id. "If monetary sanctions are not sufficient, more stringent orders may be issued, including adverse inference orders, preclusion orders prohibiting the introduction of evidence on particular points, and orders deeming disputed issues determined adversely to the position of the disobedient party." Focus 2000 Corp., 2017 U.S. Dist. LEXIS 102304, 2017 WL 2840279, at *10 (internal quotation marks omitted)".  If the Court were to impose any sanctions against Defendant, they should only be a monetary sanction for Plaintiffs' "expenses caused by the failure to cooperate", and not any adverse inference orders, preclusion orders prohibiting the introduction of evidence on particular points, or orders deeming disputed issues determined adversely to the position of the disobedient party. Accettola v Linda Mei He, 2024 US Dist LEXIS 116079, at 7-8 (S.D.N.Y. July 1, 2024, No. 23-cv-1983 (LJL)).

In <u>Suarez v Liquid Blue, Inc.</u>, 2024 US Dist LEXIS 83169, at 7-8 (S.D.N.Y. May 7, 2024, No. 23-cv-10140 (LJL)), this Court stated that "The Court finds that monetary sanctions are appropriate at this stage. Counsel for Defendant was present at the initial conference, during which the parties discussed outstanding discovery requests and the Court issued the first of several orders with respect to discovery. *See* Mar. 6, 2024 Minute Entry. Defendant has been given notice that noncompliance with the Court's orders would result in sanctions. *See* Dkt. No. 21. Defendant's noncompliance has been an issue in this action for nearly three months, delaying the proceedings and causing Plaintiff to incur additional costs pursuing the action. Because Rule 37(b)(2)(C) requires that the Court award attorneys' fees and costs—unless the failure to comply was "substantially justified" or "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(b)(2)(C), neither of which is applicable here—Plaintiff is entitled to attorneys' fees and costs incurred in connection with its efforts to obtain the discovery to which it is entitled. Should Defendant continue to fail to comply with the Court's discovery orders, further sanctions may be warranted. <u>Suarez, supra</u>. In <u>Suarez, Id.</u>, this Court ordered that Defendant pay Plaintiff's reasonable attorneys' fees and costs incurred to obtain the discovery to which Plaintiff is entitled. In <u>Suarez, Id.,</u> the Court acknowledged that "Defendant's noncompliance has been an issue in this action for nearly three months, delaying the proceedings and causing Plaintiff to incur additional costs pursuing the action". In the instant case, there has been no delay, as this Court is holding the trial on January 16, 2025, and the discovery in this case has been ordered to be very expedited and there has been no delays by Defendant which caused Plaintiff to incur additional costs pursuing the action and no sanctions should apply.

In <u>Rodriguez v. New Generation Hardware Store Corp.</u>, 2024 U.S. Dist. Lexis 79913, (S.D.N.Y. May 7, 2024, No. 22-cv-4422 (LJL)), Plaintiff filed a motion for sanctions against

Defendant for non-compliance with the Court's order of January 22, 2024, beginning April 12, 2024. The Court decided not to increase the sanctions amount of $500 per week day "penalty", but stated that it would permit Plaintiff to renew his request for Defendant's arrest if Defendant remained in contempt of the Court's clear directives by May 12, 2024. The case involved violations of the Fair Labor Standards Act and New York Labor Law and Plaintiff obtained a default judgment against Defendants and Defendants failed to appear in this case. Thereafter Defendant was served with an information subpoena and Defendant failed to respond to the information subpoena. The court imposed monetary contempt sanctions accruing at the amount of $500 per weekday, and the Court further stated that if Defendant failed to comply by May 12, 2024, Plaintiff may renew his request on that date or thereafter for a court order directing Defendant's arrest.

In Perez v. Edwards, 2023 U.S. Dist. Lexis 161167 (S.D.N.Y. 2023)(LJL), the Court imposed sanctions in the amount of reasonable attorneys' fees and costs, where Plaintiff had shown a lack of interest in the case's prosecution and persistent failures to comply with Court deadlines.

If there court were to grant Plaintiffs' motion, which I respectfully submit should not be granted, the only imposition should be reasonable attorneys' fees and costs and nothing else, however, it is respectfully submitted that Plaintiffs' have not incurred attorney's fees and costs as a result of any failure to comply with discovery or court orders.

