**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 20, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Freeman et al. v. Giuliani*, No. 24-cv-6563 (LJL); No. 24-mc-353 (LJL)

Dear Judge Liman:

  Plaintiffs Ruby Freeman and Wandrea' Moss respectfully submit this letter in response to the Court's December 20, 2024 Order, 24-cv-6563, ECF No. 149, 24-mc-353, ECF No. 183, directing the parties to inform the Court whether there remains any basis to maintain under seal the declarations of Mr. Giuliani's former counsel in light of Mr. Giuliani's declaration filed December 19, 2024 at 24-cv-6563, ECF No. 143; 24-mc-353, ECF No. 179 (the "Giuliani Declaration").

  Of course, Plaintiffs are unaware of the substance of the redacted portions of Mr. Giuliani's former counsel's declarations filed in support of their motions to withdraw,[1] except that they relate in some way, at least, to "Defendant's position" with respect to "discovery disputes," and to "requests for information made . . . by Plaintiffs' counsel in the Turnover Proceeding." ECF No. 96, at 2. In light of the contents of the Giuliani Declaration, Plaintiffs believe that depending on the nature of the sealed material, there may well be a basis to conclude that the privilege claim that has warranted continued sealing up until this point may now have been waived by Mr. Giuliani. *See, e.g.*, *Skyline Steel, LLC v. PilePro, LLC*, No. 13-CV-8171 (JMF), 2015 WL 4480725, at *2 (S.D.N.Y. July 22, 2015) (collecting cases and explaining that "waiver of the privilege may be implied in circumstances where it is called for in the interests of fairness," such as where a party "asserts an advice-of-counsel defense and is thereby deemed to have waived his attorney-client privilege with respect to the advice that he received," where "a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion," where "a party makes factual assertions, the truthfulness of which may be assessed only by an examination of the privileged communications or documents," or where "the holder of the privilege discloses or consents to disclosure of any significant part of a privileged communication to a third party," and further explaining that where "waiver is found, the widely applied standard for determining the scope of a waiver is that the waiver

---

[1] 24-mc-353, ECF Nos. 104, 105, 112, 127; 24-cv-6563, ECF. Nos. 76, 77, 81, 82, 97.

December 20, 2024
Page 2

applies to all other communications relating to the same subject matter") (citations and internal quotation marks omitted). These interrelated doctrines exist "to prevent prejudice to a party and distortion of the judicial process that may be caused by the privilege-holder's selective disclosure during litigation of otherwise privileged information." *In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987). To the extent the Court concludes these principles are implicated by the relationship between the Giuliani Declaration and the still-redacted material in Mr. Giuliani's former counsel's declarations, Plaintiffs respectfully submit that there is no longer any basis to maintain the redacted material under seal.

        Respectfully submitted,

        s/ Aaron E. Nathan