# CAMMARATA  &  DE MEYER  P.C.

ATTORNEYS AT LAW
456 ARLENE STREET, STATEN ISLAND, NY 10314

JOSEPH M. CAMMARATA
NEW YORK
NEW JERSEY
FLORIDA

TEL: 718.477.0020
FAX: 718.494.3288
www.CDLAwPC.COM

SUZANNE M. DE MEYER
NEW YORK
NEW JERSEY

December 20, 2024

Hon. Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Freeman, et.al. v. Giuliani, Case No. 24-cv-6563 and 24-mc-353

Dear Judge Liman:

I am the attorney for Defendant Rudolph W. Giuliani. I respectfully submit this letter motion for a protective order in accordance with your Honor's Individual Part Rule 1(C)[1]. This letter is also in response to the Court's Order dated December 17, 2024 (ECF Docket Number 139) where the Court asks why Defendant should not show cause why Defendant should not be held in contempt for not answering Plaintiffs' Interrogatory # 4 and Interrogatory # 8.

I called Plaintiffs' counsel, Aaron Nathan, Esq. at Willkie, Farr & Gallagher LLP today by telephone in good faith to meet and confer prior to filing this letter motion in an effort to resolve the dispute which is the subject of this motion. Mr. Nathan told me that he would call me back. I am filing this prior to Mr. Nathan calling me back due to the 5:00 p.m. deadline today to file this motion. I certify that I attempted to confer in good faith with Plaintiffs' counsel in an effort to resolve the dispute without court intervention (Fed.R.Civ.P. 26(c)).

Under Fed. R. Civ. P. 26(c), the appropriateness of a protective order is a balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought. Tota v Bentley, 2008 US Dist LEXIS 13038, at 1 (W.D.N.Y. Feb. 21, 2008, No. 06CV514S). For the reasons set forth herein, the litigation needs of Plaintiffs and the

---

[1] Individual Rule 1(C) does not specify any page limit for "Letter Motions" so therefore, this motion is more than the three pages for "Letters" set forth in Individual Rule 1(B). If this Court adheres to the rule under Individual Rule 1(B) then it is respectfully requested that this Court accepts this letter motion in excess of three pages as the subject matter contained herein is important and could not be provided in three pages.  Had the Defendant filed this as a full motion, rather than as a letter motion, there would be no page limit pursuant to Individual Part Rule I (although it appears that there would be al limited of 25 pages under third sentence of Individual Part Rule I.

protectable interests of Defendant Rudolph W. Giuliani should result in the granting of a protective order.

Under Fed.R.Civ.P. 26(c), this Court may issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by not having a proposed disclosure or discovery device, or conditioning the time and manner of that discovery. Fed. R. Civ. P. 26(c)(1), (2)-(3); see id. R. 26(c)(4) (limit the scope or the matters inquired into). Tota v Bentley, Id.

Plaintiffs' counsel, Defendant Rudolph W. Giuliani has asked Defendant Rudolph W. Giuliani to respond to two interrogatories for which Defendant Rudolph W. Giuliani seeks a protective order. A copy of Plaintiffs' First Set of Interrogatories to Defendant Rudolph W. Giuliani are annexed hereto as **Exhibit "1".**

The two subject interrogatories, Interrogatory # 4 and Interrogatory # 8 are as follows:

**"INTERROGATORY NO. 4: Identify any financial, medical, or legal professional or firm whom you have consulted during the period of January 1, 2020, through the present."**

I will break down each component of Interrogatory # 4.

**A.    Plaintiffs seek Defendant to identify any <u>legal professionals or firms</u> whom Defendant has <u>consulted</u> during the period of January 1, 2020, through the present.**

Defendant Rudolph W. Giuliani was an attorney with many clients, including the former and future President of the United States, President Donald J. Trump.

During the period from January 1, 2020 through the present time, Defendant Rudolph W. Giuliani consulted with many dozens or hundreds of attorneys on behalf of Defendant Rudolph W. Giuliani's clients including President Donald J. Trump and others.

