<u>CAMMARATA  &  DE MEYER  P.C.</u>
ATTORNEYS AT LAW
456 ARLENE STREET, STATEN ISLAND, NY 10314

JOSEPH M. CAMMARATA
NEW YORK
NEW JERSEY
FLORIDA

TEL: 718.477.0020
FAX: 718.494.3288
www.CDLAwPC.COM

SUZANNE M. DE MEYER
NEW YORK
NEW JERSEY

December 21, 2024

Hon. Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Freeman, et.al. v. Giuliani, Case No. 24-cv-6563 and 24-mc-353

Dear Judge Liman:

 I am the attorney for Defendant Rudolph W. Giuliani. This letter is in response to Your Honor's Order of December 20, 2024 stating: Order: The parties shall inform the Court by no later than December 21, 2024, at 5 p.m. whether, in light of the declaration of Defendant at 24-mc-353, Dkt. No. 179; 24-cv-6563, Dkt. No. 143, there remains any basis to maintain under seal declarations of Defendant's prior counsel filed in support of their motions to withdraw at 24-mc-353, Dkt. Nos. 104, 105, 112, 127; 24-cv-6563, Dkt. Nos. 76, 77, 81, 82, 97. See in re von Bulow, 828 F.2d 94 (2d Cir. 1987)…".

 Based on the following chronology, it is respectfully submitted that the basis for maintaining the sealed documents remains unchanged and that the documents filed as (i) Dkt. Nos. 104, 105, 112, 127 and 136 in case number 24-mc-353[1] and (ii) Dkt. No. 76, 77, 81, 82 and 97[2] (collectively hereafter referred to as the "Sealed Documents") in case number 24-cv-6563 should remain sealed.

 It is respectfully submitted that there has been no motion filed by anyone to unseal the sealed documents.

 The statements below referencing case number 24-mc-353 - Dkt. Nos. 104, 105, 112, 127 and 136  should also be read as applying to Dkt. No. 76, 77, 81, 82 and 97 in case number 24-cv-6563.

---

[1] Any documents filed under seal in this case should remain under seal.
[2] Any documents filed under seal in this case should remain under seal.

The chronology regarding the substitution of Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski is as follows:

1.      On November 13, 2024, Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski filed a letter motion to seal addressed to Your Honor (Dkt. No. 103). The letter stated that it was a "motion for leave to file two sealed ex-parte documents";

2.      On November 13, 2024, the Court denied Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski's motion to seal Dkt. No. 104 and Dkt. No. 105 in case number 24-mc-353 and Dkt. No. 76 and Dkt. No. 77 in case number 24-cv-6563. This Court stated that "… countervailing factors do justify sealing the paragraphs of the declarations that contain privileged information, namely paragraphs 4 to 7 in Dkt. No. 140 in 24-mc-00353 and the same paragraphs in the corresponding declaration filed at Dkt. No. 76 in 24-cv-06563." The Court further stated that "Those paragraphs may be redacted and declarations re-filed on the public docket, with the unredacted version submitted to the Court under seal and ex parte with access limited to the Court and counsel for the Defendant. The declarations at Dkt. No. 105 in 24-mc-00353 and Dkt. No. 77 in 24-cv-06563 contain no confidential information and the motion to file those declarations under seal and ex parte is denied in its entirety". The Court further stated in its order (Dkt. No. 107) that "The Court will disregard the declarations and the request for relief made therein until redacted declarations are filed on the public docket and the Plaintiffs have an opportunity to respond".

3.      On November 14, 2024, Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski filed their redacted motions to withdraw as counsel and declaration in support thereof (Dkt. No. 109 and Dkt. No.110);

4.      Thereafter also on November 14, 2024, Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski signed a Consent Order Granting Substitution of Attorney, which was filed with the Court on November 15, 2024 as Dkt. No 119. The Consent Order Granting Substitution of Attorney was also signed by Defendant Rudolph Giuliani and me as incoming counsel. Had the Court signed the routinely filed Consent Order Granting Substitution of Attorney at the bottom which form states "The substitution of attorney is hereby approved and so ORDERED", then the Court would never have considered the Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski redacted motions to withdraw as counsel and declaration in support thereof (Dkt. No. 109 and 110), because the motions to withdraw should have been rendered moot once the Consent Order Granting Substitution of Attorney, was filed with the Court on November 15, 2024 as Dkt. No 119, had the Court just signed the bottom of the form that stated "The substitution of attorney is hereby approved and so ORDERED".

