```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/23/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
RUBY FREEMAN and WANDREA' MOSS,                                      :
:
                    Plaintiffs,                          :    24-mc-00353 (LJL)
    -v-                                                             :
:
RUDOLPH W. GIULIANI,                                                 :
:
                    Defendant,                           :
  -and-                                                              :
:
ANDREW H. GIULIANI,                                                  :
:
                Intervenor-Defendant.                    :
:
-------------------------------------------------------------------- X
:
RUBY FREEMAN and WANDREA' MOSS,                                      :
:    24-cv-06563 (LJL)
                    Plaintiffs,                          :
    -v-                                                             :
:
RUDOLPH W. GIULIANI,                                                 :    MEMORANDUM & ORDER
:
                  Defendant.                           :
:
-------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

       By order of November 13, 2024, the Court permitted the filing under seal of certain paragraphs of the declarations of Kenneth A. Caruso and David Labkowski (collectively, "Prior Counsel") to withdraw as counsel for Defendant Rudolph W. Giuliani ("Defendant") in this case. Dkt. No. 78.[1] The Court recognized that there was a common law and First Amendment right of access to documents filed in public court, but held that there were countervailing factors that supported sealing of those paragraphs that contained privileged information, specifically paragraphs 4 to 7 in Mr. Caruso's declaration. *See*

---

[1] Docket numbers refer to the declaratory judgment matter, 24-cv-06563, unless otherwise noted.

Dkt. No. 78.[2]  In particular, certain of those paragraphs discussed fundamental disagreements that had arisen between Defendant and Messrs. Caruso and Labkowski regarding document production in this case.  The Court now considers whether it is appropriate to unseal portions of those declarations, as Defendant has put privileged communications "at issue" in his representations to the Court.  For the reasons discussed below, there no longer exist countervailing factors justifying continued sealing of certain portions of the declarations, and unsealing those portions is appropriate and necessary in the interests of fairness and to protect the integrity of the court.

On December 5, 2024, Plaintiffs Ruby Freeman and Wandrea' Moss filed a motion, pursuant to Federal Rule of Civil Procedure 37 and the Court's inherent powers, for an order holding Defendant in civil contempt and imposing sanctions.  Dkt. No. 105.[3]  The motion was based on the Court's orders of October 28, 2024, requiring Defendant (as well as Plaintiffs) to respond to all discovery requests within 14 days of service, "including responses and objections as well as document production," Dkt. No. 53, and the Court's November 22, 2024 Order finding that Defendant had violated the Court's October 28 Order and directing that Defendant "comply with the First RFPs by no later than November 26, 2024, by producing and serving responses and all documents responsive to the First RFPs," Dkt. No. 103.  In support of that motion, Plaintiffs produced evidence that they served discovery requests on Defendant on November 1, 2024, that they had repeatedly discussed proposed search terms with Defendant's

---

[2] The Court found that the redactions of certain paragraphs were justified as containing privileged information.  See Dkt. No. 78 at 2.  The Court has no occasion at this time to revisit that conclusion or to consider whether, in fact, any privilege might have been vitiated by the crime-fraud exception to the attorney-client privilege.

[3] Plaintiffs have also made a motion for an Order to Show Cause for Contempt in the related judgment enforcement action, see 24-mc-00353, Dkt. No. 170, but the basis of that motion is Defendant's noncompliance with the Court's turnover and receivership orders at Dkt. Nos. 62, 94, 148, rather than noncompliance with discovery obligations.

counsel, and that Defendant had not produced any documents to Plaintiffs as of the December 5, 2024 date of the filing. Dkt. No. 107 ¶¶ 5-11.

In response to that motion and in opposition to the request for civil contempt sanctions, Defendant has submitted a declaration in which he pins the blame for his discovery failures on Messrs. Caruso and Labkowski. Dkt. No. 143. In particular, Defendant asserts that he did not "intentionally or willfully disobe[y] any of this Court's orders or Plaintiffs' discovery demands." *Id.* ¶ 4. He swears:

> I relied upon my prior counsels, Kenneth Caruso, Esq. and David Labkowski, Esq. to timely respond to the Plaintiffs' discovery demands with my input as they needed, and to avoid disobeying any of this Court's orders or discovery demands.

*Id.* ¶ 5. He also swears:

> I relied upon my attorneys, Kenneth Caruso, Esq. and David Labkowski, Esq. to provide timely responses, objections and production of responsive materials to the Plaintiffs' counsel by required deadlines. I did not intentionally or willfully disobey or violate any orders or demands.

