UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>                       Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>                       Defendant. | No. 24-cv-06563-LJL;<br>24-mc-00353-LJL<br><br>**MOTION TO WITHDRAW AS COUNSEL AND DECLARATION OF KENNETH A. CARUSO IN SUPPORT OF THAT MOTION** |

KENNETH A. CARUSO hereby declares, pursuant to 28 U.S.C. § 1746:

      1.      I am a member of the Bar of this Court and the sole member of Kenneth Caruso Law LLC. I am lead counsel for Defendant, Rudolph W. Giuliani ("Defendant"), in both 24-cv-06563-LJL (the "Homestead Action") and 24-mc-00353-LJL (the "Turnover Proceeding").

      2.      I submit this Declaration, pursuant to S.D.N.Y. Local Rule 1.4, and Rule 1.16 of the New York Rules of Professional Conduct, in support of a motion to withdraw as counsel for Defendant. I make this motion also on behalf of my co-counsel, David Labkowski of Labkowski Law, P.A.

      3.      The grounds for this motion arise under Professional Rule 1.16(c)(4), (6) and (7), which provide:

> a lawyer may withdraw from representing a client when: . . . (4) the client insists upon taking action with which the lawyer has a fundamental disagreement; . . . (6) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law; [or] . . . (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively[.]

      4.      Defendant has informed us that he will not participate in electronic discovery in the Homestead Action. Specifically, he has informed us that he will not identify or provide

1

access to his electronic device(s) for imaging by an electronics-discovery vendor, which we have identified.  We have a fundamental disagreement with that position.  Defendant's position also constitutes a failure to cooperate with us in the representation and renders it unreasonably difficult for us to carry out our employment effectively.  ██████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████

     5.    ██████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

████████████

     6.    ██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████

     7.    ██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

8. With respect to the posture of the Homestead Action: The Court has before it a fully submitted motion and cross-motion for summary judgment. A Case Management Plan and Scheduling Order is in place. A trial is scheduled for January 16, 2025.

9. With respect to the posture of the Turnover Proceeding:

   a. The Court issued an Opinion and Order, ECF 62 (the "Turnover Order"), requiring Defendant to turnover specific property to Plaintiffs, by Friday, November 15, 2024. ECF 94 ¶ 3.

   b. The Giuliani Entities are required to respond to Plaintiffs' information subpoenas today, and Standard USA LLC is required to respond by Friday, November 15, 2024. Text Order, November 11, 2024.

   c. Defendant's deadline to file a motion to modify the Turnover Order, to require Plaintiffs-Receivers to treat Defendant's New York co-op as a homestead, is due by Monday, November 18, 2024. ECF 102.

10. Counsel are not asserting a retaining or charging lien.

11. Pursuant to Local Rule 1.4, we have served a copy of this motion on Defendant via email. Given the sensitive nature of this filing, we respectfully request that the Court excuse us, at this time, from the requirement that we:

   a. Serve a copy of this motion on Plaintiffs; and

   b. File proof of service on Defendant, on the docket.

12. For the foregoing reasons, we respectfully request that the Court grant this motion to withdraw and enter an order relieving Kenneth Caruso Law LLC and Labkowski Law, P.A. as counsel for Defendant.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on November 13, 2024

By: /s/ Kenneth A. Caruso
Kenneth Caruso Law LLC
15 W. 72nd Street
New York, NY 10023
(646) 599-4970
ken.caruso@kennethcarusolaw.com

*Attorneys for Defendant,
Rudolph W. Giuliani*

4