# CAMMARATA  &  DE MEYER  P.C.
ATTORNEYS AT LAW
456 ARLENE STREET, STATEN ISLAND, NY 10314

TEL: 718.477.0020
FAX: 718.494.3288
www.CDLAwPC.COM

December 24, 2024

Hon. Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Freeman, et.al. v. Giuliani, Case No. 24-cv-6563 and 24-mc-353

Dear Judge Liman:

     Pursuant to Your Honor's Order, please find exhibits that Defendant wishes the Court to consider in connection with the Order to Show Cause to hold Defendant in contempt and for sanctions. The following anticipated testimony will be relied upon by defendant at the January 3, 2025, hearing.

     Attached as Exhibits 1 through 22 (Bates Stamped Defendant's anticipated exhibits 1 to 457) are anticipated to be used for consideration for the Court on January 3, 2025. In addition, Defendant anticipates using any documents that Plaintiff's submit to the Court for use by Plaintiff at the January 3, 2025 hearing.

     Defendant Rudolph W. Giuliani will testify.  Mr. Giuliani is anticipated to testify that he did not knowingly and/or intentionally and/or willingly violate or disobey any of the Court orders which are the subject of the anticipated January 3, 2025 hearing; that the imposition of sanctions and/or holding Defendant in contempt is not necessary to coerce Defendant into compliance, or to compensate the Plaintiffs for any losses suffered as a result of the lack of compliance." <u>1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park</u>, <u>supra</u>.

     Mr. Giuliani is anticipated to testify that he did not clearly and unambiguously fail to comply with any Court Orders which are the subject of the anticipated January 3, 2025 hearing and that Mr. Giuliani made diligent attempts to comply with the Court's Orders in a reasonable manner and fully complied or substantially complied with this Court's Orders.

     Mr. Giuliani is anticipated to testify regarding his execution of documents requested by Plaintiffs to convey ownership of the shares evidencing Defendant's interest in 45 East 66th Street Owners Corp.

     Mr. Giuliani is anticipated to testify regarding his directing Citibank, N.A. to transfer nonexempt cash in the checking accounts held at Citibank, N.A. with account numbers ending in -1428 and -5812 to Plaintiffs.

1

Mr. Giuliani is anticipated to testify regarding his turning over the Mercedez-Benz automobile to Plaintiffs and the delivery of the automobile by Defendant to Plaintiff's representative in Miami, Florida.

Mr. Giuliani is anticipated to testify about all of the items that were delivered to Plaintiffs' designated storage facility in Queens, New York, which items included court ordered Receivership Property including various items of furniture, a television, sports memorabilia totaling approximately forty two (42) items, which is more than what the Court order specifically required.

Mr. Giuliani is anticipated to testify that he had the following items delivered to Plaintiff's storage facility:

a. book cabinet,
b. three living room end tables,
c. living room leather sofa bed,
d. storage bed drawer,
e. leather office chair,
f. living room coffee table,
g. folding upholstered chairs,
h. two red leather overstuffed chairs,
i. drop leaf table,
j. rolled mattress,
k. seat cushions,
l. cushioned ottoman,
m. lamp shades,
n. lamp and pillows,
o. master bedroom slats and hardware,
p. master bed siderails,
q. sofa bed legs,
r. nightstand,
s. master bed footboard,
t. master bed mirror,
u. Storage bed siderails,
v. Master bed headboard,
w. Master Bed Dresser,
x. Television,
y. Yankee Banner,
z. Mickey Mantle Picture,
aa. John Daly art,
bb. Derek Jeter picture
cc. Diamond ring,
dd. Watches
ee. PLUS, there was a significant amount of furniture contained in the New York cooperative apartment, which was also turned over to the Plaintiffs.

2

Mr. Giuliani is anticipated to testify that he furnished the following responses to Plaintiffs' demands:

a. Defendants' Amended Response to Plaintiffs' First Set of Interrogatories;
b. Defendants' Response to Plaintiffs' First Set of Interrogatories;
c. Defendants' Second Amended Response to Plaintiffs' First Set of Interrogatories;
d. Defendants' Response to Plaintiffs' First Set of Document Requests;
e. Defendants' Amended Initial Disclosures Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1);
f. Defendants' Second Amended Initial Disclosures Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1); and
g. Defendant's provision of storage facility photos.

Defendant reserves the right to call Kenneth Caruso, Esq. to testify as a rebuttal witness.

Respectfully submitted,

Joseph M. Cammarata