```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
RUBY FREEMAN and WANDREA' MOSS,                                      :
                                                                     :
                                   Plaintiffs,                       :    24-mc-00353 (LJL)
        -v-                                                          :
                                                                     :
RUDOLPH W. GIULIANI,                                                 :
                                                                     :
                                   Defendant,                        :
        -and-                                                        :
                                                                     :
ANDREW H. GIULIANI,                                                  :
                                                                     :
                                   Intervenor-Defendant.             :
                                                                     :
-------------------------------------------------------------------- X
                                                                     :
RUBY FREEMAN and WANDREA' MOSS,                                      :    24-cv-06563 (LJL)
                                                                     :
                                   Plaintiffs,                       :
                                                                     :
        -v-                                                          :
                                                                     :    MEMORANDUM & ORDER
RUDOLPH W. GIULIANI,                                                 :
                                                                     :
                                   Defendant.                        :
                                                                     :
-------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/27/2024

LEWIS J. LIMAN, United States District Judge:

Defendant Rudolph W. Giuliani ("Defendant") moves, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order relieving him of the obligation to respond to interrogatories # 4 and # 8 of the First Set of Interrogatories of Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs"). *See* Dkt. No. 158.[1]  The motion is denied.

---

[1] Docket numbers refer to 24-cv-06563 unless otherwise specified, but references are mirrored in the 24-mc-00353 docket.

The Court addressed Interrogatory #4 and Interrogatory #8 by Memorandum and Order of December 17, 2024, in response to Plaintiffs' motion to compel. Dkt. No. 139. The Court granted the motion to compel. *Id.* The Court recited that the interrogatories were first served on November 6, 2024, with an initial deadline of November 20, 2024, and an extended deadline of November 26, 2024, and that Defendant failed to respond on either of those dates. *Id.* at 2. The Court held that Defendant's objections to the interrogatories were accordingly waived. *Id.* at 3. "The law imposes consequences on parties who disregard their obligations." *Id.* Defendant failed to show any good cause for his tardy responses, and in any event, his objections were without merit. *Id.* The information requested by Interrogatory # 4 was "squarely relevant to Defendant's claim for a homestead exemption." *Id.* at 4. Plaintiffs had "more than met their burden" to require Defendant to answer Interrogatory # 8 because "Defendant's repeated non-compliance with his discovery obligations" had given substantial reason to doubt the completeness of his disclosures to date in this case. *Id.* at 6. The Court ordered that Defendant answer the interrogatories by December 20, 2024 or show cause why he should not be held in contempt for violation of the Court's order. *Id.* at 8.

Though styled as a motion for a protective order, Defendant's motion is in substance a request for reconsideration of the Court's December 17, 2024 order. "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kotel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). "A motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite

at the apple.'"  *Id.*  (quoting *Analytic Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).[2]

Defendant's letter-motion does not present any arguments he did not have the ability to present in his opposition to Plaintiffs' motion to compel.  Defendant was obliged to respond to the motion to compel by December 17, 2024 at 5:00 p.m.  Dkt. No. 128.  In his belated response to that motion, Defendant simply asserted: "Please be advised that interrogatories 4 and 8 have been transmitted to opposing counsel, therefore the letter motion regarding the interrogators [sic] is moot."  Dkt. No. 138 at 2.[3]  Defendant did not offer any defense of his prior objections to the interrogatories.

In his new motion, Defendant no longer argues that he complied with the interrogatories.  He argues instead the Interrogatory #4 calls for irrelevant information and is overbroad, Dkt. No. 158 at 1–2, and that Interrogatory #8 calls for irrelevant information and is designed to embarrass or harass, *id.* at 2–3.  The Court previously addressed why both interrogatories call for highly relevant information.  Defendant does not identify any information the Court overlooked.  Interrogatory #4 on its face does not appear to require Defendant to identify financial, medical or legal consultants Defendant contacted on behalf of *others*.  Local Civil Rule 26.4 requires that "[d]iscovery requests must be read reasonably."  The rule does not permit a party to conjure an extreme interpretation of an interrogatory and then to argue that from that extreme interpretation,

---

[2] Even if the motion were not considered as one for reconsideration, the Court would deny it under the law-of-the-case doctrine, which "holds that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case . . . unless cogent and compelling reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1226 (2d Cir. 2002) (internal citations and quotations omitted).

[3] The Court did not dismiss the motion as moot because Defendant failed to produce any evidence that he had complied with the interrogatory requests. *See* Dkt. No. 139 at 1.

no response whatsoever is required.[4]  If Defendant is concerned about disclosure of his cellphone number, then the answer would have been for him to request an order under Rule 26(c) that the information be kept confidential from the public.  There is no basis to keep it confidential from Plaintiffs or their attorneys.

The Court's order of December 17, 2024, required Defendant to answer the interrogatories by December 20, 2024, or show cause why he should not be held in contempt with contempt sanctions imposed.  Dkt. No. 139 at 8.  Defendant asks that his motion for a protective order serve as his response to the order to show cause.  Dkt. No. 158 at 1.  The record is now closed on the order to show cause why Defendant should not be held in contempt.  The Court will be prepared to announce its decision on the contempt request as early as the hearing on January 3, 2025.  The parties should be prepared to address the question of why, if Defendant is held in contempt, the Court should not impose the sanctions requested in Plaintiff's letter of December 26, 2024.  Dkt. No. 168.

The motion for a protective order at 24-cv-06563, Dkt. No. 158; 24-mc-00353, Dkt. No. 194 is DENIED and the Clerk of Court is respectfully directed to close the motion at 24-cv-06563, Dkt. No. 158; 24-mc-00353, Dkt. No. 194.

Dated: December 27, 2024
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[4] Plaintiffs' counsel has stated that "the Interrogatory seeks only the identifies of the financial, medical, and legal professionals that Defendant has consulted on his own behalf over the relevant period."  Dkt. No. 168 at 1 n.2.