```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
RUBY FREEMAN and WANDREA' MOSS,                                     :
                                                                    :
                          Plaintiffs,                               :     24-mc-00353 (LJL)
         -v-                                                        :
                                                                    :
RUDOLPH W. GIULIANI,                                                :
                                                                    :
                          Defendant,                                :
         -and-                                                      :
                                                                    :
ANDREW H. GIULIANI,                                                 :
                                                                    :
                          Intervenor-Defendant.                     :
                                                                    :
------------------------------------------------------------------- X
                                                                    :
RUBY FREEMAN and WANDREA' MOSS,                                     :     24-cv-06563 (LJL)
                                                                    :
                          Plaintiffs,                               :
                                                                    :
         -v-                                                        :
                                                                    :     ORDER
RUDOLPH W. GIULIANI,                                                :
                                                                    :
                          Defendant.                                :
                                                                    :
------------------------------------------------------------------- X
```

LEWIS J. LIMAN, United States District Judge:

Pending before the Court are motions for contempt against Defendant Rudolph W. Giuliani ("Defendant") in each of the above-captioned proceedings. 24-mc-00353, Dkt. 170; 24-cv-06563, Dkt. No. 105. A hearing on the motions is scheduled for tomorrow, January 3, 2025, at 10:00 a.m. This afternoon, for the first time, Defendant filed a letter-motion with the Court requesting that Defendant be permitted to appear remotely by video or telephonic

communication. Dkt. 212.[1] Defendant bases his request on "medical issues with his left knee and breathing problems due to lung issues discovered last year attributable to [Defendant] being at the World Trade Center site on September 11, 2001." *Id*. at 1. Defendant does not assert he is unable to travel. He submits no medical evidence. He has appeared in person at two prior hearings in this matter. *See* Minute Entry, November 7, 2024; Minute Entry, November 26, 2024. He has previously asked for an adjournment of the trial so that he could travel to Washington, D.C. this month. Dkt. No. 121 at 4. Plaintiffs take the position that, if Defendant is permitted to testify at the hearing, Plaintiff will want to cross-examine him in person and in that event, the request to appear remotely should be denied. Dkt. No. 214.

Federal Rule of Civil Procedure 43 expresses a preference that testimony at trial be taken live and in open court. Fed. R. Civ. P. 43(a). By viewing a witness in person and on the stand, the factfinder is best able to make credibility determinations. An exception exists for "good cause in compelling circumstances." *Id*.[2] Rule 43(a) gives a judge "discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards." *Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020). "Serious health conditions inhibiting a witness's ability to travel constitute good cause and compelling circumstance to permit live testimony in open court via video conference." *Radosti v. Hudson's Bay Co.*, 2022 WL 2119299, at *2 (S.D.N.Y. May 4, 2022) (quoting *Sawant v. Ramsey*, No. 07-cv-980, 2012 WL 1605450, at *3 (D. Conn. May 8, 2012)). The Advisory Committee on the Federal Rules of

---

[1] Unless otherwise specified, docket numbers refer to 24-mc-00353, but mirror filings in 24-cv-06563.
[2] *See* Fed. R. Civ. P. 43(a) ("At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.").

Civil Procedure has further explained, "[t]he opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. The Advisory Committee also said that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Id*. A civil contempt hearing is a trial within the meaning of Rule 43(a). *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983); *Sanders v. Monsanto Co.*, 574 F.2d 198, 200 (5th Cir. 1978) ("Because the contempt proceedings depend so heavily on complex facts not readily perceivable from the record, an oral hearing within the scope of Rule 43(a) is necessary."); *see also* C. Wright & A. Miller, 9A Federal Practice and Procedure § 2416 (3d ed.).

Defendant has communicated to the Court that he intends to rely on, and asks the Court to consider, his submitted declarations and his deposition transcript. Dkt. No. 211 at 1. Those documents would be hearsay if not sworn to by Defendant tomorrow and if Plaintiffs were not given an opportunity to cross-examine. Fed. R. Evid. 801. In short, Defendant has asked the Court for the right to testify—at least by declaration. At the same time, however, Defendant has not shown good cause or compelling circumstances for his belated request to testify remotely. *See Radosti*, 2022 WL 2119299, at *2 (denying request to testify remotely where parties did not "provide sworn affidavits or any medical documentation describing or substantiating their representation that, due to medical reasons, they are unable to travel to testify at trial."). Defendant has not asked the Court to designate him as unavailable pursuant to Federal Rule of Civil Procedure 32, which allows deposition testimony to be used by the witness himself at a

3

hearing or trial if a witness is unavailable within the enumerated criteria, nor has he proffered evidence of such unavailability. *See* Fed. R. Civ. P. 32(a)(4).[3] Defendant has appeared in the recent past, on occasions where his testimony has not been required and the Court has not been asked to hold Defendant in contempt. He has presented no evidence why for this hearing, where the Court has been asked to hold him in contempt, where his credibility has been called into question, and where Plaintiffs have asked for an opportunity to cross-examine him in person, he should be permitted to deny Plaintiffs that opportunity and to appear remotely. Plaintiffs would be prejudiced by being denied the opportunity, ordinarily accorded to any other litigants, to cross-examine the witnesses against them live and in open court.

Accordingly, should Defendant wish to proffer as evidence his declarations or his deposition testimony, he shall be required to appear in person as scheduled tomorrow at 10:00 a.m. in Courtroom 15C at 500 Pearl Street. Should Defendant withdraw his requests for the Court to consider his declarations, his deposition testimony, and any other testimony from him, he shall not be required to appear tomorrow in person but may appear through counsel. In that event, the Court will take under advisement his request to be able to listen to the proceedings remotely.

Defendant cannot ask the Court both to consider his out-of-court signed declarations and to deprive Plaintiffs of the opportunity to cross-examine him on his statements in open court.

This order is being simultaneously filed and emailed to the parties.

---

[3] Regardless, under Federal Rule of Evidence 801, the testimony may be used by Plaintiffs as an admission against Defendant. *See* Fed. R. Evid. 801(d)(2).

4

The Clerk of Court is respectfully directed to close 24-mc-00353, Dkt. 212 and 24-cv-06563, Dkt. No. 177.

Dated: January 2, 2025
      New York, New York

                                        LEWIS J. LIMAN
                                  United States District Judge