# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

January 2, 2025

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Freeman et al. v. Giuliani*, No. 24-cv-6563 (LJL); No. 24-mc-353 (LJL)

Dear Judge Liman:

Plaintiffs Ruby Freeman and Wandrea' Moss respectfully submit this letter to update the Court as to the status of discovery related to Defendant's proposed witnesses in light of the Court's December 20, 2024 order requiring "full compliance with any interrogatories or document requests" and that they each submit to a noticed deposition by December 31, 2024. *See* ECF No. 150.[1]

Since Mr. Giuliani's late disclosure that he would *not* be the sole witness offered in support of his case at trial, Mr. Giuliani has identified a rotating cast of individuals whom he proposed to call, ranging anywhere from three to six additional witnesses. *See e.g.*, ECF Nos. 124, 146, 157. Plaintiffs have made considerable efforts during the last three weeks seeking discovery from Mr. Giuliani and each of those late-disclosed witnesses, including serving them with subpoenas directly (at the insistence of Mr. Giuliani's counsel, who declined to accept service on their behalf), and scheduling, canceling, and re-scheduling depositions to accommodate last-minute scheduling requests. Declaration of Aaron E. Nathan ("Nathan Decl.") ¶ 2.

With significant time and expense, including over the holidays, Plaintiffs were able to serve deposition subpoenas on four of Mr. Giuliani's disclosed third-party witnesses: Alan Placa; Maria Ryan; Ted Goodman; and Ryan Medrano (the "Deposed Witnesses"). Each of the Deposed Witnesses ultimately sat for a deposition by the December 31, 2024 deadline, as did Intervenor Andrew Giuliani (in 24-mc-353), and Defendant Rudolph Giuliani. Ultimately, with the exception of Intervenor Andrew Giuliani, who responded to each of Plaintiffs' document requests and interrogatories served thus far and sat for deposition on December 19, 2024, in New York, each of Mr. Giuliani's proposed witnesses in this case has failed to make complete productions, to sit for a deposition, or both:

---

[1] Unless otherwise noted, all docket references herein refer to No. 24-cv-6563 (LJL).

- **Mr. Rudolph Giuliani** sat for a deposition on December 27, 2024 in West Palm Beach, Florida, and that deposition remains open, based in part on his refusal to answer questions about his email addresses without any legal or privilege instruction from counsel but rather because of his own notion of his right to privacy. Nathan Decl. ¶ 4, Ex. 2, at 26:06–28:08. Mr. Giuliani has produced fewer than 25 documents, around 30 photographs, and zero emails or other communications of any kind. *See* No. 24-mc-353 ECF No. 179.

- **Alan Placa** sat for a deposition on December 26, 2024 in West Palm Beach, Florida. Monsignor. Placa did not produce any documents, and testified that he did not search for materials responsive to Plaintiffs' subpoena, although his testimony indicated that he possesses information relevant to Mr. Giuliani's travels to, and time spent at, the Palm Beach Condo. Nathan Decl. ¶ 3, Ex. 1, at 17:23–18:9; 34:6–13; 42:6–9; 63:15–65:10.

- **Maria Ryan:** Dr. Ryan sat for a deposition on December 31, 2024 by Zoom.[2] That deposition remains open because Dr. Ryan testified extensively about documents that were in her possession and responsive to Plaintiffs' document requests, but were not produced. Nathan Decl. ¶ 6, Ex. 4 at 166:7–13; 167:10–168:18; 262:02–263:07; 270:09–271:05. In his deposition, Mr. Giuliani also testified that Dr. Ryan has access to his emails, as well as to documents relating to his corporate entities. Nathan Decl. ¶ 4, Ex. 2, at 21:20–21:25; 29:18–30:14. To date, Dr. Ryan has only produced a single document despite the Court's order directing that "Dr. Ryan and Mr. Goodman have until Wednesday, December 18, 2024 at 5 p.m. to produce *all responsive documents* in their possession, custody or control, or show cause why they should not be held in contempt for violation of the Courts order." ECF No. 135 (emphasis added); Nathan Decl. ¶ 6.

- **Theodore Goodman:** Mr. Goodman sat for a deposition on December 31, 2024 by Zoom.[3] Mr. Goodman has not produced any documents, including since the Court's order directing that "Dr. Ryan and Mr. Goodman have until Wednesday, December 18, 2024 at 5 p.m. to produce all responsive documents in their possession, custody or control, or show cause why they should not be held in contempt for violation of the Courts order." ECF No. 135; Nathan Decl. ¶ 7. During his deposition, Mr. Goodman could not specify any efforts he made to search for document responses to Plaintiffs' requests and separately testified that he possesses documents responsive to Plaintiffs' requests. Nathan Decl. ¶ 7, Ex. 5 at 42:13–48:4; 54:24–55:06; 56:5–7; 83:2–13; 90:16–91:20; 155:23–157:14; 160:22–161:20.

- **Ryan Medrano:**[4] Mr. Medrano sat for a deposition on December 31, 2024 by Zoom. That deposition remains open because Mr. Medrano testified extensively about documents that were in his possession and responsive to Plaintiffs' document requests, but were not produced. Nathan Decl. ¶ 8, Ex. 6 at 33:03–20; 72:9–15; 84:11–21; 103:09–104:02; 116:15–24; 228:24–229:20; 294:16–22. Mr.

---

[2] Dr. Ryan's deposition was noticed for December 30, 2024 in New York, but on December 29, 2024, Dr. Ryan requested a change of date and venue, which Plaintiffs' accommodated. Nathan Decl. ¶ 6.
[3] Mr. Goodman's deposition was noticed for December 30, 2024 in New York, but on December 30, 2024, Mr. Goodman requested a change of date and venue, which Plaintiffs' accommodated. Nathan Decl. ¶ 7.
[4] On December 29, 2024, Defendant's counsel emailed Plaintiffs' counsel to advise that he will not be calling either Mr. Medrano or Mr. Ragusa at trial. Nathan Decl. ¶ 5, Ex. 3.

Medrano testified that he has not searched for or produced any documents. Ex. 6 at 291:14–19. Mr. Medrano promised to search for and produce all responsive documents to Plaintiffs by January 6, 2024. *Id.* at 291:20–294:14. In light of that assurance, Plaintiffs respectfully request that the Court defer decision on Plaintiffs' motion to compel Mr. Medrano to comply with their document subpoena. Plaintiffs will promptly notify the Court if any production by Mr. Medrano renders that motion moot.

- **Michael Ragusa:** Plaintiffs were unable to serve Mr. Ragusa with a deposition subpoena despite diligent efforts. Nathan Decl. ¶ 9. Plaintiffs attempted to serve Mr. Ragusa repeatedly at his home address. *Id.* Plaintiffs also corresponded with Mr. Ragusa by email and phone and attempted to serve Mr. Ragusa via email personally and via Mr. Giuliani's counsel, but neither would accept service. *Id.* Mr. Ragusa also has not produced any documents to Plaintiffs. *Id.*

All told, as of this filing, Plaintiffs have received a total of only *one* document—not one document *production*, but one *document*—from the Deposed Witnesses: a single document emailed by Maria Ryan. Nathan Decl. ¶ 6. Despite this, each of the Deposed Witnesses testified at their respective depositions that they have documents and communications directly relevant and responsive to Plaintiffs' discovery demands which they did not produce. Additionally, Mr. Giuliani has not produced any additional documents since his first and only "production" of cherry-picked documents on December 8, 2024. Nathan Decl. ¶ 4.

Respectfully submitted,

s/ Aaron E. Nathan