**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RUBY FREEMAN and WANDREA' MOSS,

          Plaintiffs,

v.

RUDOLPH W. GIULIANI,

          Defendant,

 v.

 ANDREW H. GIULIANI,

          Intervenor-Defendant.

No. 24-mc-00353-LJL

**[PROPOSED] JOINT PRETRIAL ORDER**

Plaintiffs Ruby Freeman ("Freeman") and Wandrea' Moss ("Moss," and together with Freeman, "Plaintiffs") Defendant Rudolph W. Giuliani ("Defendant") and Intervenor-Defendant Andrew H. Giuliani ("Intervenor, "and together "Parties") hereby submit this Joint Pretrial Order. On the evening on January 7, 2025, Defendant provided revisions to the Proposed Joint Pretrial Order and adopted the exhibits of Intervenor. Plaintiffs and Intervenor met and conferred regarding evidentiary disputes on the morning of January 8, 2025 and agreed to continue to attempt to resolve the disputes in advance of trial. Defendant did not join the meet and confer or lodge any objections to Plaintiffs' proposed exhibits.

I.     **Case Caption:** The case caption for this matter is *Ruby Freeman and Wandrea' Moss v. Rudolph W. Giuliani*, Case No. 24-mc-00353-LJL.

II.    **Counsel:** Plaintiffs are represented by Michael J. Gottlieb (mgottlieb@willkie.com; 202-303-1442), and Meryl C. Governski (mgovernski@willkie.com; 202-303-1000) of Willkie Farr & Gallagher LLP, 1875 K Street NW, Washington, D.C. 20015, Aaron Nathan (anathan@willkie.com; 212-728-8904), and M. Annie Houghton-Larsen (mhoughton-larsen@willkie.com; 212-728-8164) of Willkie Farr & Gallagher, 787 Seventh Avenue, New York, New York 10019, and Rachel Goodman (rachel.goodman@protectdemocracy.org; 202-579-4582) of United to Protect Democracy, 82 Nassau Street, #601, New York, New York 10038. Intervenor is represented by Scott B. McBride (smcbride@lowenstein.com; 973-597-6136) of Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068. Defendant is represented by Joseph Michael Cammarata (joe@cammaratalawpc.com; 718-477-0020) of Cammarata & De Meyer P.C., 456 Arlene Street, Staten Island, New York 10314.

III.    **Subject Matter Jurisdiction**

   a.    **Plaintiffs position:** This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1963, and the Court's ancillary jurisdiction to enforce the judgment of another federal court, *see Peacock v. Thomas*, 516 U.S. 349, 356 (1996).

   b.    **Defendant's position:** Defendant is a citizen, resident and domiciliary of Palm Beach County, State of Florida (ECF No. 1 ("Compl."), ¶7; ECF No. 62 ("Answer"), ¶ 7.) Plaintiffs are citizens of Georgia. ECF No. 1 ("Compl."). This Court does not have subject matter jurisdiction over this case as the Declaratory Judgment Act, 28 U.S.C.S. § 2201 does not expand jurisdiction (In re Joint E. & S.

Asbestos Litig., 14 F.3d 726 (2nd Cir. 1993)). The Declaratory Judgment Act, 28 U.S.C.S. § 2201 does not provide this Court with an independent cause of action.

c. **Intervenor's position:** Andrew Giuliani does not contest subject matter jurisdiction.

IV.     **Summary of Claims and Defenses:**

a.  **Plaintiffs' position:** The claims to be tried are (1) Intervenor's claim that Plaintiffs are not entitled pursuant to Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rules ("CPLR") § 5225 to an order directing Defendant to turn over the World Series Rings to Plaintiffs because Defendant previously gifted the World Series Rings to Intervenor, and (2) to the extent Intervenor is able to establish that Defendant did gift any of the World Series Rings to Intervenor, whether such gift is voidable as to Plaintiffs under N.Y. Debtor & Creditor Law § 273(a)(1) or (a)(2).

b.  **Defendant's position:** Defendant opposes plaintiffs' motion to enforce judgment under Fed. R. Civ. P. 69 and New York Civil Practice Law and Rule ("CPLR") §5225 insofar as the motion seeks turnover of three New York Yankees World Series rings (the "Three WS Rings") identified as among the personal property of the defendant, Rudolph W. Giuliani ("Mayor Giuliani"). Defendant's defense to plaintiffs' claim or motion is that the defendant, Rudolph W. Giuliani does not own the Three WS Rings, because Defendant gifted them to Andrew Giuliani prior to the litigation giving rise to the judgment at issue. Andrew Giuliani is the owner of the Three WS Rings in accordance with CPLR § 5239. *See* CPLR § 5225(b).

c. **Intervenor's position:** Andrew Giuliani is a defendant in intervention. He opposes plaintiffs' motion to enforce judgment under Fed. R. Civ. P. 69 and New York Civil Practice Law and Rule ("CPLR") § 5225 insofar as the motion seeks turnover of three New York Yankees World Series rings (the "Three WS Rings") identified as among the personal property of the defendant, Rudolph W. Giuliani ("Mayor Giuliani"). (*See* Mem. of Law in Support of Pls.' Mot. to Enforce J., at 7, 9-10, 12, 18, *Freeman v. Giuliani*, No. 24-mc-353 (S.D.N.Y. Aug. 30, 2024), ECF No. 9 (seeking turnover of personal property including "3 Yankee World Series Rings"); Decl. of Aaron E. Nathan in Support of Pls.' Mot. to Enforce J. ¶ 7(f), *Freeman v. Giuliani*, No. 24-mc-353 (S.D.N.Y. Aug. 30, 2024), ECF No. 10 (identifying "Three Yankee World Series Rings").) Andrew Giuliani's defense to plaintiffs' claim or motion is that Mayor Giuliani does not own the Three WS Rings, because he gifted them to Andrew Giuliani prior to the litigation giving rise to the judgment at issue. As such, Andrew Giuliani submits that the Court may determine his rights to the Three WS Rings in accordance with CPLR § 5239. *See* CPLR § 5225(b).

