

**Scott B. McBride**
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

**T**: 973.597.6136
**F**: 973.597.2400
**E**: smcbride@lowenstein.com

January 10, 2025

*Via CM/ECF*

Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *Freeman v. Giuliani*, No. 24-MC-353-LJL (S.D.N.Y.)
*Intervenor-Defendant Andrew H. Giuliani's Response to Show-Cause Order Concerning Deposit of Property*

Dear Judge Liman:

Please accept this letter in lieu of a more formal response of Intervenor-Defendant Andrew Giuliani ("Intervenor") to the Court's Order (ECF No. 229) directing the parties to show cause why the World Series Rings ("WS Rings"), to ensure their security pending the Court's determination of their ownership, should not be deposited with the Registry of the Court pursuant to Federal Rule of Civil Procedure 67 or alternatively entrusted to the safekeeping of the Receiver to be maintained in a safety deposit box.  Intervenor respectfully submits that neither option is necessary.

Concerning Rule 67(a), its purposes are "to relieve a depositor of the burden of administering an asset" and "to provide a safe place to keep the asset." *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 33-34 (S.D.N.Y. 1992) (citing *Prudential Ins. Co. of Am. v. BMC Indus.,* 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986)).  The WS Rings are presently located at Intervenor's New York City apartment, which is locked and within a building secured by a doorman 24 hours a day, seven days a week. They are physically stored in a pair of the boxes in which they came and secreted in a bedroom closet.  Depositing the WS Rings with the Court's Registry would provide negligibly more security than their present location, and there is no basis to suggest that Intervenor would be unable or unwilling to produce them forthwith in the event the Court ordered him to do so.  There is thus no need for the Court to take custody of them under Rule 67(a).

The alternative option of entrusting the WS Rings to the Receivers is likewise unnecessary.  The Receivers do not seek custody of the property for purposes of safekeeping.  (*See* ECF No. 234.) Also, their receiving of the WS Rings would possibly exceed the scope of the Court's order appointing them, *see Freeman v. Giuliani*, No. 24-mc-353, 2024 WL 4546883, at *8 (S.D.N.Y. Oct. 22, 2024) (appointing receivers over the "Receivership Property"), as well as their statutory authority, *see* N.Y. C.P.L.R. § 5228(a).

For these reasons, Intervenor respectfully submits that no Court intervention is necessary to ensure the security of the WS Rings at issue in this matter.

Respectfully submitted,

Scott B. McBride