UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK _ _ _ _
RUBY FREEMAN and WANDREA' MOSS,

                   Plaintiffs,                24-mc-00353-LJL

        -and-

GLOBAL DATA RISK, LLC,

                Plaintiff-Intervenor
                Applicant,

       -against-

RUDOLPH W. GIULIANI,

                Defendant,

       -and-

ANDREW H. GIULIANI,

                Intervenor-Defendant.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

MEMORANDUM OF LAW
OF GLOBAL DATA RISK, LLC
IN SUPPORT OF MOTION TO INTERVENE

                    PETER M. LEVINE
                    Attorney for Plaintiff-Intervenor
                    444 Madison Avenue, Suite 410
                    New York, New York 10022
                    (212) 599-0009
                    chief@pmlevinelaw.com

## TABLE OF CONTENTS

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

I.      Global Data Risk May Intervene as of Right . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

    A.      The Governing Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

    B.      The Motion is Timely . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

    C.      Global Data Risk has a Cognizable Interest in this Action . . . . . . . . . . . . **3**

    D.      The Interest of Global Data Risk will be Impaired by the
           Parties' Proposed Disposition of this Action . . . . . . . . . . . . . . . . . . . . . . **3**

    E.      The Parties will not Adequately Represent the Interest of
           Global Data Risk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

II.     This Court Should Allow Permissive Intervention . . . . . . . . . . . . . . . . . . . . . . **6**

III.    The Pleading Requirement of Rule 24(c) Does Not Apply Here . . . . . . . . . . . . . . **7**

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

ORAL ARGUMENT REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

## STATEMENT OF FACTS

The facts in support of motion by Global Data Risk, LLC to intervene in this judgment-enforcement action are presented in the Declaration of Erik Laykin.

## ARGUMENT

### I.    Global Data Risk May Intervene As of Right

#### A.    The Governing Standard

Rule 24(a), Fed. R. Civ. P., governs intervention as of right: "On timely motion, the [district] court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

To intervene as of right, the intervenor must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022).

#### B.    The Motion is Timely

In assessing timeliness, courts consider "(a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." *Floyd v. City of N.Y.*, 770 F.3d 1051, 1058 (2d Cir. 2014).

This motion is timely under any measure. Global Data Risk did not have notice of plaintiffs' settlement with Giuliani until January 16, 2025. Not until then did GDR learn that plaintiffs Ruby Freeman and Wandrea ArShaye Moss would not provide for the payment

of GDR's allowed fees and expenses through the sale of defendant Rudolph Giuliani's New York cooperative apartment. GDR did not receive confirmation of plaintiffs' abandonment of their obligations under the dismissal order of the Bankruptcy Court until January 24, 2025, when GDR's Chief Executive Officer, Erik Laykin, spoke with plaintiffs' counsel, Aaron Nathan and James Burbage of Willkie Farr & Gallagher, who said "the fees of GDR are NOT part of the settlement" and "there is nothing we can do to help you." Under the standstill provision in the dismissal order [at ¶ 9] issued by the Bankruptcy Court, GDR could not act to enforce its lien against Giuliani's New York cooperative apartment until February 4, 2025. GRD filed its motion to intervene February 12, just 27 days after plaintiffs and Giuliani announced their settlement and just eight days after the expiration of the standstill period.

Neither plaintiffs nor Giuliani can claim prejudice from the filing of the motion at this time. The parties requested an adjournment of the trial to a date "on or after February 25, 2025" to permit them to implement their Settlement Agreement, and the Court gave them until March 3. They can use the time to decide how they will honor their commitment to Bankruptcy Judge Lane to have GDR's administrative claim fully and promptly paid – the very goal of the motion to intervene.

Global Data Risk will be prejudiced if the motion is denied. Because Giuliani had not been forthcoming about his assets and, perforce, no one knew whether he had sufficient cash to cover the administrative claim, GDR agreed to have a portion of the administrative claim paid immediately in cash and the balance paid from the proceeds of the sale of Giuliani's real estate. Bankruptcy Judge Lane gave his imprimatur to this arrangement. Now Giuliani wants to benefit from the improper conduct that led to the dismissal of his bankruptcy case: he keeps his liquid assets hidden, he continues to live in his New York apartment, and GDR's fees and expenses remain unpaid. This cannot be allowed.

### C.    Global Data Risk has a Cognizable Interest in this Action

For an interest to be cognizable for the purposes of Rule 24(a)(2), it must be "direct, substantial, and legally protectable." *New York City Policing*, 27 F.4th at 799 (quoting *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010)).

