**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

February 14, 2025

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Freeman et al. v. Giuliani*, No. 24-mc-353 (LJL)

Dear Judge Liman:

     Plaintiffs-Receivers Ruby Freeman and Wandrea' Moss respectfully move to expedite the Court's consideration and decision of proposed intervenor Global Data Risk LLC's motion to intervene, ECF No. 244, and request that the Court either (1) dispense with the show cause hearing currently scheduled for February 25, 2025 and decide the motion on the papers as soon as possible, or (2) revise the existing schedule such that GDR's reply would be due on **February 18, 2025**, and the show cause hearing would be held (if at all) on **February 19 or 20, 2025**.[1] Defendant Rudolph W. Giuliani and Intervenor Andrew H. Giuliani consent to and join in this request. Counsel for Plaintiffs has conferred with counsel for GDR, who stated that GDR opposes the relief requested in this motion.

     Good cause exists to grant this request because GDR's motion to intervene and for the Court to appoint it as a receiver in this action threatens to disrupt the implementation of the parties' settlement agreement, without any cognizable basis in law or fact. In light of the timeline for settlement implementation, it is important that the existing parties to this litigation obtain a decision on GDR's motion as early as possible in the week of February 17, 2025—*i.e.*, next week. Plaintiffs-Receivers sincerely regret that such expedited treatment is necessary, but to be clear, the last-minute timing of this motion was of GDR's own choosing. By GDR's own telling, the standstill preventing them from bringing their motion to intervene expired in time for GDR to have done so as early as February 4, 2025. Instead, despite public disclosures indicating the parties' settlement was on the verge of final implementation, GDR waited until February 12, 2025—and now opposes this joint request by the existing parties to expedite consideration of the motion to avoid undue disruption of their settlement.[2]

---

[1] Plaintiffs note that GDR has failed to comply with Local Rule 6.1(d), which requires that "No . . . order to show cause to bring on a motion, will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary." However, Plaintiffs ask that the Court overlook that defect in the interest of expediting its decision of this matter; had GDR proceeded by notice of motion and triggered the default 14-day response deadline, the existing parties would still be seeking expedited treatment on the time frame requested here. If anything, GDR's choice to proceed by order to show cause is an implicit concession that expedited consideration of its motion is appropriate, making its unwillingness to further expedite the existing schedule all the more puzzling.

[2] Had those public disclosures not been sufficient, GDR could have learned of these timing issues by conferring with any of the existing parties prior to filing the motion to intervene, but GDR declined to inform any party of its intent to file the motion or obtain any party's position prior to doing so.

February 14, 2025
Page 2

In light of the urgency of this matter, Plaintiffs have worked quickly to prepare and file an opposition to GDR's motion <u>today</u>: two days after GDR's motion was filed. Plaintiffs understand that Defendant and Intervenor intend to file joinders to some or all of Plaintiffs' opposition, also to ensure maximally quick consideration of the motion.

As explained in Plaintiffs' opposition brief filed today, GDR's motion is meritless. In particular, for purposes of this motion, GDR's motion is untimely precisely *because* it comes on the eve of the parties' implementation of a hard-won settlement agreement and would deprive Defendant of one of its benefits, namely the conclusion of this particular litigation. Meaningful enforcement of Rule 24's timeliness requirement in these circumstances thus requires further expedition and consideration and decision of GDR's motion to intervene on a schedule that will, as a practical matter, protect the parties' interest in a timely implementation of their settlement.

Further, the issues in this motion are straightforward. As explained in Plaintiffs' opposition brief, in addition to its untimeliness, GDR's motion to intervene is meritless in all other respects: GDR has no legally protectable interest giving rise to a right to intervene in this action and no valid argument for permissive intervention. The unambiguous terms of the Bankruptcy Court's orders grant GDR only a *conditional* right to payment: a right that ripens only upon closing of the sale of one of Defendant's two apartments, and only if GDR has not otherwise been paid at that time. Those orders further provide that Plaintiffs are required to facilitate payment of GDR's unpaid fees only "*if*" Plaintiffs secure the sale of either apartment—nothing about the Bankruptcy Court's orders requires Plaintiffs to pursue those sales, or creates a duty running between Plaintiffs and GDR.

Further, even if GDR could show legally protectible interest sufficient to warrant intervention, the other factors would weigh heavily against granting GDR's motion. And even if GDR were permitted to intervene, GDR does not even attempt to show why it would be entitled to relief under CPLR § 5225 or CPLR § 5228. Nor could it: GDR is not a "judgment creditor" as defined by the CPLR, and accordingly may not use either judgment-enforcement procedure to enforce its rights. And even if it were, GDR has not explained why a receivership would be appropriate with respect to its claims or—perhaps most importantly—why GDR could not seek enforcement of whatever rights it may have in a separate action of its own, rather than through intervention in this one. Simply put, denial of intervention will not deprive GDR of any rights or interests cognizable under Rule 24, while granting it will significantly prejudice the existing parties. Most importantly, for purposes of this letter-motion to expedite, allowing GDR's motion to linger beyond the middle of next week would threaten to disrupt the orderly implementation of the parties' settlement. Further expedition is therefore warranted.

For the foregoing reasons, Plaintiffs (joined by Defendant and Intervenor) respectfully request that the Court expedite consideration and decision of GDR's motion to intervene, require that GDR reply to Plaintiffs' opposition brief by February 18, 2025 and—if the Court determines that a hearing is necessary—that the Court reschedule that hearing for February 19 or 20, 2025.

                                                            Respectfully submitted,

                                                            s/ Aaron E. Nathan