## Conclusion

For the foregoing reasons, Plaintiffs' motion should be denied in its entirety and for such other and further relief as this Court deems just and proper.

Dated: December 19, 2024
      Staten Island, New York        s / joseph m. cammarata /

                                    _____

                                    Joseph M. Cammarata, Esq.
                                    Cammarata & DeMeyer P.C.
                                    Attorneys for Defendant
                                    456 Arlene Street,
                                    Staten Island, New York 10314
                                    718-477-0020

**Exhibit "1"**

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

■ Chapter 11

☐ Chapter 12

☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/22

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Rudolph**<br>First name<br><br>**W.**<br>Middle name<br><br>**Giuliani**<br>Last name and Suffix (Sr., Jr., II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | **Rudolph William Giuliani** | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | **xxx-xx-4285** | |

Debtor 1   **Rudolph W. Giuliani**                                    Case number *(if known)* _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4.** **Your Employer Identification Number (EIN), if any.** | _____ <br> EIN | _____ <br> EIN |

| | | |
|---|---|---|
| **5.** **Where you live** | **45 East 66th Street** <br> **Apartment 10W** <br> **New York, NY 10065** <br> Number, Street, City, State & ZIP Code <br><br> **New York** <br> County <br><br> **If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address. <br><br> _____ <br> Number, P.O. Box, Street, City, State & ZIP Code | **If Debtor 2 lives at a different address:** <br><br> _____ <br> Number, Street, City, State & ZIP Code <br><br> _____ <br> County <br><br> **If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address. <br><br> _____ <br> Number, P.O. Box, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| **6.** **Why you are choosing *this district* to file for bankruptcy** | *Check one:* <br><br> ■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district. <br><br> ☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) <br> _____ | *Check one:* <br><br> ☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district. <br><br> ☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) <br> _____ |

Official Form 101                **Voluntary Petition for Individuals Filing for Bankruptcy**                page 2

Debtor 1    **Rudolph W. Giuliani**                                    Case number *(if known)* _____

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |

**7.  The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

■ Chapter 11

☐ Chapter 12

☐ Chapter 13

**8.  How you will pay the fee**

■ **I will pay the entire fee when I file my petition**. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.  Have you filed for bankruptcy within the last 8 years?**

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.  Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes.

| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |
| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

**11.  Do you rent your residence?**

■ No.    Go to line 12.

☐ Yes.    Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1    **Rudolph W. Giuliani**                                    Case number *(if known)* _____

---

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |

**12.** **Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No.    Go to Part 4.

☐ Yes.    Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

---

**13.** **Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor* or a debtor as defined by 11 U.S. C. § 1182(1)?**
For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines.* If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ No.    I am not filing under Chapter 11.

■ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.    I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |

**14.** **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.    What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

_____
Number, Street, City, State & Zip Code

---

Debtor 1    **Rudolph W. Giuliani**                                                        Case number *(if known)*

| Part 5: | Explain Your Efforts to Receive a Briefing About Credit Counseling |
|---------|----|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    **Rudolph W. Giuliani**                                               Case number *(if known)*

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16.** **What kind of debts do you have?**

16a.    **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

■ No. Go to line 16b.

☐ Yes. Go to line 17.

16b.    **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

■ No. Go to line 16c.

☐ Yes. Go to line 17.

16c.    State the type of debts you owe that are not consumer debts or business debts
**Lawsuits**

---

**17.** **Are you filing under Chapter 7?**

■ **No.**    I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ **Yes.**    I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

---

**18.** **How many Creditors do you estimate that you owe?**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

---

**19.** **How much do you estimate your assets to be worth?**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

■ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

**20.** **How much do you estimate your liabilities to be?**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
■ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Rudolph W. Giuliani**

**Rudolph W. Giuliani**                                               Signature of Debtor 2
Signature of Debtor 1

Executed on   **December 21, 2023**                          Executed on
MM / DD / YYYY                                               MM / DD / YYYY

Debtor 1    **Rudolph W. Giuliani**                                      Case number *(if known)*

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Heath S. Berger**                                    Date    **December 21, 2023**
Signature of Attorney for Debtor                                   MM / DD / YYYY