Interrogatory # 4 is written by Plaintiffs' counsel in a way to require Defendant Rudolph W. Giuliani to disclose any and all legal professionals or firms that Defendant "consulted" with, <u>with no limitation</u>. This means that Defendant Rudolph W. Giuliani would have to disclose all legal professionals or firms that Defendant Rudolph W. Giuliani (i) consulted with on behalf of all clients of Defendant Rudolph W. Giuliani, (ii) consulted with on behalf of President Donald J. Trump, and (iii) consulted with on behalf of himself (Defendant Rudolph W. Giuliani).

Defendant Rudolph W. Giuliani should not be required to disclose any legal professionals or firms that Defendant Rudolph W. Giuliani consulted with from January 1, 2020 to the present time. The interrogatory is overbroad and irrelevant to whether Defendant's Florida condominium unit was the Defendant Rudolph W. Giuliani's homestead prior to **August 5, 2024** (the date when Plaintiffs filed for Judgment in Florida and New York). The key date in this case is **August 5, 2024**. If Defendant Rudolph W. Giuliani made his Florida condominium his homestead, his

permanent residence where he actually resides at prior to August 5, 2024, then Plaintiffs lose this case, and the fact is that Defendant Rudolph W. Giuliani made his Florida condominium his homestead, his permanent residence where he actually resides at prior to August 5, 2024. Plaintiffs and Plaintiffs' counsel at Willkie, Farr & Gallagher LLP have no valid case, and know that Defendant Rudolph W. Giuliani made his Florida condominium his homestead, his permanent residence where he actually resides at prior to August 5, 2024. It appears that this case is about publicity and promoting Plaintiffs and Plaintiffs' counsel at Willkie, Farr & Gallagher LLP, not about the facts because Plaintiffs and Plaintiffs' counsel at Willkie, Farr & Gallagher LLP know that Defendant Rudolph W. Giuliani made his Florida condominium his homestead, his permanent residence where he actually resides at prior to August 5, 2024.

First and foremost, there is no legitimate reason for Plaintiffs seeking any information from January 1, 2020 Defendant Rudolph W. Giuliani, which just happens to coincide with the year of the 2020 Presidential election for which Defendant Rudolph W. Giuliani was an attorney for President Donald J. Trump. Why did Plaintiffs' counsel at Willkie, Farr & Gallagher LLP pick the date January 1, 2020 to obtain discovery from Defendant Rudolph W. Giuliani, when Defendant Rudolph W. Giuliani did not claim Florida homestead in the year 2020? That is a question that is easily answered, which is 2020 has nothing to do with the Homestead Issue.

The issue in this case, and the issue at trial is whether Defendant's Florida condominium unit was his homestead and permanent residence where he actually resided and resides in (the "Homestead Issue"). Seeking information about legal professionals and firms that the Defendant "consulted" with regarding any subject matter is not relevant to the issue in this case, which is the Florida Homestead.

It should be of no interest to this Court and to the Plaintiffs whether the Defendant consulted with attorneys for President Donald J. Trump and who Defendant consulted with regarding President Donald J. Trump. If Defendant responded to Interrogatory # 4, I am sure that it would make great press when the Plaintiffs' counsel at Willkie, Farr & Gallagher LLP releases the information to the press, based on what has been happening with this case. However, that would not help, nor serve any purpose for Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss in this case. Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss would not be served by knowing what legal professionals and firms Defendant Rudolph W. Giuliani consulted with in 2020 – so this Court should ask, why would Plaintiffs' counsel at Willkie, Farr & Gallagher LLP be asking who Defendant consulted with in 2020. Maybe the demand for information from January 1, 2020 by Plaintiffs' counsel at Willkie, Farr & Gallagher LLP has to do with the 2020 election where President Donald J. Trump ran against President Joseph Biden and the election issues which were the subjects of many cases, but not the case before this court at this time.

This Court should see that the fishing expedition that the Plaintiffs' counsel is engaged in has nothing to do with the Homestead Issue.