5.      The Court did not sign the Consent Order Granting Substitution of Attorney (Dkt. No 119). After Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski and Defendant jointly agreed upon and consented to Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski's substitution, the Court, rather than signing off on the Consent Order Granting Substitution of Attorney (Dkt. No 119), the Court heard the application to withdraw of Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski on November 26, 2024. Eleven (11) days prior to November 26, 2024, Defendant's prior counsel Kenneth A. Caruso, Esq.

and David Labkowski along with Defendant and me as incoming counsel had agreed to the substitution of Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski as filed with the Court. There was no reason for the motions to withdraw to be heard, when outgoing counsel, incoming counsel and Defendant all agreed to the substitution of counsel. The Court could have inquired of outgoing counsel, incoming counsel and Defendant on November 26, 2024 to ensure that there would be no delays in the proceedings, but should have then, after being satisfied, signed the Consent Order Granting Substitution of Attorney (Dkt. No 119) and not decided the motions to withdraw, as they became unnecessary and moot once the Consent Order Granting Substitution of Attorney (Dkt. No 119) was signed by outgoing attorneys, incoming attorneys and Defendant filed with the Court.

6.    On November 14, 2024, the Court issued an order stating that "It is hereby ORDERED that, should Rudolph Giuliani (or any other party to this action) oppose attorneys' motion to withdraw, opposition papers must be served and filed no later than November 18, 2024. Any written response by Giuliani may be submitted in the form of a letter marked "confidential" and delivered directly to chambers, by email addressed to LimanNYSDChambers@nysd.uscourts.gov. In order to protect the attorney-client privilege between the defendant and his counsel, defendant is directed to send a copy of his submission(s) to attorneys Caruso and Labkowski but not to any other party. Any reply papers are due no later than November 19, 2024. To the extent attorneys Caruso and Labkowski wish to discuss any privileged or confidential matters in their reply papers, the papers shall be filed on the public docket with redactions, accompanied by unredacted copies filed under seal, in compliance with the Court's Individual Practices…".

7.    Because on November 14, 2024, Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski and Defendant jointly agreed to have Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski substituted with me as new incoming counsel (filed on November 15, 2024 – Dkt. No. 119), there was no response filed by Defendant regarding Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski' motions to withdraw because of the filing of the Consent Order Granting Substitution of Attorney (Dkt. No 119).

8.    On November 15, 2024, I sent a letter to the Court filed as Dkt. No. 121 stating "This is to inform you that we have filed a substitution of attorneys in this case, wherein we are substituting in and Kenneth Caruso and David Labkowski will no longer be representing Defendant Mayor Rudolph W. Giuliani in the action", had the Court signed the Consent Order Granting Substitution of Attorney (Dkt. No 119).

9.    Based on (i) the Consent Order Granting Substitution of Attorney (Dkt. No 119), (ii) the letter from me dated November 15, 2024 (Dkt. No. 121) and (iii) the letter from Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski dated November 19, 2024 (Dkt. No. 126), the Court should have, on November 26, 2024 after the Court heard from the parties decided to permit the substitution of counsel, signed the Consent Order Granting Substitution of Attorney (Dkt. No 119) and marked the motion of Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski to withdraw as counsel as "withdrawn".

10.    Instead of the Court signing off on the substitution of counsel form (Dkt. No. 119) filed on November 15, 2024, on November 26, 2024, the Court instead granted Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski application to be relieved as counsel. Once the Court was satisfied that I as new counsel would be ready for trial on January 16, 2025, the Court could have and respectfully should have signed the Consent Order Granting Substitution of Attorney (Dkt. No 119), rather than deciding the motion. The Court signing the Consent Order Granting Substitution of Attorney (Dkt. No 119) would have mooted any motion filed by Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski for withdrawal as counsel. The motion filed as (Dkt. No. 109, Dkt. No. 110 and the subsequent related filings) should have been marked withdrawn, and should be deemed withdrawn by Defendant as a result of the filing of the Consent Order Granting Substitution of Attorney (Dkt. No 119) on November 15, 2024.