*Id.* at ¶ 11. And further, he swears:

> Ultimately, I believe that all discovery was provided to the Plaintiffs, once I retained Joseph Cammarata, Esq., and Kenneth Caruso, Esq. and David Labkowski, Esq. were relieved as counsel on November 26, 2024. The time frame for the production of documents was very short and while my prior counsels did not timely respond, Joseph Cammarata, Esq. made his best efforts to respond as soon as practically possible with my input and responding.

*Id*. at ¶ 12.

He also makes similar, repeated, arguments in his memorandum of law in opposition to the motion for sanctions. *See* Dkt. No. 145 at 1 (arguing that Prior Counsel were counsel until November 26, 2024); *id*. at 12 ("Defendant relied upon his prior counsels [sic] to respond to discovery demands in this case, but they were not served."); *id*. at 13 ("Plaintiffs' counsel made it very difficult for Defendant's prior counsel . . . with motions and filings consistently done until [Prior Counsel] could not take it anymore, and they had to withdraw as Defendant's counsel."); *id*. at 13 ("Defendant was not the person responsible for the Plaintiffs not receiving discovery prior to November 26, 2024, and he should

3

not face any sanctions or penalties of any kind."); *id*. at 15 ("In the event that Defendant did not fully comply with either of the Orders, there was reasonable excuse for not complying, as Defendant relied upon his prior counsels to comply with the two Orders."); *id*. at 16 ("The Defendant was not disregarding this Court's orders but relied upon prior counsel to complete discovery responses and compliance with the Court's orders.").

Defendant's statements in his declaration and in his memorandum of law are contradicted by the declarations of Messrs. Caruso and Labkowski. On November 13, 2024, Messrs. Caruso and Labkowski filed ex parte motions to withdraw as counsel. Dkt. Nos. 76, 77. The basis for those motions was not the volume of requests made by Plaintiffs, as Defendant now asserts, *see* Dkt. No. 145 at 13. Defendant knows that assertion to be untrue. The grounds asserted were irreconcilable differences, the insistence of the Defendant upon presenting a claim or defense not warranted by existing law and not supportable by a good faith argument for an extension, modification, or reversal of existing law, and the failure to cooperate. Dkt. No. 79 ¶ 3. The motions were supported by declarations from Messrs. Caruso and Labkowski. Dkt. Nos. 76, 77. The declarations, if credited, undermine any notion that Defendant relied upon Prior Counsel in connection with discovery. The two state that Defendant informed them that he would not participate in discovery in this action and that he would not identify or provide access to his electronic devices for purposes of discovery. Dkt. No. 76 ¶ 4; Dkt. No. 77 ¶ 3. He did so against the advice of counsel. *Id.* The Court permitted counsel to withdraw on November 26, 2024. *See* Dkt. No. 113, Transcript of Proceedings, November 26, 2024 Conference; Dkt. No. 107-5 at ECF p. 6.

In light of Defendant's declaration, the Court issued an order on December 20, 2024, permitting the parties to inform the Court whether there remained any continuing basis to maintain portions of the declarations of Messrs. Caruso and Labkowski under seal. Dkt. No. 149.[4] Plaintiffs, who are not aware

---

[4] Defendant argues that unsealing is inappropriate because "no one [is] asking for the unsealing." Dkt.

4

of the contents of the sealed materials, state that "depending on the nature of the sealed material, there may well be a basis to conclude that the privilege claim that has warranted continued sealing up until this point may now have been waived by Mr. Giuliani." Dkt. No. 151. Defendant has submitted a letter opposing unsealing. Dkt. No. 154.

The Court directs the unsealing of portions of the declarations. By making the arguments he puts forth in his declaration and in his memorandum of law, Defendant has put directly at issue his reliance on advice of counsel. It is settled law that "the attorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *see also In re von Bulow*, 828 F.2d 94, 103 (2d Cir. 1987); *Clark v. United States*, 289 U.S. 1, 15 (1933) ("The privilege takes flight if the relation is abused."). Accordingly, "a waiver [of the privilege] may be implied in circumstances where it is called for in the interests of fairness." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008). The quintessential example of such a waiver arises when a defendant "asserts an advice-of-counsel defense and is thereby deemed to have waived his attorney-client privilege with respect to the advice that he received." *Skyline Steel, LLC v. PilePro, LLC*, 2015 WL 4480725, at *2 (S.D.N.Y. July 22, 2015) (quoting *Sims*, 534 F.3d at 132); *see also von Bulow*, 828 F.2d at 101 ("It has been established law for a hundred years that when the client waives the privilege by testifying about what transpired between her and her attorney, she cannot thereafter insist that the mouth of the attorney be shut."). An implied waiver also occurs when "a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion," *In re*

---

No. 154 at ECF p. 9. However, the Court has an "independent obligation to ensure that documents relevant to the judicial function are accessible to the public," *Laura Laaman & Assocs., LLC v. Davis*, 2019 WL 3716512, at *1 (D. Conn. Aug. 7, 2019), which is why courts routinely unseal judicial documents even against the opposition of both parties, *see, e.g., Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016)*; cf. Lugosch v. Pyramid Cos. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2010) (noting independent right of the public and the press to judicial documents).