V. **Length of Trial; Nonjury Case:** The parties estimate that one day will be needed for the trial. The case will be tried without a jury.

VI. **Nature of Case for Purposes of Jury Selection:** N/A.

VII. **Names and People to be Mentioned for Purposes of Jury Selection:** N/A.

VIII. **Consent to Magistrate Judge:** All parties have not consented to trial by a magistrate judge.

IX.     **Trial Witnesses:**

a.  **Plaintiffs' position**: The trial witnesses to be offered by Plaintiffs are listed below.

   None of Plaintiffs' witnesses will require an interpreter.

| Witness Name | Live/By deposition | Summary of Substance |
|---|---|---|
| Rudolph W. Giuliani | Live | Plaintiffs expect Mr. Giuliani to testify to the ownership status and physical possession of the World Series Rings as well as to the circumstances around which he purportedly gifted the World Series Rings to his son. |

b.  **Defendant's position:** The trial witnesses to be offered by Defendants are listed

   below. None of Defendant's witnesses will require an interpreter.

| Witness | Mode | Interpreter | Description |
|---|---|---|---|
| Andrew H. Giuliani | In person | No | Anticipated to testify about Mayor Giuliani's gifting to him of the Three WS Rings |
| Rudolph W. Giuliani | In person | No | Anticipated to testify about his gifting to his son of the Three WS Rings |
|  |  |  |  |

c.  **Intervenor's position:**

| Witness | Mode | Interpreter | Description |
|---|---|---|---|
| Andrew H. Giuliani | In person | No | Anticipated to testify about Mayor Giuliani's gifting to him of the Three WS Rings |

| Witness | Mode | Interpreter | Description |
|---|---|---|---|
| Rudolph W. Giuliani | In person | No | Anticipated to testify about his gifting to his son of the Three WS Rings |
| Sean Kalin | Declaration (on consent of parties) | No | Anticipated to testify about Andrew Giuliani's statement to him that Mayor Giuliani had gifted the Three WS Rings to Andrew Giuliani |

X.    **Deposition Designations:**

    a.  **Plaintiffs' position:** Plaintiffs' do not submit any deposition designations, but reserve the right to introduce the sworn testimony of any witness for impeachment, rebuttal, or any other purpose allowed by the Federal Rules.

    b.  **Defendant's position:** Defendant Rudolph W. Giuliani will not be offering deposition testimony in his case-in-chief. He reserves the right to introduce the sworn testimony of any witness for impeachment, rebuttal, or any other purpose allowed by the Federal Rules of Evidence or for uses allowed by the Federal Rules of Civil Procedure.

    c.  **Intervenor's position:** Andrew Giuliani will not be offering deposition testimony in his case-in-chief. He reserves the right to introduce the sworn testimony of any witness for impeachment, rebuttal, or any other purpose allowed by the Federal Rules of Evidence or for uses allowed by the Federal Rules of Civil Procedure.

XI.    **Exhibit List:** Plaintiffs' exhibit list is attached hereto as Exhibit A. Intervenor's exhibit list is attached hereto as Exhibit B. Defendant joins in and adopts the Intervenor's exhibit list which is attached hereto as Exhibit B.

XII.    **Relief Sought:**

a. **Plaintiffs' position:** Plaintiffs seek relief in the form of an order directing Defendant or, in the alternative, Intervenor, to deliver the World Series Rings to Plaintiffs-Receivers pursuant to C.P.L.R. § 5225(a).

b. **Defendant's position:** Defendant seeks an order from the Court determining that Andrew Giuliani has ownership of the Three WS Rings in accordance with CPLR §§ 5225(b), 5239.

c. **Intervenor's position:** Andrew Giuliani seeks an order from the Court determining his ownership of the Three WS Rings in accordance with CPLR §§ 5225(b), 5239.

XIII.    **Consent to Less than Unanimous Verdict:** N/A.

Dated: January 8, 2025
        New York, New York


                                                    s/ Aaron E. Nathan
Michael J. Gottlieb                                 Aaron E. Nathan
Meryl C. Governski (admitted *pro hac vice*)        M. Annie Houghton-Larsen
Willkie Farr & Gallagher LLP                        Willkie Farr & Gallagher LLP
1875 K Street NW                                    787 Seventh Avenue
Washington, DC 20006                                New York, NY 10019
(202) 303-1000                                      (212) 728-8000
mgottlieb@willkie.com                               anathan@willkie.com
mgovernski@willkie.com                              mhoughton-larsen@willkie.com

                                                    Rachel Goodman
                                                    United to Protect Democracy
                                                    82 Nassau Street, #601
                                                    New York, NY 10038
                                                    (202) 579-4582
                                                    rachel.goodman@protectdemocracy.org

               *Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*


s/ Joseph M. Cammarata
Joseph M. Cammarata, Esq.
Cammarata & DeMeyer P.C.
Attorneys for Defendant
456 Arlene Street,
Staten Island, New York 10314
718-477-0020

               *Attorney for Defendant Rudolph W. Giuliani*
s/ Scott B. McBride

Scott B. McBride
Lowenstein Sandler LLP 1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
smcbride@lowenstein.com


               *Counsel for Intervenor-Defendant Andrew H. Giuliani*

SO ORDERED.

Dated: January __, 2025
     New York, New York
                                           _____
                                           LEWIS J. LIMAN
                                           United States District Judge