Under the dismissal order [at ¶ 7], Global Data Risk holds "continuing, valid, binding, enforceable, non-avoidable and automatically and properly perfected security interests in and liens" on the shares of stock allocated to Giuliani's New York cooperative apartment and on his Florida condominium. Those liens were declared to be "valid, automatically perfected, non-avoidable senior in priority and superior to any security, mortgage, collateral interest, lien or claim on" Giuliani's interests in those properties.

Being proponents of the dismissal order, neither plaintiffs nor Giuliani can challenge the validity and force of GDR's liens, which indisputably give GDR an interest in the New York apartment and in the enforcement of plaintiffs' judgment as it pertains to the sale of that property. *See New York City Policing*, 27 F.4th at 801 ("Rule 24(a)(2) requires not a property interest but, rather, an interest relating to the property or transaction which is the subject of the action") (cleaned up).

### D.    The Interest of Global Data Risk will be Impaired by the Parties' Proposed Disposition of this Action

An intervenor "need only show that if [it] cannot intervene, there is a possibility that [its] interest could be impaired or impeded." *Field v Anadarko Petroleum Corp.*, 35 F.4th 1013, 1020 (5th Cir 2022).

Here, without intervention, the interest of Global Data Risk in having its administrative claim promptly paid will definitely be impeded. Because the parties made no provision for the payment of the administrative claim in their settlement agreement, GDR

may be relegated to commencing separate proceedings to recover what is indisputably owed. This is precisely what Bankruptcy Judge Lane sought with the dismissal order to prevent. As His Honor sensibly asked, "Why should people have to wait if there are, in fact, liquid assets in an account somewhere?"

E.    The Parties will not Adequately Represent the Interest of Global Data Risk

The test for adequacy of representation presents a proposed intervenor "with only a minimal challenge." *Berger v. N. Carolina State Conf. of the NAACP*, 597 U.S. 179, 195 (2022).

Here, that challenge is easily met. Neither plaintiffs nor Giuliani is even pretending to represent the interest of Global Data Risk. Giuliani has de-listed his New York apartment for sale, and the plaintiffs are content to let him keep it without providing for GDR to be paid. That is not what they told Bankruptcy Judge Lane would happen. Under the dismissal order, plaintiffs were to sell Giuliani's real estate and use the proceeds to satisfy GDR's administrative claim. They had themselves appointed the receivers of the New York apartment to accomplish this and to achieve partial satisfaction of their judgment. Now they have arranged for the satisfaction from other, undisclosed assets and have abandoned the effort to have GDR paid for the services they requested in the bankruptcy case. Both plaintiffs and Giuliani have engaged in a classic bait-and-switch. *See New York City Policing*, 27 F.4th at 803 (intervention under Rule 24(a)(2) warranted when there is "sufficient doubt about the adequacy of representation") (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972)).

Plaintiffs cannot simply walk away from their receivership. As receivers, they are fiduciaries and officers of the court. *1074372 Ontario, Inc. v. 200 Corbin Owners Corp.*, 290 A.D.2d 497, 498 (2d Dep't 2002); *Coronet Cap. Co. v. Spodek*, 279 A.D.2d 600, 602 (2d Dep't

2001). Having been appointed by court order, they can relieved only by court order. Until then, plaintiffs must safeguard GDR's interest in Giuliani's New York cooperative apartment, and they cannot undermine that interest for their own benefit. "A receivership 'by its very nature involves a weighty responsibility,' for the receiver must fulfill the legal and statutory duties of preserving and protecting the property while discharging fiduciary responsibilities." *Fed. Home Loan Mortg. Corp. v. Spark Tarrytown, Inc.*, 829 F.Supp. 82, 86 (S.D.N.Y. 1993) (quoting *149 Clinton Ave. North, Inc. v. Grassi*, 51 A.D.2d 502, (4th Dep't 1976)).

The Court of Appeals has explained the extraordinary responsibility of a receiver:

> A receiver, as an officer or arm of the court, is a trustee with the highest kind of fiduciary obligations. He owes a duty of strict impartiality, of undivided loyalty, to all persons interested in the receivership estate, and must not dilute that loyalty. He is bound to act fairly and openly with respect to every aspect of the proceedings before the court. The court, as well as all the interested parties, have the right to expect that all its officers, including the receiver, will not fail to reveal any pertinent information or use their official position for their own profit or to further the interests of themselves or any associates.

*Phelan v. Middle States Oil Corp.*, 154 F.2d 978, 991 (2d Cir. 1946) (quotations and citations omitted).

If plaintiffs are unwilling to fulfill their fiduciary obligations, and if Giuliani is unwilling to pay the administrative claim, then Global Data Risk should be allowed to intervene and should be appointed the receiver of Giuliani's New York cooperative apartment.

## II.    This Court Should Allow Permissive Intervention

Permissive intervention under Rule 24(b)(2) is discretionary with the trial court and should be construed liberally. *H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986); *Kehagias v. Philadelphia Indem. Ins. Co.*, 345 F.R.D. 46, 51 (S.D.N.Y. 2023).