**Heath S. Berger**
Printed name

**Berger, Fischoff, Shumer, Wexler & Goodman, LLP**
Firm name

**6901 Jericho Turnpike**
**Suite 230**
**Syosset, NY 11791**
Number, Street, City, State & ZIP Code

Contact phone    **516-747-1136**                Email address    **hberger@bfslawfirm.com/gfischoff@bfslawfirm.com**

**hb-7802 NY**
Bar number & State

---

**Fill in this information to identify your case:**

Debtor 1    **Rudolph W. Giuliani**
_____
First Name          Middle Name          Last Name

Debtor 2
(Spouse if, filing)  _____
First Name          Middle Name          Last Name

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK
_____

Case number _____
(if known)

☐ Check if this is an
   amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property                     **12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space
is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case
number (if known).

**1. Do any creditors have claims secured by your property?**

   ■ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

   ☐ Yes. Fill in all of the information below.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Rudolph W. Giuliani** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims against you?**

☐ No. Go to Part 2.

■ Yes.

2.  **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

(For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|

| 2.1 | **IRS** | | | |
|---|---|---|---|---|

**IRS**
Priority Creditor's Name
**Centralized Insolvency Operation**
**PO Box 7346**
**Philadelphia, PA 19101-7346**
Number Street City State Zip Code

Last 4 digits of account number _____   $202,887.00   $202,887.00   $0.00

When was the debt incurred?    2022

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

■ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____
                                         **Income taxes**

Debtor 1    **Rudolph W. Giuliani**                                              Case number (if known) _____

| 2.2 | **IRS** | Last 4 digits of account number | $521,345.00 | $521,345.00 | $0.00 |
|---|---|---|---|---|---|

Priority Creditor's Name
**Centralized Insolvency Operation**
**PO Box 7346**
**Philadelphia, PA 19101-7346**

When was the debt incurred?    **2021**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

**Is the claim subject to offset?**

■ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

■ No
☐ Yes

**Income taxes**

| 2.3 | **NYS Department of Taxation &** **Finance** | Last 4 digits of account number | $61,340.00 | $61,340.00 | $0.00 |
|---|---|---|---|---|---|

Priority Creditor's Name
**Bankruptcy Unit-TCD**
**Bldg 8 Room 455**
**Albany, NY 12227**

When was the debt incurred?    **2022**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

**Is the claim subject to offset?**

■ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

■ No
☐ Yes

**Income taxes**

| 2.4 | **NYS Department of Taxation &** **Finance** | Last 4 digits of account number | $204,346.00 | $204,346.00 | $0.00 |
|---|---|---|---|---|---|

Priority Creditor's Name
**Bankruptcy Unit-TCD**
**Bldg 8 Room 455**
**Albany, NY 12227**

When was the debt incurred?    **2021**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

**Is the claim subject to offset?**

■ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

■ No
☐ Yes

**Income taxes**

---

**Part 2:    List All of Your NONPRIORITY Unsecured Claims**

3. **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

■ Yes.

Debtor 1  **Rudolph W. Giuliani**                                      Case number (if known) _____

---

4.  **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|  |  | Total claim |
|---|---|---|

**4.1**  **BST & Co. CPAs, LLC**

Nonpriority Creditor's Name

**250 Park Avenue, 7th Floor**
**New York, NY 10177**

Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

**$10,000.00**

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
■ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Lawsuit**

---

**4.2**  **Daniel Gill**

Nonpriority Creditor's Name

**c/o Law Office of Ronald L. Kuby**
**119 West 23rd STreet, Suite 900**
**New York, NY 10011**

Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

**$2,000,000.00**

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
■ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Lawsuit**

---

**4.3**  **Davidoff Hutcher & Citron LLP**

Nonpriority Creditor's Name

**605 Third Avenue**
**New York, NY 10158**

Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

**$1,360,000.00**

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
■ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Lawsuit**

---

Debtor 1    **Rudolph W. Giuliani**                                    Case number (if known) _____

---

| 4.4 | **Eric Coomer, Ph.D.** | Last 4 digits of account number _____ | **Unknown** |

Nonpriority Creditor's Name
**c/o Cain & Skarnulis, PLLC**
**P.O. Box 1064**
**Salida, CO 81201**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Lawsuit** _____