Why should Defendant Rudolph W. Giuliani have to reveal each and every legal professional that the Defendant Rudolph W. Giuliani consulted with in 2020? 2021? 2022? 2023? Time periods when Defendant Rudolph W. Giuliani does not claim Florida Homestead for. The only issue for this Court is whether Defendant Rudolph W. Giuliani has Florida Homestead

protection and if the Defendant's Florida condominium unit became Defendant Rudolph W. Giuliani's homestead prior to August 5, 2024, when the Plaintiffs filed their judgment in Florida and New York.

The issue in this case is very narrow and limited, yet the Plaintiffs wish to go on a fishing expedition to find out who Defendant Rudolph W. Giuliani consulted with, not only for Defendant Rudolph W. Giuliani's behalf, but for Defendant Rudolph W. Giuliani's clients behalf including President Donald J. Trump. It is quite shocking that Plaintiffs would come into this Court and seek information about who Defendant Rudolph W. Giuliani consulted with in 2020, 2021, 2022, 2023 to the present date when that has nothing to do with the Homestead Issue.

This Court should now see that just based on Interrogatory # 4, the Plaintiffs' counsel at Willkie, Farr & Gallagher LLP are not only seeking irrelevant information, but information about individuals that are not even parties to this case, and whom have not received any notice that Plaintiffs' counsel at Willkie, Farr & Gallagher LLP are seeking information about other people's, former client's of Defendant's private information.

Interrogatory # 4 is overbroad as it seeks any person or firm that Defendant consulted with, not limited to legal professionals and firms that only the Defendant consulted with on his own behalf.

Interrogatory # 4 also is not relevant to the Homestead Issue, as the facts to determine Florida Homestead include when the Defendant purchased the homestead, when he made it his permanent residence, when he actually resided in the homestead and made it his permanent residence. It does not include whether the Defendant did anything in 2020, 2021, 2022 or 2023 regarding having his homestead in Florida in 2020, 2021, 2022 or 2023.  There can be no justification for the overbroad and irrelevant question posed in Interrogatory # 4. This just shows why Plaintiffs' counsel, Willkie, Farr & Gallagher LLP is seeking a declaratory judgment in this Court, not in Florida, and not limiting their interrogatories to what would be needed for Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss to challenge Defendant Rudolph W. Giuliani's claim of homestead of his Florida condominium unit.

Plaintiffs' counsel, Willkie, Farr & Gallagher LLP, with whom at least one person was a partner with or affiliated with Hunter Biden as Boies Schiller Flexner LLC, President Joseph Biden's son, and had been involved with, upon information and belief, Burisma Holdings and/or Ukrainian  issues is seeking information from Defendant Rudolph W. Giuliani, unrelated to the Homestead Issue and information that has nothing to do with the Homestead Issue. This Court should want to keep the focus on the Homestead Issue and not give Plaintiffs' counsel, Willkie, Farr & Gallagher LLP information that has nothing to do with the Homestead Issue, but is obviously being sought by Plaintiffs' counsel, Willkie, Farr & Gallagher LLP for some other purpose. Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss have no reason to ask Defendant Rudolph W. Giuliani what legal professionals and law firms that Defendant Rudolph W. Giuliani consulted with in 2020. Same for 2021, 2022 and 2023.  The Court should clearly see that Interrogatory # 4 is not asking any information that is relevant to the Homestead Issue. The Court should grant a protective order, not requiring Defendant Rudolph W. Giuliani to respond to Interrogatory # 4.