11.    On November 19, 2024, Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski wrote to the Court (Dkt. No. 126) stating that "The Court has before it a "consent order granting substitution of attorney," ECF 119, and in fact, Mr. Cammarata, already filed a notice of appearance, ECF 120. The Court should grant our motion to withdraw "because, among other reasons," and for the reasons previously stated, "[Defendant] has retained [Mr. Cammarata] as substitute counsel." Diaz v. Scores Holding Co., Inc., 2009 WL 6539954, at *1 (S.D.N.Y. Mar. 2, 2009).

In Diaz v. Scores Holding Co., Inc., 2009 WL 6539954, 2009 U.S. Dist. Lexis 16416 (S.D.N.Y. Mar. 2, 2009), Judge Richard Berman, stated that:

"Greenberg Traurig's motion to withdraw as counsel for Defendant Scores Holding Company, Inc. is granted, because, among other reasons, Scores Holding Company, Inc. has retained Bryan Cave as substitute counsel. (*See* Feb. 27 Ltr); *see also Oscar De La Renta Ltd. v. Strelitz Ltd*., No. 92 Civ. 3907, 1993 U.S. Dist. LEXIS 7572, 1993 WL 205150, at *1 (S.D.N.Y. June 7, 1993)."

12.    The Court stated on the record on November 26, 2024 that:

"Under Local Rule 1.4, an attorney for a party may be relieved or displaced only by order of the Court. When there is no substitution of counsel, the order may be issued only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement, and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien" (Transcript, November 26, 2024, page 5, lines 15-21).

…………………………..

"The movant is relieved of the obligation to submit an affidavit when there is a stipulation for substitution of counsel signed off on by the client. In this case there is such a stipulation." (Transcript, November 26, 2024, page 5, lines 22-25).

…………………………..

"The Court nonetheless finds that attorneys Caruso and Labkowski may withdraw as counsel, given that Mr. Cammarata has appeared as substitute counsel via notice of appearance signed by the defendant in compliance with Local Rule 1.4, based upon the assurances that Mr. Cammarata will be present, as well as his client, on the 16th if I deny the request for an extension". (Transcript, November 26, 2024, page 7, lines 1-6).

…………………………..

"In short, the way I read the rules is that an affidavit establishing good cause is particularly required in an instance where the substitution of counsel or new counsel would result in there being a delay in the proceedings. Judge Furman's decision in *New York v. Department of Commerce* at 2019 WL 2949908 supports that proposition. But where there is no basis to believe that substitution of counsel will result in there being a delay, I find that there is no need for there to be good cause in this case. That takes care of the first issues." (Transcript, November 26, 2024, page 7, lines 7-16).

It is respectfully submitted that there was no valid reason for the Court not signing the Consent Order Granting Substitution of Attorney after the November 26, 2024 court appearance and conference, when (i) Defendant, Defendant's prior counsel and I as Defendant's new counsel all agreed upon the Substitution of Attorney and (ii) the Court was satisfied that there would be no delay in the trial date or proceedings.

It is my understanding that unless there is a significant reason to object, federal judges generally sign Consent Orders Granting Substitution of Attorney form AO-154 as routine administrative matters and usually grant them without objection. In this case, once the Court was satisfied on November 26, 2024 that there would be no delay in the trial by having new counsel appear, the procedure should have been for the Court to sign the Consent Order Granting Substitution of Attorney.