*Cnty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) (internal quotation marks omitted), including where a party "makes factual assertions, the truthfulness of which may be assessed only by an examination of the privileged communications or documents," *In re Omnicom Grp., Inc. Sec. Litig.,* 233 F.R.D. 400, 413 (S.D.N.Y. 2006) (internal quotation marks omitted); *see also In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 470 (S.D.N.Y. 1996). Once waiver is found, "[t]he widely applied standard for determining the scope of a waiver is that the waiver applies to all other communications relating to the same subject matter." *In re Seagate Tech., LLC,* 497 F.3d 1360, 1372 (Fed.Cir. 2007) (internal quotation marks omitted). In fairness, the Court cannot allow Defendant to convey a story to the Court and to the public that Prior Counsel is responsible for his discovery violations while shielding the evidence that—if true— would expose that story as a fabrication. Defendant has waived the privilege with respect to his communications with Prior Counsel regarding document production, information requests, interrogatories or the deposition requests.

Defendant makes two arguments in support of continued sealing. Neither has merit. First, Defendant argues that he has not waived the privilege because he did not "testify about a dispute between him and his attorneys" and "did not offer his own testimony as to specific communications with Attorney Caruso and Attorney Labkowski." Dkt. No. 154 at 8. He argues that he did not waive the privilege. *Id.* at 7–8. But the law of waiver is not so rigid or formulaic—attorney-client privilege may be waived not just by an affirmative statement but also by putting "at issue" the communications such that in fairness the issue can be determined only by relevant of communications. *See Johnson Matthey, Inc. v. Rsch. Corp.*, 2002 WL 1728566, at *2 (S.D.N.Y. July 24, 2002) ("[E]ven if the privilege holder does not attempt to make use of the privileged communication, he may waive the privilege if he makes factual assertions the truth of which can only be assessed by examination of the privileged communication." (cleaned up)); *Skyline Steel*, 2015 WL 4480725, at *2 ("[T]hat [defendant] does not

6

intend to assert a formal advice-of-counsel defense is of no moment. […] [A] party need not explicitly invoke an advice of counsel defense in order for a court to find waiver."); *In re Adelphia Commc'ns Corp.*, 2007 WL 601452, at *3 (Bankr. S.D.N.Y. Feb. 20, 2007) ("The 'at issue' waiver doctrine is liberally applied where the truth of a party's assertion can only be assessed by examination of privileged communications"); *cf. von Bulow*, 828 F.2d at 101 (noting that the "fairness doctrine" "aim[s] to prevent prejudice to a party and distortion of the judicial process that may be caused by the privilege-holder's selective disclosure during litigation of otherwise privileged information"); *In re Grand Jury Proceedings,* 219 F.3d 175, 183 (2d Cir. 2000) ("Whether fairness requires disclosure has been decided by the courts on a case-by-case basis, and depends primarily on the specific context in which the privilege is asserted.").

Defendant had the opportunity in response to the Court's order to disavow the portions of his submissions that put at issue his communications with Prior Counsel when the Court solicited the parties' input on December 20, 2024. *See* Dkt. No. 149. The Court's order alerted him to the privilege waiver issue. He chose not to disavow those portions. *See generally* Dkt. No. 154. Defendant has made his Prior Counsels' performance in responding to the discovery requests a centerpiece of his defense to Plaintiffs' contempt motion, thereby putting "at issue" his communications with Prior Counsel regarding his discovery obligations. He may not do so without waiving attorney-client privilege with respect to those communications.