Under Rule 24(b)(1)(B), permissive intervention may be granted when an intervenor's claim or defense "shares with the main action a common question of law or fact." As required by Rule 24(b)(3), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *See AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 561–62 (2d Cir. 2005). The court also considers substantially the same factors as those for intervention as of right under Rule 24(a)(2) [*R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)], though Rule 24(b) "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Degrafinreid v. Ricks*, 417 F.Supp.2d 403, 407–08 (S.D.N.Y. 2006) (quoting *Diamond v. Charles*, 476 U.S. 54, 77 (1986)).

Here, granting permissive intervention would be a provident exercise of discretion. Both Global Data Risk and plaintiffs are creditors of Giuliani, and both have an interest in this New York cooperative apartment. Plaintiffs, as receivers of the apartment, owe a fiduciary duty to GDR. In addition. GDR has met the criteria for intervention as of right. Allowing GDR to intervene will not unduly delay anything and will prejudice nothing. All Giuliani has to is pay the administrative claim from this trove of undisclosed assets. All plaintiffs have to do is list the New York apartment for sale, and if the price is right, the transaction will close by summer.

A party seeking intervention under Rule 24(b)(2) must establish a basis for federal subject matter jurisdiction independent of the court's jurisdiction over the underlying action. *E.E.O.C. v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Loc. 580*, 139 F.Supp.2d 512, 519 (S.D.N.Y. 2001). For the purposes of determining diversity, a limited liability company takes the citizenship of each of its members. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). Here, Global Data Risk LLC has two members: Erik Laykin and John Bass. Laykin is a citizen of the State of California; Bass, Virginia. Plaintiffs assert Giuliani is a citizen of the State of New York. Giuliani asserts Florida. Regardless, he is diverse to GDR.

## III.    The Pleading Requirement of Rule 24(c) Does Not Apply Here

Rule 24(c) requires that motions to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The Rule, however, "permits a degree of flexibility with technical requirements." *Tachiona ex rel. Tachiona v. Mugabe*, 186 F.Supp.2d 383, 393 n. 8 (S.D.N.Y. 2002). Courts in the Second Circuit have repeatedly dispensed with a pleading when the position of the proposed intervenor is "clearly articulated" in the motion papers and the "opposing party will not be prejudiced." *Barry's Cut Rate Stores Inc. v. Visa, Inc.*, 2021 WL 2646349, at *13–14 (E.D.N.Y. June 28, 2021) (collecting cases). *Accord Windsor v. United States*, 797 F.Supp.2d 320, 325 (S.D.N.Y. 2011).

The bulk of the other Circuits "have taken a lenient approach to the requirements of Rule 24(c)." *In re Trib. Co. Fraudulent Conv. Litig.*, 291 F.R.D. 38, 42 n. 3 (S.D.N.Y. 2013) (quoting *Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309, 314 (6th Cir.2005)). *See In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 872 F.3d 57, 65 (1st Cir. 2017) ("in the absence of prejudice to a party, it would be an abuse of discretion to deny intervention for failure to include a pleading").

-7-

Here, Global Risk Data has meticulously identified the interest it seeks to protect and has clearly articulated its position in the motion papers. Neither Freeman and Moss nor Giuliani can claim prejudice from the lack of a formal pleading, as they were the proponents before the Bankruptcy Court of the very interest GDR seeks to assert in this Court. They knew of GDR's interest before the commencement of this action, and they deliberately excluded that interest from their settlement. *See Connecticut Fine Wine & Spirits, LLC v. Harris*, 2016 WL 9967919, at *4 (D. Conn. Nov. 8, 2016) (because intervenors' motion puts plaintiff "sufficiently on notice as to their interests and positions in the case, … this court will liberally construe Rule 24(c)" and not require a pleading).

Moreover, this case presents unique circumstances. This is a judgment-enforcement action in which there are no pleadings. Freeman and Moss have not filed a complaint, and Giuliani has not filed an answer. GDR cannot be required to file a document for which there is no provision in the Federal Rules. Perhaps in recognition of this state of affairs, Andrew Giuliani was permitted to intervene without filing a proposed pleading.

## CONCLUSION

Global Data Risk should be allowed to intervene as a plaintiff and should be appointed as the receiver of Rudolph Giuliani's New York cooperative apartment in place of Ruby Freeman and Wandrea ArShaye Moss.

## ORAL ARGUMENT REQUESTED

Global Data Risk requests oral argument on this motion.

Dated: New York, New York
        February 12, 2025

PETER M. LEVINE
Attorney for Global Data Risk LLC
444 Madison Avenue, Suite 410
New York, New York 10022
212-599-0009