---

| 4.5 | **Law Offices of Aidala, Bertuna & Kamins** | Last 4 digits of account number _____ | **$387,859.98** |

Nonpriority Creditor's Name
**546 Fifth Avenue, 6th Floor**
**New York, NY 10036**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify   **Outstanding legal fees** _____

---

| 4.6 | **Momentum Telecom, Inc.** | Last 4 digits of account number _____ | **$30,000.00** |

Nonpriority Creditor's Name
**c/o Abramson Brooks LLP**
**1051 Port Washington Boulevard, #322**
**Port Washington, NY 11050**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Lawsuit** _____

---

Debtor 1  **Rudolph W. Giuliani**

Case number (if known) _____

---

| 4.7 | **Noelle Dunphy** | | Last 4 digits of account number _____ | | **Unknown** |

Nonpriority Creditor's Name
**c/o Abrams Fensterman, LLP**
**1 MetroTech Center, Suite 1701**
**Brooklyn, NY 11201**

When was the debt incurred? _____

Number Street City State Zip Code

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

☐ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

☐ Other. Specify **Lawsuit** _____

---

| 4.8 | **Robert Hunter Biden** | | Last 4 digits of account number _____ | | **Unknown** |

Nonpriority Creditor's Name
**c/o Winston and Strawn, LLP**
**1901 L Street NW**
**Washington, DC 20036**

When was the debt incurred? _____

Number Street City State Zip Code

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

☐ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

☐ Other. Specify **Lawsuit** _____

---

| 4.9 | **Ruby Freeman & Wandrea Moss** | | Last 4 digits of account number _____ | | **$148,000,000.00** |

Nonpriority Creditor's Name
**c/o Willkie Farr & Gallagher LLP**
**1875 K Street NW**
**Washington, DC 20006**

When was the debt incurred? _____

Number Street City State Zip Code

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

☐ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

☐ Other. Specify **Lawsuit** _____

---

Debtor 1    **Rudolph W. Giuliani**                                          Case number (if known) _____

| 4.10 | **Smartmatic USA Corp.** | Last 4 digits of account number _____ | **Unknown** |

Nonpriority Creditor's Name
**c/o Kishner Miller Himes P.C.**
**40 Fulton Street, 12th Floor**
**New York, NY 10038-1850**

When was the debt incurred? _____

Number Street City State Zip Code

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Lawsuit** _____

---

| 4.11 | **US Dominion, Inc.** | Last 4 digits of account number _____ | **Unknown** |

Nonpriority Creditor's Name
**c/o Susman Godfrey LLP**
**1000 Louisiana Street, Suite 5100**
**Houston, TX 77002**

When was the debt incurred? _____

Number Street City State Zip Code

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Lawsuit** _____

---

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**Tabner, Ryan K Keniry, LLP**
**18 Corporate Woods Boulevard,**
**Suite 8**
**Albany, NY 12211**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.1** of (Check one):

- ☐ Part 1: Creditors with Priority Unsecured Claims
- ■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number _____

---

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | **Total Claim** |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 989,918.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |

Debtor 1  **Rudolph W. Giuliani**                                        Case number (if known) _____

| | | | | | |
|---|---|---|---|---|---|
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ | **989,918.00** |

| | | | | | |
|---|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ | **Total Claim**<br>**0.00** |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ | **0.00** |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ | **0.00** |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | **151,787,859.98** |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ | **151,787,859.98** |

**Fill in this information to identify your case:**

| Debtor 1 | **Rudolph W. Giuliani** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:     SOUTHERN DISTRICT OF NEW YORK

Case number
(if known)  _____

☐ Check if this is an
   amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1  Name<br>Number  Street<br>City    State    ZIP Code | |
| 2.2  Name<br>Number  Street<br>City    State    ZIP Code | |
| 2.3  Name<br>Number  Street<br>City    State    ZIP Code | |
| 2.4  Name<br>Number  Street<br>City    State    ZIP Code | |
| 2.5  Name<br>Number  Street<br>City    State    ZIP Code | |