**B.      Plaintiffs seek Defendant to identify any <u>financial professional</u> whom Defendant has consulted during the period of January 1, 2020, through the present.**

Without reiterating what is written regarding "A" (legal professionals) above, for the same and similar reasons, Plaintiffs' counsel, Willkie, Farr & Gallagher LLP is seeking Defendant Rudolph W. Giuliani to disclose all financial professionals that Defendant Rudolph W. Giuliani consulted with from January 1, 2020 through the present time.   Again, this interrogatory is overbroad and irrelevant to the Homestead Issue. Should Defendant Rudolph W. Giuliani have to disclose to Plaintiffs' counsel, Willkie, Farr & Gallagher LLP all financial professionals that Defendant Rudolph W. Giuliani consulted with on behalf of Defendant Rudolph W. Giuliani's clients? No. Should Defendant Rudolph W. Giuliani have to disclose to Plaintiffs' counsel, Willkie, Farr & Gallagher LLP all financial professionals that Defendant Rudolph W. Giuliani consulted with regarding himself in 2020 when Defendant Rudolph W. Giuliani never sought or made his Florida condominium unit his homestead prior to 2024? What is the relevance of what financial professionals Defendant Rudolph W. Giuliani consulted with for himself in the year 2020?? None. If Defendant Rudolph W. Giuliani consulted with financial professionals in connection with his divorce from his former wife Judith Nathan Giuliani, should that have to be disclosed in this case?? Is that relevant to this case?? I respectfully submit that the answer is no.

Plaintiffs' counsel, Willkie, Farr & Gallagher LLP has ulterior motives and reasons for asking for information that has absolutely nothing to do with whether Defendant Rudolph W. Giuliani made his Florida condominium unit his homestead in 2024.

Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss will not benefit with any information of whether Defendant Rudolph W. Giuliani consulted with financial professionals in 2020, and that is why Interrogatory # 4 is overbroad and irrelevant to the Homestead Issue. I would hope that this Court ponders why Plaintiffs' counsel, Willkie, Farr & Gallagher LLP is asking who Defendant Rudolph W. Giuliani consulted with in 2020, and this Court should easily realize and understand that Plaintiffs' counsel, Willkie, Farr & Gallagher LLP is continuing to use the United States District Court for political purposes, and not for information that could assist Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss in the instant case. This Court should not condone the political nature of discovery in this case by Plaintiffs' counsel, Willkie, Farr & Gallagher LLP.

**C.      Plaintiffs seek Defendant to identify any <u>medical professional</u> whom Defendant has consulted during the period of January 1, 2020, through the present.**

Without reiterating what is written regarding "A" (legal professionals) and "B" (financial professionals) above, for the same and similar reasons, Plaintiffs' counsel, Willkie, Farr & Gallagher LLP is seeking Defendant Rudolph W. Giuliani to disclose all medical professionals that Defendant Rudolph W. Giuliani consulted with from January 1, 2020 through the present time. Again, this interrogatory is overbroad and irrelevant to the Homestead Issue.

Defendant Rudolph W. Giuliani has not brought into this case of whether he uses Florida or New York doctors. Whether Defendant Rudolph W. Giuliani consulted with a doctor or medical professional in 2020 has no bearing on this case or the Homestead Issue.  The seeking of Defendant Rudolph W. Giuliani's medical professionals is only Plaintiffs' counsel, Willkie, Farr & Gallagher LLP seeking to get information from Defendant Rudolph W. Giuliani for purposes that cannot be related to this case or the Homestead Issue.  There would be no reason for this Court to allow Plaintiffs' counsel, Willkie, Farr & Gallagher LLP to obtain the names of any and all doctors that Defendant Rudolph W. Giuliani in 2020; or in 2021; or in 2022; or in 2023; or in 2024. This should be a very simple decision for this Court to say to Plaintiffs and Plaintiffs' counsel, Willkie, Farr & Gallagher LLP that you're going beyond what is necessary to determine whether Defendant Rudolph W. Giuliani held a homestead in Florida prior to August 5, 2024.  This Court should also require Plaintiffs and Plaintiffs' counsel, Willkie, Farr & Gallagher LLP to disclose exactly why Plaintiffs' counsel, Willkie, Farr & Gallagher LLP needs answers to Interrogatory # 4 to prove whether Defendant Rudolph W. Giuliani's Florida condominium unit was his homestead prior to August 5, 2024; it's that simple.

On February 9, 2023, this court stated in SEC v. Rayat, 2023 U.S. Dist. Lexis 22583 (S.D.N.Y. 2023) that "Federal Rule of Civil Procedure 26 itself protects against overbroad requests or requests designed to 'embarrass or harass.' *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)".