Defendant's prior counsel should not have filed documents under seal without Defendant's consent in this instance, and without Defendant's prior counsel seeking Defendant's consent to withdraw and for substitution of them as counsel. If Defendant refused to allow Defendant's prior counsel to withdraw, then that would have been a reason for Defendant's prior counsel filing the motions to withdraw under seal, but Defendant was surprised by the filing of the motions to withdraw and only found out that his prior counsels desired to withdraw when the filings were made with the Court by Defendant's prior counsels. Defendant's prior counsel could have and should have sought to have an in-camera review of the basis for seeking to withdraw as counsel, not filing the declarations in support of the motions to withdraw under the circumstances.

Any reasons and basis for unsealing the Sealed Documents would likely reveal attorney-client privileged communications between Defendant's prior counsel and Defendant, and would serve no purpose other than causing harm to the Defendant. The only reason why Defendant's prior counsel would have sought to withdraw was due to disagreements with Defendant. Plaintiffs

and the public, which would obviously be privy to the documents that Defendant's prior counsel sought to have private, confidential and sealed, and not disclosed to the entire world, would be able to see the specifics of disagreements between Defendant and his prior counsel. No one has asked for the unsealing of the documents. To avoid the additional publicity of this case and damage to the Defendant, the Court should not unseal the Sealed Documents until at least until after trial of this matter on January 16, 2025, or have the documents to remain under seal permanently.

It is believed that Defendant's prior counsels had no intention of having their documents filed under seal made public, and that is why they asked the Court to seal the documents. While there were other ways to withdraw from a case, Defendant's prior counsel filed documents with the Court to have the Court see the documents giving the reasons for Defendant's prior counsel wanting to withdraw, but Defendant's prior counsel certainly never thought that what he filed would be released to the world.

In the letter from Kenneth A. Caruso, Esq. and David Labkowski dated November 13, 2024 to Your Honor (Dkt. No. No. 103 – the "Letter"), they state that "'Here, the Proposed Documents do not go 'to the Court's core role in adjudicating a case[,]' Brown v Maxwell, 929 F.3d 41, 50 (2nd Cir. 2019), or 'determin[ing] litigants' substantive legal rights[.]' Lugosch, 435 F.3d at 121. They go, rather, to an exercise of judicial authority that 'is ancillary to [that] core role[.]' Brown, 929 F.3d at 50….".

Attorney Caruso and Attorney Labkowski stated in the Letter that "…sealing here will protect 'confidential information', as defined in New York Professional Rule 1.6(a): 'Confidential information' consists of information gained during or relating to the representation of the client, whatever its source, that is (a) protected by the attorney-client privilege, (b) likely to be embarrassing or detrimental to the client if disclosed, or (c) information that that the client has requested be kept confidential.' A lawyer, of course, 'shall not knowingly reveal confidential information[.]' Rule 1.6(a)."

Defendant respectfully requests that the Sealed Documents remain under seal.

Attorney Caruso and Attorney Labkowski stated in in the Letter that the "Proposed Documents disclose confidential information within the meaning of Rule 1.6(a) – information that counsel has a duty to protect." Attorney Caruso and Attorney Labkowski also stated in the Letter that "The protection of the attorney-client privilege 'is a higher value that may' – and here, does – 'justify sealing a document'. Richards v. Kallish 2023, U.S. Dist. LEXIS 134369, at *4 (E.D.N.Y. Aug 30, 2023)…".

Attorney Caruso and Attorney Labkowski stated in the Letter that "With the exception of introductory matters, the Proposed Documents, in their entirety, disclose, or would lead to the disclosure of, confidential information…".

On November 15, 2024, Attorney Caruso and Attorney Labkowski signed a consent order granting Substitution of Attorney (Dkt. No. 119), also signed by Defendant Rudolph W. Giuliani and me as Defendant's present counsel. On November 26, 2024, the Court stated that "*The Court grants the applications of attorneys Kenneth Caruso and David Labkowski to withdraw as counsel*

*for defendant for the reasons as stated on the record"*. The Court did not have to grant the applications of applications of attorneys Kenneth Caruso and David Labkowski to withdraw as counsel for defendant because Attorney Caruso, Attorney Labkowski, Defendant Rudolph W. Giuliani and I signed the "Consent Order Granting Substitution of Attorney" on November 15, 2024, eleven (11) days prior to the Court relieving Attorney Caruso and Attorney Labkowski as counsel for Rudolph W. Giuliani.