Second, Defendant argues that the declarations should have been withdrawn and that the Court did not have to rule on the motion to withdraw because an application for substitution of counsel had been made and the matter should have been deemed moot. Dkt. No. 154 at 7, 9. The argument is based on a faulty predicate. Notwithstanding the appearance of current counsel for Defendant on November 15, 2024 and the agreement of Defendant to have current counsel represent him, Local Rule 1.4 required

7

an order by the Court before it permitted Prior Counsel to withdraw. *See New York v. U.S. Dep't of Com.*, 2019 WL 2949908, at *1 (S.D.N.Y. July 9, 2019) ("[W]hen considering whether to grant a motion to withdraw under Rule 1.4, a court must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. […] With respect to the latter factor, a court must consider 'the posture of the case' and 'whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel.'" (quoting *Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir. 1999))). That is because Local Rule 1.4 protects not only the interests of the moving party but also the interests of the court and of the opposing party in ensuring that the withdrawal of counsel will not disrupt the proceedings, *Whiting*, 187 F.3d at 321, and cause undue delay, preventing the just and speedy determination of the case required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1. Prior Counsels' declarations were served on Defendant; Defendant did not seek to withdraw the declarations or to have them stricken. More important, the argument mistakes the principal basis upon which the Court is unsealing the relevant sections of the declarations. The unsealing is not only necessary so that the public can understand the basis of the Court's decisions, although it is relevant to that purpose. It is necessary to protect the integrity of the court and its orders. *See Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 796–97 (1987); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Cruz v. JKS Ventures, Inc.*, 2024 WL 814563, at *5 (S.D.N.Y. Feb. 26, 2024) ("The Court thus has an independent interest in assuring that it is not being used as an instrument of fraud."). To permit Defendant to claim that he had instructed his lawyers to comply with all court orders including those requiring electronic production and that it was Prior Counsel who were responsible for the misdeeds that have plagued this case, while sitting on declarations in the court file that belie those claims, would permit him to make a "mockery" of the court and its proceedings. *Young*, 481 U.S. at 796 (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450 (1911)); *cf Colella v. Republic of Argentina*,

2020 WL 4700930, at *4 (S.D.N.Y. Aug. 13, 2020) ("[T]he wielding of [] inherent power is particularly appropriate when the offending parties have practiced a fraud upon the court."), *aff'd*, 2021 WL 5895783 (2d Cir. Dec. 14, 2021); *ACLI Gov't Sec., Inc. v. Rhoades*, 989 F. Supp. 462, 468 (S.D.N.Y. 1997) ("Continued contempt of court is a public offense that undermines the efficiency, authority and purpose of the judicial branch. […] [I]t would be unfair to the members of the bar and to society in general to ignore their obdurate contempt of the Orders of this Court."), *aff'd*, 159 F.3d 1345 (2d Cir. 1998).

The Court has a motion for contempt before it and two diametrically opposed sets of declarations. One declaration proffers what purports to be an innocent explanation for the discovery failures in this case, at least up until the time the motion to withdraw was granted. The second set of declarations can be read to suggest that that explanation is false; that the Defendant has knowingly, willfully, and contrary to advice of Prior Counsel, violated the Court's orders; and that his current declaration and submission continue to be untrue. The Court has not reached a judgment as to which version of the facts to accept, or whether there is yet another version that is true. The Court has reached no judgment as to whether Defendant is in contempt or, if so, what contempt sanctions to reach. Those questions await another day. But it cannot under the law ignore the declarations of Prior Counsel and pretend that they did not exist. And it cannot consider those declarations without making them available to opposing counsel and to the public who have a right to know how the Court reaches its decisions. *Cf. Lugosch*, 435 F.3d at 123 (right of access not dependent on the extent to which the court relies on the document in reaching a decision). Because there is no longer any basis in the law of privilege to keep that information private, there also is no basis to withhold from the public the documents that go centrally to the issue of whether Defendant has acted in contempt of Court.[5]

---

[5] Defendant's requests that a stay of the unsealing be granted so that Defendant may pursue an appeal is

The Court accordingly directs the Clerk of Court to unseal the first four sentences of Paragraph 4 of the Caruso declaration at 24-cv-06563, Dkt. No. 76; 24-mc-00353, Dkt. No. 104.

SO ORDERED.

Dated: December 23, 2024
      New York, New York

                                LEWIS J. LIMAN
                                United States District Judge

---

denied. He has failed to show that the Court's order would be appealable or that there would be any substantial possibility of success on appeal. *See Mohammed v. Reno*, 309 F.3d 95, 102 (2d Cir. 2002). In the Court's judgment, Defendant's arguments against waiver border on the frivolous.