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Rudolph W. Giuliani** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106H
## Schedule H: Your Codebtors                                          12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
■ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| *Column 1:* **Your codebtor** | *Column 2:* **The creditor to whom you owe the debt** |
|---|---|
| Name, Number, Street, City, State and ZIP Code | Check all schedules that apply: |
| 3.1    **Giuliani Partners LLC** | ☐ Schedule D, line _____ |
| **45 East 66th Street** | ■ Schedule E/F, line __**4.6**__ |
| **Apartment 10W** | ☐ Schedule G _____ |
| **New York, NY 10065** | **Momentum Telecom, Inc.** |

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

This notice is for you if:

You are an individual filing for bankruptcy, and

Your debts are primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | | Liquidation |
|---|---|---|
| | $245 | filing fee |
| | $78 | administrative fee |
| + | $15 | trustee surcharge |
| | $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

**Chapter 11: Reorganization**

|   |   |   |
|---|---|---|
|   | $1,167 | filing fee |
| + | $571 | administrative fee |
|   | $1,738 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|------|------------|
| + | $78  | administrative fee |
|   | $278 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|------|------------|
| + | $78  | administrative fee |
|   | $313 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

---

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/forms/bankruptcy-forms

---

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case.* If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days **before** you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

---

# United States Bankruptcy Court
## Southern District of New York

In re    **Rudolph W. Giuliani**                                     Case No. _____

                                                    Debtor(s)    Chapter    **11**_____

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:    **December 21, 2023**                    **/s/ Rudolph W. Giuliani**
                                                    **Rudolph W. Giuliani**
                                                    Signature of Debtor

.

BST & CO. CPAS, LLC
250 PARK AVENUE, 7TH FLOOR
NEW YORK, NY 10177


DANIEL GILL
C/O LAW OFFICE OF RONALD L. KUBY
119 WEST 23RD STREET, SUITE 900
NEW YORK, NY 10011


DAVIDOFF HUTCHER & CITRON LLP
605 THIRD AVENUE
NEW YORK, NY 10158


ERIC COOMER, PH.D.
C/O CAIN & SKARNULIS, PLLC
P.O. BOX 1064
SALIDA, CO 81201


GIULIANI PARTNERS LLC
45 EAST 66TH STREET
APARTMENT 10W
NEW YORK, NY 10065


IRS
CENTRALIZED INSOLVENCY OPERATION
PO BOX 7346
PHILADELPHIA, PA 19101-7346


IRS
CENTRALIZED INSOLVENCY OPERATION
PO BOX 7346
PHILADELPHIA, PA 19101-7346


LAW OFFICES OF AIDALA, BERTUNA & KAMINS
546 FIFTH AVENUE, 6TH FLOOR
NEW YORK, NY 10036


MOMENTUM TELECOM, INC.
C/O ABRAMSON BROOKS LLP
1051 PORT WASHINGTON BOULEVARD, #322
PORT WASHINGTON, NY 11050


NOELLE DUNPHY
C/O ABRAMS FENSTERMAN, LLP
1 METROTECH CENTER, SUITE 1701
BROOKLYN, NY 11201

```
NYS DEPARTMENT OF TAXATION & FINANCE
BANKRUPTCY UNIT-TCD
BLDG 8 ROOM 455
ALBANY, NY 12227


NYS DEPARTMENT OF TAXATION & FINANCE
BANKRUPTCY UNIT-TCD
BLDG 8 ROOM 455
ALBANY, NY 12227


ROBERT HUNTER BIDEN
C/O WINSTON AND STRAWN, LLP
1901 L STREET NW
WASHINGTON, DC 20036


RUBY FREEMAN & WANDREA MOSS
C/O WILLKIE FARR & GALLAGHER LLP
1875 K STREET NW
WASHINGTON, DC 20006


SMARTMATIC USA CORP.
C/O KISHNER MILLER HIMES P.C.
40 FULTON STREET, 12TH FLOOR
NEW YORK, NY 10038-1850


TABNER, RYAN K KENIRY, LLP
18 CORPORATE WOODS BOULEVARD, SUITE 8
ALBANY, NY 12211


US DOMINION, INC.
C/O SUSMAN GODFREY LLP
1000 LOUISIANA STREET, SUITE 5100
HOUSTON, TX 77002
```