Even if Defendant Rudolph W. Giuliani discloses the names of every attorney, legal professional, law firm, doctor, nurse, nurse practitioner or medical professional that he consulted with in 2020, 2021, 2022, 2023 and 2024, Plaintiffs' counsel, Willkie, Farr & Gallagher LLP could not even ask any questions of the attorneys, legal professionals, law firms, financial professionals, doctors, nurses, nurse practitioners or medical professionals, because any responses would be protected by the attorney-client privilege or doctor-patient privilege. So it should be clear to this Court that the only reason for Plaintiffs' counsel, Willkie, Farr & Gallagher LLP seeking this information is for some purpose other than the instant case and the Homestead Issue. It seems that Plaintiffs' counsel, Willkie, Farr & Gallagher LLP is emboldened by winning motions in this case, so that they believe that they can ask for discovery that has nothing to do with the Homestead issue, nothing to do with Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss and nothing to do with occurrences in 2020, 2021, 2022 or 2023. And.. certainly nothing to do with client's of Defendant Rudolph W. Giuliani which is also the subject of the very overbroad interrogatory which is not narrowly tailored in any manner.

It is public knowledge that Defendant Rudolph W. Giuliani underwent radioactive seed implantation for prostate cancer in September 2000. As a survivor of prostate cancer, Defendant Rudolph W. Giuliani has the right to choose whatever doctors he wishes to be treated by, including New York doctors, even if Defendant Rudolph W. Giuliani resides in and is a permanent resident and actually resides in the State of Florida. Defendant Rudolph W. Giuliani disclosing what doctors he consulted with or has seen between January 1, 2020 and the present time is an invasion of his privacy and he should not be required to disclose the names of any medical providers that he "consulted with". When it was disclosed that President Biden was visited by Parkinson's Experts in the White House eight times in eight months, many of the public thought that it was not right for disclosure of that information, and President Biden was the President of the United States

at the time. Here, we have a private citizen, Defendant Rudolph W. Giuliani who should not have to disclose the names of medical professionals that he consulted with, as that could lead to release of private doctor-patient information, and could result in clients of Plaintiffs' counsel, Willkie, Farr & Gallagher LLP and the public from knowing whether Defendant Rudolph W. Giuliani visited specific specialists in a way to determine any potential medical issues that Defendant Rudolph W. Giuliani may have or not have.

Asking Defendant Rudolph W. Giuliani to disclose every attorney, legal professional, law firm, financial professional, doctor, nurse, nurse practitioner or medical professional that he ever consulted with in the calendar year 2020 is overbroad, not relevant to the Homestead Issue and not relevant to this case, and meant to embarrass and harass Defendant Rudolph W. Giuliani, and the motion for a protective order should be granted.

Asking Defendant Rudolph W. Giuliani to disclose every attorney, legal professional, law firm, financial professional, doctor, nurse, nurse practitioner or medical professional that he ever consulted with in the calendar year 2021, 2022, 2023 and 2024 is overbroad, not relevant to the Homestead Issue and not relevant to this case, and meant to embarrass and harass Defendant Rudolph W. Giuliani, and the motion for a protective order should be granted.

**Wherefore, it is respectfully requested that Defendant Rudolph W. Giuliani need not respond to Interrogatory # 4.**

**"INTERROGATORY NO. 8: Identify all email accounts, messaging accounts, and phone numbers that You have used during the period January 1, 2023, through the present."**

Defendant Rudolph W. Giuliani has disclosed his email account address to Plaintiffs' counsel. Defendant Rudolph W. Giuliani also disclosed that he has no "messaging accounts".