The Sealed Documents should be deemed as moot, in light of the November 15, 2024 filing of the consent order granting Substitution of Attorney (Dkt. No. 119). Because the "Consent Order Granting Substitution of Attorney" was filed with the Court on November 15, 2024 (Dkt. No. 119), there was no need or reason for the Court to grant any application for Attorney Caruso and Attorney Labkowski to withdraw as counsel.

It is respectfully submitted that Defendant Rudolph W. Giuliani had and has the right to withdraw the motions to withdraw filed by Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski, as the Consent Order Granting Substitution of Attorney was filed PRIOR to November 26, 2024. For clarity, Defendant Rudolph W. Giuliani requested that the motion for Defendant's prior counsel Kenneth A. Caruso, Esq. and David Labkowski to be relieved as counsel be withdrawn, in light of the filing of Dkt. No. 119.

The only result from unsealing the Sealed Documents would be to cause the embarrassment and harm to Defendant Rudolph W. Giuliani and to Attorney Caruso and Attorney Labkowski who should have sought Defendant Rudolph W. Giuliani's permission to withdraw as his attorneys before filing any documents. Ultimately, Attorney Caruso, Attorney Labkowski, Defendant and I had agreed to have the substitution of Attorney Caruso and Attorney Labkowski on November 15, 2024, eleven days prior to this Court allowing Attorney Caruso and Attorney Labkowski to withdraw as counsel.

In re von Bulow, 828 F.2d 94 (2nd Cir. 1987), the court held that publication by an attorney of a book chronicling his client's case waived the attorney-client privilege, not just as to information actually disclosed in the book but with respect to all communications underlying the subject it raised.

In re von Bulow, Id., the Second Circuit stated that "The attorney-client privilege belongs solely to the client and may only be waived by him. An attorney may not waive the privilege without his client's consent. Hence, absent a client's consent or waiver, the publication of confidential communications by an attorney does not constitute a relinquishment of the privilege by the client."   In the instant case, Defendant Rudolph W. Giuliani has not waived any attorney-client privilege between Defendant Rudolph W. Giuliani and Attorney Caruso and Attorney Labkowski. Also, there was no waiver of the attorney-client privilege by Attorney Caruso and Attorney Labkowski as Defendant Rudolph W. Giuliani did not grant that waiver of the attorney-client privilege.

Defendant Rudolph W. Giuliani did not waive his attorney-client privilege between him and Attorney Caruso and Attorney Labkowski with regard to disclosing the disagreements between Attorney Caruso and Attorney Labkowski and Defendant. Defendant Rudolph W. Giuliani did not

by any of his action impliedly or explicitly waive the attorney-client privilege or consent to disclosure of the Sealed Documents.

"The fairness doctrine aims to prevent prejudice to a party and distortion of the judicial process that may be caused by the privilege-holder's selective disclosure during litigation of otherwise privileged information. Under the doctrine, the client alone controls the privilege and may or may not choose to divulge his own secrets. But, when the client waives the privilege by testifying about what transpired between her and her attorney, she cannot thereafter insist that the mouth of the attorney be shut". (*In re von Bulow*, Id.). Defendant Rudolph W. Giuliani did not testify about a dispute between him and his attorneys. Defendant Rudolph W. Giuliani did not waive the attorney-client privilege by the submission of Dkt. No. 179 in Case No. 24-mc-353 and Dkt. No. 143 in Case No. 24-cv-6563.

Unlike In Re von Bulow, Id., in the Declaration of Rudolph W. Giuliani dated December 19, 2024 (Dkt. No. 179), Defendant Rudolph W. Giuliani did not offer his own testimony as to specific communications with Attorney Caruso and Attorney Labkowski; there was no waiver of the attorney-client privilege by Defendant Rudolph W. Giuliani which is different to the facts that occurred in In Re von Bulow, Id.