If Defendant Rudolph W. Giuliani has to disclose his personal cellular telephone number to Plaintiffs and Plaintiffs' counsel, Willkie, Farr & Gallagher LLP, Defendant Rudolph W. Giuliani will have to obtain a new telephone number because once his personal cellular telephone number is disclosed by Plaintiffs or Plaintiffs' counsel, Willkie, Farr & Gallagher LLP to the press, he will receive telephone calls and harassment from among the millions of people in the United States that do not like Defendant Rudolph W. Giuliani or do not like the fact that he worked for President Donald J. Trump or claimed interference with the 2020 election. This Court should not require Defendant Rudolph W. Giuliani to disclose his personal cellular telephone number, because doing so, has nothing at all to do with the Homestead Issue or with the Plaintiffs.

This case involves a defendant that was a United States Attorney who prosecuted the Mafia and was the former Mayor of New York City, who actually received death threats. While millions of people like Defendant Rudolph W. Giuliani and appreciate what he has done as United States Attorney and as former Mayor of New York City, and as "America's Mayor" after the 2001 terrorist attack in New York City, there are millions of people that hate Mayor Giuliani. There is no legitimate basis for Plaintiffs' counsel, Willkie, Farr & Gallagher LLP wanting Defendant Rudolph W. Giuliani's cell phone number. Providing Defendant Rudolph W. Giuliani's cell phone

number to Plaintiffs' counsel, Willkie, Farr & Gallagher LLP will not assist Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss in the Homestead Issue – whether Defendant Rudolph W. Giuliani's Florida condominium unit was his homestead prior to August 5, 2024.  If there is a reason that Defendant Rudolph W. Giuliani's cell phone number would be able to reveal if Defendant Rudolph W. Giuliani was homesteaded in Florida prior to August 5, 2024, then disclosing the cellular telephone number would be reasonable. However, Plaintiffs' counsel, Willkie, Farr & Gallagher LLP having Defendant Rudolph W. Giuliani's cell phone number will not bear on the Homestead Issue on way or the other. There is no legitimacy for Plaintiffs' counsel, Willkie, Farr & Gallagher LLP seeking Defendant Rudolph W. Giuliani's cell phone number. Defendant Rudolph W. Giuliani's cell phone number will not assist Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss in determining whether Defendant Rudolph W. Giuliani was homesteaded in Florida prior to August 5, 2024, and this Court should grant Defendant's motion for a protective order. SEC v. Rayat, Id., (Federal Rule of Civil Procedure 26 itself protects against overbroad requests or requests designed to 'embarrass or harass.' *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)).

**Wherefore, it is respectfully requested that Defendant Rudolph W. Giuliani need not respond to Interrogatory # 8.**

Respectfully submitted,

Joseph M. Cammarata

# Exhibit "1"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RUBY FREEMAN and WANDREA' MOSS,

               Plaintiffs,

v.

RUDOLPH W. GIULIANI,

               Defendant.

No. 24-cv-6563 (LJL)

---

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT RUDOLPH W. GIULIANI

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs Ruby Freeman and Wandrea' Moss hereby request that Defendant Rudolph W. Giuliani ("You") answer under oath the First Set of Interrogatories ("Interrogatories") set forth below in compliance with the Court's Case Management Plan and Scheduling Order in the above captioned case, unless otherwise agreed by the parties or required by any modified scheduling order entered by the Court in this action.

The Definitions and Instructions that appear below form an integral part of the Interrogatories that follow and must be read in conjunction with them and followed when responding to the Interrogatories.

## DEFINITIONS AND INSTRUCTIONS

Plaintiffs incorporate by reference all instructions, definitions, and rules contained in the FRCP. For purposes of the Interrogatories, the following definitions shall apply:

1.      These Interrogatories are continuing in nature as provided in Rule 26(e) of the FRCP. To the extent that You or Your agents or representatives become aware of additional information responsive to the Interrogatories subsequent to the initial response, You are required to immediately provide such information requested herein.

2.      You must answer each Interrogatory separately and fully in writing under oath as required by Fed. R. Civ. P. 33(b)(3).

3.      Answers, responses, and objections shall identify and quote each interrogatory in full immediately preceding the answer, response, or objection thereto.