In Re von Bulow, Id. Random House published a book entitled Reversal of Fortune -- Inside the von Bulow Case, authored by attorney Alan Dershowitz, which chronicled the events surrounding the first criminal trial, the successful appeal, and von Bulow's ultimate acquittal. After obtaining an advance copy of the book, plaintiff's counsel notified petitioner on April 23, 1986 that it would view publication as a waiver of the attorney-client privilege. Von Bulow's counsel responded that no waiver had occurred and that, accordingly, he would not act to stop the book's publication. After the book was released, von Bulow and attorney Dershowitz appeared on several television and radio shows to promote it. The facts of the von Bulow case and waiver of the attorney-client privilege is not akin to the facts here. The Second Circuit stated that "Since the district court's discovery order here raises such questions, granting mandamus in this case is not inconsistent with Xerox". In Re von Bulow, Id. the discovery order that was the subject of mandamus was a discovery order which granted plaintiff the right to discover certain conversations between petitioner and his attorneys. There is nothing similar as to waiver of attorney-client privilege between the von Bulow case and the instant case before this Court.

In Lugosch v. Pyramid Co., 435 F.3d 110 (2nd Cir. 2006), the Second Circuit said that "Before any common law right of public access to judicial documents can attach, a court must first conclude that the documents at issue are indeed "judicial documents." The mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access. In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process. Once the court has found that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption. The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of U.S. Const. art. III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their

irrelevance. Finally, after determining the weight of the presumption of access, the court must balance competing considerations against it. Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."

It is respectfully submitted that the Sealed Documents are not to be considered as judicial documents because the Sealed Documents are not relevant to the performance of the judicial function and useful in the judicial process because prior counsel, present counsel and Defendant all signed the Consent Order Granting Substitution of Attorney (Dkt. No 119) and submitted it to the Court.

It is respectfully submitted that had the Court signed the Consent Order Granting Substitution of Attorney (Dkt. No 119), then the Sealed Documents, including the motions for withdrawal would have been moot and the Sealed Documents would not be considered as "judicial documents." Lugosch v Pyramid Co., Id.,

It is respectfully requested that the Court keep the Sealed Documents sealed. If the Court is inclined to unseal the Sealed Documents, then it is respectfully requested that a stay of the unsealing be granted so that Defendant may pursue an appeal before the Second Circuit on the unsealing. The unsealing would prejudice the Defendant by having the Plaintiffs and the entire world know of the disputes between Defendant, Attorney Caruso and Attorney Labkowski and would result in prejudice of the Defendant at trial.

Attorney Caruso is still counsel for Defendant Rudolph W. Giuliani in an appeal before the United States Court of Appeals for the DC Circuit, and unsealing the Sealed Documents would cause harm to the existing relationship between Attorney Caruso and Defendant Rudolph W. Giuliani, even though in this case, Attorney Caruso is no longer representing Defendant Rudolph W. Giuliani.

It would serve no purpose and no benefit to the Plaintiffs or the Court to unseal the Sealed Documents. It would not be in the interests of justice to unseal the Sealed Document, and it would only cause prejudice and harm to Defendant Rudolph W. Giuliani and to Attorney Caruso and Attorney Labkowski. Had Attorney Caruso and Attorney Labkowski not agreed to be substituted on November 15, 2024, then the Court could have and should have reviewed their application to withdraw. However, had the Court signed off on the executed Consent Order granting Substitution of Attorney (Dkt. No. 119) on November 26, 2024, the motions to withdraw would have been rendered as moot.

At this point, with no one asking for the unsealing, except the Court raising this issue, the Court unsealing the Sealed Documents would not be in anyone's best interests, except that it would provide more news for the press to write about, which is what has been ongoing with this case nearly each time that either the Plaintiffs or Defendant makes a filing on the dockets of this case in this Court.

It is respectfully requested that the decision on this matter of unsealing documents be delayed until after the trial to be held on January 16, 2025, as the reasons why Defendant, Attorney

Caruso, Attorney Labkowski parted ways in this case are not relevant to the issue of whether Defendant Rudolph W. Giuliani has and had a homestead Florida condominium unit prior to August 5, 2024, which is the issue in this case.

Respectfully submitted,

Joseph M. Cammarata