4.      You must personally sign the answers to these Interrogatories as required by Rule 33(b)(5).

5.      In answering these Interrogatories, You must furnish all information available to You.

6.      Your responses to the following Interrogatories shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

7.      Your responses to Interrogatories asking you to identify Documents shall, in addition to identifying any such documents, identify the custodian and location and provide a general description of relevant documents in accordance with Local Civil Rule 33.3(a).

8.      If You cannot answer an Interrogatory in full after exercising due diligence to secure the necessary information, so state and answer the Interrogatory to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portions.

9.      If You object to any Interrogatory, state with specificity the grounds for such objection.  Any Interrogatory to which an objection is made should be responded to insofar as it is not deemed objectionable.

10.     Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

11.     The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP.

12.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all information that might otherwise be construed to be outside of their scope.

13.     "You," "Your," or "Yours" refers to Defendant Rudolph W. Giuliani and includes any persons or entities acting for him or on his behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, as well as any entities over which Defendant Rudolph W. Giuliani has control.

14.     "Plaintiffs" means Ruby Freeman and Wandrea' "Shaye" Moss, the plaintiffs in the above-captioned litigation.

15.     The word "evidence" includes but is not limited to information provided to You, whether orally or in writing, by any individual or source.

16.     "Document" or "Documents" means documents broadly defined in Rule 34 of the FRCP and includes (i) papers of all kinds, including, but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes,  notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, bank checks, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio

recordings, podcasts, Internet files (including "bookmarks" and browser history), word documents, note taken electronically, online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically. Without limiting the foregoing in any way, every Communication is also a Document.

17.     "Declaration" refers to Your Declaration in Opposition to Plaintiff's Motion for Summary Judgment in *Freeman v. Giuliani*, No. 24-CV-06563-LJL (S.D.N.Y. Oct. 16, 2024), ECF. No. 42.

18.     Your "Rule 56.1 Statement" refers to Your Local Rule 56.1 Statement in Support of Cross-Motion for Summary Judgment filed in in *Freeman v. Giuliani*, No. 24-CV-06563-LJL (S.D.N.Y. Oct. 16, 2024), ECF. No. 46.

19.     "Palm Beach Condo" refers to the Condominium at 315 South Lake Drive, Unit 5D, Palm Beach, Florida.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all witnesses with whom You have discussed Your intentions to establish a permanent residence at the Palm Beach Condo.

**INTERROGATORY NO. 2:**

Identify all witnesses with knowledge of Your travel and lodging arrangements, whether personal or business-related, for the period of July 1, 2023 through the present.

**INTERROGATORY NO. 3:**

Identify all Documents You intend to rely on to support your claim that You established a homestead at the Palm Beach Condo within the meaning of article X, section 4 of the Florida Constitution.

**INTERROGATORY NO. 4:**

Identify any financial, medical, or legal professional or firm whom you have consulted during the period of January 1, 2020 through the present.

**INTERROGATORY NO. 5:**

Identify all individuals with whom You consulted or communicated and all witnesses or Documents you relied on or referenced in order to prepare and serve responses to Plaintiffs' Requests for Admissions, Interrogatories, or Requests for Production, or to prepare and file Your Declaration, Rule 56.1 Statement, and/or Declaration of Domicile, and any document filed in this case.

**INTERROGATORY NO. 6:**

Identify all witnesses with knowledge of and all Documents reflecting Your efforts to preserve materials relevant to the above captioned case.

**INTERROGATORY NO. 7:**

Identify all electronic devices that You have used or on which You have stored any Documents or made any Communications during the period January 1, 2023 through the present.

**INTERROGATORY NO. 8:**

Identify all email accounts, messaging accounts, and phone numbers that You have used during the period January 1, 2023 through the present.

**INTERROGATORY NO. 9:**

Identify in detail the efforts you undertook to preserve relevant evidence and to collect and produce responsive materials in response to Plaintiffs' Requests for Production.

DATED: November 6, 2024

/s/ Aaron E. Nathan

WILLKIE FARR & GALLAGHER LLP
Aaron E. Nathan (N.Y. Bar No. 5478227)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*